UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC<br><br>Plaintiff,<br><br>vs.<br><br>FIGURES TOY COMPANY,<br><br>Defendant. | CASE NO. 2:16 – cv – 2:16cv522 |

## COMPLAINT

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and states the following complaint against the Defendant, Figures Toy Company ("Figures"):

## NATURE OF THE CASE

This matter involves the manufacture and sale of replica Ring of Honor championship belts, rings, and action figure belts by Figures Toy Company. Ring of Honor wrestling is a form of fighting/wrestling competition that "incorporates wrestling, mixed martial arts and high-flying" into a sporting event/ art form that is broadcast on television, pay-per-view, and at live events. The winners or champions of Ring of Honor wrestling matches receive a championship belt for the duration of their championship reign. To date, there have been twenty different champions over twenty-three championship reigns. Each original championship belt is handcrafted from leather and custom-designed plates with a 3-D raised design.

PMM designs and creates the original Ring of Honor championship belts and holds the copyright to the design. The retail cost for an original championship belt varies depending on the

specific features ordered. Figures recognized a potential demand for replica belts and approached PMM concerning their manufacture and sale. Figures and PMM entered into negotiations for the production and design of the replicas but never came to a final resolution of the terms of such a deal. Nevertheless, Figures commenced with the manufacture and sale of replica full-size championship belts, rings, and action figure belts using PMM's designs without PMM's authorization or approval. Not only was no agreement was ever finalized and/or signed by Figures and PMM with regard to the replicas, Figures also removed PMM's copyright notice from the belts and replaced it with a copyright notice for Ring of Honor Wrestling.

## PARTIES

1. PMM is a Virginia limited liability company established in July 2010 with principal place of business in Virginia Beach, Virginia. PMM is engaged in the business of designing and building championship wrestling belts for wrestling and other sporting events, including World Wrestling Entertainment, Inc. ("WWE") and Ring of Honor Wrestling, Inc. ("ROH").

2. Figures is a Florida corporation with principal place of business in Tampa, Florida. Figures is in the business of manufacturing action figures and toys based on television, video, and games figures. Figures Toy Company is a manufacturer of officially licensed collectible figures based on some of the most popular sports and entertainment properties in the world.

## JURISDICTION AND VENUE

3. The United States District Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states with an amount in controversy greater than $75,000.00 exclusive of claims for interest and attorney's fees.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1338 as this claim involves copyright infringement claims for which the federal courts have exclusive jurisdiction.

5. Venue is proper in this district because Figures has sold and offered for sale infringing goods in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated as if fully restated herein.

7. PMM is engaged in the business of designing and building championship wrestling belts for wrestling and other sporting events, including World Wrestling Entertainment, Inc. ("WWE") and Ring of Honor Wrestling, Inc. ("ROH").

8. Each championship belt is hand-crafted and created to order. Original PMM belts cost approximately one thousand dollars and up depending on the options and materials ordered.

9. Ring of Honor commissioned PMM to design and craft championship belts for its televised Ring of Honor events.

10. PMM designs and creates the championship belts with minimal input and direction from Ring of Honor and holds the exclusive copyright in the designs.

11. PMM has creative control over the design of the belt, the materials used, and the overall look of the belt.

12. PMM has filed for copyright registration with the U.S. Copyright Office and has not sold or licensed its design or product to either ROH or Figures, other than providing the original championship belts to Ring of Honor. See receipts attached as **Exhibit A**.

13. In early 2014, ROH approached PMM about a potential deal with Figures for the mass production of replica ROH championship belts and asked PMM if it would be willing to license the designs for production of the replica belts.

14. Shortly thereafter in approximately February or March 2014, Figures and ROH began negotiations for a business relationship wherein Figures would produce replica ROH Championship belts for sale to the general public.

15. ROH informed Figures that PMM owned the designs for the championship belts, and Figures approached PMM requesting the design files for the belts.

16. Rico Mann, a principal of PMM, informed Figures that an agreement would need to be signed before PMM would release the design files to Figures for production of the belts.

17. PMM outlined terms that it required prior to entering into any licensing agreement regarding the replica belts. These terms included, but were not limited to, a requirement that Figures use the design files exactly as provided by PMM and not deviate from the design; royalty rates to be determined for replica belts produced; approval by PMM of any pre-production samples prior to manufacture and sale of the replicas; three full sets of replica belts; and the display of PMM's copyright information and logo on the copyright tag/label on the product.

18. PMM provided designs for the replica belts, containing PMM"s copyright notice, to Figures at Figures' request so that Figures could begin setting up production of the replica belts with the expectation that production would not begin until after all essential terms were agreed to and reduced to a writing signed by PMM and Figures. A copy of the designs is attached hereto as **Exhibit B**.

19. No final agreement was ever reached with regard to payment of royalties, specific products to be reproduced, and/or the appearance and placement of PMM's copyright notice.

20. Despite not having an agreement, Figures commenced with production and sale of the replica items which include replica championship belts, finger rings, and action figure belts.

21. *Figures intentionally and without justification or excuse removed the copyright notice for PMM from the full-size championship belt design and replaced it with a copyright notice for Ring of Honor Wrestling Entertainment, LLC.* See copies of product and label attached hereto as **Exhibit C.**

22. None of the belts, action figures, or rings bear the PMM copyright designation.

23. On October 28, 2014, Figures and ROH announced a licensing agreement for development, marketing, and manufacture of toys and accessories for ROH Wrestling.

24. PMM has not granted any license to Figures with regard to the championship belt designs, nor is PMM a party to any licensing agreement with Figures for the production of Ring of Honor products.

25. PMM first learned that Figures had commenced production of the replica belts on or about November 2014, when Jeff Jones with Ring of Honor Wrestling provided comments and pictures of the replica belt samples. No samples were provided to PMM.

26. On or about June 2015, Jeff Jones of ROH caused Figures to send samples of two of the three replica belt designs to PMM and, upon examination of the samples, PMM discovered that their copyright notice had been removed and replaced by a copyright notice for "Ring of Honor Wrestling Entertainment, LLC."

27. Figures never provided a sample of the third replica belt design or samples of the finger rings, wrist belts, or action figure belts.

28. Figures manufactured Ring of Honor replica championship belts and markets them for broad distribution across online and brick-and-mortar outlets. Upon information and belief, these replica belts are sold at various locations including Figure's website, www.rohwrestling.com, wrestlingsuperstore.com, and Wal-Mart. **See Exhibit D.**

29. In addition to the full size replica belts, Figures also used PMM's designs in the production of smaller championship belts for action figures and used the copyrighted design for the production of other memorabilia including finger rings and action figure belts.

30. Figures has actively advertised and sold the infringing products on its website without listing PMM's copyright in the design or otherwise giving any credit or acknowledgment to PMM for the design.

31. Figures has actively advertised the infringing products on its Twitter account (@FiguresToyCo).

32. Figures has not given credit to PMM for the copyrighted designs in any advertising medium or product packaging.

33. Upon information and belief, Figures has sold more than $60,000.00 of copyrighted merchandise and holds approximately $100,000.00 or more of full-size replica championship belts in its warehouse that infringes on PMM's copyrighted designs, in addition to an unknown quantity of finger rings and action figure belts.

34. Figures has never paid PMM a licensing or other fee for use of the designs.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

35. Paragraphs 1 through 34 are incorporated as if fully restated herein.

36. Figures intentionally violated PMM's copyright when it produced and sold the replica full-sized championship belts, finger rings, and action figure belts with knowledge of PMM's copyright in the design, without authorization from PMM, and without paying royalties on the sales.

37. Wherefore, PMM prays for judgment against Figures Toy Company for statutory damages under 17 U.S.C. § 504 in the amount of $150,000.00 for each infringement, or for its actual damages and profits obtained by Figures from the sale of the infringing products, plus its costs in bringing this action, interest at the judgment rate of 6% per annum, and such other and further relief as this Court deems just and appropriate.

## COUNT II – REMOVAL OF COPYRIGHT

38. Paragraphs 1 through 37 are incorporated as if fully restated herein.

39. Figures' intentional removal of PMM's copyright from the designs and replacement with a copyright notice for Ring of Honor Wrestling Entertainment, LLC constitutes a violation of the Copyright Act 17 U.S.C. § 1202 for which PMM is entitled to statutory damages of $25,000 for each violation under 17 U.S.C. § 1203.

40. Wherefore, PMM prays for judgment against Figures Toy Company for statutory damages in the amount of $25,000.00 for each violation pursuant to 17 U.S.C. § 1203, plus its costs in bringing this action, interest at the judgment rate of 6%, or, in the alternative, PMM's actual damages and any profits attributable to the sale of infringing goods.

41. Pursuant to 17 U.S.C. § 505, this Court may award full costs and attorney's fees to the prevailing party.

42. Wherefore, PMM prays for an award of its costs and attorney's fees against Figures for its violations of the Copyright Act as set forth herein.

### COUNT III – BREACH OF CONTRACT

43. Paragraphs 1 through 42 are incorporated as if fully restated herein.

44. To date, Figures has not paid any monies to PMM from sales of full-size replica belts, rings, or action figure belts using PMM's copyrighted designs.

45. An implied contract exists for remuneration of royalties from the sales of the infringing products even in the absence of a written and signed agreement. As Figures has withheld all payment of royalties of any kind or amount whatsoever, Figures is in breach of express and/or implied contracts with PMM.

46. Wherefore, PMM prays for judgment against Figures Toy Company for royalties in an amount to be determined for Figure's breach of contract with PMM, plus its costs in bringing this action, interest at the judgment rate of 6%, and such other and further relief as this Court deems just and appropriate.

### INJUNCTIVE RELIEF

47. Paragraphs 1 through 46 are incorporated as if set forth fully herein.

48. Upon information and belief, Figures holds approximately $100,000.00 in inventory of the infringing full-size replica championship belts, which are ready for sale by Figures.

49. PMM suffers damage for every infringing item that is sold to the public without its copyright notice. PMM's damages extend far beyond the amount of any royalties due to it based

on the sale of the infringing items. Thus, there is no adequate remedy at law by which PMM can be made whole if an injunction does not issue.

50. The balancing of the equities between PMM and Figures weighs in favor of PMM. The burden on Figures should an injunction be issued is the holding cost for the inventory in the warehouse, which inventory Figures itself caused to be manufactured without PMM's approval and after intentionally removing PMM's copyright and replacing it with another copyright notice. By contrast, PMM would suffer continued damage and irreparable harm for each item sold without its copyright notice.

51. Wherefore, PMM prays for a preliminary and permanent injunction enjoining the further sale or distribution by Figures of any items that are the subject of this lawsuit without PMM's copyright notice prominently displayed.

## PRAYER FOR RELIEF / CONCLUSION

WHEREFORE, as stated herein, Plaintiff Parks, Millican & Mann, LLC ("PMM") prays that this Court enter judgment in its favor against the Defendant, Figures Toy Company ("Figures"), to include a preliminary and permanent injunction on the sale of any and all infringing product by Figures Toy Company, compensatory damages, statutory damages, and punitive damages against Figure Toy Company, its costs, expenses, and attorney's fees incurred in bringing this lawsuit, interest at the statutory judgment rate of 6.00% per annum, and such other and further relief as this Court deems appropriate.

JURY TRIAL DEMANDED.

Respectfully submitted,

DATE: SEPTEMBER 2, 2016      PARKS, MILLICAN & MANN

By: [signature]

---

*Parks, Millican & Mann, LLC v. Figures Toy Company;*  PENDER & COWARD, P.C.
Complaint                                               WWW.PENDERCOWARD.COM

Duncan G Byers, Esquire
Virginia State Bar No. 48146
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*