**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC, | |
| Plaintiff, | CASE NO. 2:16-cv-00522 |
| v. | |
| FIGURES TOY COMPANY, | |
| Defendant. | |

**DEFENDANT'S ANSWER**

Defendant Figures Toy Company ("Defendant") answers Plaintiff Parks, Millican & Mann, LLC's ("Plaintiff's") Complaint as follows:

**NATURE OF THE CASE**

In response to the un-numbered paragraphs, Defendant admits that the Complaint involves the manufacture and sale of replica Ring of Honor championship belts, rings, and action figure belts; that Ring of Honor wrestling is a form of fighting/wrestling competition that "incorporates wrestling, mixed martial arts and high-flying" into a sporting event/art form that is broadcast on television, pay-per-view, and at live events; that the winners or champions of Ring of Honor wrestling matches receive a championship belt for the duration of their championship reign. Defendant lacks sufficient knowledge or information to admit or deny that there have been twenty different Ring of Honor champions over twenty-three championship reigns; that each original championship belt is handcrafted from leather and custom-designed plates with a 3-D raised design; that Plaintiff designs and creates the original Ring of Honor championship belts and holds the copyright to the design; and that the retail cost for an original championship belt

varies depending on the specific features ordered. Defendant denies the remaining allegations in the first un-numbered paragraph of the Complaint.

## PARTIES

1. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that it is a Florida corporation with its principal place of business in Tampa, Florida. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant's responses to Paragraphs 1 through 5 of the Complaint are incorporated herein as if fully restated.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits that it used Plaintiff's alleged designs to manufacture replica belts for action figures and figure rings. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint, but further states that it has attempted to pay royalties.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

35. Defendant incorporates its responses to Paragraphs 1 through 34 of the Complaint as if set forth herein.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

## COUNT II – REMOVAL OF COPYRIGHT

38. Defendant incorporates its responses to Paragraphs 1 through 37 of the Complaint as if set forth herein.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

## COUNT III – BREACH OF CONTRACT

43. Defendant incorporates its responses to Paragraphs 1 through 42 of the Complaint as if set forth herein.

44. Defendant admits the allegations in Paragraph 44 of the Complaint, but further states that it has attempted to pay royalties to Plaintiff but Plaintiff refuses to accept payment.

45. Defendant admits that a contract exists between the parties and that Defendant has attempted to pay royalties to Plaintiff under the contract but that Plaintiff refuses to accept payment. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

## INJUNCTIVE RELIEF

47. Defendant incorporates its responses to Paragraphs 1 through 46 of the Complaint as if set forth herein.

48. Defendant admits that it has approximately $100,000 of allegedly infringing replica belts in inventory and that Defendant stopped advertising or selling those belts many months ago in order for this dispute to be resolved. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

## PRAYER

Defendant requests that the Court deny Plaintiff's Prayer for Relief in its entirety. Plaintiff is not entitled to any relief and should take nothing. Defendant requests that the Court award Defendant its reasonable attorney's fees and costs for defending this action under 17 U.S.C. § 505.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part by estoppel, laches or acquiescence.

4. Plaintiff's claims are barred in whole or in part by unclean hands.

5. Plaintiff's claims are barred in whole or in part because it failed to mitigate any alleged damages it may have suffered.

6. Plaintiff's bad faith and inequitable conduct in refusing to resolve this action is causing and continues to cause Defendant damages and those damages should be offset from any monies that Defendant owes Plaintiff.

7. Plaintiff is not entitled to any statutory damages or attorney's fees because, among other things, it failed to timely register its copyright in the United States Copyright Office.

November 15, 2016                FIGURES TOY COMPANY

/s/ Katie Bukrinsky
Katie Bukrinsky (VA Bar No 76549)
John J. Dabney (to apply *pro hac vice*)
McDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001-1531
Tel: 202-756-8000
Fax: 202-756-8087
kbukrinsky@mwe.com
jdabney@mwe.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify on November 15, 2016, I electronically filed the foregoing document—DEFENDANT'S ANSWER — with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

>Duncan G. Byers, Esq.
>Anne C. Lahren, Esq.
>Pender & Coward, PC
>222 Central Park Ave, Suite 400
>Virginia Beach, VA 23462-3026
>dbyers@pendercoward.com
>alahren@pendercoward.com

>/s/ *Katie Bukrinsky*
>Katie Bukrinsky (Va. Bar No. 76549)
>MCDERMOTT WILL & EMERY LLP
>The McDermott Building
>500 North Capitol Street, NW
>Washington, DC 20001
>Telephone: (202) 756-8194
>Facsimile: (202) 756-8087
>kbukrinsky@mwe.com