**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC<br><br>     Plaintiff,<br><br> vs.<br><br>FIGURES TOY COMPANY,<br>and<br><br>RING OF HONOR WRESTLING<br>ENTERTAINMENT, LLC,<br><br>     Defendants. | CASE NO. 2:16 – cv – 522 |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and for its first amended complaint against the Defendants, Figures Toy Company ("Figures") and Ring of Honor Wrestling Entertainment, LLC ("ROH"), states as follows:

**NATURE OF THE CASE**

This matter involves the manufacture and sale of replica Ring of Honor championship belts, rings, and action figure belts by Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC. Ring of Honor wrestling is a form of fighting/wrestling competition that "incorporates wrestling, mixed martial arts and high-flying" into a sporting event/art form that is broadcast on television, pay-per-view, and at live events. The winners or champions of Ring of Honor wrestling matches receive a championship belt for the duration of their championship reign. To date, there have been twenty different champions over twenty-three championship

reigns. Each original championship belt is handcrafted from leather and custom-designed plates with a 3-D raised design.

PMM designs and creates the original Ring of Honor championship belts and holds the copyright to the designs. The retail cost for an original championship belt varies depending on the specific features ordered. ROH recognized a potential demand for replica belts and ROH approached PMM concerning their manufacture and sale through an agreement with Figures, to be worked out at a later date. Figures and PMM entered into negotiations for the production and design of the replicas but never came to a final resolution of the terms of such a deal. Without consultation with PMM and while PMM and Figures were still negotiating terms of a possible agreement, Figures entered into a licensing agreement with ROH for the production of replica championship belts using PMM's copyrighted designs. Despite not having an agreement with PMM for the production of the replica belts, Figures and ROH commenced with the manufacture and sale of replica full-size championship belts, rings, and action figure belts pursuant to the licensing agreement between Figures and ROH and using PMM's designs without PMM's authorization or approval. Not only was no agreement was ever finalized and/or signed by Figures and/or ROH and PMM with regard to the replicas, Figures and ROH also removed PMM's copyright notice from the belts and replaced it with a copyright notice for Ring of Honor Wrestling Entertainment, LLC.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*     First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 2 of 16

## PARTIES

1.   PMM is a Virginia limited liability company established in July 2010 with principal place of business in Virginia Beach, Virginia. PMM is engaged in the business of designing and building championship wrestling belts for wrestling and other sporting events, including World Wrestling Entertainment, Inc. ("WWE") and Ring of Honor Wrestling, Inc. ("ROH").

2.   Figures is a Florida corporation with principal place of business in Tampa, Florida. Figures is in the business of manufacturing action figures and toys based on television, video, and games figures. Figures Toy Company is a manufacturer of officially licensed collectible figures based on some of the most popular sports and entertainment properties in the world.

3.   Ring of Honor Wrestling Entertainment, LLC ("ROH") is a Maryland limited liability company with principal place of business in Baltimore, Maryland. ROH is a subsidiary of the Sinclair Broadcast Group, Inc., a Maryland Corporation headquartered in Hunt Valley, Maryland.

## JURISDICTION AND VENUE

4.   The United States District Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states with an amount in controversy greater than $75,000.00 exclusive of claims for interest and attorney's fees.

5.   This Court has jurisdiction pursuant to 28 U.S.C. § 1338 as this claim involves copyright infringement claims for which the federal courts have exclusive jurisdiction.

6.   Venue is proper in this district because Figures and ROH have collaborated in the design and sale of infringing goods in the Eastern District of Virginia, and in the case of ROH, tortiously interfered with a contract and business expectancy taking place in the Eastern District of Virginia.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*     First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 3 of 16

## FACTUAL ALLEGATIONS

7.   Paragraphs 1 through 6 are incorporated as if fully restated herein.

8.   PMM is engaged in the business of designing and building championship wrestling belts for wrestling and other sporting events, including World Wrestling Entertainment, Inc. ("WWE") and Ring of Honor Wrestling Entertainment, LLC. ("ROH").

9.   Each championship belt is hand-crafted and created to order. Original PMM belts cost approximately one thousand dollars and higher depending on the options and materials ordered.

10. ROH commissioned PMM to design and craft championship belts for its televised Ring of Honor events.

11. PMM designs and creates the championship belts with minimal input and direction from ROH and holds the exclusive copyright in the designs.

12. PMM has creative control over the design of the belt, the materials used, and the overall look of the belt.

13. PMM has filed for copyright registration with the U.S. Copyright Office and has not sold or licensed its design or product to either ROH or Figures, other than providing the original championship belts to ROH. See receipts attached as **Exhibit A**.

14. In early 2014, ROH approached PMM about a potential deal with Figures for the mass production of replica ROH championship belts and asked PMM if it would be willing to license the designs for production of the replica belts.

15. Shortly thereafter, in approximately February or March 2014, Figures and ROH began negotiations for a business relationship wherein Figures would produce replica ROH Championship belts for sale to the general public.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*      First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 4 of 16

16. ROH informed Figures that PMM owned the designs for the championship belts, and Figures approached PMM requesting the design files for the belts.

17. Rico Mann, a principal of PMM, informed Figures that an agreement would need to be signed before PMM would release the design files to Figures for production of the belts.

18. PMM outlined terms that it required prior to entering into any licensing agreement regarding the replica belts. These terms included, but were not limited to, a requirement that Figures use the design files exactly as provided by PMM and not deviate from the design; royalty rates to be determined for replica belts produced; approval by PMM of any pre-production samples prior to manufacture and sale of the replicas; three full sets of replica belts; and the display of PMM's copyright information and logo on the copyright tag/label on the product.

19. PMM provided designs for the replica belts, containing PMM"s copyright notice, to Figures at Figures' request so that Figures could begin setting up production of the replica belts with the expectation that production would not begin until after all essential terms were agreed to and reduced to a writing signed by PMM and Figures. A copy of the designs is attached hereto as **Exhibit B**.

20. No final agreement was ever reached with regard to payment of royalties, specific products to be reproduced, and/or the appearance and placement of PMM's copyright notice.

21. While Figures and PMM were still negotiating terms of their agreement, Figures and ROH, without PMM's knowledge or consent, entered into a licensing agreement for the production and sale of these very same replica belts.

22. ROH knew that it did not own the designs for the championship belts at the time it entered into the licensing agreement with Figures.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 5 of 16

23. Despite this knowledge, ROH reviewed the replica belt designs, including the copyright notice, and approved the production and sale of the replica belts bearing ROH's copyright notice.

24. Despite not having an agreement with PMM, Figures commenced with production and sale of the replica items which include replica championship belts, finger rings, and action figure belts pursuant to its licensing agreement with ROH.

25. Figures intentionally and without justification or excuse, and with the consent and agreement of ROH, removed the copyright notice for PMM from the full-size championship belt design and replaced it with a copyright notice for Ring of Honor Wrestling Entertainment, LLC. See copies of product and label attached hereto as **Exhibit C.**

26. None of the belts, action figures, or rings bear the PMM copyright notice.

27. On October 28, 2014, Figures and ROH announced a licensing agreement for development, marketing, and manufacture of toys and accessories for ROH Wrestling.

28. Pursuant to the licensing agreement, Figures and ROH, intentionally, purposefully, and without lawful justification, infringed PMM's copyrighted designs for their own commercial gain.

29. PMM has not granted any license to Figures or ROH with regard to the championship belt designs for producing the replica products, nor is PMM a party to any licensing agreement with Figures and ROH for the production of Ring of Honor products.

30. PMM first learned that Figures had commenced production of the replica belts on or about November 2014, when Jeff Jones with ROH provided comments and pictures of the replica belt samples. No samples were provided to PMM.

31. On or about June 2015, Jeff Jones of ROH caused Figures to send samples of two of the three replica belt designs to PMM and, upon examination of the samples, PMM discovered that

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 6 of 16

their copyright notice had been removed and replaced by a copyright notice for "Ring of Honor Wrestling Entertainment, LLC."

32. Neither Figures nor ROH ever provided a sample of the third replica belt design or samples of the finger rings, wrist belts, or action figure belts.

33. Figures, in conjunction with its licensing agreement with ROH, manufactured Ring of Honor replica championship belts and markets them for broad distribution across online and brick-and-mortar outlets. Upon information and belief, these replica belts are sold at various locations including Figure's website, www.rohwrestling.com, wrestlingsuperstore.com, and Wal-Mart. **See Exhibit D.**

34. In addition to the full size replica belts, Figures, in collaboration with ROH, also used PMM's designs in the production of smaller championship belts for action figures and used the copyrighted design for the production of other memorabilia including finger rings and action figure belts.

35. Figures has actively advertised and sold the infringing products on its website without listing PMM's copyright in the design or otherwise giving any credit or acknowledgment to PMM for the design.

36. ROH has actively advertised and sold the infringing products on its website without listing PMM's copyright in the design or otherwise giving any credit or acknowledgement to PMM for the design. See **Exhibit E**.

37. Figures has actively advertised the infringing products on its Twitter account (@FiguresToyCo).

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 7 of 16

38. The infringing products continue to be advertised for sale on Wrestling Superstore's Twitter account (@wres_superstore) and tagged to ROH's Twitter handle (@ringofhonor). See **Exhibit F**.

39. Figures has not given credit to PMM for the copyrighted designs in any advertising medium or product packaging.

40. Upon information and belief, Figures has sold more than $60,000.00 of copyrighted merchandise and holds approximately $100,000.00 or more of full-size replica championship belts in its warehouse that infringes on PMM's copyrighted designs, in addition to an unknown quantity of finger rings and action figure belts.

41. Figures has never paid PMM a licensing or other fee for use of the designs in creating and selling the replica belts and products.

42. ROH has never paid PMM a licensing or other fee for use of the designs in creating and selling the replica belts and products.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

43. Paragraphs 1 through 42 are incorporated as if fully restated herein.

44. Figures intentionally violated PMM's copyright when it produced and sold the replica full-sized championship belts, finger rings, and action figure belts with knowledge of PMM's copyright in the design, without authorization from PMM, and without paying royalties on the sales.

45. ROH intentionally violated PMM's copyright when it authorized the production and sale of the replica full-sized championship belts, finger rings, and action figure belts with knowledge

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 8 of 16

of PMM's copyright in the design, without authorization from PMM, and without paying royalties on the sales.

46. Wherefore, PMM prays for judgment against Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC for statutory damages under 17 U.S.C. § 504 in the amount of $150,000.00 for each infringement, or for its actual damages and profits obtained by Figures and ROH from the sale of the infringing products, plus its costs in bringing this action, interest at the judgment rate of 6% per annum, and such other and further relief as this Court deems just and appropriate.

## COUNT II – REMOVAL OF COPYRIGHT

47. Paragraphs 1 through 46 are incorporated as if fully restated herein.

48. ROH's approval of the replica belts displaying the copyright notice for ROH, despite knowledge that PMM owned the copyright in the design, constitutes intentional removal of PMM's copyright.

49. ROH's and Figures' intentional removal of PMM's copyright from the designs and replacement with a copyright notice for Ring of Honor Wrestling Entertainment, LLC constitutes a violation of the Copyright Act 17 U.S.C. § 1202 for which PMM is entitled to statutory damages of $25,000 for each violation under 17 U.S.C. § 1203.

50. Wherefore, PMM prays for judgment against Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC, for statutory damages in the amount of $25,000.00 for each violation pursuant to 17 U.S.C. § 1203, plus its costs in bringing this action, interest at the judgment rate of 6%, or, in the alternative, PMM's actual damages and any profits attributable to

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*    First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 9 of 16

the sale of infringing goods, in addition to any profits or payments to Ring of Honor Wrestling Entertainment, LLC attributable to the licensing agreement between Figures and ROH.

51. Pursuant to 17 U.S.C. § 505, this Court may award full costs and attorney's fees to the prevailing party.

52. Wherefore, PMM prays for an award of its costs and attorney's fees against Figures and ROH for its violations of the Copyright Act as set forth herein.

## COUNT III – BREACH OF CONTRACT

53. Paragraphs 1 through 52 are incorporated as if fully restated herein.

54. To date, Figures has not paid any monies to PMM from sales of full-size replica belts, rings, or action figure belts using PMM's copyrighted designs.

55. To date, ROH has not paid any monies to PMM from sales of full-size replica belts, rings, or action figure belts using PMM's copyrighted designs.

56. An implied contract exists for remuneration of royalties from the sales of the infringing products even in the absence of a written and signed agreement. As Figures has withheld all payment of royalties of any kind or amount whatsoever, Figures is in breach of express and/or implied contracts with PMM.

57. An implied contract exists for remuneration of royalties from the sales of the infringing products even in the absence of a written and signed agreement. As ROH has withheld all payment of royalties of any kind or amount whatsoever, ROH is in breach of express and/or implied contracts with PMM.

58. Wherefore, PMM prays for judgment against Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC, jointly and severally, for royalties in an amount to be determined

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 10 of 16

for Figure's and ROH's breach of contract with PMM, plus its costs in bringing this action, interest at the judgment rate of 6%, and such other and further relief as this Court deems just and appropriate.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT
## OR BUSINESS EXPECTANCY

59. Paragraphs 1 through 58 are incorporated as if set forth fully herein.

60. Figures and ROH entered into an agreement and commenced with the production and sale of replica championship belts and related items with full knowledge of PMM's copyright in the designs and of the ongoing negotiations between Figures and PMM.

61. Figures and ROH tortiously interfered with PMM's contract rights with Figures by entering into an agreement without PMM for the use of PMM's copyrighted designs in the production and sale of the infringing items,

62. The replica items were, in fact, produced and sold without the consent and agreement of PMM, and without payment of any monies to PMM for the use of the copyrighted designs or royalties from the sale of the infringing items.

63. In furtherance of the tortious interference with PMM's contractual rights with Figures, Figures and ROH unlawfully and without justification removed PMM's copyright on the replica designs and replaced the copyright notice with a copyright notice for ROH.

64. ROH used improper methods in their tortious interference with PMM's contract rights or business expectancy with Figures when it ordered the removal of PMM's copyright notice and replacement with a copyright notice for ROH.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*    First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 11 of 16

65. PMM has suffered harm as a result of ROH's tortious interference with PMM's contract rights.

66. Wherefore, PMM prays for judgment against Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC, jointly and severally, for damages sustained by PMM as a result Figures and ROH's tortious interference with PMM's contractual rights or business expectancy, treble damages as provided by statute in Va. Code Ann. §18.2-500, and such other and further relief as this Court deems appropriate and just.

### COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE §18.2-500

67. Paragraphs 1 through 66 are incorporated as if set forth fully herein.

68. ROH and Figures conspired to, and did, unlawfully use PMM's copyrighted designs in the manufacture and sale of replica championship belts and related merchandise, removed PMM's copyright notice from the replica products, and sold said products without payment of any monies to PMM.

69. ROH's actions of tortious interference with PMM's contractual rights or business expectancy with Figures constitute the requisite unlawful act under Va. Code § 18.2-500.

70. Wherefore, PMM prays for judgment against Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC, jointly and severally, for damages sustained by PMM as a result Figures and ROH's business conspiracy against PMM, treble damages as provided by statute in Va. Code Ann. §18.2-500, and such other and further relief as this Court deems appropriate and just.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 12 of 16

## COUNT VI – FRAUDULENT INDUCEMENT

71. Paragraphs 1 through 70 are incorporated as if set forth fully herein.

72. PMM initially refused to provide the copyrighted designs to Figures without a signed contract.

73. Figures assured PMM that they had a gentlemen's agreement and that a contract would be forthcoming and intentionally misled PMM to believe that Figures and PMM were working toward finalizing terms for a contract for the production of the replica items.

74. Based on Figures' representations and in consideration of the past history between PMM and Figures, Figures provided its copyrighted designs for the replica championship belts to Figures.

75. At the same time Figures was purportedly negotiating terms with PMM, Figures and ROH entered into their own competing agreement to capitalize on PMM's copyrighted designs for their own commercial gain.

76. At all times relevant, Figures and ROH intended to use PMM's copyrighted designs for the replica items but needed PMM to provide the designs.

77. Figures and ROH fraudulently induced PMM to provide the copyrighted designs through Figures' false representations to PMM that they had an agreement and a contract was forthcoming, which false representations were made deliberately and intentionally to mislead PMM and were material statements upon which PMM reasonably relied to its detriment.

78. Wherefore, Parks, Millican & Mann, LLC is entitled to and prays that this Court enter judgment for its actual damages, including its costs in bringing this action and pre- and post-judgment interest at the judgment rate, and such other and further relief as this Court deems

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*     First Amended Complaint     PENDER & COWARD, P.C.     WWW.PENDERCOWARD.COM

Page 13 of 16

appropriate and just, as a result of Figures' and ROH's fraudulent inducement to provide the copyrighted designs which were then used by Figures and ROH without PMM's permission and without justification, to manufacture and sell infringing merchandise.

## COUNT VII – VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

79. Paragraphs 1 through 78 are incorporated as if set forth fully herein.

80. Figures is in violation of 17 U.S.C. § 1202, the Digital Millennium Copyright Act, for removing PMM's copyright notice and advertising the infringing items for sale on its website.

81. ROH is in violation of 17 U.S.C. § 1202, the Digital Millennium Copyright Act, for removing PMM's copyright notice and advertising the infringing items for sale on its website.

82. Wherefore, PMM is prays that this Court enter an award for PMM against Figures and ROH pursuant to 17 U.S.C. § 1203 for its actual damages, including any additional profits, or statutory damages of up to $25,000 per occurrence, plus attorney's fees and costs incurred, and such other and further relief as this Court deems appropriate and just.

## INJUNCTIVE RELIEF

83. Paragraphs 1 through 82 are incorporated as if set forth fully herein.

84. Upon information and belief, Figures holds approximately $100,000.00 in inventory of the infringing full-size replica championship belts, which are ready for sale by Figures.

85. PMM suffers damage for every infringing item that is sold to the public without its copyright notice. PMM's damages extend far beyond the amount of any royalties due to it based on the sale of the infringing items. Thus, there is no adequate remedy at law by which PMM can be made whole if an injunction does not issue.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*     First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 14 of 16

86. The balancing of the equities between PMM and Figures weighs in favor of PMM. The burden on Figures should an injunction be issued is the holding cost for the inventory in the warehouse, which inventory Figures itself caused to be manufactured without PMM's approval and after intentionally removing PMM's copyright and replacing it with another copyright notice. By contrast, PMM would suffer continued damage and irreparable harm for each item sold without its copyright notice.

87. Wherefore, PMM prays for a preliminary and permanent injunction enjoining the further sale or distribution by Figures and/or ROH of any items that are the subject of this lawsuit without PMM's copyright notice prominently displayed.

## PRAYER FOR RELIEF / CONCLUSION

WHEREFORE, as stated herein, Plaintiff Parks, Millican & Mann, LLC ("PMM") prays that this Court enter judgment in its favor against the Defendants, Figures Toy Company ("Figures") and Ring of Honor Wrestling Entertainment, LLC ("ROH"), jointly and severally, to include a preliminary and permanent injunction on the sale of any and all infringing product by Figures Toy Company, compensatory damages, statutory damages, and punitive damages against Figure Toy Company and Ring of Honor Wrestling Entertainment, LLC, its costs, expenses, and attorney's fees incurred in bringing this lawsuit, interest at the statutory judgment rate of 6.00% per annum, and such other and further relief as this Court deems appropriate.

JURY TRIAL DEMANDED.

Respectfully submitted,

DATE: NOVEMBER 15, 2016          PARKS, MILLICAN & MANN

By: ___/s/ Anne C. Lahren_____

Duncan G Byers, Esquire
Virginia State Bar No. 48146

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*  First Amended Complaint

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 15 of 16

*Pender & Coward, P.C.*
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
*Pender & Coward, P.C.*
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

## CERTIFICATE OF SERVICE

I, Anne C. Lahren, hereby certify that on this 15th day of November, 2016, I will electronically file the foregoing *FIRST AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> John Dabney, Esq,
> McDermott, Will & Emery
> The McDermott Building
> 500 North Capitol Street NW
> Washington, D.C. 20001
> *Counsel for Figures Toy Company*


_____Anne. C. Lahren_____
Anne C. Lahren, Esquire
Virginia State Bar No. 73125
*Pender & Coward, P.C.*
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*               PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*     First Amended Complaint     WWW.PENDERCOWARD.COM

Page 16 of 16