IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

                    Plaintiff,

           v.

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING
ENTERTAINMENT LLC,

                    Defendants.

Civil Action No. 2:16-cv-00522

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FIGURES TOY COMPANY'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Figures Toy Company ("Figures") respectfully submits this memorandum of

law in support of its motion to dismiss Plaintiff Parks, Millican & Mann, LLC's ("Plaintiff's")

Amended Complaint (Dkt. No. 6) under Federal Rule of Civil Procedure 12(b)(6).

This dispute arises from Figures' advertising and sale of replica "Ring of Honor"

championship wrestling belts.  Figures manufactures and sells officially licensed collectible

action figures, toys, and merchandise based on sports and entertainment properties.  (Am.

Compl. ¶ 2.)  Co-defendant, Ring of Honor Wrestling Entertainment, LLC ("ROH"), is a

professional wresting organization who licensed Figures to manufacture and sell replica Ring of

Honor championship belts.  (*Id.* ¶ 27.)  In short, Plaintiff alleges that it owns copyrights for

(unidentified) ROH championship belts and Defendants have conspired to infringe those rights.

Plaintiff's Amended Complaint asserts seven claims against Figures—(1) intentional copyright infringement, (2) removal of copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), (3) breach of contract, (4) tortious interference with contract or business expectancy, (5) business conspiracy under Va. Code. § 18.2-500, (6) fraudulent inducement, and (7) violation of the DMCA. In this Motion, Defendant moves to dismiss all Counts with prejudice.

## ARGUMENT

To survive a motion to dismiss, Plaintiff's Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss "should be granted if the complaint does not allege enough facts to state a claim to relief that is plausible on its face." *Johnson v. Portfolio Recovery Assoc., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (internal citations omitted). Plaintiff's Amended Complaint must allege enough facts sufficient to raise the right to relief "above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* In testing the sufficiency of the Amended Complaint, the Court must accept the well-pleaded factual allegations as true, but it must not accept conclusory factual allegations or legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal citations omitted). As argued below, Plaintiff has failed to allege facts sufficient to show it is entitled to relief on any Count in its Amended Complaint.

I.      **PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT (COUNT I).**

      A.      **Plaintiff fails to satisfy the pre-filing requirements of 17 U.S.C. 411(a).**

A precondition to filing a copyright infringement claim is registration of the copyright in the Copyright Office.  *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.").  Plaintiff fails to allege that it has registered a copyright and instead, alleges that it has filed two *applications* for copyrights in the Copyright Office.  (Am. Compl. ¶ 13 & Ex. A thereto.)  The better reasoned authority holds that the mere filing of an application – as opposed to securing a registration – is an insufficient basis on which to file a copyright infringement claim and thus, Plaintiff's copyright infringement claim (Count I) should be dismissed with prejudice.

The federal circuits are split on whether the filing of a copyright application prior to the filing of a complaint for copyright infringement satisfies the registration requirement of 17 U.S.C. § 411(a).  *Compare, e.g., M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990), *with, e.g., Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010).  The Fourth Circuit has not resolved the issue, and courts within the Fourth Circuit are divided.  *Compare, e.g., Phoenix Renovation Corp v. Rodriguez*, 403 F. Supp. 2d 510 (E.D. Va. 2005) (adopting "application" approach) *with, e.g., Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362, 368-69 (D. Md. 2005) (adopting "registration" approach).  The Supreme Court recently stated that a registration was required before filing a copyright infringement claim: "[a]lthough registration is 'permissive,' both the *certificate [of registration]* and the original work must be on file with the Copyright Office before a copyright owner can sue for infringement." *Petrella v. Metro-Goldwin-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014) (emphasis added) (citing

17 U.S.C. §§ 408(b), 411(a)). Earlier this year, the Associate Register of Copyrights and Director

of Registration Policy and Practice for the U.S. Copyright Office wrote that registration was a

precondition to filing a copyright claim: "[T]he Application Rule not only violates the

congressional scheme, but does a disservice to the legal process and the intended benefit that the

Office was intended to provide to the courts." Robert J. Kasunic, *Copyright From Inside the*

*Box: A View from the U.S. Copyright Office*, 39 Colum. J.L. & Arts 311, 319-20 (2016).

In light of the recent Supreme Court decision and the public position taken earlier this

year by the Associate Register at the Copyright Office (both of which **post-dated** the court

decisions cited above that adopted the "application" approach), Defendant respectfully submits

that this Court should follow the reasoning of the *Mays* decision, which is based on the plain

reading of 17 U.S.C. § 411(a):

> This Court finds that 17 U.S.C. § 411(a) when read to give the words their
> ordinary, contemporary, and common meaning, clearly evidences Congress' intent
> to require something more than application for a copyright prior to filing suit.
> Section 411(a) specifically states that *preregistration or registration are required*
> *to file an action for infringement.* In fact, the term *application* is used in the same
> section and is clearly something separate and apart from registration. Congress
> also specifically described the process of seeking *registration . . .* without labeling
> this process as registration for purposes of Section 411(a). This Section evidences
> Congress' intent for the United States Copyright Office to be able to apply its
> expertise to review applications to determine whether *registration* is warranted
> and specifically provides for a course of action to allow suit when the Copyright
> Office takes action and denies an applicant's registration.

*Mays*, 370 F. Supp. 2d 369-370 (emphasis in original) (dismissing copyright claim). Thus,

Plaintiff's copyright infringement claim (Count I) must be dismissed with prejudice because the

Amended Complaint fails to allege that Plaintiff registered a copyright before instituting this

lawsuit.

Even if the Court were to adopt the "application" approach, Plaintiff's Amended

Complaint still fails to state a claim for copyright infringement. Under the "application"

approach, a litigant must show receipt by the Copyright Office of a registration application, payment of the required fee, and deposit of the work in question. *Hoge v. Schmalfeldt*, Civil Action No. ELH-14-1683, 2014 U.S. Dist. LEXIS 89882, at *30 (D. Md. July 1, 2014) (citation omitted). Here, Plaintiff has failed to allege that the works covered by its two copyright applications have been deposited with the Copyright Office. (Am. Compl. ¶ 13 & Ex. A thereto.) Because Plaintiff has failed to satisfy the requirements of 17 U.S.C. § 411(a) under even the lenient "application" approach, Count I of Plaintiff's Amended Complaint must be dismissed with prejudice.

> **B.      Plaintiff fails to allege what its purported copyrights protect.**

To establish a copyright infringement claim, a plaintiff must show ownership of a valid copyright, *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993), and what *specific* original works are covered by that copyright, *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y. 2012). Plaintiff's Amended Complaint fails to allege which works Plaintiff's purported copyrights cover, other than conclusory alleging "championship belts." (Am. Compl. ¶ 11.) While Plaintiff has attached an exhibit purporting to show that it filed two copyright applications (*id.* Ex. A), Plaintiff fails to identify what works those copyright applications cover, let alone that they cover the designs that Plaintiff allegedly sent to Figures and which were then allegedly used by Figures to manufacture the belts. (*See id.* ¶¶ 11, 13.) Plaintiff's vague, conclusory allegations do not comply with Rule 8 and its copyright claim must be dismissed with prejudice. *See, e.g., Visual Communs., Inc. v. Assurex Health, Inc.*, Civil Action No. 14-3854, 2014 U.S. Dist. LEXIS 131495, at *15-16 (E.D. Pa. Sept. 18, 2014) (dismissing copyright claim where complaint failed to allege that designs plaintiff provided to defendant were the same designs covered by plaintiff's copyright registration); *Tegg Corp. v. Beckstrom Elec. Co.*, Civil Action No. 08-435, 2008 U.S. Dist. LEXIS 52184, at *23-24 (E.D. Pa. 2008) (dismissing

copyright claim where court could not discern from amended complaint "what original works of the [p]laintiff are protected by which of the registered copyrights or if the allegations in the Amended Complaint are sufficient to state a claim of infringement of said registered copyrights").

## II. PLAINTIFF CANNOT SEEK STATUTORY DAMAGES AND ATTORNEY'S FEES FOR ITS COPYRIGHT INFRINGEMENT CLAIM (COUNT I).

Plaintiff's Amended Complaint seeks statutory damages and attorneys' fees for with respect to Count I. (Am. Compl. ¶ 46.) But "not every copyright owner" —including Plaintiff here—"is eligible to seek statutory damages" under 17 U.S.C. § 504. *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 329 (4th Cir. 2007). Indeed, the law expressly limits statutory damages and attorney's fees to those copyright owners who have timely registered their works:

> In any action under this title . . . **no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after the first publication of the work and before the effective date of registration**, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412 (emphasis added). "By making registration a precondition for the extraordinary remed[y] of statutory damages, Congress sought to motivate speedy registration." *Id.* at 329. Based on the allegations in the Amended Complaint and the Exhibits attached thereto, Plaintiff is barred from seeking statutory damages and attorney's fees for Count I.

Plaintiff *applied* to register copyrights for unidentified works entitled "2012 Ring of Honor World Tag Team Championship Belt" and a "2012 ROH World Heavyweight Championship Belt" on August 30, 2016, three days before filing its original Complaint in this action. (Am. Compl. ¶ 13 & Ex. A thereto.) There is no allegation in the Amended Complaint that those two works (whatever their nature) have, in fact, been registered, nor is there any allegation that Plaintiff has registered its copyright for any works that Figures is alleged to have

infringed.  Even if Plaintiff's two applications have been registered, the Amended Complaint

pleads that the alleged infringement commenced long **before** Plaintiff filed its copyright

applications or those registrations were issued.  Indeed, Plaintiff alleges that it "learned that

Figures had commenced production of the replica belts on or about November 2014" (nearly two

years **before** Plaintiff filed its copyright applications) and that "on or about June 2015" Figures

sent samples of the replica belts to Plaintiff (over a year **before** Plaintiff filed its copyright

applications).  (Am. Compl. ¶¶ 30-31.)  Exhibit D to Plaintiff's Amended Complaint proves that

Figures' replica belts were being advertised and sold in March 23, 2016 (Am. Compl. Ex. D (see

print date in lower right corner of 3/23/2016), nearly six months **before** Plaintiff filed its

copyright applications.  Because any alleged infringement by Figures commenced prior to the

date that Plaintiff applied to register its two works on August 30, 2016, Plaintiff cannot seek

statutory damages or attorney's fees.  *See, e.g., CVent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d

927, 939-940 (E.D. Va. 2010) (granting 12(b)(6) motion and striking request for statutory

damages and attorney's fees—"Eventbrite correctly argues that on the allegations in the first

amended complaint alone, plaintiff may only recover compensatory damages, not statutory

damages or attorneys' fees, for its copyright claims based on Eventbrite's pre-registration

infringement."); *LTVN Holdings, LLC v. Nader Anthony Odeh*, Civil Action No. CCB-09-789,

2010 U.S. Dist. LEXIS 63164, at *7-8 (D. Md. June 25, 2010) (same).

　　　Plaintiff is barred from seeking statutory damages and attorney's fees based on any

alleged infringement by Figures *after* any registration of Plaintiff's two works.  Section 412

prohibits an award of statutory damages and attorney's fees where "any infringement of

copyright **commenced** after the first publication of the work and before the effective date of

registration."  17 U.S.C. § 412 (emphasis added).  The Fourth Circuit has held that the word

"commenced" "instructs us to trace . . . infringing conduct after registration back to . . . original infringement. In other words, infringement commences for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 330 (4th Cir. 2007). In other words, "[t]he post-registration activities make no difference." *Id.* The Court should strike Plaintiff's requested relief for statutory damages and attorney's fees. *See, e.g.*, *Custom Direct, LLC v. Wynwyn, Inc.*, Civil Action No. RDB-09-2348, 2010 U.S. Dist. LEXIS 43535, at *5-6 (D. Md. May 4, 2010) (granting 12(b)(6) motion and dismissing request for statutory damages and attorney's fees – "even if Custom Direct prevails on liability on [copyright infringement claim], it is not entitled to recover statutory damages, enhanced, or punitive damages and attorney's fees under the Copyright Act).

### III. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS PREEMPTED AND MUST BE DISMISSED (COUNT III).

Plaintiff's breach of contract claim fails because it is preempted by the Copyright Act. Plaintiff alleges that there was an implied contract between Plaintiff and Figures, requiring Figures to pay "royalties from the sales of the [allegedly] infringing products," and that Figures has breached this implied by contract by failing to pay such royalties. (Am. Compl. ¶¶ 56-57.) The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title . . . . [N]o person is entitled to any such right or equivalent right in any work under the common law or statutes of any State." 17 U.S.C. § 301(a). In deciding whether Plaintiff's breach of contract claim is preempted by the Copyright Act, the Court undertakes a two-part inquiry, analyzing (1) whether the work is within the scope of the subject matter of copyright, and (2) whether the state law rights are equivalent to any exclusive rights within the scope of copyright. *Fischer v. Viacom Int'l Inc.*, 115 F. Supp. 2d 535, 540 (D. Md. 2000) (citing *United States ex.*

*rel. Berge v. Board of Trustees of the Univ. of Alabama*), 104 F.3d 1454, 1463 (4th Cir. 1997)).

Based on this inquiry, Plaintiff's breach of contract claim is preempted by the Copyright Act.

Plaintiff's alleged copyrighted work—championship belts—is "fixed in [a] tangible medium of expression,"17 U.S.C. § 102(a), and as Plaintiff alleges in its Amended Complaint, are an original work of authorship. (*See* Am. Compl.¶¶ 11-12.) This satisfies the first element of the preemption inquiry. *See, e.g., Fischer*, 115 F. Supp. 2d at 540. The second element of the preemption inquiry is also readily satisfied. "A contract claim is equivalent to the rights arising under the Federal Copyright Act unless the claim (1) requires an extra element in addition to those required for the Copyright Act and (2) the extra element makes 'the nature of the claim qualitatively different from copyright infringement." *Moore v. Lightstorm Entm't*, Civil Action No. RWT-11-3644, 2013 U.S. Dist. LEXIS 112366, at *15 (D. Md. Aug. 8, 2013) (denying motion for reconsideration of Rule 12(b)(6) dismissal of breach of implied contract claim based on copyright preemption). "If in a given case this [contractual] right arises simply from an implied promise to not use another's ideas without paying for them, then the state law action is qualitatively equivalent to an action for copyright infringement and, therefore, will be preempted." *See Fischer*, 115 F. Supp. at 542. That is the case here. There is no qualitative difference between Plaintiff's breach of contract claim (Count III) and its copyright claim (Count I)—Plaintiff alleges that there was an implied agreement that Figures would pay Plaintiff royalties from the sales of its "[allegedly] *infringing* products." (Am. Compl. ¶ 56 (emphasis added).) Because that claim is preempted by the Copyright Act, Plaintiff's breach of contract claim must be dismissed with prejudice. *See, e.g.*, *Tessler v. NBC Universal, Inc.*, Civil Action No. 2:08cv234, 2009 U.S. Dist. LEXIS 27345, at *20 (E.D. Va. Mar. 31, 2009) (dismissing breach of implied contract claim based on copyright preemption).

IV.     **PLAINTIFF'S CLAIMS UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT (COUNTS II AND VII) MUST BE DISMISSED.**

Plaintiff asserts two, duplicative claims (Counts II and VII) under the Digital Millennium

Copyright Act ("DMCA"), 17 U.S.C. § 1202, premised on Figures' alleged removal of Plaintiff's

"copyright" from Plaintiff's designs.  (Am. Compl. ¶¶ 49, 80.)  Both claims must be dismissed

with prejudice.

A.      **Plaintiff has failed to allege that Figures "removed" copyright management information from Plaintiff's designs.**

Plaintiff attempts to state a claim under 17 U.S.C. § 1202(b), which prohibits the

intentional removal of copyright management information ("CMI"), defined to include

identifying information such as the author's name, the copyright owner's name, or the name of

the work.  *See* 17 U.S.C. 1202(c).  Plaintiff alleges that it provided designs to Figures and cites

Exhibit B, which contains an assortment of images of belt designs, only some of which contain a

copyright notice below the image and many of which contain notices with the names of persons

other than Plaintiff.[1]  (Am. Compl. ¶ 19 & Exhibit B thereto.)  Plaintiff fails to allege what

specific CMI Figures allegedly removed, let alone from which design the CMI was allegedly

removed.  Moreover, nowhere in the Amended Complaint does Plaintiff allege that the CMI was

on the designs themselves and Exhibit B to the Amended Complaint shows that it was not.  *See*

*Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D Cal. 1999), *aff'd in part, rev'd in*

*part,* 336 F.3d 811 (9th Cir. 2003) (holding CMI not removed from photo on website when "the

only CMI available appeared on the website **in the surrounding text but not in the images**

**themselves**" – "Based on the language and structure of the statute, the Court holds this provision

---

[1] *E.g.,* "Richard Mann," "Reggie Parks," and "Richard P. Mann & Reggie Park's Championship Belts".  (Am. Compl. Ex. B.)

applies only to the removal of copyright management information on a plaintiff's product or original work." (emphasis added)).  Thus, the DMCA claims must be dismissed with prejudice.

      **B.**      **Plaintiff has failed to allege that Figures removed Plaintiff's copyright management information with the requisite intent.**

The DMCA claims fail for another reason – Plaintiff has not alleged that Figures acted with the intent required to state a claim under the DMCA.  To state a claim for violation of 17 U.S.C. § 1202 for removal of CMI, Plaintiff must allege that Figures acted "intentionally" and "knowing, or, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title."  17 U.S.C. § 1202(b). Plaintiff alleges in conclusory terms that Figures "intentional[ly]" removed Plaintiff's CMI (Am. Compl. ¶¶ 25, 49), but fails to allege specific facts to support that assertion, let alone that Figures acted to "induce, enable, facilitate, or conceal an infringement."  *See, e.g., Angel Chevrestt v. American Media, LLC*, 16 Civ. 5557, 2016 U.S. Dist. LEXIS 117539 (S.D.N.Y. Aug. 31, 2016) (dismissing DMCA claim where plaintiff failed to plead factual allegations that defendant intentionally removed copyright information).  The Court should dismiss Counts II and VII of the Amended Complaint with prejudice.

**V.**      **PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY (COUNT IV).**

To state a claim for tortious interference with contract or business expectancy, Plaintiff must allege: "(i) the existence of a valid contractual relationship or business expectancy; (ii) knowledge of the relationship or expectancy on the part of the interferor; (iii) intentional interference inducing or causing a breach or termination of the relationship . . . ; and (iv) resulting damage to the party whose relationship or expectancy has been disrupted." *MicroStrategy Servs. Corp. v. OpenRisk, LLC*, No. 1:14-cv-1244, 2015 WL 1221263, at *6 (E.D. Va. Mar. 17, 2015). The alleged interferor, however, cannot be a party to the contract: it must be

a third party. *McClain & Co., Inc. v. Carucci*, No. 3:10-cv-00065, 2011 WL 1706810, at *9 (W.D. Va. May 4, 2011); *Fox v. Deese*, 234 Va. 412, 427, 362 S.E.2d 699, 708 (1987) ("A person cannot intentionally interfere with his own contract.").

Taking Plaintiff's allegations as true, Plaintiff fails to state a claim for tortious interference with contract against Figures. Plaintiff alleges that "Figures . . . tortiously interfered with [Plaintiff's] contract rights *with Figures*." (Am. Compl. ¶ 61 (emphasis added).) Plaintiff also alleges that "[i]n furtherance of the tortious interference with PMM's contractual rights *with Figures*, Figures . . . unlawfully and without justification removed PMM's copyright on the replica design." (*Id.* ¶ 63 (emphasis added).) These allegations are insufficient to state a claim because a party cannot intentionally interfere with its own contract. *See McClain & Co.*, 2011 WL 1706810, at *9 (dismissing claim for tortious interference with contract because a party cannot interfere with its own contract).[2] Plaintiff's interference claim against Figures must be dismissed with prejudice.

## VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR BUSINESS CONSPIRACY (COUNT V).

To state a claim for business conspiracy under Va. Code §§ 18.2-499 & 18.2-500, Plaintiff must allege "(1) that the defendants agreed or conspired with another party or parties; (2) that the conspirators acted with legal malice, that is, intentionally, purposefully, and without lawful justification; and (3) that the intentional actions of the conspirators proximately caused

---

[2] Plaintiff's tortious interference claim is also preempted by the Copyright Act. "Copyright infringement" is a "tortious interference with a property right for which Congress created the remedy of damages." *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 120 (4th Cir. 1981). The gravamen of Plaintiff's interference claim here is that Figures sold replica belts that infringed Plaintiff's copyrighted designs and failed to pay Plaintiff for the use of those designs. (Am. Compl. ¶¶ 60-63.) There is no qualitative difference between Plaintiff's interference claim (Count IV) and its copyright claim (Count I), and thus the interference claim is preempted. *See, e.g.*, *Progressive Corp. v. Integon P&C Corp.*, No. 90-2230, 1991 U.S. App. LEXIS 25403, at *16-18 (4th Cir. 1991) (tortious interference claim preempted by Copyright Act); *Wigan v. Costech Tech.*, Civil Action No. 3:07CV440, 2008 U.S. Dist. LEXIS 743, at *24-26 (E.D. Va. Jan. 4, 2008) (granting 12(b)(6) motion and dismissing tortious interference claim with prejudice based on copyright preemption; interference claim was "part and parcel" of copyright claim—"[A] plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials.").

injury" to plaintiff. *Concordia Pharm., Inc. v. Method Pharm., LLC*, No. 3:14-cv-00016, 2016 WL 1271082, at *15 (W.D. Va. Mar. 29, 2016). "Because there can be no conspiracy to do an act the law allows . . . [a plaintiff must] allege an unlawful act or unlawful purpose" to survive a motion to dismiss. *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 WL 1169308, at *15 (W.D. Va. Feb. 19, 2016). The conspiracy must be pleaded with particularity and the requisite concert of action and unity of purpose must be pleaded "in more than mere conclusory language." *Id.*

Plaintiff's business conspiracy claim is defective for several reasons. Most critically, Plaintiff alleges that Defendant Ring of Honor tortiously interfered with Plaintiff's contractual rights with Figures and that this constitutes the requisite unlawful act to allege business conspiracy. (Am. Compl. ¶ 69.) But Plaintiff has not and cannot make the same allegation against Figures. This deficiency alone requires dismissal of this claim against Figures. Further, as discussed above, Figures cannot tortiously interfere with a contract to which it is a party. Thus, Plaintiff has failed to allege a required element for business conspiracy claim against Figures, and the claim should be dismissed with prejudice.

Plaintiff also has not alleged sufficient details of an alleged conspiracy to survive a motion to dismiss. A plaintiff "must first allege that the defendant combined together to effect a 'preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy.'" *Hunter*, 2016 WL 1169308, at *16 (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499) (E.D. Va. 2003)). Plaintiff does not allege any facts to support a claim that Defendants planned together to unlawfully use Plaintiff's designs. Plaintiff merely states in a conclusory fashion that "ROH and Figures conspired to, and did, unlawfully use PMM's copyrighted designs . . . removed PMM's copyright notice . . . and sold said products." (Am. Compl. ¶ 68.) Simply put, a plaintiff cannot sue a defendant "for business

conspiracy without evidence that [defendant] conspired to injure [its] business." *Rogers v. Deane*, 992 F. Supp. 2d 621, 635 (E.D. Va. 2014), *aff'd* 594 Fed. App'x 768 (4th Cir. 2014). Plaintiff's conclusory allegations are insufficient to survive a motion to dismiss.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT (COUNT VI).

To state a claim for fraudulent inducement, Plaintiff must allege Figures made "misrepresentations that were positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 452 (E.D. Va. 2009) (internal citations omitted). Claims sounding in fraud must be "stated with particularity" to comply with Federal Rule of Civil Procedure 9(b). To satisfy this heightened pleading requirement, "a plaintiff must allege the identity of the person who made the fraudulent misrepresentation, as well as the time, place, and content of the misrepresentation." *Levinson v. Mass. Mutual Life Ins. Co.*, 4:06-cv-086, 2006 WL 3337419, at *5 (E.D. Va. Nov. 9, 2006) (Doumar, J.) (dismissing claims sounding in fraud for failure to allege with particularity).

Plaintiff's Amended Complaint fails to provide sufficient particularity to satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b). There are no allegations regarding who made the allegedly false statements, the content of those statements, or the time and place where those statements were made. "Rule 9(b) demands greater specificity as to the time, place, and content of such omitted facts" or alleged misstatements. *Levinson*, 2006 WL 3337419, at *9; *County of Grayson v. RA-Tech Servs., Inc.*, No. 7:13-cv-00384, 2013 WL 6002348, at *2 (W.D. Va. Nov. 12, 2013) ("The plaintiff must plead with particularity the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and

what he obtained thereby." (internal citations omitted)).  Because Plaintiff has failed to plead a

claim for fraudulent inducement with the particularity required by Fed. R. Civ. P. 9(b), this claim

must be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Figures respectfully requests that Plaintiff's Amended

Complaint (Dkt. No. 6) be dismissed with prejudice.


Dated:  December 1, 2016                    By:  /s/Mary D. Hallerman
                                            Mary Hallerman (Va. Bar. No. 80430)
                                            John J. Dabney (to apply pro hac vice)
                                            McDermott Will & Emery LLP
                                            The McDermott Building
                                            Washington, D.C. 20001-1531
                                            Tel: 202-756-8738
                                            Fax: 202-756-8087
                                            mhallerman@mwe.com, jdabney@mwe.com

                                            *Attorneys for Defendant Figures Toy Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on December 1, 2016, I electronically filed the foregoing document—

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FIGURES TOY COMPANY'S

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT—with the Clerk of Court

using the CM/ECF system, which will then send a notification of such filing (NEF) to the

following counsel of record for Plaintiff:

> Duncan G. Byers, Esq.
> Anne C. Lahren, Esq.
> Pender & Coward, PC
> 222 Central Park Ave, Suite 400
> Virginia Beach, VA 23462-3026
> dbyers@pendercoward.com
> alahren@pendercoward.com

> /s/ Mary D. Hallerman
> Mary D. Hallerman (Va. Bar No. 80430)
> MCDERMOTT WILL & EMERY LLP
> The McDermott Building
> 500 North Capitol Street, NW
> Washington, DC 20001
> Telephone: (202) 756-8194
> Facsimile: (202) 756-8087
> mhallerman@mwe.com

DM_US 78085182-1.093512.0012