**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC | |
|      Plaintiff, | |
|  vs. | |
| FIGURES TOY COMPANY, | CASE NO. 2:16 – cv – 522 |
| and | |
| RING OF HONOR WRESTLING | |
| ENTERTAINMENT, LLC, | |
|     Defendants. | |

## OPPOSITION TO FIGURE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and states the following for its Opposition to Defendant Figures Toy Company ("Figures") Motion to Dismiss First Amended Complaint:

## INTRODUCTION

"In considering a motion to dismiss, the claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. International Telecommunications Satellite Org, 991 F.2d 94, 97, citing Jenkins v. McKeithen, 395 U.S. 411, 421-22, 23 L.Ed. 2d 404, 89 S. Ct. 1843 (1969).* "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of the complaint and "does not resolve

contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Wigand v. Costech Techs., Inc.*, 2008 U.S. Dist. LEXIS 743, 2008 WL 65517 (E.D. Va. Jan. 4, 2008). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin Marietta* at 45-46. The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957), *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929(2007), *see also* Fed. R. Civ. P 8(a)(2) ("A pleading that states a claim for relief must contain… a short and plain statement showing that the pleader is entitled to relief"). Pleading is not a "game of skill in which one misstep by counsel may be decisive to the outcome" as the purpose of pleading is to "facilitate a proper decision on the merits." *Id. at 48.*

PMM has clearly set forth sufficient factual allegations to support its claims for relief, with two exceptions for which PMM concedes to Figures' argument. First, PMM concedes that since Figures' infringing actions commenced prior to PMM's application for copyright registration, PMM is not entitled to recover statutory damages and attorney's fees pursuant to Count II. Second, PMM further concedes that its breach of contract claims are preempted by the Copyright Act.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*                PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*     Opposition to Motion to Dismiss     WWW.PENDERCOWARD.COM
Page 2 of 15

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

To establish a prima facie case for copyright infringement, a plaintiff needs to show two things: 1) that he owns the copyright to the work that was allegedly copied, and 2) that the defendant(s) copied protected elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991).

To satisfy this first element, PMM must show that it owns the copyright in question. While a registration certificate for the copyright is the preferred proof, it is only one method for proving ownership of a copyright. As PMM has alleged in its complaint, it filed for copyright registration in August 2016 prior to filing this action. PMM has alleged additional facts to support its claim of ownership over the copyright for the championship belt designs, namely that each championship belt is hand-crafted and created to order (Complaint ¶ 9), that PMM designs and creates the championship belts with minimal input and direction from ROH and holds the exclusive copyright in the designs (Complaint ¶ 11), and that PMM has creative control over the design of the belt, the materials used, and the overall look of the belt (Complaint ¶ 12). Thus, the first factor is satisfied.

For the second factor, that the defendant(s) copied protected elements of the work, PMM has alleged that Figures not only copied certain protected elements of the work but that the defendants, in fact, made exact copies of the entire work in manufacturing the replica belts and other items. [Complaint ¶¶ 23-26, 33, 34]. Thus the second factor is satisfied and PMM has established a prima facie case for copyright infringement.

Figures argues that PMM has not satisfied pre-filing requirements for filing a claim for copyright infringement and that PMM's claim for copyright infringement must therefore be

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 3 of 15

dismissed. Figures argues that PMM must actually have obtained a registration certificate in order to file a lawsuit for copyright infringement, and argues in its motion that the "registration rule" should apply rather than the "application rule". It is undisputed that PMM submitted an application for copyright registration prior to filing this lawsuit. The Copyright Office permits filing applications for copyright registration online and PMM attached proof of their registration receipt to the Amended Complaint, which consisted of the email confirmation showing proof of filing and confirmation of payment for the application fee (Amended Complaint Ex. A).

As Figures acknowledges in its motion to dismiss, however, the meaning of "registration" is not settled law with a split in the circuits on whether registration must be completed to satisfy the pre-filing requirements set forth in 17 U.S.C. § 411(a), or if filing the application is sufficient. When taking the Copyright Act and its purpose in context, the most logical interpretation of 17 U.S.C. § 411(a) is that the filing of an application is the more appropriate benchmark for meeting the pre-filing requirements.

In *Reed Elsevier, Inc. v. Muchnick* , the Supreme Court of the United States' held that registration of a copyright is not a jurisdictional requirement under 17 U.S.C. § 411(a), thus lending further support to the "application rule" as the more appropriate rule. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169, 130 S. Ct. 1237, 1248 (2010) ("We thus conclude that § 411(a)'s registration requirement is nonjurisdictional, notwithstanding its prior jurisdictional treatment."). In reaching this conclusion, the Court focused on statutorily-enumerated exceptions to the registration required such as a plaintiff's right to pursue a copyright infringement claim even if registration is refused by the Copyright Office. *Id.* at 165.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*      PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opposition to Motion to Dismiss      WWW.PENDERCOWARD.COM
Page 4 of 15

In the context of the Copyright Act and the general intention to protect the owners of copyright and not to hinder enforcement of their rights, the "application rule" is the better reasoned rule. Under copyright law, when a copyright is registered, the registration dates back to the date of the initial application; not the date the copyright registration is actually finalized. Under the current processing times list with the Copyright office on its webpage https://www.copyright.gov/help/faq/faq-what.html#certificate, processing times for online applications are running approximately nine months from submission to registration and up to eighteen months for those submitted by paper filings. To provide an infringing party with a nine to eighteen month grace period prior to facing suit over the infringement would serve an injustice against the copyright owner that is contrary to the intention of the Copyright Act. Based on such lengthy processing times, the application rule is the better reasoned rule.

Thus, PMM has satisfied the pre-filing requirements with its application for copyright registration filed prior to filing suit in this matter. Figures' claims that PMM has not satisfied its obligation under the application rule for failing to provide the proof of payment of the fee and deposit of the work in question are also without merit. The registration receipt provided by PMM sufficiently demonstrates that PMM has successfully submitted its application for copyright, including payment of the required fee which is expressly acknowledged on the email receipt. PMM has alleged sufficient facts to survive Figures' motion to dismiss with regard to its claim for copyright infringement. Furthermore, and as previously stated, even if the application is ultimately refused by the Copyright Office, PMM is still entitled to bring its infringement case before the Court.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*      Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 5 of 15

Figures also argues that PMM has failed to allege what rights its copyright protect. PMM's claims clearly state the copyrighted work (Amended Complaint ¶¶ 8-11, 19). This is not a case where the alleged infringer has incorporated *a portion* of a design into a new product. This case involves that exact wholesale duplication of championship belts for manufacture and sale (Amended Complaint ¶ 33-34). Nothing in the PMM original design has been changed other than the removal of PMM's copyright notice from the printed designs and replacement with a copyright notice for Ring of Honor Wrestling Entertainment, LLC ("ROH"). PMM also included photographs of two of the three alleged infringing replica belts as well as numerous printouts of the infringing items being advertised for sale by Figures and ROH (Amended Complaint Ex. B-F). PMM has clearly set forth the copyrights it claims to own and that were infringed upon by Figures and PMM.

Finally, the circumstances under which PMM provided the designs to Figures are instructive. PMM provided the actual designs directly to Figures under the good faith reliance that they were working toward a licensing agreement (Amended Complaint ¶15-19) and these *directly submitted designs* contained PMM's copyright notice (Amended Complaint ¶¶19, 25). At the very least, Figures knew that Figures did not own the designs. Figures required the designs from PMM in order to be able to produce the replicas. Figures' argument that PMM's complaint is deficient on the basis that it fails to describe the copyrighted work and the copyright protected must fail.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*     Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 6 of 15

## COUNT II – STATUTORY DAMAGES AND ATTORNEY'S FEES FOR COPYRIGHT
## INFRINGEMENT

PMM concedes that because Figures began infringing on PMM's copyright prior to PMM's registration of the copyright with the Copyright Office, PMM is not entitled to statutory damages and attorneys fees under 17 USC § 504. Therefore, PMM withdraws its claim for statutory damages and attorney's fees under 17 USC § 504.

## COUNT III – BREACH OF CONTRACT

PMM concedes that its breach of contract claims arise out of the same facts and circumstances encompassing the copyright infringement claims and are therefore preempted by the Copyright Act.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT
## OR BUSINESS EXPECTANCY

In order to prove a claim for tortious interference with contract in Virginia, it is well settled that "a plaintiff must plead the following: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the contractual relationship or business expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Storey v. Patient First Corp.*, 207 F.Supp.2d 431, 447 (2002). Typically, "a party cannot interfere with his own contract" because "a tortious interference claim requires the existence of three actors – the two parties to the contract and a third party who interferes with, or induces one of the parties to breach, the contract." *Id.* at 448.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*    Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 7 of 15

Generally, to state a claim for tortious interference with a contract, Virginia law requires that there be a third party interferor who is not a party to the contract. *See Wenzel v. Knight*, 2015 U.S. Dist. LEXIS 70536, *23 (E.D. Va. June 1, 2015). However, a party to a contract can be held liable for conspiracy to tortiously interfere with his own contract, so long as the party to the contract conspired with a third person in tortiously interfering with the contract. *See Fox v. Deese*, 234 Va. 412, 428-29 (Va. 1987) (citing *Worrie v. Boze*, 198 Va. 533, 540-41, 95 S.E.2d 192, 198-99 (1956)). The Virginia Supreme Court in *Worrie v. Boze* reasoned that

> "If it be an actionable wrong for a third person to interfere in a contract and induce one of the parties thereto to break it to the injury of the other, can it be said it is not equally a wrong for one of the parties to the contract to invite a third party to unite with him and aid him in breaking the contract in such a way as possibly to escape liability in an action for nonperformance and, gaining his consent, to act together in consummating their agreement? There are many refinements in the law, necessarily so, but courts should be as astute in applying well-known principles of justice to remedy wrongs as the wrongdoers are in devising schemes to perpetrate them."

*Worrie v*, 198 Va. at 541 (quoting *Motley, Green & Co. v. Detroit Steel & Spring Co.*, 161 F. 389, 397 (C.C.D.N.Y. 1908)).

PMM has pleaded facts to show not only the existence of the third party – ROH - but also has pleaded that Figures and ROH worked in concert in furtherance of tortiously interfering with the contract or business expectancy of PMM with Figures. The typical tortious interference claim involves two parties to a contract and a third party who interferes and induces the breach of the expected contract or business expectancy. Unlike in the typical tortious interference claim where the outside third party induces one of the parties to breach the contract, Figures played an active and joint role in soliciting ROH to aid in the tortious interference. PMM has pleaded facts sufficient to show that while PMM and Figures were negotiating a contract and a valid business

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 8 of 15

expectancy existed, Figure solicited ROH to induce the breach. Figures is not an innocent party who was lured away by ROH, but rather a willing participant who sought out and helped orchestrate the interference in question. As PMM has sufficiently pleaded the existence of three parties to the tortious interference claim, PMM's claim for tortious interference passes muster and should remain.

### COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE §18.2-500

Figures concedes in their motion to dismiss that PMM has stated a valid claim for tortious interference against ROH and that therefore PMM's claim of business conspiracy against ROH is sufficiently pleaded. Figures then denies the same claim against Figures on the basis that Figures cannot tortiously interfere with a contract or business expectancy of which it is a part. However, as stated above, PMM's claims of tortious interference against Figures should survive the Motion to Dismiss on the grounds that Figures actively sought out the participation of the third party – ROH – to assist in the tortious interference with PMM's contract and business expectancy with Figures. While PMM's allegations setting forth the conversion of PMM's designs by Figures are admittedly preempted by the Copyright Act, PMM's claims for tortious interference provide a basis to support PMM's business conspiracy claims.

Virginia common law "has long recognized actions based on a conspiracy resulting in business-related damages." *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 213 (2014). Tortious interference with contract or business expectancy qualifies as the requisite unlawful act to form the basis of a business conspiracy claim. *Id.* at 219. To recover under Va. Code § 18-2-499 and § 18.2-500, a plaintiff must establish: "(1) a combination or two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business [;] and (2) resulting

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 9 of 15

damage to the plaintiff." *Id.* at 214 (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984)).  The plaintiff must further establish that the defendants acted with legal malice, that is, that the defendants acted "intentionally, purposely, and without lawful justification." *Id.,* citing *Commercial Bus. Sys., Inc. v. BellSouth Servs.*, 249 Va. 39, 47 (1995). PMM has met this burden with the factual allegations in its Amended Complaint. PMM has alleged that Figures and ROH worked together to tortiously interfere with the existing contract or business expectancy of PMM with Figures for the purpose of usurping the anticipated economic gain from the reproduction of PMM's copyrighted designs, thereby diverting the economic gains to Figures and ROH and injuring PMM both economically (through loss of royalties) and injuring its reputation by marking the copyrighted designs as being those of ROH instead of PMM.

Wherefore, Figures' motion to dismiss the tortious interference and business conspiracy claims should be denied.

## COUNT VI – FRAUDULENT INDUCEMENT

FRCP 9(b) admittedly requires that the party making a claim alleging fraud or mistake allege with particularity the circumstances under which the fraud or mistake occurred. PMM disagrees with Figures' contention that PMM has not met this burden. The Rules do not conclusively set out the level of specificity required when pleading special matters. When examined in the context of the rules of pleading in general, the requirement for particularized allegations of special pleading matters is to put a party on notice as to the nature of the claims so that it can investigate and respond appropriately and defend against the same. PMM has met this burden.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*     Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 10 of 15

In its Amended Complaint, PMM alleges that in approximately February or March 2014, Figures and ROH began negotiations for production of replica championship belts (Amended Complaint ¶15), Figures requested the design files for the belt designs from PMM (Amended Complaint ¶ 16), PMM outlined terms that it required in a written agreement prior to providing the designs (Amended Complaint ¶ 18), and that PMM ultimately provided the designs to Figures at Figures' request based on Figures' representations and in consideration of the past history between PMM and Figures. (Amended Complaint ¶ 19, 74). Thereafter, while Figures and PMM were still negotiating terms of an agreement, Figures and ROH entered into a licensing agreement for the production and sale of the same replica belts (Amended Complaint ¶ 21). On or about October 28, 2014, Figures and ROH announced a joint licensing agreement for the development, marketing, and manufacture of replica belts, toys, and accessories for ROH (Amended Complaint ¶ 27). PMM first learned that Figures commenced production of the replica belts on or about November 2014 when Jeff Jones with ROH provided comments and pictures of the replica belts, but provided no samples to PMM (Amended Complaint ¶ 30). PMM has pleaded with sufficient particularity that the fraudulent inducement occurred directly between Figures, ROH, and PMM between February or March of 2014 and October 28, 2014.

If the court finds that the above allegations are not sufficiently pleaded with particularity, PMM respectfully requests leave to amend to add more particular details and submit an accompanying declaration by Rico Mann of PMM stating in detail the alleged communications that fraudulently induced PMM to deliver the championship belt designs to Figures.

Based on the foregoing, PMM's allegations with respect to its claims of fraudulent inducement should survive Figures' motion to dismiss.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*          Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 11 of 15

## COUNT VII – VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

The Digital Millennium Copyright Act (DMCA) provides that:

> "[n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b) (emphasis added). "Copyright management information" is defined as "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form. . . ." 17 U.S.C. § 1202(c). The statute then lists eight categories of information, including title, author, and copyright notice.

Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC, 629 F. Supp. 2d 526, 537, 2008 U.S. Dist. LEXIS 66504, *26-27 (E.D. Va. 2008).

Figures' argument that PMM has not alleged that copyright management information (CMI) was on the designs themselves is without merit. PMM clearly alleges – and Figures acknowledges – that copyright notices are included with the designs attached to Exhibit B of the Amended Complaint. Figures' argument is not that no CMI existed but that placing the CMI directly below the design is not sufficient. Figures' argument is contrary to the Copyright Act notice provision which only requires that:

> The [copyright] notice shall be affixed to the copies in such manner and location as to give reasonable notice of the claim of copyright. The Register of Copyrights shall prescribe by regulation, as examples, specific methods of affixation and positions of the notice on various types of works that will satisfy this requirement, but these specifications shall not be considered exhaustive.

17 U.S.C. § 401(c).

The requirements for affixing the notice to a copyrighted work are further expounded upon in 37 CFR 201.20 – Methods of affixation and positions of the copyright notice on various types of works. 37 CFR 201.20(c)(1) further clarifies that "in all cases dealt with in this section,

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*     Opposition to Motion to Dismiss     PENDER & COWARD, P.C.     WWW.PENDERCOWARD.COM

Page 12 of 15

the acceptability of a notice depends upon its being permanently legible to an ordinary user of the work under normal conditions of use, and affixed to the copies in such manner and position that, when affixed, it is not concealed from view upon reasonable examination." Notice does not have to be affixed exactly as prescribed in 37 CFR 201.20 provided that if, "in a particular case, notice does not appear in one of the precise locations prescribed in this section but a person looking in one of those locations would be reasonably certain to find a notice in another somewhat different location, that notice will be acceptable under this section." *Id.*

It is abundantly clear from Figures' motion to dismiss that it saw the copyright notices on the championship belt designs provided by PMM to Figures during their contract negotiations. Figures does not dispute that copyright notices were placed on, or immediately below, the designs. Rather, Figures takes the unsupported position that since the copyright notice is placed underneath the designs and not drawn on the design itself, that the copyright notice is invalid. This position is in direct opposition to the 37 CFR 201.20.

Figures' second claim, that PMM has not demonstrated that Figures acted with the requisite intent, might be a closer call had Figures simply removed the copyright notice and reproduced the championship belts with no copyright notice at all. However, this is not the case. Figures removed PMM's copyright notices and affixed a copyright notice for "Ring of Honor Wrestling Entertainment, LLC" on the replica belts. (Amended Complaint ¶25).

At this stage in the pleadings, PMM is only required to allege sufficient facts to demonstrate the requisite intent in removal of the copyright notice. Contrary to Figures' argument that PMM has only asserted conclusory statements as to Figures' intent for purposes of the DMCA, PMM alleged facts in paragraphs 19-28 of the Amended Complaint facts sufficient

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*   Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 13 of 15

to support its contention that Figures' actions in removing the copyright notice were done with the requisite intent under the DMCA. The removal of the copyright for the known owners of the design and affixation of the copyright notice for ROH in furtherance of the licensing agreement entered into between Figures and ROH for the infringement of PMM's designs for Figures' and ROH's economic gain, sufficiently meets the requirements to allege the requisite intent under the Digital Millennium Copyright Act to survive a motion to dismiss.

## CONCLUSION

The Federal Rules of Civil Procedure do not require PMM to set forth a detailed recitation of every fact in support of its claim for relief at the initial pleading stage. The Federal Rules only require notice pleadings with which PMM has clearly complied. Defendant Figures has had no trouble identifying PMM's allegations in the Complaint and has clearly received notice of the nature of the claims as required under the Federal Rules. Accordingly, with the exception of the counts to which PMM concedes are preempted by the Copyright Act, Figures' Rule 12(b)(6) motion must fail.

Respectfully submitted,

DATE: DECEMBER 15, 2016        PARKS, MILLICAN & MANN

By: ____/s/ Anne C. Lahren_____

Duncan G Byers, Esquire
Virginia State Bar No. 48146
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

---

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*        PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opposition to Motion to Dismiss    WWW.PENDERCOWARD.COM
Page 14 of 15

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

## CERTIFICATE OF SERVICE

I, Anne C. Lahren, hereby certify that on this 15th day of December, 2016, I will electronically file the foregoing *OPPOSITION TO FIGURES' MOTION TO DISMISS* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mary D. Hallerman
McDermott, Will & Emery
The McDermott Building
500 North Capitol Street NW
Washington, D.C. 20001
*Counsel for Figures Toy Company*

John Dabney, Esq.,
McDermott, Will & Emery
The McDermott Building
500 North Capitol Street NW
Washington, D.C. 20001
*Admitted pro hac vice*
*Counsel for Figures Toy Company*

_____Anne. C. Lahren_____
Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Hon or Wrestling Entertainment, LLC*     Opposition to Motion to Dismiss

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 15 of 15