# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FIGURES TOY COMPANY <br><br> and <br><br> RING OF HONOR WRESTLING ENTERTAINMENT LLC, <br><br> Defendants. | Civil Action No. 2:16-cv-00522 |

## REPLY IN SUPPORT OF DEFENDANT FIGURES TOY COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Figures Toy Company ("Figures") submits this reply in support of its Motion to Dismiss Plaintiff Parks, Millican & Mann, LLC's ("PMM's") Amended Complaint. (Dkt. Nos. 11-12.) PMM concedes it may not recover statutory damages or attorney's fees for Count I of its Amended Complaint, and the Court should thus strike that portion of PMM's Prayer for Relief. PMM also concedes that its breach of contract claim (Count III) is preempted by the Copyright Act, and the Court should thus dismiss that claim with prejudice. For the reasons stated below, the Court should also dismiss with prejudice the remainder of PMM's claims.

I. **PMM'S CLAIM FOR INTENTIONAL COPYRIGHT INFRINGEMENT (COUNT I) MUST BE DISMISSED.**

A. **Under the "registration approach" or "application approach" for a copyright claim, PMM's Amended Complaint fails.**

PMM's copyright claim must be dismissed because PMM's alleged copyrights were not registered prior to the commencement of this action and remain unregistered. (*See* Br. at 3-5.) In its opening brief, Figures explained why the Court should follow the "registration approach." (*Id.* at 3-5.) That approach is required by the plain text of the Copyright Act: "[N]o civil action for infringement of the copyright in any United States work shall be instituted **until . . . registration of the copyright claim has been made**[.]" 17 U.S.C. § 411(a) (emphasis added). It is endorsed by the Copyright Office: "[T]he ["application approach] not only **violates the congressional scheme**, but does a disservice to the legal process and the intended benefit that the Office was intended to provide to the courts." Robert J. Kasunic, Associate Register of Copyrights and Director of Registration Policy and Practice for the U.S. Copyright Office, *Copyright from Inside the Box: A View from the U.S. Copyright Office*, 39 Colum J.L. & Arts 311, 319-320 (2016). And it defers to the expertise of the U.S. Copyright Office "to determine whether registration is warranted." *Mays & Assocs., Inc. v. Euler,* 370 F. Supp. 2d 362, 370 (D. Md. 2005) (adopting registration approach).

PMM has nothing of substance to say in response to all of this. It does not seriously dispute that if the registration approach is adopted, its claim must be dismissed.[1] Instead, PMM seeks to excuse its failure to satisfy the registration prerequisite by pointing its finger at the Copyright Office. (Opp. at 3-5.) PMM essentially argues that the Court should simply ignore the plain language of § 411(a) of the Act and instead adopt the "application approach" based on the

---

[1] PMM's assertion (Opp. at 4) that the emails attached as Exhibit A to its Amended Complaint prove registration is without merit. Those emails are merely receipts of PMM's filing of two copyright **applications** and corresponding **application** fees. (*See* Am. Compl. Ex. A.)

Copyright Office's processing delays. (*See* Opp. at 5.) But a court is not free to ignore the plain language of a statute. Moreover, "[r]egistering a copyright is a relatively simple and inexpensive process." *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1199 (10th Cir. 2005) (following registration approach). Yet here, PMM did not file its copyright applications until August 30, 2016—only three days before filing this lawsuit—and those applications allegedly cover works created in **2012**. (*See* Am. Compl. Ex. A (email receipts for copyright applications for "2012 Ring of Honor World Tag Team Championship Belt" and "2012 ROH World Heavyweight Championship Belt").) PMM cannot blame its four-year delay in attempting to secure registration on the Copyright Office.

As PMM concedes, the Fourth Circuit has not adopted the "application approach," and the plain language of the Copyright Act states that the filing of an application is **insufficient** to state a claim for copyright infringement. (*See* Br. at 3-5.) Contrary to PMM's suggestion, the Supreme Court's decision in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), does not mean that PMM's pending applications satisfy the registration requirement for copyright cases. *Reed Elsevier* holds the filing of an application is not a **jurisdictional** requirement for a copyright infringement claim. 559 U.S. at 157. But Figures' motion is not premised on Rule 12(b)(1) for lack of subject matter jurisdiction; it is premised on Rule 12(b)(6) for failure to state a claim. Significantly, the Supreme Court itself does not interpret *Reed Elsevier* to stand for the proposition that a pending application satisfies § 411(a)'s registration requirement. The Supreme Court recently stated that a **registration must be secured prior to commencing a copyright action**, stating "**both the certificate [of registration] and the original work** must be on file with the Copyright Office **before a copyright owner can sue for infringement**." *Petrella v. MGM*, 134 S. Ct. 1962, 1977 (2014) (emphasis added) (citing 17 U.S.C. §§ 408(b), 411(a)).

Based on the Supreme Court's decision in *Petrella*, guidance from the Copyright Office, and the district court's well-reasoned opinion in *Mays* analyzing the plain language of § 411(a) of the Copyright Act, this Court should adopt the registration approach, which requires the dismissal with prejudice of PMM's claim.[2]

### B. PMM fails to allege which of its allegedly copyrighted designs have been infringed by Figures.

PMM's Amended Complaint requires Figures to guess which of PMM's works Figures is alleged to have infringed. (Br. at 5-6.) PMM's Opposition does nothing to mitigate that fatal flaw. PMM cites Exhibit B to argue that the works that PMM contends have been infringed are identified there. (Opp. at 6.) But as noted at pages 10-11 of Figures' opening brief and as conceded by PMM, Exhibit B contains a hodgepodge of over twenty images of different belts, supposedly created from 2003 through 2012, some of which by their own terms are not even owned by PMM. (*See* Am. Compl. Ex. B.) PMM fails to even identify which, if any, of these belts it has attempted to register with U.S. Copyright Office.

Thus, Count I of PMM's Amended Complaint fails to satisfy the most basic of pleading requirements for a copyright claim—no identification of a copyright registration, no identification of the works that PMM has copyrighted and no identification of the works that Figures has allegedly infringed. Count I must be dismissed with prejudice.

### II. PMM FAILS TO STATE A CLAIM FOR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (COUNTS II AND VII).

In its opening brief, Figures demonstrated that PMM's duplicative claims for violation of the Digital Millennium Copyright Act ("DMCA") failed for two reasons—(1) PMM failed to

---

[2] PMM's copyright claim must be dismissed even under the application approach. (*See* Br. at 5.) Nowhere in PMM's Amended Complaint does PMM state that it has deposited the necessary copies of the works for which it seeks a copyright to the Copyright Office, a prerequisite for the Copyright Office to issue a registration. *See* 17 U.S.C. § 410(a) ("When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the *material deposited* constitutes copyrightable subject matter . . . the Register shall register the claim . . . ." (Emphasis added)).

4

allege that Figures "removed" copyright management information ("CMI") from PMM's designs, and (2) that PMM failed to allege that Figures acted with the intent required to state a claim. (Br. at 10-11.) PMM does not dispute that Counts II and VII are duplicative. (*See* Opp. at 12-14.) Both claims should be dismissed.

PMM mischaracterizes Figures' Motion in an effort to save its claims. Nowhere in Figures' Motion did it concede that "copyright notices were placed on, or immediately below the designs." (Opp. at 13.) Nor did Figures argue that PMM's alleged copyright notice was "invalid." (*Id.*) Instead, Figures argued that PMM had failed to state a DMCA violation because the information that PMM alleged that Figures had "removed"—the information shown on Exhibit B to the Amended Complaint—did not constitute removal of CMI as defined by the statute. (*See* Br. at 10-11 (citing *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003)). PMM has no response to *Kelly* and fails to cite a case where a court has permitted a claim under 17 U.S.C. § 1202 that is remotely similar to the one PMM alleges here. Counts II and VII should be dismissed. *See, e.g.*, *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 920, 928 (N.D. Ill. 2013) (dismissing DMCA claim where CMI was not on the work at issue).

With respect to intent, PMM states that the allegations in Paragraphs 19 through 28 of the Amended Complaint are sufficient to allege that Figures acted with requisite intent for a DMCA claim—that is, that Figures acted "intentionally" and "knowing, or, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." (Opp. at 13-14.) *See* 17 U.S.C. § 1202(b). But all those allegations state are that Figures sold wrestling belts displaying a copyright notice for ROH for Figures' commercial gain

5

(*see* Am. Compl. ¶¶ 19-28), and fail to allege how Figures' removal directly facilitated any copyright infringement.

PMM's DMCA claims (Count II and VII) must be dismissed with prejudice.

### III. PMM'S CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY (COUNT IV) MUST BE DISMISSED.

In its opening brief, Figures argued that Plaintiff's tortious interference claim must be dismissed because it, like PMM's breach of contract claim, was preempted by the Copyright Act. (*See* Br. at 12 n.2.) *See, e.g.*, *Wigan v. Costech Tech.*, Civil Action No. 3:07cv440, 2008 U.S. Dist. LEXIS 743, at *24-26 (E.D. Va. Jan. 4, 2008) (granting 12(b)(6) motion and dismissing tortious interference claim—"[A] plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials."). PMM has no response to that argument, and Count IV should be dismissed with prejudice on this ground, especially because PMM conceded that the breach of contract claim was preempted and should be dismissed with prejudice.

Figures cannot, as a matter of Virginia law, be liable for tortious interference with a contract to which it is a party, and the contract between itself and PMM is the only contract with which PMM has alleged that Figures has tortiously interfered. (Am. Compl. ¶ 61 ("**Figures** . . . tortiously interfered with [Plaintiff's] contract rights **with Figures**" (emphasis added).) "[I]t is axiomatic that a party cannot interfere with its own contract." *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 448 (E.D. Va. 2002).

PMM claims that *Storey* supports its tortious interference claim, but that is not so. In *Storey*, the plaintiff, a party to the contract, alleged that principals of the defendant, the other party to the contract, acted beyond their scope of employment in tortiously interfering with the

plaintiff's contract. *Id.* at 448-49. But PMM does not even assert that the Amended Complaint makes similar allegations here and it has not.[3]

Count IV claim must be dismissed with prejudice.

### IV. PMM'S CLAIM FOR STATUTORY BUSINESS CONSPIRACY (COUNT V) MUST BE DISMISSED.

PMM's business conspiracy claim rests on the mistaken premise that Figures can be liable for tortiously interfering with its own contract. (*See* Opp. at 9.) PMM's business conspiracy claim fails as a matter of law. To survive a motion to dismiss a conspiracy claim, a plaintiff must allege an unlawful act or **unlawful purpose** "because there can be no conspiracy to do an act the law allows." *Livia Properties, LLC v. Jones Long LaSalle Americas, Inc.*, No. 5:14-cv-00053, 2015 WL 4715585, at *9 (W.D. Va. Aug. 7, 2015). PMM alleges that Figures acted unlawfully by working with ROH to tortiously interfere with the contract between PMM and Figures. (Am. Compl. ¶ 69.) Because Figures cannot tortiously interfere with its own contract, PMM has failed to state a claim for business conspiracy under 18 Va. Code § 18.2-500.

PMM's Amended Complaint also failed to make sufficient factual allegations of an alleged conspiracy. *See Marsh*, 2014 WL 6833927, at *8. Nowhere in the Amended Complaint does PMM allege any agreement between ROH and Figures to "effect a preconceived plan and unity of design and purpose," which is the essence of a business conspiracy claim. *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003). PMM cites to no allegations in its Amended Complaint to show it has sufficiently pleaded this claim. (*See* Opp. at 9-10.)

Count V must be dismissed with prejudice.

---

[3] To the extent PMM seeks to amend its Amended Complaint with respect to this claim, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Marsh v. Virginia Dept. of Transportation*, No. 6:14-cv-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014).

### V. PMM'S CLAIM FOR FRAUDULENT INDUCEMENT (COUNT VI) MUST BE DISMISSED.

Although PMM acknowledges that its claim for fraudulent inducement must be pleaded with particularity under Fed. R. Civ. P. 9(b), PMM argues that the claim survives dismissal because the level of specificity required is "undetermined." (Opp. at 10.) Not so. This Court has held that "a plaintiff must allege the identity of the person who made the fraudulent misrepresentation, as well as the time, place, and content of the misrepresentation" to adequately plead fraudulent inducement. *Levinson v. Mass. Mutual Life Ins. Co.*, 4:06-cv-086, 2006 WL 3337419, at *5 (E.D. Va. Nov. 9, 2006) (Doumar, J.) (dismissing claims sounding in fraud for failure to allege with particularity). Further, to state a claim for fraudulent inducement, a plaintiff must allege specific misrepresentations that were statements of fact, made for the purpose of procuring the contract, that the statements were untrue and material, and the party to whom they were relied upon them and was induced by the statements to enter into the contract. *See, e.g.*, *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 452 (E.D. Va. 2009).

PMM identifies no well-pleaded allegations in its Amended Complaint sufficient to survive the heightened standard required by Fed. R. Civ. P. 9(b). PMM's Opposition states that PMM provided the allegedly copyrighted designs based on "Figures' representations" but PMM's Amended Complaint does not state who made any statements, to whom the statements were made, or the substance of the statements. (Opp. at 11.) Thus, Count VI must also be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons and for the reasons stated in Figures' opening brief (Dkt. No. 12), Figures' Motion to Dismiss should be granted.

Dated: December 21, 2016

By: <u>/s/Mary D. Hallerman</u>
Mary Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy Company*

**CERTIFICATE OF SERVICE**

I hereby certify on December 21, 2016, I electronically filed the foregoing document—REPLY IN SUPPORT OF DEFENDANT FIGURES TOY COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT — with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

>   Duncan G. Byers, Esq.
>   Anne C. Lahren, Esq.
>   Pender & Coward, PC
>   222 Central Park Ave, Suite 400
>   Virginia Beach, VA 23462-3026
>   dbyers@pendercoward.com
>   alahren@pendercoward.com

>   /s/ Mary D. Hallerman
>   Mary D. Hallerman (Va. Bar No. 80430)
>   MCDERMOTT WILL & EMERY LLP
>   The McDermott Building
>   500 North Capitol Street, NW
>   Washington, DC 20001
>   Telephone: (202) 756-8194
>   Facsimile: (202) 756-8087
>   mhallerman@mwe.com