## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

                Plaintiff,

       v.

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING
ENTERTAINMENT LLC,

                Defendants.

Civil Action No. 2:16-cv-00522

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT FIGURES TOY COMPANY'S
## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Mary D. Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy
Company*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.      PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT
INFRINGEMENT (COUNT I)................................................................................. 4

    A.     Plaintiff's Copyright Claim for Its Registered Work Must Be Dismissed
With Prejudice .............................................................................................. 4

    B.     Plaintiff's Copyright Claim for the Unregistered Works Must Be
Dismissed With Prejudice............................................................................. 5

II.     PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED CONTRACT IS
PREEMPTED (COUNT II) ..................................................................................... 6

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE
WITH CONTRACT OR BUSINESS EXPECTANCY (COUNT III) ............................ 9

    A.     Figures Cannot be Liable for Tortious Interference with a Business
Expectancy Between Plaintiff and Figures ................................................. 10

    B.     Plaintiff's Tortious Interference Claim is Preempted by the Copyright Act ....... 11

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR BUSINESS CONSPIRACY
(COUNT IV)........................................................................................................ 12

    A.     Figures Cannot Conspire to Interfere with Its Own Business Expectancy .......... 12

    B.     Plaintiff's Conspiracy Claim Is Preempted by the Copyright Act...................... 12

    C.     Plaintiff Again Fails to Plead Sufficient Facts for Its Conspiracy Claim ............ 13

V.     PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT
INDUCEMENT (COUNT V)................................................................................. 14

    A.     Plaintiff's Fraudulent Inducement Claim Fails as a Matter of Law..................... 14

    B.     Plaintiff Again Fails to Meet the Heightened Pleading Requirements of
Rule 9(b) .................................................................................................... 14

VI.    PLAINTIFF'S CLAIM UNDER THE DIGITAL MILLENNIUM COPYRIGHT
ACT (COUNT VI) MUST BE DISMISSED WITH PREJUDICE................................ 15

    A.     Exhibits 6 and 7 Do Not Show Plaintiff's CMI on the Belt Designs ................. 15

    B.     Plaintiff Pleads That Figures Lacks the Requisite Intent.................................... 16

CONCLUSION................................................................................................................. 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acorn Structures v. Swantz*,
   846 F.2d 923 (4th Cir. 1988) ...................................................................................7

*Angel Chevrestt v. American Media, LLC*,
   204 F. Supp. 3d 629 (S.D.N.Y. 2016)....................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 66 (2009).............................................................................................3, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................3

*United States ex. rel. Berge v. Board of Trustees of the Univ. of Alabama*,
   104 F.3d 1454 (4th Cir. 1997) .................................................................................7

*Brown v. McCormick*,
   23 F. Supp. 2d 594 (D. Md. 1998) ........................................................................12

*Chaves v. Johnson*,
   230 Va. 112, 335 S.E.2d 97 (1985).......................................................................10

*Daboub v. Gibbons*,
   42 F.3d 285 (5th Cir. 1995) ...................................................................................10

*Devil's Advocate, LLC v. Zurich Am. Ins. Co.*,
   666 Fed. App'x 256 (4th Cir. 2016) ........................................................................5

*Diretto v. Country Inn & Suites by Carlson*,
   Civil Action No. 16cv1037, 2017 U.S. Dist. LEXIS 15043 (E.D. Va. Feb. 2,
   2017) ........................................................................................................................8

*Forest Park Pics. v. Universal TV Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012)................................................................................7, 8

*Fox v. Deese*,
   234 Va. 412, 362 S.E.2d 699 (1987).....................................................................10

*Frank Brunckhorst Co. v. Coastal Atl., Inc.*,
   542 F. Supp. 2d 452 (E.D. Va. 2008) ...................................................................10

*Gnossos Music v. Mitken, Inc.*,
   653 F.2d 117 (4th Cir. 1981) .................................................................................11

*Hall v. Virginia*,
   385 F.3d 421 (4th Cir. 2004) ........................................................................2

*Hoey v. Dexel Sys. Corp.*,
   716 F. Supp. 222 (E.D. Va. 1988) ...............................................................13

*Hunter v. Holsinger*,
   No. 5:15-cv-00043, 2016 WL 1169308 (W.D. Va. Feb. 19, 2016)......................13

*Johnson v. Portfolio Recovery Assoc., LLC*,
   682 F. Supp. 2d 560 (E.D. Va. 2009) ..............................................................3

*Kelly v. Arriba Soft. Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 336 F.3d
   811 (9th Cir. 2003).....................................................................................15

*Levinson v. Mass. Mutual Life Ins. Co.*,
   4:06-cv-086, 2006 WL 3337419 (E.D. Va. Nov. 9, 2006) (Doumar, J.)...............14

*Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*,
   254 Va. 408, 493 S.E.2d 375 (1997).............................................................10

*McLain v. KBR, Inc.*,
   Case No. 1:08cv499, 2014 U.S. Dist. LEXIS 92072 (E.D. Va. July 7, 2014).........2

*Microstrategy v. Netsolve, Inc.*,
   368 F. Supp. 2d 533 (E.D. Va. 2005) ..............................................................9

*Modern Oil Corp. v. Cannady*,
   Record No. 141839, 2015 Va. Unpub. LEXIS 16 (Dec. 30, 2015) ....................14

*Montz v. Pilgrim Films & TV*,
   648 F.3d 975 (9th Cir. 2011) .........................................................................7

*Navan Foods, LLC v. Spangler Candy Co., et al.*,
   Case No. 2:16cv157 (E.D. Va.) .......................................................................5

*Palatkevich v. Choupak*,
   Civil Action No. 12 Civ. 1681, 2014 U.S. Dist. LEXIS 10570 (S.D.N.Y. Jan.
   24, 2014) ....................................................................................................4

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   975 F. Supp. 2d 920 (N.D. Ill. 2013) .............................................................16

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014)..................................................................................6

*Progressive Corp. v. Integon P&C Corp.*,
No. 90-2230, 1991 U.S. App. LEXIS 25043 (4th Cir. 1991) .................................................11

*The Reading & Language Learning Center v. Sturgill*,
Case No. CL-2015-10699, 2016 Va. Cir. LEXIS 125 (Fairfax Cnty. Cir. Ct.
Aug. 4, 2016) ..........................................................................................................................12

*Rosciszewski v. Arete Assocs.*,
1 F.3d 225 (4th Cir. 1993) ........................................................................................................7

*Rosetta Stone Ltd. v. Google*,
676 F.3d 144 (4th Cir. 2012) ....................................................................................................8

*Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at
Broadlands, LLC*,
713 F.3d 175 (4th Cir. 2013) ....................................................................................................3

*Spencer v. Am. Int'l Group, Inc.*,
Civil No. 3:08cv00591, 2009 U.S. Dist. LEXIS 457 (W.D. Va. Jan. 6, 2009) .....................13

*Tessler v. NBC Universal, Inc.*,
Civil Action No. 2:08cv234, 2008 U.S. Dist. LEXIS 108353 (E.D. Va. Dec. 5,
2008) ..........................................................................................................................................9

*Tire Eng'g & Distrib. LLC v Shandong Linglong Rubber Co.*,
682 F.3d 292 (4th Cir. 2012) ..................................................................................................12

*Wenzel v. Knight*,
Case No. 3:14cv432, 2015 U.S. Dist. LEXIS 70536 (E.D. Va. June 1, 2015) ......................10

*Whitlock v. Street*,
Civil Action No. 3:12cv95-HEH, 2012 U.S. Dist. LEXIS 120795 (E.D. Va.
Aug. 24, 2012) ........................................................................................................................16

*Wigan v. Costech Tech.*,
Civil Action No. 3:07CV440, 2008 U.S. Dist. LEXIS 743 (E.D. Va. Jan. 4,
2008) ........................................................................................................................................11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................1, 5

**Statutes**

17 U.S.C. § 301(a) .......................................................................................................................7

17 U.S.C. § 411(a) .......................................................................................................................6

17 U.S.C. § 505...........................................................................................................................17

iv

17 U.S.C. § 1202(b) ...................................................................................................15, 16

17 U.S.C. § 1202(c) .......................................................................................................15

Va. Code §§ 18.2-499 & 18.2-500...............................................................................13

Va. Code § 18.2-500 ......................................................................................................12

**Other Authorities**

1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g]
    (Matthew Bender, Rev. Ed.) ......................................................................................8

## <u>INTRODUCTION</u>

Defendant Figures Toy Company ("Figures") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Parks, Millican & Mann, LLC's ("Plaintiff's") Second Amended Complaint (Dkt. No. 21) under Federal Rule of Civil Procedure 12(b)(6).

This is Plaintiff's third attempt to state a claim. Plaintiff again fails. Almost a year ago, Plaintiff filed its Complaint against Figures (Dkt. No. 1), alleging copyright infringement, breach of implied contract, and violations of the Digital Millennium Copyright Act. Thereafter, Plaintiff filed a First Amended Complaint ("FAC"), adding Ring of Honor Wrestling Entertainment, LLC ("ROH") as a Defendant and asserting a hodge-podge of ill-conceived state law claims— business conspiracy, tortious interference and fraudulent inducement. (Dkt. No. 6.)

Figures moved to dismiss that complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 11.) In its moving papers, Figures explained that Plaintiff's FAC was deficient in multiple and material ways. (Dkt. Nos. 12, 16.) In its opposition brief, Plaintiff conceded that certain claims— including its claims for breach of implied contract and tortious interference—must be dismissed. (Dkt. No. 15 at 7.) At the hearing on Figures's motion, the Court observed that Plaintiff's FAC was materially deficient in other ways as well. Plaintiff promised to correct those deficiencies, and the Court ordered that Plaintiff file a Second Amended Complaint ("SAC") by 12:00pm on May 2, 2017. (Dkt. No. 17.)

Filed after the deadline (*see* Dkt. Nos. 19-20), Plaintiff's SAC is even more of a mess than its FAC. Rather than remove baseless or conceded claims, Plaintiff's SAC regurgitates them. In the few instances where Plaintiff's SAC manages to add a factual allegation, it is repudiated by the exhibits attached to the SAC.

By way of limited example, Plaintiff's SAC alleges that Plaintiff "applied for the copyright registration for the 2012 6 Man Style TV Wrestling Championship belt, application #I-2953557817" citing Exhibit 3 (SAC ¶ 15 & Exhibit 3). But Exhibit 3 shows that Plaintiff did **not** apply for a copyright registration. Instead, Exhibit 3 shows that Plaintiff prepared—**but never filed**—a "working" application for an unidentified work back in August 2016 and that since then, Plaintiff has not finalized and filed that application, let alone paid the modest filing fee of $55 required by the Copyright Office. (*See* SAC Exhibit 3.)

Plaintiff's SAC also alleges that Plaintiff owns the "exclusive" copyright in the design of the 2012 World Heavyweight Championship Belt and attaches that purported design as Exhibit 6. (*Id.* ¶¶ 11, 26 & Exhibit 6.) But Exhibit 6 bears copyright notices only for "Rico Mann," **not** for Plaintiff. (*Id.* Exhibit 6.) Because Plaintiff's Exhibit 6 shows that Plaintiff does not own the 2012 World Heavyweight Championship Belt, all of Plaintiff's legal claims in the SAC regarding that design must be dismissed with prejudice.

There is more. Plaintiff not only failed to register all but one of its alleged copyrights, Plaintiff also failed to maintain its registration as a limited liability company. The Virginia State Corporation Commission cancelled Plaintiff's limited liability company status.[1] (*See* Declaration of Mary D. Hallerman & Exhibit A thereto.) Plaintiff **does not exist as a legal entity**.

Despite having actual notice of numerous defects in its pleading and despite its promise to correct those defects, Plaintiff—a non-existent entity—has elected not to do so. Figures should not have to incur more time and expense in defending against a Plaintiff who, after now three attempts, still cannot state a cause of action. *See, e.g., McLain v. KBR, Inc.*, Case No. 1:08cv499, 2014 U.S. Dist. LEXIS 92072, at *19-20 (E.D. Va. July 7, 2014) (dismissing Amended

---

[1] The Court may consider this publicly available information in deciding this Motion to Dismiss. *See, e.g., Hall v. Virginia*, 385 F.3d 421, 427 n.3 (4th Cir. 2004) (taking judicial notice of information on government website).

Complaint with prejudice where plaintiff had "ample notice of the defects that befell his Original Complaint . . . The constancy of those defects, despite notice and an opportunity to amend, suggests that further attempt at amendment would be futile."). Plaintiff's SAC should be dismissed with prejudice.

## **LEGAL STANDARD**

To survive a motion to dismiss, Plaintiff's SAC must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss "should be granted if the complaint does not allege enough facts to state a claim to relief that is plausible on its face." *Johnson v. Portfolio Recovery Assoc., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (internal citations omitted). Plaintiff's SAC must allege facts sufficient to raise the right to relief "above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* In testing the sufficiency of the SAC, the Court must disregard conclusory factual allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." *Id.* (internal citations omitted). If a factual allegation is refuted by an exhibit, the exhibit controls. *See, e.g.*, *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013).

Plaintiff here has failed to allege facts sufficient to show it is entitled to relief on any claim in its SAC and thus the SAC should be dismissed with prejudice.

## ARGUMENT

I. **PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT (COUNT I).**

In its FAC, Plaintiff asserted ownership of copyrights for four different belt designs. (FAC ¶ 11 & Exhibit B thereto.) Plaintiff's SAC, however, alleges ownership of copyrights for only three different belt designs, one of which has registered and the remaining two which Plaintiff alleges to have attempted to register.[2] (SAC ¶¶ 10, 13-15.) But even those allegations are disproven by Plaintiff's own exhibits: Rico Mann, not Plaintiff, owns the alleged copyright in one of those three belts (SAC Exhibit 6), and Plaintiff did not apply to register one of the other two belt designs. Plaintiff has failed to plead the most basic elements of a copyright claim: what registered copyrights Plaintiff owns, what works those copyrights cover, and Figures's manufacture of a belt that is substantially similar to one of those registered works.  *See, e.g.*, *Palatkevich v. Choupak*, Civil Action No. 12 Civ. 1681, 2014 U.S. Dist. LEXIS 10570, at *1, *6 (S.D.N.Y. Jan. 24, 2014) (dismissing copyright complaint that was "a mess").

### A. **Plaintiff's Copyright Claim for Its Registered Work Must Be Dismissed With Prejudice.**

Plaintiff's SAC asserts that Figures infringed Plaintiff's registered copyright in "2-D artwork" of a "2012 World Tag Team Championship Belt." (SAC ¶¶ 13, 58-61 & Exhibit 1.) Figures pointed out in its prior motion to dismiss that Plaintiff failed to submit a copy of the deposit of the work that it had submitted with its application. (Dkt. No. 12 at 5, Dkt. No. 16 at 4.) But Plaintiff inexplicably elected not to correct that defect. (*See* SAC Exhibit 1 (attaching "Page 1 of 2").) Thus, it is once again impossible to know what work is covered by Plaintiff's registered copyright—is the "2-D artwork" a drawing for the face of a belt? A drawing of wrestlers shown

---

[2] Plaintiff has dropped its claim that Figures infringed the Classic World Championship belt and violated the DMCA with respect to that belt. (*Compare* FAC Exhibit B at 4, *with* SAC ¶¶ 10, 13-15 & Exhibits 5-7 thereto; *see also* SAC ¶ 95.)

on a belt? A drawing of a globe? And it is impossible to know if any of Figures's replica belts are substantially similar to the work covered by Plaintiff's copyright registration. In other words, Plaintiff's SAC (just like Plaintiff's FAC) fails to allege facts sufficient to show that any of Figures's belts are substantially similar to the (unknown) "2-D artwork" covered by Plaintiff's copyright registration. *See, e.g.*, *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 Fed. App'x 256, 263 (4th Cir. 2016) (stating that a court assesses infringement by determining if "the defendant's work is substantially similar to the protectable elements of the plaintiff's work" and affirming Rule 12(b)(6) dismissal because the parties' works were not substantially similar).

This is a fatal defect. As Plaintiff's counsel himself argued in an unrelated copyright case in this Court just two weeks before he commenced this lawsuit:

> [T]his Court is empowered to determine substantial similarity on a [Rule 12(b)(6)] motion to dismiss. . . . **The failure to supply the deposit copy renders this Court incapable of making a decision on substantial similarity of by comparing the works**. Because the Court is unable to make a decision based on the Amended Complaint, it is clear that [Plaintiff] has failed to allege the second element of copyright infringement: the copying of the constituent elements of the work that are original. . . . **Therefore, [Plaintiff] has failed to identify the work that it has alleged was infringed upon and cannot state a claim for copyright infringement.**

Reply in Support of Motion to Dismiss (Dkt. No. 24) (emphasis added), *Navan Foods, LLC v. Spangler Candy Co., et al.*, Case No. 2:16cv157 (E.D. Va.).

Precisely the same is true here and therefore Plaintiff's copyright claim for its registered work must be dismissed with prejudice.

### B.   Plaintiff's Copyright Claim for the Unregistered Works Must Be Dismissed With Prejudice.

Plaintiff claims ownership of two other copyrights—the 2012 World Heavyweight Championship Belt and the 2012 6 Man Style TV Wrestling Championship Belt —which are

unregistered. (SAC ¶¶ 14-17 and Exhibits 2 & 3.) Plaintiff alleges that Figures has infringed

those unregistered copyrights. (*Id.* ¶¶ 14-17, 58.)

The Copyright Act is clear that "[n]o civil action for infringement of the copyright in any

United States work shall be instituted until . . . registration of the copyright claim has been made

in accordance with this title." 17 U.S.C. § 411(a). As Plaintiff itself recognizes, "if there is no

registration, there is no claim available for copyright infringement." (Dkt. No. 19 at 4.) The

Supreme Court recently stated in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977

(2014), "both the certificate and original work must be on file with the Copyright Office before a

copyright owner can sue for infringement."

Based on *Petrella*, the Court stated during the hearing on Figures's prior motion to

dismiss that Plaintiff's infringement claims could not proceed if Plaintiff's alleged copyrights

were not registered by the May 2, 2017 deadline for Plaintiff to file its SAC. Because copyright

registrations have not issued for the 2012 World Heavyweight Championship Belt or the 2012 6

Man Style TV Wrestling Championship Belt, Plaintiff's infringement claims based on those

works must be dismissed with prejudice.

## II.     PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED CONTRACT IS PREEMPTED (COUNT II).

Plaintiff's breach of implied contract claim in its SAC is a carbon copy of its breach of

implied contract claim in its FAC.[3] Plaintiff alleges once again an implied contract with Figures,

which requires Figures to pay "royalties from the sales of the [allegedly] infringing products"

---

[3] Plaintiff's SAC does contain the new assertion that its "implied contractual right to remuneration from Figures . . . is a separate claim above and beyond the allegations set forth in Count I for intentional violation of copyright of the 2012 World Tag Team Championship belt." (SAC ¶ 67.) But that self-serving, erroneous legal conclusion must be disregarded in deciding this motion. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

and which Figures breached by selling such products without payment to Plaintiff. (*Compare* SAC ¶¶ 63-64, *with* FAC ¶¶ 54, 56.)

In its prior motion to dismiss, Figures proved this claim was preempted by the Copyright Act. (Dkt. No. 12 at 8-9.) The Court need not accept Figures's word for that: Plaintiff itself "concede[d]" the claim, acknowledging that its "breach of contract claims arise out of the same facts and circumstances encompassing the copyright infringement claims and are therefore preempted by the Copyright Act." (Dkt. No. 15 at 7.) Nothing has changed since Plaintiff's FAC and Plaintiff's claim remains preempted by the Copyright Act.[4]

The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title . . . . [N]o person is entitled to any such right or equivalent right in any work under the common law or statutes of any State." 17 U.S.C. § 301(a). A common law claim is preempted if it (1) is based on copyrightable subject matter, and (2) the state-law right is equivalent to an exclusive right within the scope of copyright law. *United States ex. rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1454, 1463 (4th Cir. 1997). In other words, the state-law claim must have an "extra element" that makes it qualitatively different from a copyright infringement claim. *Rosciszewski v. Arete Assocs.*, 1 F.3d 225, 230 (4th Cir. 1993). With regard to the first element, Plaintiff admits that its belt designs are copyrightable subject matter. (SAC ¶¶ 11-15.)

---

[4] In a supplemental memorandum filed after the hearing on Plaintiff's prior motion to dismiss, Plaintiff attempted to resurrect this claim, arguing that its "discussions" with Figures saved it from preemption, citing *Acorn Structures v. Swantz*, 846 F.2d 923, 925 (4th Cir. 1988), *Forest Park Pics. v. Universal TV Network, Inc.*, 683 F.3d 424 (2d Cir. 2012), and *Montz v. Pilgrim Films & TV*, 648 F.3d 975 (9th Cir. 2011). (Dkt. No. 19 at 4.) But "discussions" played no role in any of those cases. Instead, *Acorn* involved a claim for breach of an express written contract, and *Montz* and *Forest Park* involved breach of an implied-*in-fact* contract. By contrast, Plaintiff here alleges an implied-*in-law* contract claim which are routinely held to be preempted as discussed *infra*.

With regard to the second element, Plaintiff's implied contract claim is qualitatively equivalent to a copyright claim. Virginia law recognizes two forms of implied contracts: implied-in-law and implied-in-fact. An implied-*in-fact* contract "is an actual contract that was not reduced to writing, but the court infers the existence of the contract from the conduct of the parties." *Rosetta Stone Ltd. v. Google*, 676 F.3d 144, 165 (4th Cir. 2012). To recover under an implied-in-fact contract, Plaintiff "must allege facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." *Id.* (quotation omitted). "Like an express contract, an implied-in-fact contract is created only when the typical requirements to form a contract are present." *Diretto v. Country Inn & Suites by Carlson*, Civil Action No. 16cv1037, 2017 U.S. Dist. LEXIS 15043, at *9 (E.D. Va. Feb. 2, 2017) (dismissing implied-in-fact contract claim where no allegations that there was mutual assent or consideration).

By contrast, an implied-*in-law* contract (also referred to as a quasi-contract or unjust enrichment) is a contract imposed by law which "applies only when there is not an actual contract or meeting of the minds" and "require[s] one who accepts and receives the services of another to make reasonable compensation for those services." *Rosetta Stone Ltd.*, 676 F.3d at 165-66 (quotation omitted).

Claims for breach of implied-in-law contracts are routinely preempted by the Copyright Act because "plaintiff need only prove that the defendant was unjustly enriched through the use of her idea or work. Such a claim is not materially different from a claim for copyright infringement that requires a plaintiff to prove that the defendant used, reproduced, copied, or displayed a copyrighted work." *Forest Park,* 683 F.3d at 432. *See* 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g] (Matthew Bender, Rev. Ed.) ("A state law

cause of action for unjust enrichment or quasi contract should be regarded as an equivalent right and hence, pre-empted, insofar as it applies to copyright subject matter.").

In its SAC, Plaintiff alleges that there was **not** an implied-*in-fact* contract. Plaintiff alleges that it "provided the designs for each championship belt to Figures so that Figures could set up production and obtain accurate cost estimates for the production runs" (SAC ¶ 24), but that "[n]o final agreement was ever reached with regard to payment of royalties, specific products to be produced, and/or the appearance and placement of PMM's copyright notice" (*id.* ¶ 30; *accord id.* ¶ 34 ("Despite not having an agreement . . ."); *id.* ¶ 40 ("PMM has not granted any license for producing the replica products to Figures . . .")). Plaintiff asserts only an implied-*in-law* contract, claiming that Figures must pay royalties from sales of allegedly "infringing products" and that Figures has paid no money to Plaintiff for sales of products that allegedly use Plaintiff's "copyrighted and/or original designs." (SAC ¶¶ 63-64.) Plaintiff's contract claim is equivalent to a copyright claim and must be dismissed with prejudice. *See, e.g.*, *Tessler v. NBC Universal, Inc.*, Civil Action No. 2:08cv234, 2008 U.S. Dist. LEXIS 108353, at *34-36 (E.D. Va. Dec. 5, 2008) (recommending dismissal of implied-in-law contract claim), *adopting recommendation*, 2009 U.S. Dist. LEXIS 27345 (E.D. Va. Mar. 31, 2009); *Microstrategy v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (dismissing unjust enrichment claim as preempted).

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY (COUNT III).

Plaintiff's SAC does absolutely nothing to correct the fatal deficiencies in its tortious interference claim and fails for two independent reasons. First, as a fundamental matter of Virginia law, Figures cannot be liable for tortious interference with Plaintiff's contract or business expectancy *with Figures*. Second, Plaintiff's tortious interference claim is nothing more

than "an attempt to present a copyright claim in the voice of [a] state law claim[]," *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995), and is thus preempted.[5]

### A.   Figures Cannot be Liable for Tortious Interference with a Business Expectancy Between Plaintiff *and Figures*.

To state a claim for tortious interference with business expectancy, Plaintiff must allege "(1) a contract expectancy or prospective business relationship; (2) knowledge of same by the defendant; (3) intentional interference with the expectancy; (4) the defendant's use of improper means to interfere with the expectancy; and (5) resulting damages to the plaintiff." *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 254 Va. 408, 414, 493 S.E.2d 375 (1997).[6]

A party to a business expectancy cannot be liable for tortious interference with that business expectancy.  *See, e.g.*, *Wenzel v. Knight*, Case No. 3:14cv432, 2015 U.S. Dist. LEXIS 70536, at *22-24 (E.D. Va. June 1, 2015) (stating cause of action requires a "*third-party interferor . . . who is in competition with the plaintiff*" (emphasis added)); *Fox v. Deese*, 234 Va. 412, 427, 362 S.E.2d 699, 708 (1987) ("A person cannot intentionally interfere with his own contract.").

Plaintiff alleges that "Figures . . . tortiously interfered with [Plaintiff's] contract rights *with Figures*."  (SAC ¶ 72 (emphasis added).) Plaintiff also alleges that "[i]n furtherance of the tortious interference with [Plaintiff's] contractual rights *with Figures*, Figures . . . unlawfully and without justification removed [Plaintiff's] copyright on the replica design." (*Id.* ¶ 74 (emphasis

---

[5] Plaintiff also fails to allege that it was damaged by Figures's alleged tortious interference, an essential element of the claim. (*See* SAC ¶ 76.)

[6] To the extent that Plaintiff asserts a tortious interference with contract claim (SAC ¶¶ 72, 74), that claim must also be dismissed with prejudice because Plaintiff alleges that it did **not** have a contract with Figures. (SAC ¶ 30 ("no final agreement"); *id.* ¶ 34 ("despite not having an agreement with PMM"); *see also id.* ¶¶ 62-68 (asserting a claim for breach of an *implied* contract).) A tortious interference with contract claim requires the existence of a contract. *See, e.g., Frank Brunckhorst Co. v. Coastal Atl., Inc.*, 542 F. Supp. 2d 452, 463 (E.D. Va. 2008) (dismissing tortious interference with contract claim); *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 120 (1985) (tortious interference with contract claim requires a "valid contractual relationship").

added).) Because Figures cannot be liable for interfering in a business expectancy to which it is party, Plaintiff's claim must be dismissed with prejudice.

### B.   Plaintiff's Tortious Interference Claim is Preempted by the Copyright Act.

"Copyright infringement" is a "tortious interference with a property right for which Congress created the remedy of damages." *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 120 (4th Cir. 1981). The crux of Plaintiff's common law tortious interference claim here is that Figures sold replica belts without Plaintiff's authorization and without "payment of royalties from the sale of the *infringing* items." (SAC ¶¶ 72-73 (emphasis added).)

There is no qualitative difference between Plaintiff's tortious interference claim and a copyright claim. (*Id.* ¶ 59 (copyright claim - Figures "produced and sold the replica full-size championship belts, finger rings, and action figure belts with knowledge of [Plaintiff's] copyright in the design, without authorization from [Plaintiff], and without paying royalties on the sales.").   "[A] plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials."  *Wigan v. Costech Tech.*, Civil Action No. 3:07CV440, 2008 U.S. Dist. LEXIS 743, at *24-26 (E.D. Va. Jan. 4, 2008) (dismissing tortious interference claim with prejudice where claim was "part and parcel" of a copyright claim); *accord Progressive Corp. v. Integon P&C Corp.*, No. 90-2230, 1991 U.S. App. LEXIS 25403, at *16-18 (4th Cir. Oct. 29, 1991) (affirming dismissal of claim for tortious interference with business expectancy because it was preempted by the Copyright Act). Plaintiff's tortious interference claim is preempted and must be dismissed with prejudice.

## IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR BUSINESS CONSPIRACY (COUNT IV).

Plaintiff did nothing to remedy the fatal defects in its business conspiracy claim under Va. Code § 18.2-500. Plaintiff's allegations in the SAC with respect to that claim are identical to the allegations in the FAC. (*Compare* SAC ¶¶ 78-81, *with* FAC ¶¶ 67-70.)

### A.    Figures Cannot Conspire to Interfere with Its Own Business Expectancy.

Plaintiff alleges that "ROH's actions of tortious interference" are the predicate unlawful act for its business conspiracy claim. (SAC ¶ 80.) Because Figures cannot tortiously interfere with its own business expectancy, "there can be no conspiracy" between Figures and ROH "to tortiously interfere with a business expectancy in which [Figures] is a party." *The Reading & Language Learning Center v. Sturgill*, Case No. CL-2015-10699, 2016 Va. Cir. LEXIS 125, at *43 (Fairfax Cnty. Cir. Ct. Aug. 4, 2016) (granting demurrer).

### B.    Plaintiff's Conspiracy Claim Is Preempted by the Copyright Act.

Plaintiff asserts that Figures and ROH "conspired to . . . unlawfully use [PMM's three belt designs]." (SAC ¶ 79.) But the Copyright Act preempts that claim, a fact that Plaintiff itself previously conceded: "[Plaintiff's] allegations setting forth the conversion of PMM's designs by Figures are admittedly preempted by the Copyright Act." (Dkt. No. 15 at 9.) Plaintiff's unsupported, conclusory allegation of a conspiracy does not make this claim qualitatively different from a copyright claim and it must be dismissed with prejudice. *See, e.g.*, *Tire Eng'g & Distrib. LLC v Shandong Linglong Rubber Co.*, 682 F.3d 292, 311-12 (4th Cir. 2012) (affirming dismissal of conspiracy claim on preemption grounds); *Brown v. McCormick*, 23 F. Supp. 2d 594, 608 (D. Md. 1998) ("[W]hile the formulation for civil conspiracy adds the element of agreement to the elements that copyright infringement requires, the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the

12

Copyright Act."); *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222, 224 (E.D. Va. 1988) (dismissing as preempted conspiracy claim).

## C.     <u>Plaintiff Again Fails to Plead Sufficient Facts for Its Conspiracy Claim.</u>

Plaintiff also once again fails to make sufficient factual allegations of a conspiracy between Figures and co-Defendant ROH. To state a claim for business conspiracy under Va. Code §§ 18.2-499 & 18.2-500, Plaintiff must allege "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to the plaintiff." *Spencer v. Am. Int'l Group, Inc.,* Civil No. 3:08cv00591, 2009 U.S. Dist. LEXIS 457, at *38-39 (W.D. Va. Jan. 6, 2009). A conspiracy must be pled with particularity and the requisite concert of action and unity of purpose must be pled "in more than mere conclusory language." *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 WL 1169308, at *15 (W.D. Va. Feb. 19, 2016).

In its SAC, Plaintiff does not "allege that the defendants combined together to effect a 'preconceived plan and unity of design and purpose.'" *Hunter*, 2016 WL 1169308, at *16 (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)). Plaintiff does not allege facts sufficient to show that Figures and ROH planned together to unlawfully use Plaintiff's belt designs to injure Plaintiff's business. Instead, Plaintiff merely states in conclusory fashion that "ROH and Figures conspired to, and did, unlawfully use PMM's copyrighted designs . . . removed PMM's copyright notice and sold said products without payment to PMM." (SAC ¶ 79.) Plaintiff's conclusory allegations fail and Plaintiff's conspiracy claim must be dismissed with prejudice.

## V.  PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT (COUNT V).

Once again, Plaintiff has failed to state a claim for fraudulent inducement. The claim must be dismissed with prejudice because: (1) it requires a contract, and Plaintiff has unequivocally pled that there was no contract between Plaintiff and Figures, and (2) despite promising this Court to do so, Plaintiff has not added factual allegations to meet the heightened pleading requirements of Rule 9(b).

### A.  Plaintiff's Fraudulent Inducement Claim Fails as a Matter of Law.

As the Supreme Court of Virginia has held, a fraudulent inducement claim requires that plaintiff plead the existence of a contract. *Modern Oil Corp. v. Cannady*, Record No. 141839, 2015 Va. Unpub. LEXIS 16, at *12 (Dec. 30, 2015) (emphasis added) (citing *Devine v. Buki*, 767 S.E.2d 459, 466, 289 Va. 162, 175 (2015)). Nowhere in the SAC does Plaintiff allege that there was a contract between Plaintiff and Figures—instead, Plaintiff alleges the opposite: "*no final agreement* was ever reached[.]" (SAC ¶ 30 (emphasis added); *see id.* ¶ 34 ("Despite not having an agreement with [Plaintiff]…").) This claim must be dismissed with prejudice.

### B.  Plaintiff Again Fails to Meet the Heightened Pleading Requirements of Rule 9(b).

Just like its FAC, Plaintiff's SAC fails to plead a fraudulent inducement claim with the particularity required by Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), Plaintiff "must allege the identity of the person who made the fraudulent misrepresentation, as well as the time, place, and content of the misrepresentation." *Levinson v. Mass. Mutual Life Ins. Co.*, 4:06-cv-086, 2006 WL 3337419, at *5 (E.D. Va. Nov. 9, 2006) (Doumar, J.) (dismissing claims sounding in fraud for failure to plead with particularity).

But there are no allegations in the SAC regarding who made and who received the alleged misrepresentations, the content of those misrepresentations, or the time and place of

14

those misrepresentations. Despite promising the Court that if given leave to file a second amended complaint, it would plead "more particular details and submit an accompanying declaration by Rico Mann of [Plaintiff] stating in detail the alleged communications that fraudulently induced [Plaintiff] to deliver the championship belt designs" (Opp. to Motion to Dismiss (Dkt. No. 15) at 11), Plaintiff chose not to do so. Plaintiff's claim for fraudulent inducement must be dismissed with prejudice.

## VI.  PLAINTIFF'S CLAIM UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT (COUNT VI) MUST BE DISMISSED WITH PREJUDICE.

Plaintiff again asserts a claim for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. (SAC ¶¶ 92-99.) In particular, Plaintiff relies on 17 U.S.C. § 1202(b), which prohibits the intentional removal of copyright management information ("CMI"), such as the owner's name or the name of the work, *see* 17 U.S.C. § 1202(c). Plaintiff alleges that it provided two-dimensional designs of three wrestling belts to Figures (*id.* ¶¶ 24-27, 94 & Exhibits 5-7) and that Figures removed Plaintiff's CMI from those designs, (*id.* ¶ 95).

### A.  Exhibits 6 and 7 Do Not Show Plaintiff's CMI on the Belt Designs.

Plaintiff does not allege that it has seen its belt designs with its CMI removed. Instead, Plaintiff invites the Court to draw the inference that those designs exist because the replica belts do not bear its CMI. (*See id.* ¶ 43.) But the designs for the 2012 World Heavyweight Champion Belt (*id.* Exhibit 6) and the 2012 6 Man Style TV Wrestling Championship Television Belt (*id.* Exhibit 7), show CMI **outside the border** of the drawings of the belts, not inside the border of the drawings of the belts (*see id.* Exhibits 6-7). And Exhibit 6 does not even reflect Plaintiff's CMI – it reflects the CMI of Mr. Rico Mann.

For Plaintiff to state a DMCA claim, CMI must be "removed" from the two-dimensional belt designs. *See, e.g.*, *Kelly v. Arriba Soft. Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999),

*aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003) (holding CMI not "removed" for purposes of DMCA claim from photo on website when "the only CMI available appeared on the website in the surrounding text but not the images themselves—"Based on the language and structure of the statute, the Court holds this provision applies only to the removal of copyright management information on a plaintiff's product or original work."); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (dismissing DMCA claim where CMI was not on work at issue). Because Exhibits 6 and 7 fail to show that Plaintiff's CMI appeared on the 2012 World Heavyweight Champion Belt and the 2012 6 Man Style TV Wrestling Championship Television Belt designs themselves, Plaintiff fails to state a claim for violation of the DMCA for those two belts.

### B.      Plaintiff Pleads That Figures Lacks the Requisite Intent.

Plaintiff must allege sufficient facts to show that Figures (1) "without the authority of the copyright owner or the law, intentionally remove[d] or altere[d]" Plaintiff's CMI, (2) "knowing, or, . . . having reasonable grounds to know, that it [would] induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b).

Plaintiff merely conclusorily alleges that Figures "intentionally" removed Plaintiff's CMI from the two-dimensional belt designs. (SAC ¶¶ 35, 94-95.) *See, e.g., Angel Chevrestt v. American Media, LLC*, 204 F. Supp. 3d 629, 631-32 (S.D.N.Y. 2016) (dismissing DMCA claim because plaintiff failed to plead requisite intent). And nowhere does Plaintiff allege— conclusorily or otherwise—that Figures removed Plaintiff's CMI knowing or having reason to know that it would "induce, enable, facilitate or conceal infringement." In fact, Plaintiff's allegations prove that it is *implausible* that Figures had such intent. *See, e.g., Whitlock v. Street*, Civil Action No. 3:12cv95-HEH, 2012 U.S. Dist. LEXIS 120795, at *22 (E.D. Va. Aug. 24, 2012) (granting motion to dismiss where plaintiff "pleaded himself out of court"). As alleged in

16

the SAC, Figures sent samples of replica belts *to Plaintiff* which did **not** include Plaintiff's CMI. (SAC ¶ 43.) If Figures had "known or had reason to know" that not including Plaintiff's CMI on its replica belts would "induce, enable, facilitate, or conceal infringement," it quite obviously would not have voluntarily furnished them to Plaintiff. For this reason, Plaintiff fails to state a DMCA violation and this entire claim must be dismissed with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Figures respectfully requests that Plaintiff's Second Amended Complaint (Dkt. No. 6) be dismissed with prejudice. If the Court grants this motion, Figures will seek its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 in defending against Plaintiff's groundless claims.

17

Dated:  May 17, 2017

By:  /s/Mary D. Hallerman
Mary Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on May 17, 2017, I electronically filed the foregoing document—

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FIGURES TOY COMPANY'S

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT—with the Clerk

of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to

the following counsel of record for Plaintiff:

> Duncan G. Byers, Esq.
> Anne C. Lahren, Esq.
> Pender & Coward, PC
> 222 Central Park Ave, Suite 400
> Virginia Beach, VA 23462-3026
> dbyers@pendercoward.com
> alahren@pendercoward.com

> /s/ Mary D. Hallerman
> Mary D. Hallerman (Va. Bar No. 80430)
> MCDERMOTT WILL & EMERY LLP
> The McDermott Building
> 500 North Capitol Street, NW
> Washington, DC 20001
> Telephone: (202) 756-8194
> Facsimile: (202) 756-8087
> mhallerman@mwe.com