**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC | |
| Plaintiff, | |
| vs. | |
| FIGURES TOY COMPANY, and | CASE NO. 2:16 – cv – 522 |
| RING OF HONOR WRESTLING ENTERTAINMENT, LLC, | |
| Defendants. | |

**OPPOSITION TO FIGURE'S MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT**

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and

states the following for its Opposition to Defendant Figures Toy Company ("Figures") Motion to

Dismiss Second Amended Complaint:

**INTRODUCTION**

In its Memorandum of Law in Support of Defendant Figures Toy Company's Motion to

Dismiss Plaintiff's Second Amended Complaint, Figures has failed to show that the Second

Amended Complaint should be dismissed for any reason. In its Memorandum, Figures argues that

PMM's Second Amended Complaint should be dismissed in that:

1. "Plaintiff's Second Amended Complaint simply ("SAC") . . . regurgitates" claims that

   Figures asserts are "baseless or conceded";

2. "In the few instances where Plaintiff's SAC manages to add a factual allegation, it is

   repudiated by the exhibits attached to the SAC"; and

3.   PMM's company status with the Virginia State Corporation Commission lapsed.

Figures summarizes its position by stating that "[d]espite having actual notice of numerous defects in its pleading and despite its promise to correct those defects, Plaintiff – a non-existent entity – has elected not to do so."

For the reasons stated below, Figures' arguments fail to raise a sufficient legal challenge for the Court to grant its Motion to Dismiss and the Motion should, therefore, be denied.

## LEGAL STANDARD

"In considering a motion to dismiss, the claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. International Telecommunications Satellite Org, 991 F.2d 94, 97, citing Jenkins v. McKeithen, 395 U.S. 411, 421-22, 23 L.Ed. 2d 404, 89 S. Ct. 1843 (1969).* "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Wigand v. Costech Techs., Inc.*, 2008 U.S. Dist. LEXIS 743, 2008 WL 65517 (E.D. Va. Jan. 4, 2008). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin Marietta* at 45-46. The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 2 of 23

upon which it rests.'" *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957), *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929(2007), *see also* Fed. R. Civ. P 8(a)(2) ("A pleading that states a claim for relief must contain… a short and plain statement showing that the pleader is entitled to relief"). Pleading is not a "game of skill in which one misstep by counsel may be decisive to the outcome" as the purpose of pleading is to "facilitate a proper decision on the merits." *Id. at 48*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). PMM has set forth sufficient factual allegations to support its claims for relief, with amplification of its pleadings as directed by this Court at the hearing on Figures' Motion to Dismiss the First Amended Complaint.

## INITIAL ISSUE – CORPORATE STATUS OF PARKS, MILLICAN & MANN

Figures argues, without citation to any authority, that the temporary cancellation of the existence of PMM precludes any claims brought in this matter.  Figures is incorrect in that Virginia Law provides specifically that the cancellation of a limited liability company does not interfere with the right of the LLC or its members or managers to pursue claims to protect any remedy, right, or claim.  Va. Code § 13.1-1050.5 states:

> The cancellation of existence of a limited liability company shall not take away or impair any remedy available to or against the limited liability company or its members or managers for any right or claim existing, or any liability incurred, before the cancellation. Any action or proceeding by or against the limited liability company may be prosecuted or defended by the limited liability company in its name. The members or managers shall have power to take limited liability company action or other action as shall be appropriate to protect any remedy, right, or claim.

> Va. Code § 13.1-1050.5

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 3 of 23

Furthermore, PMM submitted its limited liability company reinstatement paperwork to the State Corporation Commission on February 6, 2017, the same date it received notice of the cancelation of the same. *See* Declaration of Richard P. Mann, attached as Exhibit 1, at ¶¶ 3, 4. In the Commonwealth of Virginia, a company's status can be restored as if it never lapsed by complying with the steps for reinstatement as set forth in Va. Code §13.1-1050.4. Which PMM did. Despite having previously submitted the reinstatement paperwork, Rico Mann on behalf of PMM has hand-delivered the reinstatement paperwork for a second time to the State Corporation Commission as of May 30, 2017. *See* Declaration, ¶ 6.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

To establish a prima facie case for copyright infringement, a plaintiff needs to show two things: 1) that he owns the copyright to the work that was allegedly copied, and 2) that the defendant(s) copied protected elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). A registration certificate for the copyright is prima facie proof of ownership.

The Second Amended Complaint clearly alleges a claim for intentional violation of copyright only for the 2012 World Tag Team Championship Belt – for which registration is effective August 30, 2016. PMM owns the copyright to this design. *See* registration attached to the Second Amended Complaint at Exhibit 1. The Copyright Claimant is "Parks Millican & Mann, LLC" with Rico Mann and Reggie Parks listed as the Authors. Thus, PMM's right to bring the copyright infringement claim is clear and the first element for copyright infringement has been satisfied.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC* Opp. Mot. Dismiss 2nd Amend. Comp.
PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 4 of 23

For the second factor, that the defendant(s) copied protected elements of the work, PMM has alleged that Figures not only copied certain protected elements of the work but that the defendants, in fact, made exact copies of the entire work in manufacturing the replica belts and other items. (Second Amended Complaint ¶¶ 32-34, 38, 46). Figures argues that it does not know what portion of the belt is subject to copyright, or what part of the copyright is violated, despite PMM's allegations that Figures made an exact replica of the entire belt *and* attached Exhibits showing Figures' and ROH's *own marketing of the belts under the exact name on the copyright registration*. (Second Amended Complaint at ¶¶ 38, 46, Exhibits 10, 11).

Figures further argues that this Court is unable to determine if Figures' replica of the 2012 World Tag Team Championship Belt is "substantially similar" to PMM's copyrighted work even though PMM has alleged that "The replica of the 2012 World Tag Team Championship Belt is an exact copy of the original championship belt PMM created for ROH with no deviations from the design provided by PMM with the exception of the removal of the copyright notice." (Second Amended Complaint ¶ 46). For support, Figures cites to *Devils Advocate, LLC v. Zurich Am Ins. Co.*, 666 Fed. App'x 256 (4th Cir. 2016), a case with substantial and material factual differences to the case at bar. In *Devil's Advocate*, the plaintiff alleges a copyright infringement for the use of an attorney's resumé in pursuing a motion for leave to designate the attorney as an expert. In holding that the use of the resumé was a fair use of the copyrighted work and not an infringement, the court held that the resumé was part of the marketing materials by the plaintiff, that including the resumé in the motion for leave to designate an expert was fair use, and that the resumé was not substantially similar to the expert designation itself. *Id.* at 263, 266. Furthermore, the resumé itself had no independent market value. *Id.* at 266. The holding in *Devil's Advocate*

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 5 of 23

that the attorney's resumé was not substantially similar to an expert designation that had not yet even been prepared is not relevant to the facts of the present case.

Figures' argument that "it is impossible to know if any of Figures' replica belts are substantially similar to the work covered by Plaintiff's copyright registration" is refuted by PMM's allegations in its Second Amended Complaint and the accompanying exhibits. At this stage in the pleadings, the Court must accept PMM's allegations as true drawing all reasonable inferences in PMM's favor. As stated above, PMM has clearly alleged that Figures copied the entirely of PMM's copyrighted work. This is not a case where the alleged infringer has incorporated *a portion* of a design into a new product. This case involves the wholesale duplication of championship belts for manufacture and sale (Second Amended Complaint ¶ 46). Nothing in the PMM original design has been changed other than the removal of PMM's copyright notice from the printed designs and replacement with a copyright notice for Ring of Honor Wrestling Entertainment, LLC ("ROH"). PMM has met its burden.

In addition, as stated in PMM's Opposition to Figures' previous Motion to Dismiss, the circumstances under which PMM provided the designs to Figures are instructive. PMM provided the actual designs directly to Figures under the good faith reliance that they were working toward a licensing agreement (Second Amended Complaint ¶18-24) and these directly submitted designs contained PMM's copyright notice (Second Amended Complaint ¶¶ 25-29). At the very least, Figures knew that Figures did not own the designs and required the designs from PMM to be able to produce the replicas. Figures' argument that PMM's complaint is deficient on the basis that it fails to describe the copyrighted work and the specific copyright protected must fail.

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 6 of 23

Finally, Figures argues in its Motion to Dismiss that PMM cannot bring its claims in Count I for copyright infringement for the belts for which PMM has not yet obtained copyright registration. PMM has not stated a claim for intentional violation of copyright (Count I) with regard to the currently unregistered works, although PMM expects to do so shortly once those registration certificates are received. Therefore, Figures' arguments in its Motion to Dismiss regarding the nonexistent allegations of copyright infringement of the unregistered works should simply be ignored.

## COUNT II – BREACH OF CONTRACT IS NOT PREEMPTED

As stated by PMM in its Memorandum of Authority Concerning Count III of the First Amended Complaint (which is Count II of the Second Amended Complaint), Section 301 of the Copyright Act states that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … are governed exclusively by this title [and] … no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. §301. Any state law claims containing the same elements as those of copyright infringement but no additional elements are preempted by the Copyright Act.

This Court requested supplemental briefs on the issue of preemption of breach of contract claims under the circumstances where a copyright registration is not yet completed. Following additional research and analysis, PMM has concluded that its breach of contract claims are not preempted by the Copyright Act as the breach of contract claims contain an additional element, as explained in its supplemental memorandum to the Court (Doc. 19) and reiterated herein and despite Figures' assertions to the contrary in its Motion to Dismiss, this Court has not yet issued an opinion or ruled on the copyright preemption issue. This Court requested supplemental briefs

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*     Opp. Mot. Dismiss 2nd Amend. Comp.
Page 7 of 23

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

on the matter for providing guidance with regard to the anticipated Second Amended Complaint, which is now before the Court. The Court also requested that PMM separate the copyright infringement claims and the breach of contract claims which PMM has done as requested in its Second Amended Complaint.

PMM owns a valid copyright registration for the 2012 World Tag Team Championship belt and has registrations pending for the other championship belts. PMM and Figures have actively engaged in negotiations for the reproduction and use of PMM's designs (Second Amended Complaint ¶¶18-24, 31, 71, 83-86). The negotiations contain implicit contractual provisions that provide the extra element necessary to avoid preemption of the breach of contract claims by the Copyright Act.

In *Acorn Structures, Inc. v. Swantz*, the Fourth Circuit Court of Appeals found a breach of contract claim to not be preempted by the Copyright Act.  In that case, the plaintiff provided architectural design drawings to the defendant, who then then gave them to another architect, who filed the designs under his own seal and built the structure.  *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 925, 1988 U.S. App. LEXIS 19453, *6 (4th Cir. 1988).  The Court held that "Plaintiff's claim for breach of contract entails a distinct cause of action which is clearly not within the subject matter of copyright but arises out of the implicit contractual provisions of the design agreement . . [because] . . . [i]mplicit in the contract . . . was an agreement that while Swantz did not have to use Acorn's plans, if he did use Acorn's plans then he was obligated either to purchase the plans from Acorn or to purchase his building materials from Acorn." Id. at 926.  Because Acorn's cause of action was "based on the implicit provision of the contract which

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 8 of 23

does not arise out of the subject matter of copyright [it] is therefore a separate and distinct cause of action." Id.

*Acorn Structures* was distinguished in *Moore v. Lightstorm Entertainment*, where the contract at issue did not have "the implicit promise in *Acorn Structures* [that] arose from a bilateral agreement executed between the parties." *Moore v. Lightstorm Entertainment*, 2013 U.S. Dist. LEXIS 112366, *16 (D. Md. 2013). The *Moore* Court  also relied upon *Montz v. Pilgrim Films & Television*, 649 F.3d 975, 977-79 (9th Cir. 2011), (preemption did not exist because the plaintiffs "had numerous in-person pitch meetings and discussions with the defendants regarding their idea for a show") and  *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 428 (2d Cir. 2012) (no preemption where the  plaintiffs met with the defendants to pitch the idea and had several follow-up conversations."  There were no such discussions in *Moore*.  *Moore*, 2013 U.S. Dist. LEXIS at *20.

Therefore, bilateral negotiations or agreement between a plaintiff and defendant provide the "extra element" that makes a breach of contract claim qualitatively different from a claim under the Copyright Act such that it is not preempted.  In the present case, as in *Acorn Structures, Montz v. Pilgrim Films & Television*, and *Forest Park Pictures v. Universal Television Network, Inc.,* the discussions between Plaintiff and Defendants are an extra element not found in copyright infringement claims.

As stated above, to establish a prima facie case for copyright infringement, a plaintiff needs to show that he owns the copyright to the work that was allegedly copied, and that the defendant(s) copied protected elements of the work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. at 361 (1991).  If a plaintiff cannot establish that he owns a copyright, no

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 9 of 23

claim for copyright infringement exists; i.e., if there is no registration there is no claim available for copyright infringement. However, as noted above, where (as in this case) the Parties engaged in direct negotiations with the alleged infringer and/or party that breached the contract, claims for breach of contract are not preempted by the Copyright Act. Therefore, even if Plaintiff cannot bring a copyright infringement claim, the breach of contract claim(s) will survive.

Figures takes the position that PMM's arguments related to the prior Motion to Dismiss the First Amended Complaint are dispositive. Based on PMM's additional research and in conjunction with the Court's statements that it would follow the registration rule with regard to copyright infringement actions, PMM has determined that the breach of contract claim *does* contain the extra element required to survive preemption. Figures does not and cannot cite any authority for the position that PMM is somehow bound by any argument from a prior motion which has been superseded by PMM's Second Amended Complaint and by this Court's request for supplemental briefs on the preemption question. Figures' argument must therefore fail.

Figures cites to *Rosetta Stone* for the proposition that PMM has alleged only an "implied-in-law" contract. *Rosetta Stone Ltd. v Google, Inc.*, 676 F.3d 144, 2012 U.S. App. LEXIS 7082 (2012). *Rosetta Stone*, however, does not stand for that proposition, but that the contract at issue in the case at bar is an implied-in-fact contract. *Rosetta Stone* involves a claim by the Plaintiff against Google for using its trademarked name as a "key word" on the Google search platform. The key words then yield a search result list according to a proprietary algorithm with "Sponsored Links" provided by relevance. *Id.* at 151. According to the *Rosetta Stone* court, "[a]n implied-in-fact contract is an actual contract that is not reduced to writing, but the court infers the existence of the contract from the conduct of the parties." *Rosetta Stone*, 676 F.3d at 166. By

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC* Opp. Mot. Dismiss 2nd Amend. Comp.   PENDER & COWARD, P.C. WWW.PENDERCOWARD.COM

Page 10 of 23

contrast, "an implied-in-law contract … applies only when there is not an actual contract or meeting of the minds." *Id.* In either case, the very essence of the contract being an implied contract is an agreement but the absence of a formal written contract.

So, an implied-in-fact contract such as pleaded by PMM contains the express promise to pay and bilateral negotiations concerning the expectation of a contract between the parties necessary to avoid preemption. *See* Second Amended Complaint ¶¶ 19-24; Declaration of Richard Mann, ¶ 9.

PMM alleges in its Second Amended Complaint (as well as in the First Amended Complaint) that PMM and Figures "began negotiations for a business relationship" (Second Amended Complaint ¶ 19), "Rico Mann, a principal of PMM, informed Figures that an agreement would need to be signed before PMM would release  the design files…" (Second Amended Complaint ¶ 21), "PMM outlined terms that it required… includ[ing] … us[ing] the design files exactly as provided by PMM … [and] royalty rates to be determined…" (Second Amended Complaint ¶ 22), and, based on the prior business relationship (Second Amended Complaint ¶ 23) and "in reasonable reliance on the email communications and gentleman's agreement, PMM provided the designs" to Figures to set up production costs (Second Amended Complaint ¶ 24). Steve Sandberg, on behalf of Figures, admits that Figures has multiple emails with PMM concerning the replica belts. (Second Amended Complaint ¶24, Exhibit 4). In fact, the email provided by Figures to counsel for PMM contains communication from PMM to Figures concerning the agreement between PMM and Figures. (Second Amended Complaint ¶24, Exhibit 4)("Hi Steve, I've been working on and correcting the ROH agreement, but considering your need to get started, I'm sending you the files before it's (sic) completion and

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 11 of 23

execution based on our gentlemens (sic) agreement…"). Figures therefore cannot plausibly argue

that PMM has failed to allege more than a run-of-the-mill unjust enrichment claim. Figures

Motion to Dismiss with respect to Count III should therefore be denied.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT

## OR BUSINESS EXPECTANCY

Figures seems to misunderstand the outcome of the hearing before this Court on its

Motion to Dismiss PMM's First Amended Complaint and argues that PMM's First Amended

Complaint contains "fatal deficiencies in its tortious interference claim." This Court did not

make a specific ruling with regard to whether or not Figures, *along with a third party*, could

tortiously interfere with a contract to which it was a party. Figures also removed references to

ROH as the third party that were included by PMM in its Second Amended Complaint, when it

crafted its Motion to Dismiss. By doing so, Figures seems to imply that PMM has only alleged

that Figures tortiously interfered with itself. Compare Figures' quotation of PMM's Second

Amended Complaint ¶ 72 ("Figures … tortiously interfered with [Plaintiff's] contract rights with

Figures") with the actual allegation in the Second Amended Complaint ¶ 72 ("Thus, Figures and

ROH tortiously interfered with PMM' contract rights with Figures by taking PMM's original

designs, one of which has been registered by the Copyright Office, and entering into an

agreement without PMM for the use of PMM's copyrighted and/or original designs in the

production and sale of the infringing items."). Figures makes the same error with regard to

paragraph 74 of PMM's Second Amended Complaint by not including the reference to ROH,

implying that PMM alleged an independent action by Figures instead of an allegation of Figures

acting in concert with ROH. (Second Amended Complaint ¶ 74).

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*               PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.    WWW.PENDERCOWARD.COM

Page 12 of 23

In order to prove a claim for tortious interference with contract in Virginia, it is well settled that "a plaintiff must plead the following: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the contractual relationship or business expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Storey v. Patient First Corp.*, 207 F.Supp.2d 431, 447 (2002). Typically, "a party cannot interfere with his own contract" because "a tortious interference claim requires the existence of three actors – the two parties to the contract and a third party who interferes with, or induces one of the parties to breach, the contract." *Id.* at 448.

Generally, to state a claim for tortious interference with a contract, Virginia law requires that there be a third party interferor who is not a party to the contract. *See Wenzel v. Knight*, 2015 U.S. Dist. LEXIS 70536, *23 (E.D. Va. June 1, 2015). However, a party to a contract can be held liable for conspiracy to tortiously interfere with his own contract, so long as the party to the contract conspired with a third person in tortiously interfering with the contract. *See Fox v. Deese*, 234 Va. 412, 428-29 (Va. 1987) (citing *Worrie v. Boze*, 198 Va. 533, 540-41, 95 S.E.2d 192, 198-99 (1956)). The Virginia Supreme Court in *Worrie v. Boze* reasoned that

> "If it be an actionable wrong for a third person to interfere in a contract and induce one of the parties thereto to break it to the injury of the other, can it be said it is not equally a wrong for one of the parties to the contract to invite a third party to unite with him and aid him in breaking the contract in such a way as possibly to escape liability in an action for nonperformance and, gaining his consent, to act together in consummating their agreement? There are many refinements in the law, necessarily so, but courts should be as astute in applying well-known principles of justice to remedy wrongs as the wrongdoers are in devising schemes to perpetrate them."

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 13 of 23

*Worrie v*, 198 Va. at 541 (quoting *Motley, Green & Co. v. Detroit Steel & Spring Co.*, 161 F. 389, 397 (C.C.D.N.Y. 1908)).

PMM has pleaded facts to show not only the existence of the third party – ROH – but also has pleaded that Figures and ROH worked in concert in furtherance of tortiously interfering with the contract or business expectancy of PMM with Figures. (Second Amended Complaint ¶¶ 70-75). Unlike in the typical tortious interference claim where an outside third party induces one of the parties to breach the contract, Figures played an active and joint role in soliciting ROH to aid in the tortious interference (Second Amended Complaint ¶71). PMM has pleaded facts sufficient to show that while PMM and Figures were negotiating a contract and a valid business expectancy existed, Figure solicited ROH to induce the breach (Second Amended Complaint ¶71). Figures is not an innocent party who was lured away by ROH, but rather a willing participant who sought out and helped orchestrate the interference in question. As PMM has sufficiently pleaded the existence of three parties to the tortious interference claim, PMM's claim for tortious interference passes muster and should remain.

In arguing that PMM's tortious interference claim is preempted by the Copyright Act, Figures cites to *Gnossos Music v. Mitkin, Inc.*, 653 F.2d 117 (4th Cir. 1981) for the proposition that because a "copyright infringement is a tortious interference with a property right," that any tortious interference claim is therefore preempted by the Copyright Act. *Gnossos* does not stand for that proposition, however. *Gnossos* involves a question of whether a party has a right to a trial by jury on legal issues if only equitable remedies and minimum statutory damages are sought. *Id.* at 118. In its discussion of whether the case involved legal and/or equitable claims, the court held that while the Copyright Act created a statutory cause of action, the fact remains

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring
of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2ⁿᵈ Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 14 of 23

that a copyright infringement is a tortious interference with a property right that still sounds in tort despite being created by statute. *Id.* The Court did not hold that any and all tortious interference claims or allegations involving copyrighted or copyrightable material are preempted by the Copyright Act.

### COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE §18.2-500

Figures conceded in their Motion to Dismiss PMM's First Amended Complaint that PMM has stated a valid claim for tortious interference against ROH and that therefore PMM's claim of business conspiracy against ROH is sufficiently pleaded. Figures then denies the same claim against Figures on the basis that Figures cannot tortiously interfere with a contract or business expectancy of which it is a part. However, as stated above, PMM's claims of tortious interference against Figures should survive the Motion to Dismiss on the grounds that Figures actively sought out the participation of the third party – ROH – to assist in the tortious interference with PMM's contract and business expectancy with Figures. PMM's claims for tortious interference provide a basis to support PMM's business conspiracy claims.

Virginia common law "has long recognized actions based on a conspiracy resulting in business-related damages." *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 213 (2014). Tortious interference with contract or business expectancy qualifies as the requisite unlawful act to form the basis of a business conspiracy claim. *Id.* at 219. To recover under Va. Code § 18-2-499 and § 18.2-500, a plaintiff must establish: "(1) a combination or two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business [;] and (2) resulting damage to the plaintiff." *Id.* at 214 (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984)). The plaintiff must further establish that the defendants acted with legal malice, that is,

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 15 of 23

that the defendants acted "intentionally, purposely, and without lawful justification." *Id.,* citing

*Commercial Bus. Sys., Inc. v. BellSouth Servs.*, 249 Va. 39, 47 (1995). PMM has met this burden

with the factual allegations in its First and Second Amended Complaints. PMM has alleged that

Figures and ROH worked together to tortiously interfere with the existing contract or business

expectancy of PMM with Figures for the purpose of usurping the anticipated economic gain from

the reproduction of PMM's copyrighted designs, thereby diverting the economic gains to Figures

and ROH and injuring PMM both economically (through loss of royalties) and injuring its

reputation by marking the copyrighted designs as being those of ROH instead of PMM.

Wherefore, Figures' Motion to Dismiss the tortious interference and business conspiracy

claims should be denied.

## COUNT VI – FRAUDULENT INDUCEMENT

FRCP 9(b) admittedly requires that the party making a claim alleging fraud or mistake

allege with particularity the circumstances under which the fraud or mistake occurred. PMM

disagrees with Figures' contention that PMM has not met this burden. The Rules do not

conclusively set out the level of specificity required when pleading special matters. When

examined in the context of the rules of pleading in general, the requirement for particularized

allegations of special pleading matters is to put a party on notice as to the nature of the claims so

that it can investigate and respond appropriately and defend against the same. PMM has met this

burden.

In its Second Amended Complaint, PMM alleges that in approximately February or

March 2014, Figures and ROH began negotiations for production of replica championship belts

(Second Amended Complaint ¶¶18-20), Figures requested the design files for the belt designs

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*          PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.   WWW.PENDERCOWARD.COM
Page 16 of 23

from PMM (Second Amended Complaint ¶ 20, 84-85), PMM outlined terms that it required in a

written agreement prior to providing the designs (Second Amended Complaint ¶¶ 21-24), and

that PMM ultimately provided the designs to Figures at Figures' request based on Figures'

representations and in consideration of the past history between PMM and Figures. (Second

Amended Complaint ¶ 24, 85-87). Exhibit 4 of the Second Amended Complaint contains an

email between Steve Sandberg of Figures and Rico Mann of PMM on April 22, 2014,

confirming that PMM was providing the designs to Figures based on Figures' representations

concerning the contract and on their gentleman's agreement. (Second Amended Complaint

Exhibit 4). Thereafter, while Figures and PMM were still negotiating terms of an agreement,

Figures and ROH entered into a licensing agreement for the production and sale of the same

replica belts (Second Amended Complaint ¶¶31, 87-90). On or about October 28, 2014, Figures

and ROH announced a joint licensing agreement for the development, marketing, and

manufacture of replica belts, toys, and accessories for ROH (Second Amended Complaint ¶ 37).

PMM first learned that Figures commenced production of the replica belts on or about November

2014 when Jeff Jones with ROH provided comments and pictures of the replica belts, but

provided no samples to PMM (Second Amended Complaint ¶ 41). PMM has therefore pleaded

with sufficient particularity that the fraudulent inducement occurred directly between Figures,

ROH, and PMM between February or March of 2014 and October 28, 2014, with the April 22,

2014 email providing sufficient detail as to the particulars of PMM's fraud allegations.

    Based on the foregoing, Figures' Motion to Dismiss PMM's allegations with respect to

its claims of fraudulent inducement should be denied.

### COUNT VII – VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

The Digital Millennium Copyright Act (DMCA) provides that:

> "[n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b) (emphasis added). "Copyright management information" is defined as "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form. . . ." 17 U.S.C. § 1202(c). The statute then lists eight categories of information, including title, author, and copyright notice.

*Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 537, 2008 U.S. Dist. LEXIS 66504, *26-27 (E.D. Va. 2008).

Figures' argument that PMM has not alleged that copyright management information (CMI) was on the designs themselves is without merit. PMM clearly alleges – and Figures acknowledges – that copyright notices are included with the designs attached to Exhibit 6 and 7 of the Second Amended Complaint. Notably, Figures does not dispute that CMI appears on the design for the 2012 World Tag Team Championship belt attached as Exhibit 5 to PMM's Second Amended Complaint. Figures' argument that CMI for "Rico Mann" does not support a claim by PMM for its removal is without merit. As pleaded, Rico Mann is a principal of PMM. Also, as clearly shown in Exhibit 1 of the Second Amended Complaint (copyright registration for the 2012 World Tag Team Championship Belt), Rico Mann is a principal of PMM and transferred his rights for copyright registration to PMM. *See* Declaration of Richard Mann, ¶¶ 2, 7. At this stage of the pleadings, PMM's representation that it owns the copyright for the design marked with a copyright notice for "Rico Mann" must be accepted as true. Figures' argument is not that no CMI

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 18 of 23

existed but that placing the CMI directly below the design is not sufficient. Figures' argument is

contrary to the Copyright Act notice provision which only requires that:

> The [copyright] notice shall be affixed to the copies in such
> manner and location as to give reasonable notice of the claim of
> copyright. The Register of Copyrights shall prescribe by
> regulation, as examples, specific methods of affixation and
> positions of the notice on various types of works that will satisfy
> this requirement, but these specifications shall not be considered
> exhaustive.

17 U.S.C. § 401(c).

The requirements for affixing the notice to a copyrighted work are clarified in 37 CFR

201.20 – Methods of affixation and positions of the copyright notice on various types of works.

37 CFR 201.20(c)(1) further states that "in all cases dealt with in this section, the acceptability of

a notice depends upon its being permanently legible to an ordinary user of the work under

normal conditions of use, and affixed to the copies in such manner and position that, when

affixed, it is not concealed from view upon reasonable examination." Notice does not have to be

affixed exactly as prescribed in 37 CFR 201.20 provided that if, "in a particular case, notice does

not appear in one of the precise locations prescribed in this section but a person looking in one of

those locations would be reasonably certain to find a notice in another somewhat different

location, that notice will be acceptable under this section." *Id.*

It is apparent from Figures' Motion to Dismiss that it saw the copyright notices on the

championship belt designs provided by PMM to Figures during their contract negotiations.

Figures does not dispute that copyright notices were placed on, or immediately below, the

designs. Rather, Figures takes the unsupported position that since (in its mind) the copyright

notice is placed underneath the designs and not drawn on the design itself, that the copyright

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*        PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.    WWW.PENDERCOWARD.COM
Page 19 of 23

notice is invalid. This position is in direct opposition to the 37 CFR 201.20. All that being said, the notices are included on the designs and not buried in surrounding text or otherwise disassociated with the copyrighted work.

Figures' second claim, that PMM has not demonstrated that Figures acted with the requisite intent, might be a closer call (without conceding the point) had Figures simply removed the copyright notice and reproduced the championship belts with no copyright notice at all. However, this is not the case. Figures removed PMM's copyright notices and affixed a copyright notice for "Ring of Honor Wrestling Entertainment, LLC" on the replica belts. (Second Amended Complaint ¶35). Figures' argument that by sending two *already produced* replica belts, not pre-production samples, to PMM somehow negates their intent to steal PMM's design is without merit for at least two reasons – 1) Figures only produced the samples at the direction of ROH more than six months after production commenced (Second Amended Complaint ¶ 41, 42), and 2) the belts were already produced and available for purchase.

At this stage in the pleadings, PMM is only required to allege sufficient facts to demonstrate the requisite intent in removal of the copyright notice. Contrary to Figures' argument that PMM has only asserted conclusory statements as to Figures' intent for purposes of the DMCA, PMM alleged in paragraphs 20-39 of the Second Amended Complaint facts sufficient to support its contention that Figures' actions in removing the copyright notice were done with the requisite intent under the DMCA. The removal of the copyright for the known owners of the design and affixation of the copyright notice for ROH in furtherance of the licensing agreement entered into between Figures and ROH for the infringement of PMM's

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2ⁿᵈ Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 20 of 23

designs for Figures' and ROH's economic gain, sufficiently meets the requirements to allege the requisite intent under the Digital Millennium Copyright Act to survive a motion to dismiss.

## CONCLUSION

The Federal Rules of Civil Procedure do not require PMM to set forth a detailed recitation of every fact in support of its claim for relief at the initial pleading stage. The Federal Rules only require notice pleadings with which PMM has clearly complied. Defendant Figures has had no trouble identifying PMM's allegations in the First and Second Amended Complaints and has clearly received notice of the nature of the claims as required under the Federal Rules. PMM has pleaded factual allegations in far more detail than required under the notice pleading requirements of the Federal Rules and has clearly set forth both the allegations and facts sufficient to show its entitlement to relief for all counts in its Second Amended Complaint. Therefore, Figures' Motion to Dismiss should itself be DENIED along with Figures' claims for attorney's fees and other relief.

Respectfully submitted,

DATE: MAY 31, 2017              PARKS, MILLICAN & MANN

                               By: ___/s/ Anne C. Lahren_____

Duncan G Byers, Esquire
Virginia State Bar No. 48146
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*          PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*     Opp. Mot. Dismiss 2nd Amend. Comp.          WWW.PENDERCOWARD.COM

Page 21 of 23

(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

## CERTIFICATE OF SERVICE

I, Anne C. Lahren, hereby certify that on this 31st day of May, 2017, I will electronically file the foregoing *OPPOSITION TO FIGURES' MOTION TO DISMISS* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Mary D. Hallerman
> McDermott, Will & Emery
> The McDermott Building
> 500 North Capitol Street NW
> Washington, D.C. 20001
> *Counsel for Figures Toy Company*

> John Dabney, Esq,
> McDermott, Will & Emery
> The McDermott Building
> 500 North Capitol Street NW
> Washington, D.C. 20001
> *Admitted pro hac vice*
> *Counsel for Figures Toy Company*

With service by mail and electronic mail to counsel for Defendant Ring of Honor Wrestling Entertainment, LLC, which Defendant has been served but not yet entered an appearance in this matter:

> David B. Gibber
> VP / Deputy General Counsel
> Sinclair Broadcast Group
> 10706 Beaver Dam Road
> Hunt Valley, MD 21030
> dbgibber@sbgtv.com
> *Counsel for Ring of Honor Wrestling Entertainment, LLC*

> _____/s/ Anne. C. Lahren_____
> Anne C. Lahren, Esquire
> Virginia State Bar No. 73125
> **Pender & Coward, P.C.**
> 222 Central Park Avenue, Suite 400

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*
*of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 2nd Amend. Comp.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page 22 of 23

Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*          PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 2nd Amend. Comp.    WWW.PENDERCOWARD.COM

Page 23 of 23