## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

                          Plaintiff,

                 v.

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING
ENTERTAINMENT LLC,

                      Defendants.

Civil Action No. 2:16-cv-00522

### DEFENDANT FIGURES TOY COMPANY'S REPLY IN SUPPORT OF
### ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Figures Toy Company submits this reply in support of its Motion to Dismiss Plaintiff Parks, Millican & Mann, LLC's Second Amended Complaint (Dkt. No. 28). Plaintiff has had three opportunities to state a claim. The third time is not a charm for Plaintiff.

Through its Opposition, Plaintiff effectively makes a **fourth** attempt by recasting its claims and pointing to allegations that are nowhere in the SAC. Plaintiff attempts to cure its deficient pleading by relying on material **outside** of the SAC, submitting a affidavit from Mr. Richard Mann, managing member of Plaintiff, claiming that he has "transferred [his] rights . . . for Ring of Honor Wresting Championship Belts" to Plaintiff and purports to recount communications with Figures. *Mann Aff. (Dkt. No. 32-1)* ¶¶ 7-8. The Court cannot consider these statements on a Motion to Dismiss, and even if it did, Mr. Mann's affidavit does nothing to save

the SAC from dismissal. Plaintiff has been given multiple opportunities to state a claim against

Figures and has failed every time. The SAC must be dismissed in its entirety with prejudice.

## I.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM BASED ON ITS THREE BELT DESIGNS FAILS.

Plaintiff's SAC asserts a claim for copyright infringement based on Plaintiff's registered

work, the "2012 World Tag Team Championship Belt" *and* its two unregistered works, the

"2012 World Heavyweight Championship Belt" and the "2012 6 Man Style TV Wrestling

Championship Belt." (SAC ¶¶ 10-11, 13, 14, 15, 38, 39, 46-48, 55.) Plaintiff's copyright claim

based on these three belts must be dismissed with prejudice in its entirety.

In an effort to avoid dismissal of the claim based on its registered work, Plaintiff

mischaracterizes Figures's argument. Plaintiff's failure to attach to the SAC a copy of the deposit

that it submitted to the U.S. Copyright Office to secure the registration means that it is literally

impossible to know from the pleadings what belt is covered by Plaintiff's registered work, let

alone if a belt sold by Figures is "substantially similar" to the registered belt, as the law requires.

*Figures Br. (Dkt. No. 28-1) ("Figures Br.") at 4*. Plaintiff chooses to ignore this argument,

which is understandable only because Plaintiff's counsel made this same argument recently in

moving to dismiss an unrelated copyright case in this Court for failure to state a claim. *Id.*

Plaintiff instead insists that Figures somehow knows what Plaintiff's registration covers

because Plaintiff's SAC alleges that Figures copied Plaintiff's belt designs. But that allegation

does not identify the subject of Plaintiff's copyright registration, which in turn determines the

subjects on which Plaintiff may bring a claim. It was simple for Plaintiff to attach a copy of the

deposit that was submitted to the U.S. Copyright Office in securing its lone registration. Plaintiff

knew that Figures had argued that it was unable to discern the subject matter of the registration

from the pleading and thus both Figures and the Court cannot determine if the works were

"substantially similar." *Figures Br. in Supp. of Mot. to Dismiss First Am. Compl. (Dkt. No. 12) at 5; Figures Reply in Supp. Mot. to Dismiss First Am. Compl. (Dkt. No. 16) at 4.* But Plaintiff nevertheless chose not to attach the deposit copy. The claim based on the registered work must be dismissed with prejudice.

Regarding the unregistered works, Plaintiff mischaracterizes its own SAC to avoid dismissal with prejudice. The SAC includes factual allegations concerning the two unregistered designs in Plaintiff's copyright infringement claim and attaches exhibits purporting to show that Plaintiff has underlined applied to register these works. *SAC ¶¶ 10-11, 14-15, 39, 47-48, 55, 58 and Exhibits 2 & 3 thereto.* Had Plaintiff not intended to assert a copyright infringement claim, it never would have attached those documents to the Complaint. In response, Plaintiff simply insists that the SAC does not include a copyright claim for the unregistered works. *Opp. at 7.* Because this is Plaintiff's third time asserting a copyright claim for those two unregistered works, Plaintiff's claim for those two works must be dismissed with prejudice.

## II. PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM FOR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT.

In its opening brief, Figures argued that Plaintiff's claim for violation of the Digital Millennium Copyright Act ("DMCA") failed because (1) the copyright management information ("CMI") that Plaintiff alleges Figures removed was not on two of the designs, *see SAC Exs. 6-7*, and (2) the SAC pleads facts that show that Figures did **not** act with the necessary intent required to state a claim under 17 U.S.C. § 1202(b). *Figures Br. at 15-17.* It is utterly **im**plausible that Figures "removed" Plaintiff's CMI with the purpose of concealing infringement because, as the SAC alleges, Figures **provided the replica belts without Plaintiff's CMI to Plaintiff for review**. *SAC ¶ 43.*

With respect to the first point, Plaintiff has no response to any of the legal authorities cited in Figures's opening brief, which hold that CMI must be **on** the work at issue to give rise to a DMCA removal claim. *See Opp. (Dkt. No. 32) ("Opp.") at 18-20; Figures Br. at 15-16* (citing *Kelly v. Arriba Soft. Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003); *Pers. Keepsakes, Inc. v. Personaliationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013)).

With respect to the second point, Plaintiff argues that its allegation that Figures provided samples of the belts to Plaintiff after production of replica belts had begun somehow shows that Figures removed CMI with the intent to conceal or facilitate infringement. *Opp. at 20.* That is ridiculous. If Figures wanted to conceal its alleged infringement, it **never** would have given samples to Plaintiff to review as alleged in Plaintiff's SAC. Plaintiff's contention that the SAC's allegation that ROH directed Plaintiff to provide these designs is equally specious. *Id.* If anything, the fact that ROH, the party that Plaintiff alleges Figures conspired with to abscond with Plaintiff's belt designs, instructed Figures to provide samples to Plaintiff proves that **no one had any intention of removing any CMI to conceal alleged infringement**. Plaintiff failed to plausibly plead that Figures had the necessary intent—a required element of Plaintiff's 17 U.S.C. §1202 claim. *See, e.g.*, *Angel Chevrestt v. American Media, LLC*, 204 F. Supp. 3d 629, 631-32 (S.D.N.Y. 2016) (dismissing DMCA claim where plaintiff failed to plausibly plead intent).

Plaintiff's DMCA claim must be dismissed with prejudice.

## III. PLAINTIFF'S BREACH OF IMPLIED CONTRACT CLAIM IS PREEMPTED AND MUST BE DISMISSED.

Plaintiff knows its claim for breach of implied contract is preempted, which is why Plaintiff conceded that claim was preempted in opposing Figures' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). *Dkt. No. 15 at 7.* Plaintiff's breach of implied contract claim

in the SAC is identical to its breach of implied contract claim in the FAC —Plaintiff claims that
Figures must pay Plaintiff royalties from sales of allegedly "infringing products" and Figures
failed to pay such royalties for the sale of belts that use Plaintiff's "copyrighted designs." (SAC
¶¶ 63-64.) Plaintiff concedes that its breach of implied contract claim is **partially** preempted, but
argues that the Copyright Act does not preempt a breach of implied contract claim based on its
two unregistered works. *See Opp. at 8*. Plaintiff was right the first time, and Plaintiff's breach of
implied contract claim must be dismissed in its entirety.

Plaintiff cannot use the fact that two of its belt designs are unregistered to avoid
copyright preemption. Copyright preemption has absolutely nothing to do with whether the work
at issue is registered in the Copyright Office. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d
655, 658 (4th Cir. 1993) (parties "cannot escape the preemptive effect of [the Copyright Act]
merely by failing to register its copyright in a timely fashion"). Otherwise, plaintiffs who failed
to register their works could evade the registration requirement by merely framing their claim as
something other than copyright infringement. *See, e.g., Molinelli-Freytes v. Univ. of Puerto Rico*,
727 F. Supp. 2d 60, 65 (D.P.R. 2010) (allowing plaintiff to proceed on § 1983 claim involving
unregistered work would "nullify the registration requirement"). If part of Plaintiff's claim is
preempted, all of it is preempted, regardless of whether the designs are registered.

Plaintiff's implied contract claim is preempted. Plaintiff does not dispute that, if the
Court finds that Plaintiff has asserted a claim for a breach of an implied-in-law contract, that
claim is preempted. *See Opp. at 7-12*; *see Figures Br. at 6-9*. An implied-in-law contract is
exactly what Plaintiff alleged in its SAC: Plaintiff alleges that Figures owes Plaintiff unidentified
monies for the replica belts that Figures sold without Plaintiff's authorization. *SAC ¶¶ 30, 34,*

63-64. *See, e.g., Forest Park*, 683 F.3d at 432 (unjust enrichment claim was not materially different from copyright claim).

To avoid preemption, Plaintiff argues that it has asserted an implied-*in-fact* contract. *Opp. at 11*. But Plaintiff fails to plead sufficient facts to show an implied-*in-fact* contract. "With implied-in-fact contracts, the parties conduct must also establish **what the terms of the contract are**." *Spectra-4, LLP v. Uniwest Commer. Realty, Inc.*, 290 Va. 36, 47, 772 S.E.2d 290, 295 (2015) (emphasis added). Nowhere in the SAC does Plaintiff allege what the terms of its supposed implied-*in-fact* contract with Figures were—e.g., how much was Figures supposed to pay?—let alone identify which term Figures breached. If, as Plaintiff insists, it asserted a breach for implied-*in-fact* contract, that claim must be dismissed because it fails to allege facts sufficient to show the necessary elements for its claim. *See, e.g.*, *Baudean v. Pearson Educ., Inc.*, Civil Action No. 3:14cv685 2015 U.S. Dist. LEXIS 75822, at *27-30 (E.D. Va. June 11, 2015) (dismissing breach of implied contract claim where plaintiff failed to allege plausible facts "to sufficiently allege a claim for breach of an implied contract, unjust enrichment, or quantum meruit"). And even if the Court did find that Plaintiff adequately pleaded a breach of an implied-in-fact contract, such a claim is still preempted by the Copyright Act because it "arises simply from an implied promise not to use another ideas without paying for them . . . [and] is qualitatively equivalent to an action for copyright infringement." *See, e.g.*, *Fischer v. Viacom Int'l Inc.*, 115 F. Supp. 2d 535, 541-542 (D. Md. 2000) (finding claim for breach of implied-in-fact contract preempted and recognizing that "the majority of courts addressing the issue have found that the Act preempts implied-in-fact contracts").

Whether implied-in-law or implied-in-fact, Plaintiff's breach of implied contract claim fails as a matter of law and must be dismissed with prejudice.

6

**IV.   PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIM FAILS BECAUSE IT FAILS TO PLEAD THE EXISTENCE OF A CONTRACT, LET ALONE PLEAD WITH THE NECESSARY PARTICULARITY.**

Plaintiff's attempt to save its fraudulent inducement claim misses the mark. In its opening brief, Figures demonstrated that a fraudulent inducement claim requires the existence of a contract—i.e., that either Figures induced Plaintiff to enter into a contract based on a fraudulent misrepresentation or that Figures induced Plaintiff to perform a contract based on a misrepresentation. *Figures Br. at 14*. *See Modern Oil Corp. v. Cannady*, Record No. 141839, 2015 Va. Unpub. LEXIS 16, at *12 (Dec. 30, 2015) (citing *Devine v. Buki*, 767 S.E.2d 459, 466, 289 Va. 162, 175 (2015)). Plaintiff, however, has alleged that there was **no contract** between the parties.

Rather than respond to this fatal deficiency, Plaintiff argues that it has satisfied the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Opp. at 16-23*. Plainly, it has not. Plaintiff insists that an April 22, 2014 email attached to the SAC provides "sufficient detail as to the particulars" of Plaintiff's fraudulent inducement claim. *Id. at 17*. But all that email shows is that Plaintiff provided designs after Plaintiff understood that an unidentified "gentleman's agreement" was reached. *SAC Exhibit 4*. Neither that email nor any allegation in the SAC state what false "representations" were made concerning a contract, who made those false representations, how those representations were fraudulent, and how those representations induced Plaintiff to enter into or perform a contract. *See Levinson v. Mass Mutual Life Ins. Co.*, 4:06-cv-086, 2006 WL 3337419, at *5 (E.D. Va. Nov. 9, 2006).

Plaintiff's fraudulent inducement claim must be dismissed with prejudice.

## V.  PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM FUNDAMENTALLY FAILS AS A MATTER OF LAW.

As Plaintiff concedes, Virginia law holds that a defendant cannot tortiously interfere with its own business expectancy. *Opp. at 13*. *See, e.g., Smith v. Sullivan*, 92 Va. Cir. 182, 2015 Va. Cir. LEXIS 226 (Cir. Ct. Chesapeake Oct. 21, 2015) (sustaining demurrer where plaintiff did "not allege the existence of a contract or expectancy with a third-party; the count is based on defendant's own relationships with plaintiff"). Nevertheless, Plaintiff's SAC asserts a tortious interference claim against **Figures** for interfering with a business expectancy between Plaintiff and **Figures**. *Opp.* at 9. That claim must be dismissed with prejudice.

To attempt to salvage this claim, Plaintiff simply ignores the cases cited by Figures, *Figures Br. at* 16, and instead cites inapposite cases. For example, Plaintiff relies on *Storey v. Patient First*, 207 F. Supp. 2d 431 (E.D. Va. 2002), which concerns a narrow, inapplicable exception which permits a tortious interference claim against an employee who acts outside of the scope of his employment.[1] Plaintiff's reliance on *Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956), and *Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987), is likewise misplaced. *Worrie* and *Fox* recognize a claim for **conspiracy to commit breach of contract**. But Plaintiff's SAC alleges there was **no contract** between Plaintiff and Figures. *SAC ¶¶ 30, 34, see also ¶¶ 62-68* (asserting a claim for breach of an *implied* contract). At the end of the day, Plaintiff cites no case where a court permitted a tortious interference claim against a party to the same business expectancy it is alleged to have interfered with. Every case to have addressed that issue has held that there is no such claim.

Plaintiff's tortious interference claim —that Figures produced and sold replica belts without Plaintiff's authorization—is also "part and parcel" of its copyright claim and thus

---

[1] The application of this exception was rejected in *Wenzel v. Knight*, Case No. 3:14cv432 2015 U.S. Dist. LEXIS 70536, at *22-24 (E.D. Va. June 1, 2015), also cited by Plaintiff.

preempted by the Copyright Act. *Progressive Corp. v. Integon P&C Corp.*, No. 90-2230, 1991

U.S. App. LEXIS 25403, at *16-18 (4th Cir. Oct. 29, 1991). Contrary to Plaintiff's assertion,

Figures never argued that every tortious interference claim is necessarily preempted, only that

**Plaintiff's** tortious interference claim as pleaded in its SAC is preempted. *Figures Br. at 9-11*.

Plaintiff has no response to the cases cited in Figures's opening brief, dismissing tortious

interference claims that amounted to nothing more than a defendant "misappropriat[ing]

[p]laintiff's materials" as preempted that are factually indistinguishable from Plaintiff's claim

here. *Figures Br. at 11-12* (citing *Progressive Corp.*, 1991 U.S. App. LEXIS 25403, at *16-18;

*Wigan v. Costech Tech.*, Civil Action No. 3:07cv440, 2008 U.S. Dist. LEXIS 743, at *26 (E.D.

Va. Jan. 4, 2008) (dismissing tortious interference claim because preempted by Copyright Act)).

     Plaintiff's tortious interference claim must be dismissed with prejudice.

## VI.  PLAINTIFF'S CONSPIRACY CLAIM FAILS AS A MATTER OF LAW AND BECAUSE PLAINTIFF FAILED TO PLEAD FACTS SUFFICIENT TO SHOW A CONSPIRACY.

     Figures argued in its opening brief that Plaintiff's business conspiracy claim failed

because (1) a party cannot conspire to tortiously interfere with its own business expectancy and

(2) that the conspiracy claim was preempted by the Copyright Act. *Figures Br. at 12-13*. Either

reason requires dismissal of this claim with prejudice. Plaintiff fails to even address these

fundamental and fatal flaws in its claim and thus that claim must be dismissed with prejudice.

*Opp. at 15-16.*

     Instead, Plaintiff argues that it has alleged sufficient facts to satisfy the heightened

pleading requirements for a conspiracy claim. *Id.* at 15-16. It has not. *See, e.g.*, *People Tech. &*

*Processes v. Bowhead Logistics*, 2017 U.S. Dist. LEXIS 79278, at *8-9 (E.D. Va. May 23, 2017)

(dismissing conspiracy claim for failure to plead particularized facts – "This heightened pleading

standard prevents every business dispute over unfair competition from becoming a business

conspiracy claim."). A conclusory allegation that Figures and ROH "conspired," *SAC ¶ 79*, to use Plaintiff's designs without authorization fails to plead a claim for business conspiracy under Va. Code § 18.2-499.[2]

Plaintiff's conspiracy claim must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Figures's Motion to Dismiss Plaintiff's Second Amended Complaint should be granted and this case should be dismissed with prejudice.

Dated: June 9, 2017

By: /s/Mary D. Hallerman
Mary Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy Company*

---

[2] Plaintiff contends that "it alleged that Figures and ROH worked together . . . for the purpose of usurping the anticipated economic gain from the reproduction of PMM's copyrighted designs . . ." *Opp. at 16*. But that conclusory allegation is found nowhere in the SAC and it is axiomatic that a pleading cannot be amended in a brief. *Marsh v. Virginia Dept. of Transportation*, No. 6:14-cv-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on June 9, 2017, I electronically filed the foregoing document—

DEFENDANT FIGURES TOY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO

DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT—with the Clerk of Court using

the CM/ECF system, which will then send a notification of such filing (NEF) to the following

counsel of record for Plaintiff:

      Duncan G. Byers, Esq.
      Anne C. Lahren, Esq.
      Pender & Coward, PC
      222 Central Park Ave, Suite 400
      Virginia Beach, VA 23462-3026
      dbyers@pendercoward.com
      alahren@pendercoward.com

      /s/ Mary D. Hallerman
      Mary D. Hallerman (Va. Bar No. 80430)
      MCDERMOTT WILL & EMERY LLP
      The McDermott Building
      500 North Capitol Street, NW
      Washington, DC 20001
      Telephone: (202) 756-8194
      Facsimile: (202) 756-8087
      mhallerman@mwe.com

DM_US 82445335-1.093512.0012