# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

**PARKS, MILLICAN & MANN, LLC**

   **Plaintiff**

v.            **CASE NO. 2:17-cv-00092**

**FIGURES TOY COMPANY**

**and**

**RING OF HONOR WRESTLING**
**ENTERTAINMENT LLC,**
    **Defendants**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RING OF HONOR'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Ring of Honor Wrestling Entertainment, LLC ("ROH"), by counsel, offers this Memorandum in Support of Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint filed by Plaintiff, Parks, Millican & Mann, LLC ("Plaintiff" or "PMM"), and states as follows:

## I.  Introduction

This case has been pending since September of 2016 during which time this Court has afforded Plaintiff multiple opportunities to amend the allegations in the Complaint and Amended Complaint in order to state a cause of action. Defendant ROH only recently became involved as a party in this case when it was served with the Second Amended Complaint on May 25, 2017.

Defendant ROH asks this Court to dismiss the Second Amended Complaint ("SAC") with prejudice[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff fails to state

---

[1] The SAC is Plaintiff's third opportunity to plead its complaint. As discussed herein, Plaintiff has again failed to sufficiently allege any claims against the Defendants. This third failure suggests "that [any] further attempt at amendment would be futile" and ROH therefore asks that this Court dismiss the SAC with prejudice. *See, e.g.*, *McLain v. KBR, Inc.*, Case No. 1:08cv499, 2014 U.S. Dist. LEXIS 92072, at *20 (E.D. Va. July 7, 2014) (dismissing Amended

1

a claim for copyright infringement (Count I), (2) Plaintiff fails to state a Breach of Contract claim against ROH and such claim is preempted by the Federal Copyright Act (Count III), (3) Plaintiff fails to state a claim for Tortious Interference with Contract or Business Expectancy against ROH and such claim is preempted by the Federal Copyright Act (Count IV), (4) Plaintiff fails to state a claim for statutory business conspiracy against ROH and such claim is preempted by the Federal Copyright Act (Count V), (5) Plaintiff fails to state a claim for fraudulent inducement against ROH and fails to meet the heightened pleading requirements under Federal Rule of Civil Procedure 9(B) (Count VI) and (6) Plaintiff fails to allege the necessary facts to state a claim against ROH under the Digital Millennium Copyright Act (Count VII).

As set forth herein, Defendant ROH incorporates and adopts the arguments made by Defendant Figures Toy Company ("Figures") in its Memorandum of Law in Support of its Motion to Dismiss (ECF No. 28) and Reply in Support (ECF No. 38).

## II.    Argument

### A.    Legal Standard

A Rule 12(b)(6) motion asserts that the Complaint fails "to state a claim upon which relief can be granted" under Rules 8 and 9. Fed. R. Civ. P. 12(b)(6). It "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

Complaint with prejudice where plaintiff had "ample notice of the defects that befell his Original Complaint . . . The constancy of those defects, despite notice and an opportunity to amend, suggests that further attempt at amendment would be futile.").

To properly assess a Rule 12(b)(6) motion – as directed by the Supreme Court of the United States – courts must analyze the complaint in two steps. "First, the Court must accept the allegations of fact as true." *Lower Neuse Pres. Group, LLC v. Boats, Etc., Inc.*, No. 4:11cv77, 2011 U.S. Dist. LEXIS 112192, at *5 (E.D. Va. Sept. 28, 2011) (citing *Iqbal*, 556 U.S. at 678). "However, a court is not required 'to accept as true a legal conclusion couched as a factual allegation,' *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations." *Id.* at *5-6 (citing *Iqbal*, 556 U.S. at 681). Then, "[a]fter reviewing the allegations, the Court must consider whether they are sufficient to state a plausible claim for relief — 'a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 6 (quoting *Iqbal*, 556 U.S. at 679); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) ("context-specific"). Importantly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, Plaintiff must, at a minimum, allege sufficient facts to establish the elements of the claim. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

**B.**     **<u>Plaintiff fails to State a Cause of Action for Copyright Infringement (Count I)</u>**

Plaintiff's SAC alleges ownership of copyrights for three different belt designs, one of which is registered and the remaining two which Plaintiff alleges to have attempted to register. (ECF No. 21, SAC ¶¶ 10, 13-15.)

A copyright infringement claim has two required elements: "First, the plaintiff must establish ownership of a valid copyright. Second, the plaintiff must show that the defendant copied original parts of the copyrighted work." *See, e.g., Sari v. America's Home Place, Inc.*, 129 F. Supp. 3d 317, 325 (E.D. Va. Sept. 2, 2015) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499

U.S. 340, 361 (1991)).    Further, "[a] plaintiff seeking to recover on a copyright infringement claim must prove not only that he 'owned a valid copyright and that defendant copied the original elements of that copyright,' but also that the 'defendant's work is 'substantially similar' to the protectable elements of the plaintiff's work.'"   *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 263 (4th Cir. 2016) (quoting *Building Graphics, Inc. v. Lennar Corp.*, 703 F.3d 573, 577-78 (4th Cir. 2013)).

### 1. *Plaintiff's Copyright Claim for Its Registered Work Must Be Dismissed With Prejudice.*

Plaintiff's SAC asserts that ROH infringed Plaintiff's registered copyright in "2-D artwork" of a "2012 World Tag Team Championship Belt." (SAC ¶¶ 13, 58-61 & Ex. 1.)  However, Plaintiff fails to attach to the SAC a copy of the deposit of the work that it submitted with its copyright application. Thus, it is impossible to know what work is covered by Plaintiff's registered copyright—is the "2-D artwork" a drawing for the face of a belt? A drawing of wrestlers shown on a belt? A drawing of a globe? And it is impossible to know if any of the replica belts at issue are substantially similar to the work covered by Plaintiff's copyright registration. In other words, Plaintiff's SAC fails to allege facts sufficient to show that any of the replica belts at issue are substantially similar to the (unknown) "2-D artwork" covered by Plaintiff's copyright registration. *See, e.g.*, *Devil's Advocate,* 666 F. App'x at 263 (stating that a court assesses infringement by determining if "the defendant's work is substantially similar to the protectable elements of the plaintiff's work" and affirming Rule 12(b)(6) dismissal because the parties' works were not substantially similar).

Defendant Figures previously raised a concern that it could not identify the subject of the copyright registration.  Despite this prior defense, Plaintiff failed to attach to the SAC the deposit made to the United States Copyright Office.

4

This is a fatal defect. Plaintiff's counsel himself argued in an unrelated copyright case in this Court just two weeks before he commenced this lawsuit:

> [T]his Court is empowered to determine substantial similarity on a [Rule 12(b)(6)] motion to dismiss. . . . **The failure to supply the deposit copy renders this Court incapable of making a decision on substantial similarity of by comparing the works**. Because the Court is unable to make a decision based on the Amended Complaint, it is clear that [Plaintiff] has failed to allege the second element of copyright infringement: the copying of the constituent elements of the work that are original. . . . **Therefore, [Plaintiff] has failed to identify the work that it has alleged was infringed upon and cannot state a claim for copyright infringement.**

Reply in Supp. of Mot. to Dismiss (ECF No. 24) (emphasis added), *Navan Foods, LLC v. Spangler Candy Co.,* Case No. 2:16cv157 (E.D. Va. Aug. 17, 2016).

Precisely the same is true here and therefore Plaintiff's copyright claim for its registered work must be dismissed with prejudice.

### 2. *Plaintiff's Copyright Claim for the Unregistered Works Must Be Dismissed With Prejudice.*

Plaintiff claims ownership of two other copyrights – the 2012 World Heavyweight Championship Belt and the 2012 6 Man Style TV Wrestling Championship Belt – which are unregistered. (SAC ¶¶ 14-17 and Exs. 2 & 3.) Although it is not entirely clear from the allegations in the SAC, it appears Plaintiff also attempts to allege that ROH has infringed those unregistered copyrights. (*Id.* ¶¶ 14-17, 58.)[2]

The Copyright Act is clear that "[n]o civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). As Plaintiff itself recognizes, "if there is no registration, there is no claim available for copyright infringement." (ECF No. 19 at 4.) The

---

[2] In Plaintiff's Opposition to Figures' Motion to Dismiss, Plaintiff appeared to concede that the SAC does not state "a claim for intentional violation of a copyright (Count I) with regard to the currently unregistered works . . . ." (ECF No. 32 at 7.) Plaintiff "expects" to assert such claims "shortly once those registration certificates are received." (Id.)

Supreme Court recently stated in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014), "both the certificate and original work must be on file with the Copyright Office before a copyright owner can sue for infringement."

Plaintiff's own allegations in the SAC make clear that it does not yet have a registered copyright for "the 2012 World Heavyweight Championship Belt" or the "2012 6 Man Style TV Wrestling Championship belt" and Plaintiff has instead only "applied" for copyright registration. (SAC ¶¶ 14-15, Ex. 2-3.) Thus, based on *Petrella*, and because copyright registrations have not issued for the 2012 World Heavyweight Championship Belt or the 2012 6 Man Style TV Wrestling Championship Belt, any infringement claims Plaintiff attempts to assert against ROH based on those works should be dismissed with prejudice.

### C. Plaintiff Fails to State a Breach of Contract Claim Against ROH; Alternatively, Plaintiff's Claim for Breach of Implied Contract is Preempted (Count III)

#### 1. *Plaintiff fails to sufficiently allege the existence of an agreement between Plaintiff and ROH*

Plaintiff's breach of contract claim in its SAC is a carbon copy of its breach of contract claim in its First Amended Complaint ("FAC").[3] Plaintiff attempts to allege an "express and/or implied contract" with ROH and states that ROH has not paid to Plaintiff "royalties from the sales of the [allegedly] infringing products." (SAC ¶¶ 65-66.) However, Plaintiff fails to allege sufficient facts to establish that an express or implied contract between Plaintiff and ROH even existed.

To state a claim for breach of contract in Virginia, Plaintiff must allege: "(1) formation of

---

[3] Plaintiff's SAC does contain the new assertion that its "implied contractual right to remuneration from Figures and/or ROH is a separate claim above and beyond the allegations set forth in Count I for intentional violation of copyright of the 2012 World Tag Team Championship belt." (SAC ¶ 67.) But that self-serving, erroneous legal conclusion must be disregarded in deciding this motion. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

a contract between plaintiff and defendant; (2) performance by plaintiff; and (3) defendant's failure to perform; and (4) resulting damage." *Tessler v. NBC Universal, Inc.*, Civil Action No. 2:08cv234, 2009 U.S. Dist. LEXIS 27345, *16 (E.D. Va. Mar. 31, 2009) (citing *Sunrise Continuing Care, LLC v. Wright,* 671 S.E.2d 132, 135 (Va. 2009) (other citation omitted)).  "The complaint must set forth the provisions of the contract and the terms of agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Id.* Thus, to establish the existence of an enforceable agreement, "a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Id.* at *17.

First, the SAC clearly does not identify or allege the existence of any express contract between ROH and Plaintiff.  Even more fundamental, the SAC contains no allegation of any "offer" or "acceptance" of that offer between Plaintiff and ROH; thus, the SAC simply fails to allege the existence of a legally enforceable agreement.

The SAC alleges only that "ROH approached [Plaintiff] about a potential deal with Figures for the mass production of replica ROH championship belts and asked [Plaintiff] if it would be willing to license the designs for production of the replica belts." (SAC ¶ 18.)  The SAC then goes on to detail alleged conversations / negotiations between Plaintiff and Figures and between ROH and Figures – but there are no additional allegations regarding any conversations or agreement between Plaintiff and ROH.[4]  In fact, the SAC makes clear that Plaintiff is *not* a "party to any licensing agreement with . . . ROH for the production of Ring of Honor products." (SAC ¶ 40.)

The SAC additionally fails to allege the existence of an "implied contract" between ROH and Plaintiff.  To allege the existence of an implied contract under Virginia law (whether an

---

[4] Further, although not an allegation regarding any contract or agreement between ROH and Plaintiff, the SAC admits that, with respect to conversations between Plaintiff and Figures, "[n]o final agreement was ever reached with regard to payment of royalties, specific products to be reproduced, and/or the appearance and placement of [Plaintiff's] copyright notice." (SAC ¶ 30.)

"implied-in-law" contract or an "implied-in-fact" contract), a Plaintiff must still establish that "(1) [Plaintiff] conferred a benefit on the defendant; (2) the defendant knew of the benefit and reasonably should have expected to pay for it; and (3) the defendant accepted or retained the benefit without paying for its value." *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 477 (E.D. Va. Oct. 17, 2014) (quoting *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008)); *see also Baudean v. Pearson Educ., Inc.*, Civil Action No. 3:14cv685, 2015 U.S. Dist. LEXIS 75822, at *28-29 (E.D. Va. June 11, 2015) (noting that, under Virginia law, "[a] claim for unjust enrichment (an implied in law contract) and quantum meruit (an implied in fact contract) require that the plaintiff allege the same elements.").  "Implied-in-fact contracts are no different from express contracts except that, instead of 'all of the terms and conditions [being] expressed between the parties, . . . some of the terms and conditions are implied in law from the conduct of the parties.'" *Spectra-4, LLP v. Uniwest Commercial Realty, Inc.*, 772 S.E.2d 290, 293 (2015) (citation omitted).  "Implied-in-law contracts, or 'quasi contracts,' establish liability 'from an implication of law that arises from the facts and circumstances, independent of agreement or presumed intention.'"  *Id.* (citation omitted).

Again, the SAC is simply devoid of any allegations that a benefit was conferred on ROH by Plaintiff, that ROH knew of this benefit or should have reasonably expected to pay for it, or that ROH actually accepted and retained any benefit from Plaintiff.

Thus, the SAC's formulaic recitation that "an implied contract exists for the remuneration of royalties" and that "ROH is in breach of express and/or implied contracts with [Plaintiff]" is simply insufficient to state a proper breach of contract claim against ROH. (SAC ¶ 66.)  As the Court explained in *Tessler*, "Plaintiff's breach of contract claim is nothing more than a formulaic pleading and the facts alleged are inconsistent with, and contrary to, the existence of a valid

contract." 2009 U.S. Dist. LEXIS 27345, at *19.

For these reasons, Plaintiff has failed to sufficiently state a breach of contract claim against ROH and Count III should be dismissed with prejudice.

### 2.    *Any breach of contract claim is preempted by the Federal Copyright Act*

To the extent the SAC has alleged the existence of an implied contract between ROH and Plaintiff (it has not), this Court must still dismiss Count III because such claim is preempted by the Federal Copyright Act.

In a prior motion to dismiss (argued before ROH had been served), Defendant Figures argued Plaintiff's breach of contract claim was preempted by the Copyright Act. (ECF. No. 12 at 8-9.)  In fact, Plaintiff "concede[d]" the claim, acknowledging that its "breach of contract claims arise out of the same facts and circumstances encompassing the copyright infringement claims and are therefore preempted by the Copyright Act." (ECF. No. 15 at 7.) Plaintiff's claim remains preempted by the Copyright Act.[5]

The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title . . . . [N]o person is entitled to any such right or equivalent right in any work under the common law or statutes of any State." 17 U.S.C. § 301(a). A common law claim is preempted if it (1) is based on copyrightable subject matter, and (2) the state-law right is equivalent to an exclusive right within the scope of copyright law. *United States ex. rel. Berge v. Bd. of Trustees of the Univ. of*

---

[5] In Plaintiff's Opposition to Figures' Motion to Dismiss, Plaintiff argues that its "negotiations" and "discussions" with Figures save its breach of contract claim from preemption, citing *Acorn Structures v. Swantz*, 846 F.2d 923, 925 (4th Cir. 1988), *Forest Park Pictures. v. Universal TV Network, Inc.*, 683 F.3d 424 (2d Cir. 2012), and *Montz v. Pilgrim Films & TV*, 649 F.3d 975 (9th Cir. 2011). (ECF No. 32 at 8-9.)  But "discussions" played no role in any of those cases. Instead, *Acorn* involved a claim for breach of an express written contract, and *Montz* and *Forest Park* involved breach of an implied-*in-fact* contract. By contrast, Plaintiff here alleges an implied-*in-law* contract claim which is routinely held to be preempted as discussed *infra*.  More importantly as it relates to ROH, the SAC contains no such allegations with respect to "negotiations" or "discussions" between ROH and Plaintiff.

*Alabama*, 104 F.3d 1454, 1463 (4th Cir. 1997). In other words, the state- law claim must have an "extra element" that makes it qualitatively different from a copyright infringement claim. *Rosciszewski v. Arete Assocs.*, 1 F.3d 225, 230 (4th Cir. 1993). With regard to the first element, Plaintiff admits that its belt designs are copyrightable subject matter. (SAC ¶¶ 11-15.)

With regard to the second element, Plaintiff's implied contract claim is qualitatively equivalent to a copyright claim. As discussed above, Virginia law recognizes two forms of implied contracts: implied-in-law and implied-in-fact. An implied-*in-fact* contract "is an actual contract that was not reduced to writing, but the court infers the existence of the contract from the conduct of the parties." *Rosetta Stone Ltd. v. Google*, 676 F.3d 144, 165 (4th Cir. 2012) (emphasis added). To recover under an implied-in-fact contract, Plaintiff "must allege facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." *Id.* (quotation and emphasis omitted). "Like an express contract, an implied-in-fact contract is created only when the typical requirements to form a contract are present. . .". *Diretto v. Country Inn & Suites by Carlson*, Civil Action No. 1:16cv1037, 2017 U.S. Dist. LEXIS 15043, at *9 (E.D. Va. Feb. 2, 2017) (dismissing implied-in-fact contract claim where no allegations that there was mutual assent or consideration).

By contrast, an implied-*in-law* contract (also referred to as a quasi-contract or unjust enrichment) is a contract imposed by law which "applies only when there is not an actual contract or meeting of the minds" and "require[s] one who accepts and receives the services of another to make reasonable compensation for those services." *Rosetta Stone Ltd.*, 676 F.3d at 165-66 (quotation omitted).

Claims for breach of implied-in-law contracts are routinely preempted by the Copyright Act because "**plaintiff need only prove that the defendant *was unjustly enriched* through the

**use of her idea or work.** Such a claim is not materially different from a claim for copyright infringement that requires a plaintiff to prove that the defendant used, reproduced, copied, or displayed a copyrighted work." *Forest Park Pictures v. Universal TV Network, Inc.*, 683 F.3d 424, 432 (2d Cir. 2012) (emphasis added); *See* 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g] (Matthew Bender, Rev. Ed.) ("A state law cause of action for unjust enrichment or quasi contract should be regarded as an equivalent right and hence, pre-empted, insofar as it applies to copyright subject matter.").

The allegations in the SAC can at best be taken to allege an implied-in-*law* contract claim between ROH and Plaintiff (although, again, Plaintiff's allegations fail to even establish that). *See* SAC ¶ 40 ("[Plaintiff] has not granted any license for producing the replica products to . . . ROH").[6]  The SAC contains no allegations that ROH ever promised to pay Plaintiff anything. Instead, the SAC alleges only "an implied contract exists for remuneration of royalties . . . [and] ROH has withheld all payment of royalties."  (SAC ¶ 66.)

Thus, any implied contract claim alleged in Count III of the SAC against ROH is equivalent to a copyright claim and must be dismissed with prejudice. *See, e.g.*, *Tessler v. NBC Universal, Inc.*, Civil Action No. 2:08cv234, 2008 U.S. Dist. LEXIS 108353, at *34-36 (E.D. Va. Dec. 5, 2008) (recommending dismissal of implied-in-law contract claim), *adopting recommendation*, 2009 U.S. Dist. LEXIS 27345 (E.D. Va. Mar. 31, 2009); *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (dismissing unjust enrichment claim as preempted).[7]

---

[6] Further, the SAC makes clear that any agreement between *Figures* and Plaintiff was similarly one implied-in-*law*. *See* SAC ¶ 30 ("[n]o final agreement was ever reached with regard to payment of royalties, specific products to be produced, and/or the appearance and placement of PMM's copyright notice"); *id.* ¶ 34 (("Despite not having an agreement . . ."); *Id.* ¶ 40 ("PMM has not granted any license for producing the replica products to Figures . . .")).

[7] *See also, e.g.*, *Nichols Agency, Inc. v. Enchanted Child Care, Inc.*, 537 F. Supp. 2d 774, 783 (D. Md. Feb. 26, 2008) (concluding that Plaintiff's breach of contract claim was preempted by the Federal Copyright Act and explaining that "the crux of [plaintiff's] breach of contract claim … [was] that Celebree displayed its commercials without permission" and that such claim was "substantively similar" to the copyright infringement claim); *Madison River*

### D.   Plaintiff Fails to State a Claim for Tortious Interference with Contract or Business Expectancy (Count IV)

Plaintiff's Tortious Interference claim against ROH is insufficient as a matter of law and should be dismissed with prejudice.  Further, Plaintiff's tortious interference claim is nothing more than an "attempt to present a copyright claim in the voice of [a] state law claim[]," *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995), and is thus preempted.

### 1.   *Plaintiff fails to allege a Tortious Interference claim against ROH*

To state a claim for tortious interference Plaintiff must allege "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *T.G. Slater & Son, Inc. v. Donald P. and Patricia A. Brennan LLC*, 385 F.3d 836, 844 (4th Cir. 2004) (quoting *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985)); *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 254 Va. 408, 414, 493 S.E.2d 375 (1997).

First, the SAC fails to allege the existence of a "valid contractual relationship" between Figures and Plaintiff with which ROH interfered.    Instead, the SAC makes clear Plaintiff did *not* have a contract with Figures. *See* SAC ¶ 30 ("[n]o final agreement"); *id.* ¶ 34 ("[d]espite not having an agreement with PMM"); *see also id.* ¶¶ 62-68 (asserting a claim for breach of an *implied* contract).)  A tortious interference with contract claim requires the existence of a contract. *See, e.g., Frank Brunckhorst Co. v. Coastal Atl., Inc.*, 542 F. Supp. 2d 452, 463 (E.D. Va. 2008)

---

*Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 351 F. Supp. 2d 436, 443-44 (M.D.N.C. Jan. 5, 2005) (concluding that Plaintiff's breach of contract claim was preempted and explaining that "implied promises" to pay do not constitute an extra element sufficient to save a contract claim from preemption); *Fischer v. Viacom Int'l Inc.*, 115 F. Supp. 2d 535, 541-42 (D. Md. Aug. 16, 2000) ("[T]he implied contract he alleges is no more than an agreement not to use his ideas without permission or payment. Because this alleged contract did not regulate the parties' conduct beyond the mere use of Fischer's ideas, the rights protected by the implied contract are equivalent to the exclusive rights protected by the Copyright Act.").

(dismissing tortious interference with contract claim); *Chaves v. Johnson*, 335 S.E.2d at 120 (tortious interference with contract claim requires a "valid contractual relationship").   Thus, to the extent Count IV attempts to assert a tortious interference with contract claim against ROH, it must be dismissed as no valid contract between Plaintiff and Figures has been alleged.

Second, even assuming Count IV is alleging tortious interference with a business expectancy, the SAC fails to allege that ROH "intentionally interfered" with the business expectancy between Figures and Plaintiff and that ROH's intentional interference "induced or caused" the termination of that relationship or expectancy between Figures and Plaintiff.   *See Chaves v. Johnson*, 335 S.E.2d at 102 ("The interferor's knowledge of the business relationship and his intent to disturb it are requisite elements . . .").   Thus, because the SAC fails to allege the necessary elements to establish a tortious interference with business expectancy claim against ROH, Count IV must be dismissed.   *See Harris v. Lexjet Corp.*, Action No. 3:09-cv-616, 2009 U.S. Dist. LEXIS 113284, at *14-15 (E.D. Va. Dec. 3, 2009) (dismissing a tortious interference claim which failed to allege defendant "intentionally interfered" with the business expectancy and noting that the "Amended Complaint does not expand in any way on how refusing to acknowledge Harris's ownership interfered with Harris's business relationships").   Plaintiff's allegations related to the tortious interference claim against ROH are simply "sterile legal conclusions [which] 'are not entitled to the assumption of truth'" and provide "insufficient factual support for at a minimum the third element of [the] tortious interference claim."   *Id.*

### 2.     *Plaintiff's Tortious Interference Claim is Preempted by the Copyright Act.*

Even if Plaintiff has sufficiently alleged a tortious interference claim against ROH (it has not), such claim is preempted by the Federal Copyright Act. "Copyright infringement" is a "tortious interference with a property right for which Congress created the remedy of damages." *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 120 (4th Cir. 1981).  The crux of Plaintiff's common

law tortious interference claim here is that ROH and Figures sold replica belts without Plaintiff's authorization and without "payment of royalties from the sale of the *infringing* items." (SAC ¶¶ 72-73 (emphasis added).)

There is no qualitative difference between Plaintiff's tortious interference claim and its copyright claim. (*Id.* ¶ 60 (copyright claim - ROH "authorized the production and sale of the replica full-sized championship belts, finger rings, and action figure belts with knowledge of [Plaintiff's] copyright in the design, without authorization from [Plaintiff], and without paying royalties on the sales."). "[A] plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials." *Wigand v. Costech Techs. Inc.*, Civil Action No. 3:07cv440, 2008 U.S. Dist. LEXIS 743, at *24-26 (E.D. Va. Jan. 4, 2008) (dismissing tortious interference claim with prejudice where claim was "part and parcel" of a copyright claim); *accord Progressive Corp. v. Integon P&C Corp.*, No. 90-2230, 1991 U.S. App. LEXIS 25403, at *16-18 (4th Cir. Oct. 29, 1991) (affirming dismissal of claim for tortious interference with business expectancy because it was preempted by the Copyright Act).  Thus, Plaintiff's tortious interference claim is preempted and must be dismissed with prejudice.

## E.     Plaintiff Fails to State a Claim for Business Conspiracy (Count V)

Count V of the SAC fails to state a claim for business conspiracy under Va. Code § 18.2-500.[8]

### 1.     *Plaintiff fails to plead sufficient facts to support a business conspiracy claim*

To state a claim for business conspiracy under Virginia Code §§ 18.2-499 & 18.2-500, Plaintiff must allege "(1) a combination of two or more persons for the purpose of willfully and

---

[8] Plaintiff's allegations in the SAC with respect to this claim are identical to the allegations in the FAC. (*Compare* SAC ¶¶ 78-81, *with* FAC ¶¶ 67-70.)

maliciously injuring plaintiff in his business, and (2) resulting damage to the plaintiff." *Spencer v. Am. Int'l Group, Inc.,* Civil No. 3:08cv00591, 2009 U.S. Dist. LEXIS 457, at *38 (W.D. Va. Jan. 6, 2009). Thus, to "ultimately prevail under the Virginia Business Conspiracy statute, a plaintiff must prove by clear and convincing evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury." *Pre-Fab Steel Erectors, Inc. v. Stephens*, Civil Action No. 6:08-cv-00039, 2009 U.S. Dist. LEXIS 26548, at *45-51 (W.D. Va. Apr. 1, 2009). A conspiracy must be pled with particularity and the requisite concert of action and unity of purpose must be pled "in more than mere conclusory language." *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 U.S. Dist. LEXIS 20057, at *15 (W.D. Va. Feb. 19, 2016) (citation omitted).

First, in its SAC, Plaintiff does not "allege that the defendants combined together to effect a 'preconceived plan and unity of design and purpose.'" *Hunter*, 2016 U.S. Dist. LEXIS 20057, at *16 (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)). Plaintiff does not allege facts sufficient to show that Figures and ROH planned together to unlawfully use Plaintiff's belt designs to injure Plaintiff's business. Instead, Plaintiff merely states in conclusory fashion that "ROH and Figures conspired to, and did, unlawfully use all three of the aforementioned of PMM's designs . . . removed PMM's copyright notice from the replica products, and sold said products without payment of any monies to PMM." (SAC ¶ 79.) Thus, because Plaintiff has failed to sufficiently plead a "concerted action," its business conspiracy claim must fail.

Second, the SAC fails to allege that ROH and Figures acted with the required legal malice, *i.e.*, that they acted "intentionally and purposefully" to injure Plaintiff. For a statutory business conspiracy claim to survive, Plaintiff must show that "the Defendant had *as one of its purposes* injury to Plaintiff's reputation, trade or business." *Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d

321, 328-329 (W.D. Va. June 12, 2007) (citing *Simmons v. Miller*, 544 S.E.2d 666, 676-77 (Va. 2001)), *aff'd*, 258 F. App'x 543 (4th Cir. 2007). Here the SAC is completely devoid of allegations that ROH and Figures acted "intentionally and purposefully." Further, nothing in the SAC would support such an inference. *Id.* (dismissing Plaintiff's business conspiracy claim for failing to allege the required mens rea). Thus, for this additional reason, Plaintiff's statutory business conspiracy claim is legally insufficient.

Third, the SAC fails to sufficiently allege that the purported conspiracy was to do "an unlawful act or [was for] an unlawful purpose." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014) (noting that "there can be no conspiracy to do an act that the law allows"). The SAC notes only that "ROH's actions of tortious interference with [Plaintiff's] contractual rights or business expectancy with Figures constitutes the requisite unlawful act . . . ." (SAC ¶ 80.) However, for the reasons discussed above in Section D of this brief, Plaintiff has not properly alleged a tortious interference claim against ROH. Thus, to the extent the tortious inference claim is dismissed, the statutory conspiracy claim must similarly fail since it is dependent on the alleged tortious inference to establish the necessary "unlawful purpose."

Last, it is clear Plaintiff has failed to plead its business conspiracy claim with particularity as required. *See Schlegel*, 505 F. Supp. 2d at 329 ("[B]ecause Plaintiff has not pled his business conspiracy claim with particularity – indeed, he has failed to even plead two of the elements of business conspiracy (concerted action and legal malice) – Plaintiff's complaint must fail. To put it more simply, even if Plaintiff could prove all of the allegations in his complaint, he would be unable – as a matter of law – to recover under Virginia Code § 18.2-500.").

Thus, for the reasons discussed above, Plaintiff's conclusory allegations against ROH fail, and Plaintiff's conspiracy claim must be dismissed with prejudice. *See Gov't Emps. Ins. Co. v.*

*Google, Inc.,* 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) ("However, business conspiracy, like fraud, must be pleaded with particularity, and with more than mere conclusory language. The heightened pleading standard prevents every business dispute [from] becoming a business conspiracy claim." (citation and internal quotation marks omitted)).

### 2.    *Plaintiff's Conspiracy Claim Is Preempted by the Copyright Act.*

Even if Plaintiff has sufficiently alleged a business conspiracy claim against ROH (it has not), such claim is again preempted by the Federal Copyright Act.

Plaintiff asserts that ROH and Figures "conspired to . . . unlawfully use [PMM's three belt designs]." (SAC ¶ 79.) But the Copyright Act preempts that claim, a fact that Plaintiff itself previously conceded: "[Plaintiff's] allegations setting forth the conversion of PMM's designs by Figures are admittedly preempted by the Copyright Act." (ECF No. 15 at 9.) Plaintiff's unsupported, conclusory allegation of a conspiracy does not make this claim qualitatively different from a copyright claim and it must be dismissed with prejudice. *See, e.g.*, *Tire Eng'g & Distrib. LLC v Shandong Linglong Rubber Co.*, 682 F.3d 292, 311-12 (4th Cir. 2012) (affirming dismissal of conspiracy claim on preemption grounds); *Brown v. McCormick*, 23 F. Supp. 2d 594, 608 (D. Md. 1998) ("[W]hile the formulation for civil conspiracy adds the element of agreement to the elements that copyright infringement requires, the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the Copyright Act."); *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222, 224 (E.D. Va. 1988) (dismissing as preempted conspiracy claim).

### F.    <u>Plaintiff Fails to State a Claim for Fraudulent Inducement (Count VI)</u>

"Under Virginia law, to state a claim for fraudulent inducement to contract, a plaintiff must plead '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party

misled.'"   *Elliott v. Great Point Partners, LLC*, No. 1:10cv1019, 2011 U.S. Dist. LEXIS 827, at

*11 (E.D. Va. Jan. 5, 2011) (quoting *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 628

(4th Cir. 1999)).

However, the SAC is entirely devoid of allegations that ROH intentionally and knowingly

made any kind of false representation of material fact to Plaintiff – instead, the SAC alleges only

that *Figures* made a false representation of material fact to Plaintiff.  (SAC ¶ 90.)  Thus, because

the SAC contains no allegations specific to ROH which are sufficient to support a fraudulent

inducement claim against ROH, Count VI should be dismissed.

In addition, the Supreme Court of Virginia has held that a fraudulent inducement claim

requires that plaintiff plead the existence of a contract.  *Modern Oil Corp. v. Cannady*, Record No.

141839, 2015 Va. Unpub. LEXIS 16, at *12 (Dec. 30, 2015) (emphasis added) (citing *Devine v.

Buki*, 767 S.E.2d 459, 466 (Va. 2015)).  As discussed throughout this memorandum, nowhere in

the SAC does Plaintiff allege that there was a contract between Plaintiff and Figures – instead,

Plaintiff alleges the opposite: "*no final agreement* was ever reached[.]" (SAC ¶ 30 (emphasis

added); *see Id.* ¶ 34 ("Despite not having an agreement with [Plaintiff]…").)   For this additional

reason, Plaintiff's fraudulent inducement claim should be dismissed with prejudice.

Finally, Plaintiff's SAC fails to plead a fraudulent inducement claim with the particularity

required by Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), Plaintiff "must allege the identity of the

person who made the fraudulent misrepresentation, as well as the time, place, and content of the

misrepresentation." *Levinson v. Mass. Mut. Life Ins. Co.*, No. 4:06-cv-086, 2006 U.S. Dist. LEXIS

83397, at *14 (E.D. Va. Nov. 9, 2006) (Doumar, J.) (dismissing claims sounding in fraud for failure

to plead with particularity).   In addition to failing to allege that ROH itself made any false

representation to Plaintiff, the SAC contains no allegations regarding who made and who received

the alleged misrepresentations, the content of those misrepresentations, or the time and place of those misrepresentations.[9]

For these reasons, Plaintiff's claim for fraudulent inducement against ROH must be dismissed with prejudice.[10]

### G. Plaintiff Fails to State a Claim under the Digital Millennium Copyright Act (Count VII)

#### 1. *The SAC fails to allege sufficient facts against ROH to state a claim under the Digital Millennium Copyright Act*

The SAC fails to state a claim for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, against ROH. (SAC ¶¶ 92-99.)

The DMCA provides, in relevant part, that "[n]o person shall, without authority of the copyright owner or the law – (1) ***intentionally*** remove or alter any copyright management information, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b) (emphasis added). "Copyright management information" is defined as "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form . . . ." 17 U.S.C. § 1202(c) The statute then list multiple categories of information, including title, author and copyright notice. *See also Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 827 F. Supp. 2d 607, 624-25 (E.D. Va. Sept. 24, 2011) ("Plaintiff

---

[9] The April 22, 2014 email attached as Exhibit 4 to the SAC does not provide any details regarding Plaintiff's fraud allegations against ROH. (SAC, Ex. 4). First and foremost, ROH is not a party to the email attached as Exhibit 4 to the SAC. Furthermore, the April 22, 2014 email from *Plaintiff to Figures* states that the belt designs are being forwarded while work on the agreement continues. This email from Plaintiff does not set forth any false misrepresentations of material fact *by ROH to Plaintiff* which were intentionally and knowingly made *by ROH to Plaintiff*.

[10] Plaintiff represented to the Court that if given leave to file a second amended complaint, it would plead "more particular details and submit an accompanying declaration by Rico Mann of [Plaintiff] stating in detail the alleged communications that fraudulently induced [Plaintiff] to deliver the championship belt designs" (Opp'n to Mot. to Dismiss (ECF. No. 15) at 11). However, Plaintiff chose not to do so.

must show that Defendants intentionally and unlawfully removed Plaintiff's name from the copyrighted [work] before distributing the copyrighted [work] as the allegedly infringing plans."), *vacated on other grounds by*, 496 F. App'x 314 (4th Cir. 2012).

Here, the SAC alleges that "ROH directed Figures to remove and/or replace [Plaintiff's] copyright notice with ROH's copyright notice on each of the three belt designs" and that ROH is in violation of the DMCA by "removing [Plaintiff's] copyright notice and advertising the infringing items for sale on its website." (SAC ¶¶ 96-97.)

However, the SAC contains no allegations that it was ROH who actually "removed or altered the copyright information" – instead, the SAC alleges only that ROH "directed Figures" to "remove and/or replace" the copyright notice. (SAC ¶ 96.)   Moreover, there is no allegation in the SAC that the removal of the copyright notice was done "intentionally" by ROH or that ROH had any reason to know that removal of the copyright notice would "induce, enable, facilitate or conceal infringement of any right" under the Copyright Act.[11]  17 U.S.C. § 1202(b).

Thus, because the SAC has failed to allege the most essential elements of a DMCA claim against ROH, Count VII should be dismissed with prejudice.  *See Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 537 (E.D. Va. Aug. 28, 2008) (refusing to grant summary judgment in Plaintiff's favor on a DMCA claim for removal of a copyright notice where Plaintiff had not provided any evidence of the required "intent" under section 1202(b)); *see also, e.g., Chevrestt v. Am. Media, LLC*, 204 F. Supp. 3d 629, 631-32 (S.D.N.Y. 2016) (dismissing DMCA claim because plaintiff failed to plead requisite intent).

---

[11] In fact, as it relates to Plaintiff's allegations against *Figures*, the allegations in the SAC imply that it is *implausible* that Figures "intentionally" removed any copyright notice of Plaintiff. *See, e.g., Whitlock v. Street*, Civil Action No. 3:12cv95-HEH, 2012 U.S. Dist. LEXIS 120795, at *22 (E.D. Va. Aug. 24, 2012) (granting motion to dismiss where plaintiff "pleaded himself out of court"). As alleged in the SAC, Figures sent samples of replica belts *to Plaintiff* which did **not** include Plaintiff's CMI.  (SAC ¶ 43.) If Figures had "known or had reason to know" that not including Plaintiff's CMI on its replica belts would "induce, enable, facilitate, or conceal infringement," it would not have voluntarily furnished them to Plaintiff.

### 2.     *Exhibits 6 and 7 Do Not Show Plaintiff's CMI on the Belt Designs.*

Even if the Court finds Plaintiff has pled sufficient elements to state a claim under the DMCA against ROH (it has not), the exhibits Plaintiff attached to the SAC directly contradict any allegations of a violation under the DMCA.

The SAC alleges that Plaintiff provided two-dimensional designs of three wrestling belts to Figures (*Id.* ¶¶ 24-27, 94 & Ex. 5-7) and that Figures removed Plaintiff's copyright management information ("CMI") from those designs (*Id.* ¶ 95).

Plaintiff does not allege that it has seen its belt designs with its CMI removed. Instead, Plaintiff invites the Court to draw the inference that those designs exist because the replica belts do not bear its CMI. (*See id.* ¶ 43.) But the designs for the 2012 World Heavyweight Champion Belt (*Id.* Ex. 6) and the 2012 6 Man Style TV Wrestling Championship Television Belt (*Id.* Ex. 7), show CMI **<u>outside the border</u>** of the drawings of the belts, not inside the border of the drawings of the belts (*see id.* Exhibits 6-7). And Exhibit 6 does not even reflect Plaintiff's CMI – it reflects the CMI of Mr. Rico Mann.

For Plaintiff to state a DMCA claim, CMI must be "removed" from the two-dimensional belt designs. *See, e.g.*, *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003) (holding CMI not "removed" for purposes of DMCA claim from photo on website when "the only CMI available appeared on the website in the surrounding text but not the images themselves—"Based on the language and structure of the statute, the Court holds this provision applies only to the removal of copyright management information on a plaintiff's product or original work."); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (dismissing DMCA claim where CMI was not on work at issue). Because Exhibits 6 and 7 fail to show that Plaintiff's CMI

21

appeared on the 2012 World Heavyweight Champion Belt and the 2012 6 Man Style TV Wrestling Championship Television Belt designs themselves, Plaintiff fails to state a claim for violation of the DMCA for those two belts.[12]

For this additional reason, Plaintiff fails to state a DMCA violation and Count VII should be dismissed with prejudice.   ROH additionally asks that this Court award ROH its reasonable attorneys' fees incurred in defending this DMCA claim, as is permitted by § 1203(b)(5) of the DMCA.   17 U.S.C. § 1203(b)(5) (noting that a court "in its discretion may award reasonable attorney's fees to the prevailing party"); *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 2014 U.S. Dist. LEXIS 36268, *18-20 (E.D. Va. Mar. 18, 2014) (awarding attorneys' fees to the defendant after plaintiff's DMCA claim was dismissed at the summary judgment stage).

### III.   <u>Conclusion</u>

For the reasons discussed above, Defendant Ring of Honor Wrestling Entertainment, LLC, asks for the Second Amended Complaint to be dismissed with prejudice, costs incurred herein be awarded, and for attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203.

Dated: June 15, 2017                              Respectfully submitted,


                                                  By:  /s/ Kristan B. Burch
                                                  Kristan B. Burch, Esq. (VSB #42640)
                                                  Lauren Tallent Rogers, Esq. (VSB # 82711)
                                                  Kaufman & Canoles, P.C.
                                                  150 W. Main Street
                                                  Suite 2100
                                                  Norfolk, VA 23510
                                                  (757) 624-3343
                                                  Facsimile: 888-360-9092

---

[12] In responding to Figures' motion to dismiss, Plaintiff incorrectly attempts to rely upon 17 U.S.C. § 401(c) to support its claim under the DMCA.  The issue for Count VII is not whether the Copyright Act requires a notice to be affixed to the copies as set forth in 17 U.S.C. § 401(c).  The relevant issue is whether Plaintiff's CMI appeared on the belt design themselves, and Exhibits 6 and 7 show that the belt designs did not contain Plaintiff's CMI.

kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling
Entertainment, LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was electronically filed with

the Clerk of Court using the CM/ECF system on this 15th day of June, 2017, which will then send

a notification of such filing to the following:

Duncan M. Byers
Ann C. Lahren
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
dbyers@pendercoward.com
alahren@pendercoward.com
*Counsel for plaintiff*

Mary Declan Hallerman
John Jay Dabney
Katie Bukrinsky
McDermott Will & Emery LLP
500 North Capitol St NW
Washington, DC 20001
mhallerman@mwe.com
jdabney@mwe.com
kbukrinsky@mwe.com
*Counsel for defendant, Figures Toy Company*

    /s/Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB #82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-3343
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment,
LLC*

23