**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC | |
|                    Plaintiff, | |
|   vs. | |
| FIGURES TOY COMPANY, and | CASE NO. 2:16 – cv – 522 |
| RING OF HONOR WRESTLING ENTERTAINMENT, LLC, | |
|                Defendants. | |

## OPPOSITION TO RING OF HONOR WRESTLING ENTERTAINMENT GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and states the following for its Opposition to Defendant Ring of Honor Wrestling Entertainment Group, LLC ("ROH") Motion to Dismiss Second Amended Complaint:

## INTRODUCTION

In its Memorandum of Law in Support of Defendant ROH's Motion to Dismiss Plaintiff's Second Amended Complaint, ROH has failed to show that the Second Amended Complaint should be dismissed for any reason. ROH makes the same arguments (with the addition of one new argument related to the claim for tortious interference) advanced by Figures Toy Co. ("Figures") in its Motion to Dismiss Plaintiff's Second Amended Complaint; ROH's arguments should be denied for the same reasons that the Court denied the arguments by Figures. Accordingly, PMM incorporates its arguments in its opposition to Figures' Motion to Dismiss Second Amended Complaint into this opposition.

For the reasons stated below, ROH's arguments – just like Figures' – fail to raise a sufficient legal challenge for the Court to grant its Motion to Dismiss and the Motion should, therefore, be denied.

## LEGAL STANDARD

"In considering a motion to dismiss, the claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. International Telecommunications Satellite Org, 991 F.2d 94, 97, citing Jenkins v. McKeithen, 395 U.S. 411, 421-22, 23 L.Ed. 2d 404, 89 S. Ct. 1843 (1969).* "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Wigand v. Costech Techs., Inc.*, 2008 U.S. Dist. LEXIS 743, 2008 WL 65517 (E.D. Va. Jan. 4, 2008).  "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin Marietta* at 45-46. The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957), *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), *see also* Fed. R. Civ. P 8(a)(2) ("A pleading that states a claim for relief must contain… a short and plain statement

*Parks, Millican & Mann, LLC v.*                    *Case No.: 2:16-cv-522*                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                                                WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*        Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 2 of 22

showing that the pleader is entitled to relief"). Pleading is not a "game of skill in which one misstep by counsel may be decisive to the outcome" as the purpose of pleading is to "facilitate a proper decision on the merits." *Id. at 48*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). PMM has set forth sufficient factual allegations to support its claims for relief, with amplification of its pleadings as directed by this Court at the hearing on Figures' Motion to Dismiss the First Amended Complaint.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

To establish a prima facie case for copyright infringement, a plaintiff needs to show two things: 1) that he owns the copyright to the work that was allegedly copied, and 2) that the defendant(s) copied protected elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). A registration certificate for the copyright is prima facie proof of ownership.

The Second Amended Complaint clearly alleges a claim for intentional violation of copyright only for the 2012 World Tag Team Championship Belt – for which registration is effective August 30, 2016. PMM owns the copyright to this design. *See* registration attached to the Second Amended Complaint at Exhibit 1. The Copyright Claimant is "Parks Millican & Mann, LLC" with Rico Mann and Reggie Parks listed as the Authors. Thus, PMM's right to bring the copyright infringement claim is clear and the first element for copyright infringement has been satisfied.

For the second factor, that the defendant(s) copied protected elements of the work, PMM has alleged that ROH not only copied certain protected elements of the work but that the

*Parks, Millican & Mann, LLC v.*      *Case No.: 2:16-cv-522*      PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*      WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*      Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 3 of 22

defendants, in fact, made exact copies of the entire work in manufacturing the replica belts and other items. (Second Amended Complaint ¶¶ 32-34, 38, 46). ROH makes the same argument as Figures in claiming that it does not know what portion of the belt is subject to copyright, or what part of the copyright is violated, despite PMM's allegations that ROH and Figures made an exact replica of the entire belt *and* attached Exhibits showing Figures' and ROH's *own marketing of the belts under the exact name on the copyright registration*. (Second Amended Complaint at ¶¶ 38, 46, Exhibits 10, 11).

ROH further argues that this Court is unable to determine if Figures' replica of the 2012 World Tag Team Championship Belt is "substantially similar" to PMM's copyrighted work even though PMM has alleged that "The replica of the 2012 World Tag Team Championship Belt is an exact copy of the original championship belt PMM created for ROH with no deviations from the design provided by PMM with the exception of the removal of the copyright notice." (Second Amended Complaint ¶ 46). For support, ROH makes the same argument as Figures and cites to *Devils Advocate, LLC v. Zurich Am Ins. Co.*, 666 Fed. App'x 256 (4th Cir. 2016), a case with substantial and material factual differences to the case at bar. In *Devil's Advocate*, the plaintiff alleges a copyright infringement for the use of an attorney's resumé in pursuing a motion for leave to designate the attorney as an expert. In holding that the use of the resumé was a fair use of the copyrighted work and not an infringement, the court held that the resumé was part of the marketing materials by the plaintiff, that including the resumé in the motion for leave to designate an expert was fair use, and that the resumé was not substantially similar to the expert designation itself. *Id.* at 263, 266. Furthermore, the resumé itself had no independent market value. *Id.* at 266. The holding in *Devil's Advocate* that the attorney's resumé was not

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*          PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                    WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*        Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 4 of 22

substantially similar to an expert designation that had not yet even been prepared is not relevant to the facts of the present case.

ROH also parrots Figures' argument that "it is impossible to know if any of Figures' replica belts are substantially similar to the work covered by Plaintiff's copyright registration." As before, that argument is refuted by PMM's allegations in its Second Amended Complaint and the accompanying exhibits. PMM has clearly alleged that ROH and Figures copied the entirely of PMM's copyrighted work. This is not a case where the alleged infringer has incorporated *a portion* of a design into a new product. This case involves the wholesale duplication of championship belts for manufacture and sale (Second Amended Complaint ¶ 46). Nothing in the PMM original design has been changed other than the removal of PMM's copyright notice from the printed designs and replacement with a copyright notice for Ring of Honor Wrestling Entertainment, LLC ("ROH"). Furthermore, ROH possess the original championship belts (Second Amended Complaint ¶ 17) which have the copyright notice imprinted on the face (Second Amended Complaint ¶ 29) and ROH even informed Figures that PMM owned the designs (Second Amended Complaint ¶ 20).

In addition, as stated in PMM's Opposition to Figures' Motion to Dismiss PMM's First Amend Complaint, the circumstances under which PMM provided the designs to Figures are instructive. PMM provided the actual designs directly to Figures under the good faith reliance that they were working toward a licensing agreement (Second Amended Complaint ¶18-24) and these directly submitted designs contained PMM's copyright notice (Second Amended Complaint ¶¶ 25-29). ROH knew that neither ROH nor Figures owned the designs and that Figures required the designs from PMM to be able to produce the replicas (Second Amended

*Parks, Millican & Mann, LLC v.*     *Case No.: 2:16-cv-522*     PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*     WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 5 of 22

Complaint ¶ 18-20). ROH's argument that PMM's complaint is deficient on the basis that it fails to describe the copyrighted work and the specific copyright protected must fail.

Finally, ROH argues in its Motion to Dismiss that PMM cannot bring its claims in Count I for copyright infringement for the belts for which PMM has not yet obtained copyright registration. PMM has not stated a claim for intentional violation of copyright (Count I) with regard to the currently unregistered works, although PMM expects to do so shortly once those registration certificates are received. Therefore, ROH's arguments in its Motion to Dismiss regarding the nonexistent allegations of copyright infringement of the unregistered works should simply be ignored.

## COUNT II – BREACH OF CONTRACT IS NOT PREEMPTED

As stated by PMM in its Memorandum of Authority Concerning Count III of the First Amended Complaint (which is Count II of the Second Amended Complaint), Section 301 of the Copyright Act states that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … are governed exclusively by this title [and] … no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. §301. Any state law claims containing the same elements as those of copyright infringement but no additional elements are preempted by the Copyright Act.

This Court requested supplemental briefs on the issue of preemption of breach of contract claims under the circumstances where a copyright registration is not yet completed. Following additional research and analysis, PMM has concluded that its breach of contract claims are not preempted by the Copyright Act as the breach of contract claims contain an additional element, as explained in its supplemental memorandum to the Court (Doc. 19) and reiterated herein. As stated

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                              WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*          Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 6 of 22

in PMM's Opposition to Figures' motion to dismiss PMM's Second Amended Complaint, this Court has not yet issued an opinion or ruled on the copyright preemption issue. This Court requested supplemental briefs on the matter for providing guidance with regard to the anticipated Second Amended Complaint, which is now before the Court. The Court also requested that PMM separate the copyright infringement claims and the breach of contract claims which PMM has done as requested in its Second Amended Complaint.

PMM owns a valid copyright registration for the 2012 World Tag Team Championship belt and has registrations pending for the other championship belts. ROH commissioned PMM to design and craft championship belts of its televised ROH events (Second Amended Complaint ¶ 10) which were created with minimal input from ROH (Second Amended Complaint ¶ 41). ROH brokered the deal between PMM and Figures (¶ 18-20) and then continued to work with Figures behind the scenes while Figures negotiated with PMM to get a hold of the designs (Second Amended Complaint ¶ 21-24, 31). ROH continued to be involved in the negotiations between Figures and PMM and are thus bound by the implicit contractual provisions between PMM and Figures that provide the extra element necessary to avoid preemption of the breach of contract claims by the Copyright Act. ROH and PMM additionally had an actual express contract for the creation of the original championship belts (Second Amended Complaint ¶ 10) that ROH breached through its dealings with Figures in producing the replica championship belts.

In *Acorn Structures, Inc. v. Swantz*, the Fourth Circuit Court of Appeals found a breach of contract claim to not be preempted by the Copyright Act. In that case, the plaintiff provided architectural design drawings to the defendant, who then then gave them to another architect, who filed the designs under his own seal and built the structure. *Acorn Structures, Inc. v. Swantz*,

*Parks, Millican & Mann, LLC v.*　　　Case No.: 2:16-cv-522　　　PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*　　　　　　　WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*　　Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 7 of 22

846 F.2d 923, 925, 1988 U.S. App. LEXIS 19453, *6 (4th Cir. 1988). The Court held that "Plaintiff's claim for breach of contract entails a distinct cause of action which is clearly not within the subject matter of copyright but arises out of the implicit contractual provisions of the design agreement . . [because] . . . [i]mplicit in the contract . . . was an agreement that while Swantz did not have to use Acorn's plans, if he did use Acorn's plans then he was obligated either to purchase the plans from Acorn or to purchase his building materials from Acorn." *Id.* at 926.  Because Acorn's cause of action was "based on the implicit provision of the contract which does not arise out of the subject matter of copyright [it] is therefore a separate and distinct cause of action." *Id.*

*Acorn Structures* was distinguished in *Moore v. Lightstorm Entertainment*, where the contract at issue did not have "the implicit promise in *Acorn Structures* [that] arose from a bilateral agreement executed between the parties." *Moore v. Lightstorm Entertainment*, 2013 U.S. Dist. LEXIS 112366, *16 (D. Md. 2013). The *Moore* Court also relied upon *Montz v. Pilgrim Films & Television*, 649 F.3d 975, 977-79 (9th Cir. 2011), (preemption did not exist because the plaintiffs "had numerous in-person pitch meetings and discussions with the defendants regarding their idea for a show") and  *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 428 (2d Cir. 2012) (no preemption where the  plaintiffs met with the defendants to pitch the idea and had several follow-up conversations."  There were no such discussions in *Moore*.  *Moore*, 2013 U.S. Dist. LEXIS at *20.

Therefore, bilateral negotiations or agreement between a plaintiff and defendant provide the "extra element" that makes a breach of contract claim qualitatively different from a claim under the Copyright Act such that it is not preempted.  In the present case, as in *Acorn*

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                          WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 8 of 22

*Structures, Montz v. Pilgrim Films & Television,* and *Forest Park Pictures v. Universal Television Network, Inc.,* the discussions between Plaintiff and Defendants are an extra element not found in copyright infringement claims. Furthermore, PMM has alleged an express contract with ROH (Second Amended Complaint ¶ 10) for the original creation of the belts that ROH breached when it entered into the licensing agreement with Figures.

As stated above, to establish a prima facie case for copyright infringement, a plaintiff needs to show that he owns the copyright to the work that was allegedly copied, and that the defendant(s) copied protected elements of the work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. at 361 (1991). If a plaintiff cannot establish that he owns a copyright, no claim for copyright infringement exists; i.e., if there is no registration there is no claim available for copyright infringement. However, as noted above, where (as in this case) the Parties engaged in direct negotiations with the alleged infringer and/or party that breached the contract, claims for breach of contract are not preempted by the Copyright Act. Therefore, even if Plaintiff cannot bring a copyright infringement claim, the breach of contract claim(s) will survive.

ROH regurgitates Figures' position that PMM's arguments related to the prior Motion to Dismiss the First Amended Complaint are dispositive. Based on PMM's additional research and in conjunction with the Court's statements that it would follow the registration rule with regard to copyright infringement actions, PMM has once again determined that the breach of contract claim *does* contain the extra element required to survive preemption.

Furthermore, PMM never conceded that its breach of contract claims against ROH were preempted; this is the first pleading after the Second Amended Complaint where ROH's breach of contract is discussed. Unlike with Figures, ROH and PMM already had a contract from when

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*          PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                         WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*          Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 9 of 22

PMM created the original championship belts for ROH. ROH paid PMM for the original championship belts pursuant to the preexisting contract, which provided for compensation of PMM by ROH. ROH has not compensated PMM for the reproduction belts (Second Amended Complaint ¶ 65), and ROH breached when it engaged in the production of replica belts without compensation (Second Amended Complaint ¶ 66-67).

ROH does not and cannot cite any authority for the position that PMM is somehow bound by any argument from a prior motion which has been superseded by PMM's Second Amended Complaint and by this Court's request for supplemental briefs on the preemption question. ROH's argument must therefore fail.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT
## OR BUSINESS EXPECTANCY

For the reasons set forth in its Opposition to Figures' Motion to Dismiss Second Amended Complaint, PMM has sufficiently alleged a contract with Figures and PMM with which ROH could interfere. In order to prove a claim for tortious interference with contract in Virginia, it is well settled that "a plaintiff must plead the following: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the contractual relationship or business expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Storey v. Patient First Corp.*, 207 F.Supp.2d 431, 447 (2002). Typically, "a party cannot interfere with his own contract" because "a tortious interference claim requires the existence of three actors – the two parties to the

*Parks, Millican & Mann, LLC v.*      *Case No.: 2:16-cv-522*      PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*         WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 10 of 22

contract and a third party who interferes with, or induces one of the parties to breach, the

contract." *Id.* at 448.

Generally, to state a claim for tortious interference with a contract, Virginia law requires

that there be a third party interferor who is not a party to the contract. *See Wenzel v. Knight*, 2015

U.S. Dist. LEXIS 70536, *23 (E.D. Va. June 1, 2015). However, a party to a contract can be held

liable for conspiracy to tortiously interfere with his own contract, so long as the party to the

contract conspired with a third person in tortiously interfering with the contract. *See Fox v.

Deese*, 234 Va. 412, 428-29 (Va. 1987) (citing *Worrie v. Boze*, 198 Va. 533, 540-41, 95 S.E.2d

192, 198-99 (1956)). The Virginia Supreme Court in *Worrie v. Boze* reasoned that

> "If it be an actionable wrong for a third person to interfere in a contract and
> induce one of the parties thereto to break it to the injury of the other, can it be said
> it is not equally a wrong for one of the parties to the contract to invite a third party
> to unite with him and aid him in breaking the contract in such a way as possibly to
> escape liability in an action for nonperformance and, gaining his consent, to act
> together in consummating their agreement? There are many refinements in the
> law, necessarily so, but courts should be as astute in applying well-known
> principles of justice to remedy wrongs as the wrongdoers are in devising schemes
> to perpetrate them."

*Worrie v*, 198 Va. at 541 (quoting *Motley, Green & Co. v. Detroit Steel & Spring Co.*, 161 F.

389, 397 (C.C.D.N.Y. 1908)).

PMM has pleaded facts sufficient to show not only the existence of a valid contract

between Figures and PMM, but also has pleaded that Figures and ROH worked in concert in

furtherance of tortiously interfering with the contract or business expectancy of PMM with

Figures. (Second Amended Complaint ¶¶ 70-75). PMM has pleaded facts sufficient to show that

ROH worked with Figures to induce the breach while PMM and Figures were negotiating a

contract and a valid business expectancy existed. ROH and Figures worked together to

*Parks, Millican & Mann, LLC v.*　　　　*Case No.: 2:16-cv-522*　　　　PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*　　　　　　　　WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*　　　Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 11 of 22

orchestrate the interference in question. As PMM has sufficiently pleaded the existence of three

parties to the tortious interference claim, PMM's claim for tortious interference passes muster

and should remain. PMM has pleaded that not only did ROH know of the business expectancy

between PMM and Figures, ROH orchestrated it (Second Amended Complaint ¶ 18-20). ROH

then directed the removal and replacement of PMM's copyright notice with its own (Second

Amended Complaint ¶ 33-37).

In arguing that PMM's tortious interference claim is preempted by the Copyright Act,

ROH cites to *Gnossos Music v. Mitkin, Inc.*, 653 F.2d 117 (4th Cir. 1981) for the proposition that

because a "copyright infringement is a tortious interference with a property right," that any

tortious interference claim is therefore preempted by the Copyright Act. *Gnossos* does not stand

for that proposition, however. *Gnossos* involves a question of whether a party has a right to a

trial by jury on legal issues if only equitable remedies and minimum statutory damages are

sought. *Id.* at 118. In its discussion of whether the case involved legal and/or equitable claims,

the court held that while the Copyright Act created a statutory cause of action, the fact remains

that a copyright infringement is a tortious interference with a property right that still sounds in

tort despite being created by statute. *Id.* The Court did not hold that any and all tortious

interference claims or allegations involving copyrighted or copyrightable material are preempted

by the Copyright Act.

PMM's tortious interference claim and copyright claims are not qualitatively the same as

ROH argues. In the copyright claim, PMM has alleged that ROH worked with Figures to infringe

on the copyright when producing and selling the championship belts and other items. The

tortious interference claim alleges that ROH interfered with PMM's expectation of business with

*Parks, Millican & Mann, LLC v.*      Case No.: 2:16-cv-522      PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*      WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*      Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 12 of 22

Figures and worked to induce Figures' breach of that contract and/or business expectancy. Thus, PMM's claims are not preempted by the Copyright Act.

### COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE §18.2-500

Figures conceded in their Motion to Dismiss PMM's First Amended Complaint that PMM has stated a valid claim for tortious interference against ROH and that therefore PMM's claim of business conspiracy against ROH is sufficiently pleaded. Figures then denied the same claim against itself on the basis that Figures cannot tortiously interfere with a contract or business expectancy of which it is a part. ROH now bases its defense of the tortious interference on the theory that no contract or business expectancy existed between PMM and Figures. As PMM has stated a valid contract and/or business expectancy between itself and Figures, and PMM has alleged sufficient facts that ROH interfered with that contract and/or business expectancy, ROH's motion to dismiss PMM's claims must fail. As PMM has alleged in its Second Amended Complaint, it was ROH who orchestrated the deal between PMM and Figures for the replica championship belts and ROH was therefore well aware of the negotiations and business expectancy between PMM and Figures when ROH interfered.

Virginia common law "has long recognized actions based on a conspiracy resulting in business-related damages." *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 213 (2014). Tortious interference with contract or business expectancy qualifies as the requisite unlawful act to form the basis of a business conspiracy claim. *Id.* at 219. To recover under Va. Code § 18-2-499 and § 18.2-500, a plaintiff must establish: "(1) a combination or two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business [;] and (2) resulting damage to the plaintiff." *Id.* at 214 (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449

*Parks, Millican & Mann, LLC v.*          Case No.: 2:16-cv-522          PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                           WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 13 of 22

(1984)).  The plaintiff must further establish that the defendants acted with legal malice, that is, that the defendants acted "intentionally, purposely, and without lawful justification." *Id., citing Commercial Bus. Sys., Inc. v. BellSouth Servs.*, 249 Va. 39, 47 (1995). PMM has met this burden with the factual allegations in its First and Second Amended Complaints. PMM has alleged that Figures and ROH worked together to tortiously interfere with the existing contract or business expectancy of PMM with Figures for the purpose of usurping the anticipated economic gain from the reproduction of PMM's copyrighted designs, thereby diverting the economic gains to Figures and ROH and injuring PMM both economically (through loss of royalties) and injuring its reputation by marketing the copyrighted designs as being those of ROH instead of PMM. *See* Second Amended Complaint ¶¶ 18-20, 24, 31-40, 45-53, 60, 70-76. PMM has pleaded the requisite legal malice as set forth herein and in more detail below with regard to Count VI (Fraudulent Inducement).

Wherefore, ROH's Motion to Dismiss the tortious interference and business conspiracy claims should be denied.

## COUNT VI – FRAUDULENT INDUCEMENT

FRCP 9(b) admittedly requires that the party making a claim alleging fraud or mistake allege with particularity the circumstances under which the fraud or mistake occurred. PMM disagrees with ROH's contention that PMM has not met this burden. The Rules do not conclusively set out the level of specificity required when pleading special matters. When examined in the context of the rules of pleading in general, the requirement for particularized allegations of special pleading matters is to put a party on notice as to the nature of the claims so

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                              WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*          Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 14 of 22

that it can investigate and respond appropriately and defend against the same. PMM has met this burden.

In its Second Amended Complaint, PMM alleges that ROH approached PMM about working with Figures to produce replica championship belts using PMM's designs and introduced PMM and Figures for this purpose. Following the introduction, ROH lied in wait for Figures to obtain the designs for the championship belts from PMM so that ROH and Figures could produce and sell the replica on their own. In approximately February or March 2014, Figures and ROH began negotiations for production of replica championship belts (Second Amended Complaint ¶¶18-20), Figures requested the design files for the belt designs from PMM (Second Amended Complaint ¶ 20, 84-85), PMM outlined terms that it required in a written agreement prior to providing the designs (Second Amended Complaint ¶¶ 21-24), and that PMM ultimately provided the designs to Figures at Figures' request based on Figures' representations and in consideration of the past history between PMM and Figures. (Second Amended Complaint ¶ 24, 85-87). Having obtained the designs from PMM, Figures and ROH then entered into a licensing agreement without PMM for the production and sale of the same replica belts (Second Amended Complaint ¶¶31, 87-90). On or about October 28, 2014, Figures and ROH announced the joint licensing agreement for the development, marketing, and manufacture of replica belts, toys, and accessories for ROH (Second Amended Complaint ¶ 37). PMM first learned that Figures commenced production of the replica belts on or about November 2014 when Jeff Jones with ROH provided comments and pictures of the replica belts, but provided no samples to PMM (Second Amended Complaint ¶ 41). PMM has therefore pleaded with sufficient particularity that the fraudulent inducement occurred directly between Figures, ROH, and PMM

*Parks, Millican & Mann, LLC v.*          *Case No.: 2:16-cv-522*                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                              WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2ⁿᵈ Amend. Comp.

Page 15 of 22

between February or March of 2014 and October 28, 2014, with the April 22, 2014 email (See

Exhibit 4 of the Second Amended Complaint) providing sufficient detail as to the particulars of

PMM's fraud allegations.

Based on the foregoing, ROH's Motion to Dismiss PMM's allegations with respect to its

claims of fraudulent inducement should be denied.

## COUNT VII – VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

The Digital Millennium Copyright Act (DMCA) provides that:

> "[n]o person shall, without the authority of the copyright owner or
> the law - (1) intentionally remove or alter any copyright
> management information, . . . having reasonable grounds to know,
> that it will induce, enable, facilitate, or conceal an infringement of
> any right under this title." 17 U.S.C. § 1202(b) (emphasis added).
> "Copyright management information" is defined as "any of the
> following information conveyed in connection with copies or
> phonorecords of a work or performances or displays of a work,
> including in digital form. . . ." 17 U.S.C. § 1202(c). The statute
> then lists eight categories of information, including title, author,
> and copyright notice.

*Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp.
2d 526, 537, 2008 U.S. Dist. LEXIS 66504, *26-27 (E.D. Va. 2008).

PMM has alleged sufficient facts to support a claim against ROH for violation of the

DCMA. PMM alleges that ROH commissioned the creation of the original championship belts

(Second Amended Complaint ¶ 10), ROH retains the original belt in its possession (Second

Amended Complaint ¶ 17), ROH approached PMM about working with Figures to produce

replica belts (Second Amended Complaint ¶ 18), it was ROH who informed Figures that ROH

did not own the designs (Second Amended Complaint ¶ 20), each original belt is imprinted with

the PMM copyright notice (Second Amended Complaint ¶ 29, 32), ROH directed the removal of

*Parks, Millican & Mann, LLC v.*          Case No.: 2:16-cv-522                    PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                           WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 16 of 22

PMM's copyright notice and replacement with ROH's copyright notice (Second Amended Complaint ¶ 33, 35, 96-97), and actively advertised and sold the replica items bearing ROH's copyright notice (Second Amended Complaint ¶ 51, 53). There is no reason that ROH would have directed the removal and replacement of PMM's copyright notice with its own unless ROH believed there to be value in labeling the item as a ROH design. Furthermore, it is clear from the Second Amended Complaint that ROH's actions in replacing the copyright notice were intentional. It is clear that the only reason to replace PMM's copyright notice with ROH's notice was to mislead the consuming public into believing that the championship belt designs belonged to ROH and not PMM.

ROH's argument that PMM has not demonstrated that ROH removed the copyright notice or acted with the requisite intent to cause or direct its removal, might be a closer call (without conceding the point) had PMM's copyright notice simply been removed and the championship belts reproduced with no copyright notice at all. However, this is not the case. PMM's copyright notices were removed and replaced with a copyright notice for "Ring of Honor Wrestling Entertainment, LLC" on the replica belts (Second Amended Complaint ¶ 35). ROH reviewed and approved the replica belts for production (Second Amended Complaint ¶ 33, 60) and marketed them on ROH's website and Twitter (Second Amended Complaint ¶ 51, 53). ROH's argument that sending two *already produced* replica belts, not pre-production samples, to PMM somehow negates their intent to steal PMM's design is without merit. PMM has not alleged that ROH itself provided the replica belt sample nor that ROH caused Figures to release the samples to PMM. PMM has alleged that Jeff Jones, a now-former employee of ROH convinced Figures to provide the two samples to PMM (Second Amended Complaint ¶ 42).

*Parks, Millican & Mann, LLC v.*     *Case No.: 2:16-cv-522*     PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*     WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*     Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 17 of 22

ROH never provided any samples and PMM never received the third replica belt sample (Second

Amended Complaint ¶ 44).

At this stage in the pleadings, PMM is only required to allege sufficient facts to

demonstrate the requisite intent in removal of the copyright notice. Contrary to ROH's argument

that PMM has only asserted conclusory statements as to ROH's intent for purposes of the

DMCA, PMM alleged in paragraphs 10, 17-20, 28-29, 31-33, 35, 37-40 of the Second Amended

Complaint facts sufficient to support its contention that ROH's actions in the removal of the

copyright notice were done with the requisite intent under the DMCA. The removal of the

copyright for the known owners of the design and affixation of the copyright notice for ROH in

furtherance of the licensing agreement entered into between Figures and ROH for the

infringement of PMM's designs for Figures' and ROH's economic gain, sufficiently meets the

requirements to allege the requisite intent under the Digital Millennium Copyright Act to survive

a motion to dismiss.

ROH's second argument that PMM has not alleged that copyright management

information (CMI) was on the designs themselves is also without merit. PMM clearly alleges –

and ROH acknowledges – that copyright notices are included with the designs attached to Exhibit

6 and 7 of the Second Amended Complaint. Notably, ROH does not dispute that CMI appears on

the design for the 2012 World Tag Team Championship belt attached as Exhibit 5 to PMM's

Second Amended Complaint. ROH's argument that CMI for "Rico Mann" does not support a

claim by PMM for its removal is without merit. As pleaded, Rico Mann is a principal of PMM.

Also, as clearly shown in Exhibit 1 of the Second Amended Complaint (copyright registration for

the 2012 World Tag Team Championship Belt), Rico Mann is a principal of PMM and transferred

*Parks, Millican & Mann, LLC v.*            *Case No.: 2:16-cv-522*            PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                        WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*        Opp. to Motion to Dismiss 2nd Amend. Comp.
Page 18 of 22

his rights for copyright registration to PMM. *See also* Declaration of Richard Mann, attached as **Exhibit A, ¶¶** 2, 7. At this stage of the pleadings, PMM's representation that it owns the copyright for the design marked with a copyright notice for "Rico Mann" must be accepted as true. Just as Figures did in its Motion to Dismiss the Second Amended Complaint, ROH acknowledges that CMI exists but argues that the placement of the CMI directly below the design is not sufficient. This argument is once again contrary to the Copyright Act notice provision which only requires that:

> The [copyright] notice shall be affixed to the copies in such manner and location as to give reasonable notice of the claim of copyright. The Register of Copyrights shall prescribe by regulation, as examples, specific methods of affixation and positions of the notice on various types of works that will satisfy this requirement, but these specifications shall not be considered exhaustive.

> 17 U.S.C. § 401(c).

The requirements for affixing the notice to a copyrighted work are clarified in 37 CFR 201.20 – Methods of affixation and positions of the copyright notice on various types of works. 37 CFR 201.20(c)(1) further states that "in all cases dealt with in this section, the acceptability of a notice depends upon its being permanently legible to an ordinary user of the work under normal conditions of use, and affixed to the copies in such manner and position that, when affixed, it is not concealed from view upon reasonable examination." Notice does not have to be affixed exactly as prescribed in 37 CFR 201.20 provided that if, "in a particular case, notice does not appear in one of the precise locations prescribed in this section but a person looking in one of those locations would be reasonably certain to find a notice in another somewhat different location, that notice will be acceptable under this section." *Id.*

*Parks, Millican & Mann, LLC v.*                  *Case No.: 2:16-cv-522*                  PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                                            WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*        Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 19 of 22

It is apparent from ROH's Motion to Dismiss that it saw the copyright notices on the championship belt designs provided by PMM to Figures during their contract negotiations. ROH does not dispute that copyright notices were placed on, or immediately below, the designs. Furthermore, ROH is in possession of the original championship belts that have PMM's copyright notice imprinted on them (Second Amended Complaint ¶ 28-29). Rather, ROH takes the unsupported position that since (in its mind) the copyright notice is placed underneath the designs and not drawn on the design itself, that the copyright notice is invalid. This position is in direct opposition to the 37 CFR 201.20. All that being said, the notices are included on the designs and not buried in surrounding text or otherwise disassociated with the copyrighted work.

PMM has sufficiently alleged facts to show that ROH intentionally caused the removal of PMM's CMI from the championship belt designs in violation of the DCMA. Therefore, ROH's motion to dismiss Count VII should be denied.

## CONCLUSION

The Federal Rules of Civil Procedure do not require PMM to set forth a detailed recitation of every fact in support of its claim for relief at the initial pleading stage. The Federal Rules only require notice pleadings with which PMM has clearly complied. Defendant ROH, the same as Defendant Figures, has had no trouble identifying PMM's allegations in the First and Second Amended Complaints and has clearly received notice of the nature of the claims as required under the Federal Rules. PMM has pleaded factual allegations in far more detail than required under the notice pleading requirements of the Federal Rules and has clearly set forth both the allegations and facts sufficient to show its entitlement to relief for all counts in its Second Amended Complaint.

*Parks, Millican & Mann, LLC v.*            *Case No.: 2:16-cv-522*            PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*                                            WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*        Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 20 of 22

Therefore, ROH's Motion to Dismiss should itself be DENIED along with ROH's claims for attorney's fees and other relief.

Respectfully submitted,

DATE: JUNE 28, 2017         PARKS, MILLICAN & MANN

By: ____/s/ Anne C. Lahren_____

Duncan G Byers, Esquire
Virginia State Bar No. 48146
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

### CERTIFICATE OF SERVICE

I, Anne C. Lahren, hereby certify that on this 28th day of June, 2017, I will electronically file the foregoing *MEMORANDUM OF LAW IN OPPOSITION TO ROH'S MOTION TO DISMISS* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Mary D. Hallerman
> McDermott, Will & Emery
> The McDermott Building
> 500 North Capitol Street NW
> Washington, D.C. 20001
> *Counsel for Figures Toy Company*

*Parks, Millican & Mann, LLC v.*     Case No.: 2:16-cv-522     PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*     WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*   Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 21 of 22

John Dabney, Esq,
McDermott, Will & Emery
The McDermott Building
500 North Capitol Street NW
Washington, D.C. 20001
*Admitted pro hac vice*
*Counsel for Figures Toy Company*

Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB #82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3343
Fax: (888) 360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

_____/s/_ Anne. C. Lahren_____
Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

*Parks, Millican & Mann, LLC v.*      *Case No.: 2:16-cv-522*      PENDER & COWARD, P.C.
*Figures Toy Company and Ring of Honor*      WWW.PENDERCOWARD.COM
*Wrestling Entertainment, LLC*    Opp. to Motion to Dismiss 2nd Amend. Comp.

Page 22 of 22