IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC,<br><br>                            Plaintiff,<br><br>                  v.<br><br>FIGURES TOY COMPANY<br><br>and<br><br>RING OF HONOR WRESTLING ENTERTAINMENT LLC,<br><br>                         Defendants. | Civil Action No. 2:16-cv-00522 |

**DEFENDANT RING OF HONOR'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

    Defendant, Ring of Honor Wrestling Entertainment, LLC ("ROH"), by counsel, offers this Reply in Support of its Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint filed by Plaintiff, Parks, Millican & Mann, LLC ("Plaintiff" or "PMM"), and states as follows:

**I.    Introduction**

    In its Opposition to ROH's Rule 12(b)(6) Motion to Dismiss ("Opposition"), Plaintiff repeats the same arguments made in its Opposition to Defendant Figures Toy Company Motion to Dismiss. Thus, as set forth herein, Defendant ROH again incorporates and adopts the arguments made by Defendant Figures Toy Company ("Figures") in its Memorandum of Law in Support of its Motion to Dismiss (ECF No. 28) and Reply in Support (ECF No. 38).

    However, the allegations in the Second Amended Complaint ("SAC") against ROH are <u>not</u> identical to the allegations made against Figures. Thus, the Motion to Dismiss filed by ROH focused on the allegations directed to ROH and repeatedly pointed out areas where Plaintiff had failed to allege a claim against ROH. Plaintiff ignores these distinct arguments made by ROH

and instead simply attempts to confuse and lump together the SAC's allegations against ROH with the allegations made against Figures.[1]

In addition, like in its Opposition to Figures' Motion to Dismiss, Plaintiff again inappropriately attempts to rely on material <u>outside</u> of the allegations of the SAC and has submitted an affidavit from Mr. Richard Mann. (Mann Aff., ECF No. 42-1). It is well established that the Court cannot consider statements outside of the complaint on a Motion to Dismiss. Moreover, at least a portion of the additional facts Plaintiff attempts to rely on through the affidavit of Mr. Mann relate solely to communications between Plaintiff and *Figures* and have nothing to do with ROH.

Therefore, for the reasons discussed herein, and for the reasons stated in ROH's Memorandum in Support of its Motion to Dismiss, each of the claims asserted against ROH in the SAC should be dismissed with prejudice.

II.     **Plaintiff fails to State a Claim for Copyright Infringement (Count I) against ROH**

ROH's first argument in its Motion to Dismiss with respect to Count I was that Plaintiff failed to attach to the SAC a copy of the deposit of the work that it submitted with its copyright application. This failure to attach the deposit made it impossible for ROH or the Court to determine what work is covered by Plaintiff's registered copyright, and whether defendant's work is "substantially similar to the protectable elements of plaintiff's work." *See, e.g.*, *Devil's Advocate, LLC v. Zurich Am. Ins. Co.,* 666 F. App'x 256, 263 (4th Cir. 2016) (stating that a court assesses infringement by determining if "the defendant's work is substantially similar to the protectable elements of the plaintiff's work" and affirming Rule 12(b)(6) dismissal because the parties' works were not substantially similar) (citation omitted).

---

[1] In its Opposition, Plaintiff incorrectly states that ROH added only "one new argument" that differed from the arguments made by Figures. (Pl.'s Opp'n at p. 1., ECF No. 42.)

Plaintiff's only response to this fatal defect in the SAC is that ROH and Figures know what Plaintiff's registration covers because Plaintiff's SAC alleges that ROH and Figures copied Plaintiff's entire belt designs.[2] But that allegation does not identify the <u>subject</u> of Plaintiff's copyright registration, which in turn determines the subjects on which Plaintiff may bring a claim. Thus, for this reason alone, Count I of the SAC must be dismissed against ROH.

ROH also argued that Count I must fail with respect to its allegations that ROH infringed its two *unregistered* works, the "2012 World Heavyweight Championship Belt" and the "2012 6 Man Style TV Wrestling Championship Belt." (SAC ¶¶ 10-11, 13, 14, 15, 38, 39, 46-48, 55.) Plaintiff appears to concede that Count I would have to be dismissed with respect to *unregistered* works and responds to ROH's argument only by stating that it "has not stated a claim [against ROH] for intentional violation of copyright (Count I) with regard to the currently unregistered works." (Pl.'s Opp'n at p. 6., ECF No. 42.) However, Plaintiff's position mischaracterizes its own SAC to avoid dismissal with prejudice. (SAC ¶¶ 14-17, 58 and Exs. 2 & 3.) The SAC includes factual allegations concerning the two unregistered designs in Plaintiff's copyright infringement claim and attaches exhibits purporting to show that Plaintiff has <u>applied to register</u> these works. (<u>Id.</u>) Had Plaintiff not intended to assert a copyright infringement claim, it never would have attached those documents to the Complaint or the SAC. Thus, Plaintiff's claim against ROH for those two unregistered works should be dismissed.

---

[2] Despite the fact that this argument was previously made by defendant Figures before the SAC was filed, Plaintiff still failed to attach to the SAC the deposit made to the United States Copyright Office.

### III. Plaintiff Fails to State a Breach of Contract Claim Against ROH; Alternatively, Plaintiff's Claim for Breach of Implied Contract is Preempted (Count III)[3]

In its Motion to Dismiss, ROH argued that Plaintiff's Breach of Contract claim should be dismissed because, (1) Plaintiff failed to sufficiently allege the existence of an agreement between Plaintiff and ROH, and (2) any Breach of Contract claim was preempted by the Copyright Act.

#### A. *Plaintiff fails to allege the existence of an agreement between Plaintiff and ROH*

Plaintiff fails to directly address ROH's first argument that the SAC does not allege the existence of an agreement between Plaintiff and ROH. Instead, Plaintiff attempts to side-step the issue by inserting new factual allegations into its Opposition which are simply not found in the SAC.

To state a claim for breach of contract in Virginia, Plaintiff must allege: "(1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; and (3) defendant's failure to perform; and (4) resulting damage." *Tessler v. NBC Universal, Inc.*, Civil Action No. 2:08cv234, 2009 U.S. Dist. LEXIS 27345, at *16 (E.D. Va. Mar. 31, 2009) (citing *Sunrise Continuing Care, LLC v. Wright,* 671 S.E.2d 132, 135 (Va. 2009) (other citation omitted)). Further, "[t]he complaint must set forth the provisions of the contract and the terms of agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Id.*

Plaintiff's Opposition states that ROH and Plaintiff had an *express* contract for the creation of the *original* championship belts and that ROH breached this contract through its dealings with Figures in producing the *replica* belts. (Pl.'s Opp'n at 7.) **However, there is no allegation in**

---

[3] Plaintiff's Opposition refers to the Breach of Contract claim as "Count II" – however, the SAC clearly labels the Breach of Contract claim as "Count III."

4

**the SAC to support this statement made by Plaintiff.** Plaintiff cites only to paragraph 10 of the SAC which reads:

> ROH commissioned PMM to design and craft championship belts for its televised Ring of Honor events including, but not limited to, the following belts – 2012 World Tag Team Championship belt, 2012 World heavyweight Championship belt, and 2012 6 Man Style TV Wrestling Championship belt.

(SAC ¶ 10.) There is nothing from this allegation, or any allegation in the SAC, which alleges that a written agreement existed between ROH and Plaintiff for these "commissioned" original belts (and the SAC attaches no such written agreement) or which alleges what the terms of this "commissioned" order were.[4] **Most importantly, there is no allegation in the SAC that ROH *breached* the undefined terms of this "commissioned" order referenced in paragraph 10 of the SAC.** Plaintiff's argument in its Opposition that "ROH breached" the alleged "express contract" referenced in paragraph 10 of the SAC "through its dealings with Figures in producing the replica championship belts," is **NOT** an allegation that is made in anywhere in the SAC.

Even if the Court were to find that paragraph 10 alleged an "express contract" for purposes of Plaintiff's Breach of Contract claim in Count III (ROH strongly disagrees with such a conclusion) – "[t]he complaint must [still] set forth the provisions of the contract and the terms of agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Tessler*, 2009 U.S. Dist. LEXIS 27345, at *16. Because there are no details in the SAC regarding the terms or provisions of the "express contract" Plaintiff argues is referenced in

---

[4] Moreover, this purported "express agreement" Plaintiff references was, by Plaintiff's own admission, for the "original championship belts" and *not* for the "replica belts" that are at issue in the SAC. (Pl.'s Opp'n at 10.) Thus, it remains unclear what this "express agreement" for the original belts has to do with the replica belts discussed in the SAC and how such an agreement could implicate ROH for actions allegedly taken with respect to replica belts.

5

paragraph 10, Plaintiff still has not provided sufficient allegations in the SAC to support a Breach of Contract claim against ROH.

In addition to failing to allege an express contract between ROH and Plaintiff, the SAC also fails to sufficiently allege an "implied contract" between ROH and Plaintiff. ROH's Motion to Dismiss argued that to establish an implied contract, Plaintiff must allege that "(1) [Plaintiff] conferred a benefit on the defendant; (2) the defendant knew of the benefit and reasonably should have expected to pay for it; and (3) the defendant accepted or retained the benefit without paying for its value." *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 477 (E.D. Va. 2014) (quoting *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008)); *see also Baudean v. Pearson Educ., Inc.*, Civil Action No. 3:14cv685, 2015 U.S. Dist. LEXIS 75822, at *28-29 (E.D. Va. June 11, 2015) (noting that, under Virginia law, "[a] claim for unjust enrichment (an implied in law contract) and quantum meruit (an implied in fact contract) require that the plaintiff allege the same elements.").

In this case, the SAC is entirely devoid of any allegations that a benefit was conferred on ROH by Plaintiff, that ROH knew of this benefit or should have reasonably expected to pay for it, or that ROH actually accepted and retained any benefit from Plaintiff. **Plaintiff's Opposition offers no response to this argument.**

In sum, the SAC simply does not identify or allege the existence of any contract between ROH and Plaintiff.[5] Even more fundamental, the SAC contains no allegation of any "offer" or

---

[5] As discussed in ROH's Motion to Dismiss, the SAC alleges only that "ROH approached [Plaintiff] about a potential deal with Figures for the mass production of replica ROH championship belts and asked [Plaintiff] if it would be willing to license the designs for production of the replica belts." (SAC ¶ 18.) The SAC then goes on to detail alleged conversations/ negotiations between Plaintiff and Figures and between ROH and Figures – but there are no additional allegations regarding any conversations or agreement between Plaintiff and ROH. In fact, the SAC makes clear that Plaintiff is *not* a "party to any licensing agreement with . . . ROH for the production of Ring of Honor products." (SAC ¶ 40.)

"acceptance" of as offer between Plaintiff and ROH; thus, the SAC simply fails to allege the existence of a legally enforceable agreement.[6] For all of these reasons, Plaintiff's Breach of Contract claim against ROH (Count III) should be dismissed in its entirety.

B. *Any breach of contract claim is preempted by the Federal Copyright Act*

To the extent the SAC has alleged the existence of an implied contract between ROH and Plaintiff (it has not), this Court still must dismiss Count III because such claim is preempted by the Federal Copyright Act.

Plaintiff's Opposition argues that its Breach of Contract claim against ROH is not preempted because "bilateral negotiations or agreement between a plaintiff and defendant provide the 'extra element' that makes a breach of contract claim qualitatively different from a claim under the Copyright Act." (Pl.'s Opp'n at 8.) Plaintiff also argues that "where (as in this case) the Parties engaged in direct negotiations with the alleged infringer and/or party that breached the contract, claims for breach of contract are not preempted by the Copyright Act." (Id. at 9.) However, as ROH argued in its Motion to Dismiss, **the SAC contains no such allegations with respect to any "negotiations" or "discussions" between ROH and Plaintiff** and instead points only to "discussions" or "negotiations" between Plaintiff and Figures.[7] Plaintiff offers no response in its Opposition to this key point.

---

[6] The SAC's formulaic recitation that "an implied contract exists for the remuneration of royalties" and that "ROH is in breach of express and/or implied contracts with [Plaintiff]" is simply insufficient to state a proper breach of contract claim against ROH. (SAC ¶ 66.) *Tessler*, 2009 U.S. Dist. LEXIS 27345, at *19 ("Plaintiff's breach of contract claim is nothing more than a formulaic pleading and the facts alleged are inconsistent with, and contrary to, the existence of a valid contract.").

[7] Even the affidavit Plaintiff has attached to its Opposition, and inappropriately asked this Court to consider, only references negotiations and discussions with Figures, not with ROH. (Mann Aff. at ¶ 9, ECF No. 42-1.)

7

Instead, Plaintiff appears to agree with ROH's conclusion that no "implied" contract is sufficiently alleged in the SAC between ROH and Plaintiff and that any such "implied" contract found would be preempted. This is because Plaintiff's only response to ROH's preemption argument is to again point to the purported "express contract" which existed between ROH and Plaintiff for the original championship belts (which is not alleged in the SAC itself). (Id. at 10.)

However, for the reasons discussed above and in ROH's Motion to Dismiss, the SAC has not sufficiently alleged an "express contract" between ROH and Plaintiff, the SAC has not alleged any terms or details of this purported express contract, and the SAC does not allege how ROH has breached this purported express contract.

Nevertheless, to the extent the Court finds an implied contract exists between ROH and Plaintiff, it is clearly preempted by the Copyright Act for the reasons discussed in ROH's Motion to Dismiss.

### IV. Plaintiff Fails to State a Claim for Tortious Interference with Contract or Business Expectancy (Count IV)

#### A. *The SAC fails to allege the required elements necessary to establish a Tortious Interference Claim against ROH*

ROH argued in its Motion to Dismiss that Plaintiff's Tortious Interference claim against ROH is insufficient as a matter of law and should be dismissed with prejudice. ROH also argued that any tortious interference claim found is nothing more than an "attempt to present a copyright claim in the voice of [a] state law claim[]," *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995), and is thus preempted.

ROH's argument in its Motion to Dismiss that the SAC did not sufficiently allege a Tortious Inference claim against ROH was based on the following points: (1) the SAC did not allege a "valid contractual relationship" between Figures and Plaintiff with which ROH interfered;

(2) that even assuming the SAC was alleging interference with a "business expectancy" and not a fully formed contract, the SAC did not allege that ROH "intentionally interfered" with the business expectancy, and (3) the SAC did not allege that any intentional interference by ROH "induced or caused" the termination of that relationship or expectancy between Figures and Plaintiff.

Plaintiff's Opposition first summarily states that the SAC contains "sufficient facts to show . . . the existence of a valid contract between Figures and PMM" and points to paragraphs 70-75 of the SAC. (Pl's Opp'n at 11.) However, this conclusory statement all together ignores ROH's arguments that the SAC makes clear Plaintiff did *not* have a contract with Figures. *See* SAC ¶ 30 ("[n]o final agreement"); *id.* ¶ 34 ("[d]espite not having an agreement with PMM"); *see also id.* ¶¶ 62-68 (asserting a claim for breach of an *implied* contract).) Plaintiff's Opposition offers no response to the fact that the SAC on numerous occasions indicates no final agreement existed between Figures and Plaintiff.

Plaintiff's Opposition next appears to concede the SAC alleges only that ROH interfered with a "business expectancy" that existed between Plaintiff and Figures (and that the SAC does not allege interference with a fully formed contract). (Pl.'s Opp'n at 11 ("ROH worked with Figures to induce the breach while PMM and Figures were negotiating a contract a valid business expectancy existed.")).

However, Plaintiff's Opposition fails to sufficiently respond to ROH's argument that two essential elements of a tortious interference with business expectancy claim are still missing entirely from the SAC – that ROH "intentionally interfered" with the business expectancy and that such interference "induced or caused" the termination.

Plaintiff's Opposition states only that "ROH kn[e]w of the business expectancy between PMM and Figures" and points to paragraphs 18-20 of the SAC. However, "knowledge" of a

business expectancy is not enough – a plaintiff must allege the defendant had an intent to disturb the business expectancy and did in fact "intentionally interfere" with the expectancy. *See Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985) ("The interferor's knowledge of the business relationship and his intent to disturb it are requisite elements . . ."); *Harris v. Lexjet Corp.*, Action No. 3:09-cv-616, 2009 U.S. Dist. LEXIS 113284, at *14-15 (E.D. Va. Dec. 3, 2009) (dismissing a tortious interference claim which failed to allege defendant "intentionally interfered" with the business expectancy and noting that the "Amended Complaint does not expand in any way on how refusing to acknowledge Harris's ownership interfered with Harris's business relationships").

Further, Plaintiff's Opposition nowhere addresses the fact that the SAC contains no allegation that any interference by ROH "induced or caused" the termination of the relationship between Figures and Plaintiff.

Because the SAC is missing allegations establishing the essential elements of a tortious inference claim (to which Plaintiff has offered no response in its Opposition), this Court must dismiss Plaintiff's claim for Tortious Interference with Contract or Business Expectancy (Count IV) against ROH in its entirety.

    **B.**    ***Plaintiff's Tortious Interference Claim is Preempted by the Copyright Act.***

Even if Plaintiff has sufficiently alleged a tortious interference claim against ROH (it has not), such claim is preempted by the Federal Copyright Act.

Plaintiff's tortious interference claim—that ROH produced and sold replica belts without Plaintiff's authorization—is "part and parcel" of its copyright claim and thus preempted by the Copyright Act.[8] *Progressive Corp. v. Integon P&C Corp.*, No. 90-2230, 1991 U.S. App. LEXIS

---

[8] As argued in ROH's Motion to Dismiss, there is no qualitative difference between Plaintiff's tortious interference claim and its copyright claim. (*Id.* ¶ 60 (copyright claim - ROH "authorized the production and sale of the replica full-sized championship belts, finger rings, and action figure

25403, at *16-18 (4th Cir. Oct. 29, 1991). Contrary to Plaintiff's assertion, ROH never argued that every tortious interference claim is necessarily preempted, only that **Plaintiff's** tortious interference claim as pleaded in its SAC is preempted. (ROH Br. at 13-14, ECF No. 40.) Plaintiff has no response to the cases cited in ROH's Motion to Dismiss; these cases dismissed tortious interference claims as preempted that amounted to nothing more than a defendant "misappropriat[ing] [p]laintiffs materials" and are factually indistinguishable from Plaintiff's claim here. (Id. at 14 (citing *Progressive Corp.*, 1991 U.S. App. LEXIS 25403, at *16-18; *Wigand v. Costech Techs.*, Civil Action No. 3:07cv440, 2008 U.S. Dist. LEXIS 743, at *26 (E.D. Va. Jan. 4, 2008) (dismissing tortious interference claim because preempted by Copyright Act)).)

For all of these reasons, Plaintiff's Tortious Interference Claim (Count IV) asserted against ROH should be dismissed.

### V.     Plaintiff Fails to State a Claim for Business Conspiracy (Count V)

It is undisputed that to "ultimately prevail under the Virginia Business Conspiracy statute, a plaintiff must prove by clear and convincing evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury." *Pre-Fab Steel Erectors, Inc. v. Stephens*, Civil Action No. 6:08-cv-00039, 2009 U.S. Dist. LEXIS 26548, at *45-51 (W.D. Va. Apr. 1, 2009). A conspiracy **must be pled with particularity** and the requisite concert of action and unity of purpose must be pled "in more than mere conclusory language." *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 U.S. Dist. LEXIS 20057, at *15 (W.D. Va. Feb. 19, 2016) (citation omitted).

ROH argued in its Motion to Dismiss that Plaintiff's Business Conspiracy claim failed for the following reasons: (1) the SAC did not allege a "concerted action" between ROH and Figures

---

belts with knowledge of [Plaintiff's] copyright in the design, without authorization from [Plaintiff], and without paying royalties on the sales.").

as there were no facts alleged sufficient to show that Figures and ROH planned together to unlawfully use Plaintiff's belt designs to injure Plaintiff's business; (2) the SAC did not allege that ROH and Figures acted with legal malice, i.e., that they acted "intentionally and purposefully" to injure Plaintiff, (3) the SAC failed to allege the conspiracy was to "do an unlawful act" or for an "unlawful purpose" since Plaintiff's tortious interference claims against ROH could not survive, and (4) the SAC failed to plead the conspiracy claim with "particularity" as required.

Plaintiff's Opposition fails to address where in the SAC each of these required elements are alleged – instead, Plaintiff simply again argues that ROH and Figures interfered with Plaintiff's business expectancy and that tortious interference can satisfy the "unlawful act" element of a business conspiracy claim. As discussed above and in its Motion to Dismiss, a tortious interference claim has not been sufficiently alleged against ROH. Plaintiff still fails to sufficiently address the other essential elements for a conspiracy claim which are lacking – an allegation of a "concerted action" and an allegation that ROH acted with legal malice.

Plaintiff contends that "it alleged that Figures and ROH worked together... for the purpose of usurping the anticipated economic gain from the reproduction of PMM's copyrighted designs . . ." (Pl.'s Opp'n at 14.) But that conclusory allegation is found nowhere in the SAC and it is axiomatic that a pleading cannot be amended in a brief. *Marsh v. Virginia Dep't of Transp.*, No. 6:14-cv-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014). Plaintiff also inappropriately argues: "[I]t was ROH who orchestrated the deal between PMM and Figures for the replica championship belts and ROH was therefore well aware of the negotiations and business expectancy between PMM and Figures when ROH interfered." (Pl.'s Opp'n at 13.) Again, there is no citation to the SAC for this statement, and no such allegation is found in the SAC. Thus, this

Court should ignore these inappropriate attempts by Plaintiff to incorporate facts not alleged in the SAC.

Plaintiff has clearly failed to allege sufficient facts to satisfy the heightened pleading requirements for a conspiracy claim. *See, e.g., People Tech. & Processes v. Bowhead Logistics Sols., LLC*, Civil Action No. 1:17-cv-282, 2017 U.S. Dist. LEXIS 79278, at *8-9 (E.D. Va. May 23, 2017) (dismissing conspiracy claim for failure to plead particularized facts – "This heightened pleading standard prevents every business dispute over unfair competition from becoming a business conspiracy claim."). A conclusory allegation that Figures and ROH "conspired," SAC ¶ 79, to use Plaintiff's designs without authorization fails to plead a claim for business conspiracy under Virginia Code § 18.2-499.

Last, ROH also argued in its Motion to Dismiss that any business conspiracy claim which may exist is preempted by the Copyright Act. Plaintiff does not address this argument at all in its Opposition.

Thus, for each of these reasons, Plaintiff's conspiracy claim against ROH (Count V) should be dismissed in its entirety.

## VI. Plaintiff Fails to State a Claim for Fraudulent Inducement (Count VI)

It is well-established (and Plaintiff has not disputed) that, "[u]nder Virginia law, to state a claim for fraudulent inducement to contract, a plaintiff must plead '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party misled.'" *Elliott v. Great Point Partners, LLC*, No. 1:10cv1019, 2011 U.S. Dist. LEXIS 827, at *11 (E.D. Va. Jan. 5, 2011) (quoting *Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387 (Va. 1994)).

ROH argued in its Motion to Dismiss that Plaintiff's Fraudulent Inducement claim failed for the following reasons: (1) the SAC failed to allege that *ROH* intentionally and knowingly made

any kind of false representation of material fact to Plaintiff – instead, the SAC alleges only that *Figures* made a false representation of material fact to Plaintiff; (2) the SAC fails to allege the existence of a contract between Plaintiff and Figures – instead, the SAC alleges the opposite with repeated allegations that no final agreement was ever reached with Figures; and (3) the SAC failed to plead fraudulent inducement with the requisite particularly as it contained no allegations regarding who made and who received the alleged misrepresentations, the content of those misrepresentations, or the time and place of those misrepresentations.

Plaintiff's Opposition fails to sufficiently address *any* of the arguments made by ROH. **Most significantly, Plaintiff fails to point to any allegation in the SAC which alleges that *ROH* ever intentionally and knowingly made any kind of false representation of material fact to Plaintiff.** Plaintiff's attempt on page 15 of its Opposition to recite facts related to the fraudulent inducement claim simply again highlights the lack of allegations pertaining to ROH and the lack of allegations regarding any false representation made by ROH. Thus, because the SAC contains <u>no allegations</u> specific to ROH which are sufficient to support a fraudulent inducement claim against ROH, Count VI must be dismissed.[9]

### VII. Plaintiff Fails to State a Claim under the Digital Millennium Copyright Act (Count VII)

The DMCA provides, in relevant part, that "[n]o person shall, without authority of the copyright owner or the law – (1) *intentionally* remove or alter any copyright management

---

[9] Plaintiff's Opposition again attempts to point to the April 22, 2014 email between Plaintiff and *Figures* as somehow providing the requisite particularly for a fraudulent inducement claim against *ROH*. (Pl's Opp'n at 16.) However, ROH is not a party to the email attached as Exhibit 4 to the SAC. Furthermore, the April 22, 2014 email from Plaintiff to *Figures* states that the belt designs are being forwarded while work on the agreement continues. This email from Plaintiff does not set forth any false misrepresentations of material fact by *ROH* to Plaintiff which were intentionally and knowingly made by *ROH* to Plaintiff. *See Levinson v. Mass Mut. Life Ins. Co.*, Civil Action No. 4:06cv086, 2006 WL 3337419, at *5 (E D. Va. Nov. 9, 2006).

information, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b) (emphasis added).

In its opening brief, ROH argued that Plaintiff's claim for violation of the Digital Millennium Copyright Act ("DMCA") failed because: (1) the SAC contained no allegations that it was ROH who actually "removed or altered the copyright information" – instead, the SAC alleged only that ROH "directed Figures" to "remove and/or replace" the copyright notice (SAC ¶ 96); (2) there was no allegation in the SAC that the removal of the copyright notice was done "intentionally" by ROH or that ROH had any reason to know that removal of the copyright notice would "induce, enable, facilitate or conceal infringement of any right" under the Copyright Act; and (3) the SAC did not establish that ROH "removed" any copyright management information ("CMI") from the designs at issue – in fact Exhibits 6 and 7 attached to the SAC failed to show that Plaintiff's CMI even appeared on the belt designs.

Plaintiff's Opposition offers <u>no</u> response to the ROH's first argument – that the SAC contains no allegations that it was ROH who actually "removed or altered the copyright information" – instead, the SAC alleges only that Figures removed the copyright notice.

With respect to ROH's second argument – that the SAC fails to allege that ROH's actions were done with the requisite "intent" – Plaintiff again fails to offer a sufficient response. Plaintiff argues only that "it is clear . . . that ROH's actions . . . were intentional . . . [because] the only reason to replace PMM's copyright notice with ROH's copyright notice was to mislead the consuming public into believing that the championship belt belonged to ROH and not PMM." (Pl.'s Opp'n at 17.) **However, this allegation is <u>not</u> found in the SAC** – and the inference of "intent" Plaintiff asks the Court to draw is implausible and unrealistic. If ROH and Figures had wanted to conceal alleged infringement, they **never** would have given samples to Plaintiff to

15

review as alleged in Plaintiff's SAC. If anything, the fact that ROH is alleged to have instructed Figures to provide samples to Plaintiff proves that **no one had any intention of removing any CMI to conceal alleged infringement**.[10] Plaintiff failed to plausibly plead that ROH had the necessary intent – a required element of Plaintiff's DMCA claim. *See, e.g., Chevrestt v. American Media, LLC*, 204 F. Supp. 3d 629, 631-32 (S.D.N.Y. 2016) (dismissing DMCA claim where plaintiff failed to plausibly plead intent).

With respect to ROH's last argument, Plaintiff offers no response to any of the legal authorities cited by ROH, which hold that CMI must be **on** the work at issue to give rise to a DMCA removal claim. *See Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013)). Further, Plaintiff incorrectly attempts to rely upon 17 U.S.C. § 401(c) in response to this point. The issue for Count VII is not whether the Copyright Act requires a notice to be affixed to the copies as set forth in 17 U.S.C. § 401(c). The relevant issue is whether Plaintiff's CMI appeared on the belt design themselves, and Exhibits 6 and 7 show that the belt designs did not contain Plaintiff's CMI.

For all of these reasons, Plaintiff's DMCA claim against ROH should be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above and in ROH's Motion to Dismiss, ROH's Rule 12(b)(6) Motion to Dismiss should be granted in its entirety and all claims asserted against ROH should be

---

[10] Plaintiff's only response to this is that it has "not alleged that ROH itself provided the replica belt sample nor that ROH caused Figures to release the samples to PMM." (Pl.'s Opp'n at 17.) This point by Plaintiff does nothing to undercut the unrealistic inference of "intent" it asks this Court to draw. If anything, it simply further supports ROH's argument that the allegations in the SAC are insufficient against ROH because the allegations focus on the conduct of *Figures* and *not ROH*.

16

dismissed with prejudice, costs incurred herein be awarded, and for attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203.

Dated: July 5, 2017

Respectfully submitted,

By: /s/ Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB # 82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-0000
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

CERTIFICATE OF SERVICE

       I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system on this 5th day of July, 2017, which will then send a notification of such filing to the following:

Duncan M. Byers
Ann C. Lahren
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
dbyers@pendercoward.com
alahren@pendercoward.com
*Counsel for plaintiff*

Mary Declan Hallerman
John Jay Dabney
Katie Bukrinsky
McDermott Will & Emery LLP
500 North Capitol St NW
Washington, DC 20001
mhallerman@mwe.com
jdabney@mwe.com
kbukrinsky@mwe.com
*Counsel for defendant, Figures Toy Company*

    /s/Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB #82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-0000
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

18

15737787v3