## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

**PARKS, MILLICAN & MANN, LLC,**

    **Plaintiff,**

    **v.**

                              **CIVIL NO. 2:16CV522**

**FIGURES TOY COMPANY,**

**and**

**RING OF HONOR WRESTLING**
**ENTERTAINMENT, LLC,**

    **Defendants.**

### ORDER

This matter comes before the Court upon the Motions to Dismiss filed by Figures Toy Company ("Figures"), and by Ring of Honor Wrestling Entertainment, LLC ("ROH") (collectively "Defendants"). ECF Nos. 37, 39. Those Motions are **GRANTED IN PART** and **DENIED IN PART**. A more extensive order will follow.

Parks, Millican & Mann, LLC ("Plaintiff") filed its Complaint against Figures on September 2, 2016. ECF No. 1. On November 15, 2016, Plaintiff filed an Amended Complaint against Figures and Ring of Honor Wrestling Entertainment, LLC. ECF No. 6. On December 1, 2016, Figures filed a Motion to Dismiss, ECF Nos. 11, 16, which Plaintiff opposed, ECF No. 15. Following a hearing, this Court ordered that Plaintiff and Figures file supplemental briefs regarding whether Count III, breach of contract, was preempted and that Plaintiff file a second amended complaint by May 2, 2017. ECF No. 17. Plaintiff and Figures filed their supplemental briefs regarding Count III on April 18, 2017.

1

Plaintiff filed its Second Amendment complaint on May 2, 2017. ECF No. 21. Figures moved to dismiss the Second Amended Complaint on May 17, 2017 ("Figures' Motion"). ECF Nos. 27-29. Plaintiff opposed Figures' Motion on May 31, 2017, ECF No. 32, and Figures replied on June 9, 2017, ECF No. 38. After being served and appearing in the case, on June 15, 2017, ROH moved to dismiss the Second Amended Complaint ("ROH's Motion"). ECF No. 39. Plaintiff opposed ROH's Motion on June 28, 2017, and ROH replied on July 5, 2017, ECF No. 43.

On November 27, 2017, this Court held a hearing concerning the motions to dismiss. Based upon Plaintiff's representation that it has received copyright registration with regard to the 2012 World Heavyweight Championship Belt, the Court finds that justice requires the Plaintiff receive an additional opportunity to amend. Further, based the parties' briefs, the authority cited therein, and the arguments presented at the hearing the Court rules that certain claims, as pled, are preempted by the Copyright Act.

Determining whether a claim is preempted by the Copyright Act involves two steps: First, the Court must determine whether the work is "within the subject matter of copyright." Works are within the subject matter of copyright if they are "original works of authorship fixed in [a] tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated. . . ." 17 U.S.C. § 102(a). Second, the Court must determine whether the state law rights are equivalent to any exclusive rights within the scope of copyright. United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama, 104 F.3d 1454, 1463 (4th Cir. 1997). A state law claim survives preemption if it requires proof of an "extra element" instead of or in addition to the acts of reproduction, performance, or distribution that makes the claim "qualitatively different" from copyright infringement. Rosciszewski v. Arete Assocs., Inc., 1

F.3d 225, 229–30 (4th Cir. 1993). "That is to say a plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials." <u>Wigand v. Costech Techs., Inc.</u>, No. 3:07CV440, 2008 WL 65517, at \*8 (E.D. Va. Jan. 4, 2008).

When assumed true, the facts alleged in Plaintiff's Second Amended Complaint establish, as a matter of law, that no actual contract existed. <u>See</u>  ECF No. 21 ¶ 30 ("No final agreement was ever reached with regard to payment of royalties, specific products to be produced, and/or the appearance and placement of PMM's copyright notice"); <u>id.</u> ¶ 34 ("Despite not having an agreement . . ."); <u>id.</u> ¶ 40 ("PMM has not granted any license for producing the replica products to Figures . . ."). To the extent Plaintiff pled a claim for breach a contract implied in law, mere negotiations that did not ultimately lead to an actual contract are not sufficient to render Plaintiff's claim "qualitatively different" from a claim for copyright infringement. Plaintiff's claims for Tortious Interference with Contract or Business Expectancy (Count IV) and Fraudulent Inducement (Count VI) are similarly not "qualitatively different" from a claim for copyright infringement and ultimately "boil down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials." <u>Wigand</u>, 2008 WL 65517, at \*8. Each of these claims are, therefore, preempted by the Copyright Act.

Accordingly, Plaintiff is hereby **ORDERED** to file a third amended complaint within fourteen days from the date of this order;

Defendant is **ORDERED** to file any responsive pleadings within fourteen days from the filing of Plaintiff's third amended complaint;

Count III of Plaintiff's Second Amended Complaint for Breach of Contract is **DISMISSED WITH PREJUDICE**;

Count IV of Plaintiff's Second Amended Complaint for Tortious Interference with Contract or Business Expectancy is **DISMISSED WITH PREJUDICE**; and

Count VI of Plaintiff's Second Amended Complaint for Fraudulent Inducement is **DISMISSED WITH PREJUDICE**.

The Court will issue a more extensive order further explaining its reasoning at a later date.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 27, 2017