IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

     Plaintiff,

     v.

                                       CIVIL NO. 2:16CV522

FIGURES TOY COMPANY,

and

RING OF HONOR WRESTLING
ENTERTAINMENT, LLC,

     Defendants.

## MEMORANDUM OPINION

This matter came before the Court upon the motions to dismiss filed by Figures Toy Company ("Figures"), and by Ring of Honor Wrestling Entertainment, LLC ("ROH") (collectively "Defendants"). ECF Nos. 27, 39. Immediately following the hearing held November 27, 2017, this Court granted those motions in part and denied those motions in part. ECF No. 46. This Memorandum Opinion sets forth the Court's reasoning behind its November 27, 2017 Order.

## I. PROCEDURAL AND FACTUAL HISTORY

### A. PROCEDURAL HISTORY

Parks, Millican & Mann, LLC ("Plaintiff") filed its Complaint against Figures on September 2, 2016. ECF No. 1. On November 15, 2016, Plaintiff filed an Amended Complaint against Figures and Ring of Honor Wrestling Entertainment, LLC. ECF No. 6. On December 1, 2016, Figures filed a Motion to Dismiss, ECF No. 11, which Plaintiff opposed, ECF No. 15.

1

Following a hearing, this Court ordered that Plaintiff and Figures file supplemental briefs regarding whether the Copyright Act preempts Count III, breach of contract and ordered that Plaintiff file a second amended complaint by May 2, 2017. ECF No. 17. Plaintiff and Figures filed their supplemental briefs on April 18, 2017. ECF Nos. 19, 20.

Plaintiff filed its Second Amendment Complaint on May 2, 2017. ECF No. 21. Figures moved to dismiss the Second Amended Complaint on May 17, 2017. ECF Nos. 27-29. Plaintiff opposed the motion on May 31, 2017, ECF No. 32, and Figures replied on June 9, 2017, ECF No. 38. After being served and appearing in the case, on June 15, 2017, ROH moved to dismiss the Second Amended Complaint. ECF No. 39. Plaintiff opposed that motion on June 28, 2017, ECF No. 42, and ROH replied on July 5, 2017, ECF No. 43.

On November 27, 2017, this Court held a hearing concerning Defendants' motions to dismiss. Immediately following that hearing, the Court issued a brief order granting Defendants' motions in part and denying them in part. ECF No. 46.

## B. FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

According to Plaintiff's Second Amended Complaint,[1] Ring of Honor Wrestling Entertainment is a "form of fighting/wrestling competition that 'incorporates wrestling, mixed martial arts and high-flying'" and is "broadcast on television, pay-per-view, and at live events." ECF No. 21, at 1. Plaintiff is the designer and creator of ROH championship belts, which are custom-designed and custom-crafted belts given to the winners of ROH wrestling matches; each belt costs approximately $1,000. Id. at 2, 4. ROH commissioned Plaintiff to design and craft these championship belts, including but not limited to the three following belts:

- The **2012 World Tag Team Championship Belt**, for which PMM holds a U.S. copyright registration (the "Registered Tag Team Belt"). ECF No. 21-1.

---

1. As it must when deciding a motion to dismiss, this opinion assumes all well-pled factual allegations are true.

2

- The **2012 World Heavyweight Championship Belt**, for which PMM applied for copyright registration in August 2016 (the "Unregistered Heavyweight Belt"). ECF No. 21-2.

- The **2012 6 Man Style TV Wrestling Championship Belt**, for which PMM applied for copyright registration in August 2016 (the "Unregistered 6 Man Style Belt"). ECF No. 21-3.

Plaintiff also notes it "has not sold or licensed its design or product . . . other than providing the original championship belts to ROH." ECF No. 21 ¶ 16.

According to Plaintiff, ROH recognized a potential demand for replicas of the championship belts and approached Plaintiff about manufacturing and selling such replica belts through an agreement with Figures, a company that manufactures and sells collectible action figures, toys, and merchandise based on sports and entertainment properties. ECF No. 21 at 2. Figures and Plaintiff began negotiating an agreement concerning the production and design of the replicas but "never came to a final resolution of the terms of such a deal." Id. According to Plaintiff, it "provided the designs for each championship belt to Figures so that Figures could set up production and obtain accurate cost estimates for the production runs." Id. ¶ 24. Then, "without consultation with [Plaintiff] and while [Plaintiff] and Figures were still negotiating," Figures instead entered into a licensing agreement with ROH to produce the replica belts with Plaintiff's designs. Id. ¶ 19. The agreement was announced on October 28, 2014. Id. ¶ 37.

Figures and ROH next began, pursuant to the terms of their agreement, manufacturing and selling full-size championship belts, rings, and action figure belts. Id. ¶ 34. According to Plaintiff, the production of these items involved the use of Plaintiff's designs without Plaintiff's authorization or approval. Id. ¶ 39. In addition, Plaintiff advises that in June 2015 Plaintiff discovered that Figures and ROH had removed Plaintiff's copyright notice from the belts and replaced it with a copyright notice for ROH. Id. ¶ 43. According to Plaintiff, Figures has now sold more than $60,000 of copyright merchandise and holds approximately $100,000 or more of

3

full-size replica championship belts in its warehouse that infringe on Plaintiff's copyrighted designs. Id. ¶ 55.

Plaintiff alleges six counts[2] in its Second Amended Complaint: Intentional Violation of Copyright (Count I), ECF No. 21 ¶¶ 58-61, Breach of Contract (Count III), id. ¶¶ 62-68, Tortious Interference with Contract/Business Expectancy (Count IV), id. ¶¶ 69-77, Business Conspiracy Under Va. Code Ann. § 18.2-500 (Count V), id. ¶¶ 78-81, Fraudulent Inducement (Count VI), id. ¶¶ 82-91, Violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 (Count VII), id. ¶¶ 92-99. In addition to damages, Plaintiff asks the Court to enjoin Defendants from selling or distributing any replicas that do not prominently display Plaintiff's copyright notice. Id. ¶¶ 100-105.

## II.    LEGAL STANDARD

The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013). "[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must contain facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Haley, 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

2. The Counts are numbered I, III, IV, V, VI, and VII; Plaintiff has omitted a previously pled Count II from the Second Amended Complaint because it was redundant with Count VII.

## III.    DISCUSSION

### A.    COUNT I: INTENTIONAL VIOLATION OF COPYRIGHT

To state a prima facie case for copyright infringement, a plaintiff must show (1) that it owns the copyright to the work allegedly copied and (2) that the defendants copied protected elements of the work. See Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350, 353 (4th Cir. 2001).

Plaintiff alleges it owns the copyright for the three belt designs listed above, and holds a copyright registration with the U.S. Copyright Office for the Registered Tag Team Belt. ECF No. 21 ¶¶ 11, 13. Plaintiff alleges Figures intentionally violated Plaintiff's copyright in the Registered Tag Team Belt by producing and selling replica products with knowledge of Plaintiff's copyright, without authorization from Plaintiff, and without paying royalties on the sales. ECF No. 21 ¶ 59. These products were allegedly "an exact copy of the original championship belt [Plaintiff] created for ROH and with no deviations from the design provided by [Plaintiff] with the exception of the removal of the copyright notice." ECF No. 21 ¶ 46. Plaintiff alleges ROH intentionally violated Plaintiff's copyright in the Registered Tag Team Belt when it authorized the production and sale of the replicas made by Figures. Id. ¶ 60.

Defendants argue Plaintiff's claim for copyright infringement regarding the Registered Tag Team Belt must be dismissed because Plaintiff did not attach a copy of the registered copyrighted image to the Second Amended Complaint. ECF No. 28 at 6; ECF No. 40 at 4. Without the copyrighted image, they assert, it is impossible for them to assess Plaintiff's claim. ECF No. 28 at 7; ECF No. 40 at 5. Defendants also argue Plaintiff's claims for infringement of the Unregistered Heavyweight Belt and the Unregistered 6 Man Style Belt must be dismissed because a work must be registered before a plaintiff can bring a claim for copyright infringement. ECF no. 28 at 5-6; ECF No. 40 at 5-6. Both of Defendants' arguments fail.

5

Defendants' first argument, that it is impossible for them to assess Plaintiff's claim because Plaintiff did not attach the registered copyrighted image, lacks credibility. Plaintiff alleged Defendants' Registered Tag Team Belt replicas are "exact cop[ies]" of Plaintiff's designs. ECF No. 21 at 46. Moreover, Plaintiff attached to the Second Amended Complaint (1) design documents it allegedly sent to Defendants, (2) pictures of the original belts allegedly in ROH's possession, and (3) images of the allegedly infringing replicas. ECF Nos. 21-5, 21-6, 21-7, 21-8, 21-10, 21-11. Plaintiff's allegations and attachments state a plausible claim for relief regarding the Registered Tag Team Belt.

Defendants' second argument, that Plaintiff cannot bring a claim for the unregistered belts because they are not yet registered, misreads the Second Amended Complaint. Plaintiff's claim for copyright infringement is limited to the Registered Tag Team Belt and does not include the unregistered belts. ECF No. 21 ¶¶ 59, 60. Nonetheless, at the November 27, 2017 hearing, Plaintiff represented that since filing the Second Amended Complaint, it received the registration for the Unregistered Heavyweight Belt. Plaintiff therefore wishes to add a claim of copyright infringement regarding that belt. Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave [to amend] when justice so requires." The Court finds that justice requires leave to amend in these circumstances and has ordered accordingly. See ECF No. 43.

## B.    COUNT III: BREACH OF CONTRACT

The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by" the Copyright Act; furthermore, "no person is entitled to any such right or equivalent right in any works under the common laws or statutes of any State." 17 U.S.C. § 301(a).

Determining whether a claim is preempted by the Copyright Act involves two steps: First, the Court must determine whether the work is "within the subject matter of copyright."

6

Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 229 (4th Cir. 1993). Works are within the subject matter of copyright if they are "original works of authorship fixed in [a] tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated. . . ." 17 U.S.C. § 102(a). Second, the Court must determine whether the state law rights are equivalent to any exclusive rights within the scope of copyright. United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama, 104 F.3d 1454, 1463 (4th Cir. 1997). A state law claim survives preemption if it requires proof of an "extra element" instead of or in addition to the acts of reproduction, performance, or distribution that makes the claim "qualitatively different" from copyright infringement. Rosciszewski, 1 F.3d at 229–30. "That is to say a plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials." Wigand v. Costech Techs., Inc., No. 3:07CV440, 2008 WL 65517, at *8 (E.D. Va. Jan. 4, 2008).

Plaintiff alleges it had an implied contract with Defendants for remuneration of royalties from the sales of the replica products. ECF No. 21 ¶ 63, 66. Plaintiff further alleges that Figures and ROH have not paid Plaintiff and they are therefore in breach of the contract. Id. ¶¶ 63-66. Among other relief, Plaintiff requests "royalties in an amount to be determined for Figure's [sic] and ROH's breach of contract. . . ." ECF No. 21 ¶ 68.

The parties agree that the works at issue are "within the subject matter of copyright." See Second Amended Complaint, ECF No. 21 ¶¶ 11-15; Figures Mot. To Dismiss, ECF No. 28 at 7. Thus, their argument and this Court's analysis focuses on the second part of the preemption test: whether Plaintiff's claims contain an additional or different element that renders the claim qualitatively different from copyright infringement.[3] Specifically, Defendants argue that

---

3. Defendants note Plaintiff previously conceded its breach of contract claim was preempted, but Plaintiff withdrew that concession after this Court ordered additional briefing on the issue. See ECF No. 28 at 7; ECF No. 32 at 7.

Plaintiff's breach of contract claim must fail because (1) Plaintiff has not stated a claim for breach of an express contract, or a contract "implied in fact," and (2) any claim for breach of contract "implied in law" is preempted. ECF No. 28 at 9.

An implied-in-fact contract "is an actual contract that was not reduced to writing, but the court infers the existence of the contract from the conduct of the parties." Rosetta Stone Ltd. v. Google, 676 F.3d 144, 165 (4th Cir. 2012). "Like an express contract, an implied-in-fact contract is created only when the typical requirements to form a contract are present" Diretto v. Country Inn & Suites By Carlson, No. 1:16CV1037(JCC/IDD), 2017 WL 449315, at *3 (E.D. Va. Feb. 2, 2017) (quoting Spectra–4, LLP v. Uniwest Commercial Realty, Inc., 290 Va. 36, 45 (2015)). Those requirements are "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." Tessler v. NBC Universal, Inc., No. 2:08cv234, 2009 WL 866834, at *6 (E.D. Va. Mar. 31, 2009). Defendants argue the Second Amended Complaint does not allege the existence of a contract implied in fact and, at best, alleges a contract implied in law. ECF No. 28 at 9.

An implied-in-law contract arises "only when there is not an actual contract or meeting of the minds" and "require[s] one who accepts and receives the services of another to make reasonable compensation for those services." Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 165 (4th Cir. 2012) (quotation omitted). Defendants argue claims for breach of implied-in-law contracts are preempted by the Copyright Act because "plaintiff need only prove that the defendant was unjustly enriched through the use of her idea or work. Such a claim is not materially different from a claim for copyright infringement that requires a plaintiff to prove that the defendant used, reproduced, copied, or displayed a copyrighted work." Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 432 (2d Cir. 2012). "If in a given case this

[contractual] right arises simply from an implied promise not to use another's ideas without paying for them, then the state law action is qualitatively equivalent to an action for copyright infringement and, therefore, will be preempted." Fischer v. Viacom Int'l Inc. 115 F. Supp. 2d 535, 542 (D. Md. 2000).

Here, Defendants are correct. When assumed true, the facts alleged in Plaintiff's Second Amended Complaint establish as a matter of law that no actual contract, or contract implied in fact, existed. See ECF No. 21 ¶ 30 ("No final agreement was ever reached with regard to payment of royalties, specific products to be produced, and/or the appearance and placement of PMM's copyright notice"); id. ¶ 34 ("Despite not having an agreement . . ."); id. ¶ 40 ("PMM has not granted any license for producing the replica products to Figures . . ."). To the extent Plaintiff pled a claim for breach a contract implied in law, mere negotiations that did not ultimately lead to an actual contract are not sufficient to render Plaintiff's claim "qualitatively different" from a claim for copyright infringement.

Plaintiff's reliance on Acorn Structures, Inc. v. Swantz is misplaced. 846 F.2d 923 (4th Cir. 1988). That case involved not only negotiations, but an actual contract. Id. at 924–25 ("Swantz entered into a 'design agreement' with Acorn."). Unlike the facts alleged here, "[t]he existence and content of the 'design agreement' [in Acorn] clearly demonstrated the intent of both parties to create a private law governing the use of [the copyrighted material]." Moore v. Lightstorm Entm't, No. CIV.A. RWT-11-3644, 2013 WL 4052813, at *6 (D. Md. Aug. 9, 2013).

Plaintiff's breach of contract claim is, therefore, preempted by the Copyright Act and leave to amend would be futile.

### C.    COUNT IV: TORTIOUS INTERFERENCE WITH CONTRACT/BUSINESS EXPECTANCY

A claim of tortious interference requires: (1) the existence of a valid contractual

relationship or business expectancy; (2) knowledge of the relationship on the part of the interferor; (3) intentional interference inducing a breach; and (4) resulting damage. Storey v. Patient First Corp., 207 F. Supp. 2d 431, 447–48 (E.D. Va. 2002).

Plaintiff alleges Figures and ROH tortuously interfered with Plaintiff's contract rights with Figures by (1) entering into an agreement without Plaintiff for use of Plaintiff's copyrighted designs in the infringing items, (2) removing Plaintiff's copyright notice and replacing it with a copyright notice from ROH, and (3) producing and selling the infringing items without securing Plaintiff's agreement or paying Plaintiff. ECF No. 21 ¶¶ 69-77. Defendants assert the claim should be dismissed for three reasons: (1) ROH argues Plaintiff has not alleged the existence of a valid contract or business expectancy, (2) Figures argues it cannot tortuously interfere with its own contract, and (3) Defendants argue Plaintiff's tortious interference claim is also preempted.

Defendants are correct that Plaintiff's intentional interference claim "boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials." Wigand, 2008 WL 65517, at *8 (dismissing tortious interference claim with prejudice where claim was "part and parcel" of a copyright claim). To the extent Plaintiff has pled the existence of an otherwise valid business expectancy, that expectancy was simply to be paid for the use of its copyright. See ECF No. 21 ¶¶ 72, 73. This claim is therefore preempted and amendment would be futile. See Progressive Corp. v. Integon P & C Corp., 947 F.2d 942 (4th Cir. 1991) ("[T]ortious interference with business relations is preempted by federal law."); see also Gnossos Music v. Mitken, Inc., 653 F.2d 117, 120 (4th Cir. 1981) ("Copyright infringement" is a "tortious interference with a property right for which Congress created the remedy of damages"). Because Plaintiff's claim is preempted by the Copyright Act, this Court will not address whether Figures

10

could have conspired with a third part to tortuously interfere with a contract between Plaintiff and Figures.

### D.   COUNT V: BUSINESS CONSPIRACY UNDER VA. CODE ANN. § 18.2-500

A claim for conspiracy to injure a business under the relevant Virginia statute requires "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff." Spencer v. Am. Int'l Grp., Inc., No. CIV. 3:08CV00591, 2009 WL 47111, at *11 (E.D. Va. Jan. 6, 2009) (quoting Allen Realty Corp. v. Holbert, 449, 318 S.E.2d 592 (Va. 1984)).

Defendants argue Plaintiff's claim for business conspiracy should be dismissed for three reasons: (1) Figures argues it cannot conspire to harm Plaintiff by breaching a contract to which Figures is a party, (2) Defendants argue Plaintiff has not pled business conspiracy with sufficient particularity, and (3) Defendants argue the claim is preempted by the Copyright Act.

Specifically, Defendants argue Plaintiff has not alleged sufficient details or provided evidence to support a claim that Defendants planned together to unlawfully use Plaintiff's designs, including a failure to plead "that ROH and Figures acted with the required legal malice, i.e.," that Defendants "had as one of [their] purposes injury to Plaintiff's reputation, trade, or business." ECF No. 15 (quoting Schlegel v. Bank of Am., N.A., 505 F. Supp. 2d 321, 328-29 (W.D. Va. June 12, 2007); see also ECF No. 28 at 13. They further argue the conspiracy claim is not sufficiently different from a copyright infringement claim to survive preemption because "while the formulation for civil conspiracy adds the element of agreement to the elements that copyright infringement requires, the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the Copyright Act." Brown v. McCormick, 23 F. Supp. 2d 594, 608 (D. Md. 1998).

Defendants are correct that the malicious business conspiracy Plaintiff claims here

11

requires that Defendants must act with legal malice, or one of their purposes must be to harm Plaintiff in his reputation, trade, or business. Based on that requirement and the allegations in this case, it appears the rights vindicated by this cause of action may be different from those protected by the Copyright Act. Accordingly, the Court will withhold ruling on Plaintiff's claim for business conspiracy until after Plaintiff has filed its third amended complaint.

### E.     COUNT VI: FRAUDULENT INDUCEMENT

To state a claim for fraudulent inducement, Plaintiff must allege "(1) the defendant[s] made a material misrepresentation for the purpose of procuring a contract; (2) the plaintiff relied on the misrepresentation; and (3) the plaintiff was induced by the misrepresentation to enter into the agreement." Fransmart, LLC v. Freshii Dev., LLC, 768 F. Supp. 2d 851, 864 (E.D. Va. 2011) (citing Brame v. Guarantee Fin. Co., 124 S.E. 477, 481 (Va. 1924), and noting "[s]ome courts have held that the elements of fraud in the inducement are the same as the elements for actual fraud, which are: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with the intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled"). Pursuant to Federal Rule of Civil Procedure 9(b), fraud must be pled with particularity.

Plaintiff alleges that, despite Plaintiff's initial refusal to provide the copyrighted designs to Figures without a signed contract, Figures falsely assured Plaintiff that a contract would be forthcoming, and that Plaintiff provided the copyrighted designs to Figures in reliance on those knowingly false assurances. ECF No. 21 ¶¶ 83-86. Defendants argue Plaintiff fails to state a claim for fraudulent inducement because (1) Plaintiff fails to provide sufficient particularity to satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b) and (2) Plaintiff's claim is preempted by the Copyright Act.

Like Plaintiff's contract and intentional interference claims, this claim ultimately boils

12

down to a claim that Defendants promised they would pay Plaintiff for use of the designs, but did not do so. This claim is therefore preempted by the Copyright Act and amendment would be futile. See Wigand, 2008 WL 65517, at *10 ("In this instance, Plaintiffs' essential grievance is that Costech misappropriated their materials after saying they would not. Consequently, it is preempted by the Copyright Act.").

### F. COUNT VII: VIOLATION OF THE DMCA, 17 U.S.C. § 1202

The Digital Millennium Copyright Act ("DMCA") provides, in part, "[n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). Copyright management information is defined to include author, copyright notice, and other information. § 1202(c).

Plaintiff alleges Defendants violated the DMCA by removing Plaintiff's copyright notice on the replica products, then advertising the replica products for sale on their websites also without Plaintiff's copyright management information. ECF No. 21 at ¶¶ 94-98. Plaintiff further alleges that Defendants not only removed Plaintiff's copyright notice from the belts, but "replaced it with a copyright notice for Ring of Honor Wrestling Entertainment, LLC." Id. at 2.

Defendants argue Plaintiff's claim should be dismissed because (1) two of Plaintiff's exhibits (Exs. 6 and 7) do not show Plaintiff's copyright management information on the belt designs, (2) regarding ROH, Plaintiff alleges only that ROH directed the removal of the copyright information, not that ROH actually removed it, and (3) Plaintiff's allegations establish Defendants must have acted with a lack of intent and knowledge that removing Plaintiff's copyright management information would lead to infringement. Defendants' arguments all fail.

Regarding Defendants' first argument, the Second Amended Complaint explicitly alleges

13

that the original championship belts, which are in ROH's possession, have Plaintiff's copyright

notice imprinted in the metal face of the belt. ECF No. 21 ¶ 93. This allegation is supported by

the magnified photograph of the original Unregistered 6 Man Style Belt attached to Plaintiff's

Second Amended Complaint as Exhibit 7. ECF No. 21-7 at 4. The Second Amended Complaint

further alleges "[t]he design drawings . . . contain [Plaintiff's] copyright notice . . . on the designs

themselves in the same location as on the original belts. . . ." ECF No. 21 ¶ 94. This allegation is

supported by the magnified design of the Unregistered Tag Team Belt attached to Plaintiff's

Second Amended Complaint as Exhibit 5. ECF No. 21-7 at 4. Moreover, to the extent the

copyright notice on the face of each belt is illegible when printed on 8.5-by-11 inch paper,

Plaintiff included its copyright notice in large legible print on each design directly under the

image of the belt. ECF No. 21 ¶ 94; ECF No. 21-5 at 1-3; ECF No. 21-6 at 1, 2; ECF No. 21-7 at

1, 2. Plaintiff clearly alleges its copyright management information was on the belt designs and

the original belts.

     ROH's argument, that Plaintiff's DMCA claim must be dismissed because it alleges only

that ROH <u>directed</u> the removal of the copyright information but did not allege ROH <u>personally</u>

<u>removed</u> the information urges an impermissibly narrow interpretation of the statute. ROH cites

no authority for such an interpretation. Moreover, such an interpretation would allow a party to

avoid liability by directing another to break the law for the party's benefit, as long as that party

does not personally consummate the illegal act. <u>See</u> ECF No. 40 at 20. The Court rejects ROH's

interpretation as outside the language and intent of the DMCA.

     Finally, Plaintiff has not "pleaded himself out of court" with regard to Defendants' intent

and knowledge when they allegedly removed Plaintiff's copyright notice. Defendants' intent and

knowledge are demonstrated by several alleged facts: ROH possessed the original belts, Figures

solicited the belt designs from Plaintiff, Figures removed the copyright notices from those designs at ROH's direction, Figures added Defendants' own notices to the belts at ROH's direction, and Defendants distributed and advertised the belts with Defendants' notices but not Plaintiff's. Defendants' argument that they must not have acted with the requisite knowledge because Figures sent sample replicas to Plaintiff is an alternative interpretation of the facts that are appropriate for a jury to consider, but cannot prevail on a motion to dismiss. At this stage, the Court must accept all well-pled factual allegations as true and draw all inferences in favor of the Plaintiff. Thus, Plaintiff has sufficiently alleged Figures and ROH violated the DMCA.

**IV.    CONCLUSION**

Plaintiff has alleged facts sufficient to state claims for relief against Figures and ROH for copyright infringement (Count I) and violation of the Digital Millennium Copyright Act (Count VII). Plaintiff's claims for breach of contract (Count III), tortious interference (Count IV), and fraudulent inducement (Count VI), are preempted by the Copyright Act and have been dismissed with prejudice. This Court has withheld ruling on Plaintiff's claim for business conspiracy (Count V), pending Plaintiff's third amended complaint.

The Clerk is **DIRECTED** to forward a copy of this opinion to all Counsel of Record.

**IT IS SO ORDERED**.

/s/

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 29, 2017