# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

           Plaintiff,

    v.

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING ENTERTAINMENT LLC,

           Defendants.

Civil Action No. 2:16-cv-00522

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT FIGURES TOY COMPANY'S
## MOTION TO PARTIALLY DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Mary D. Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy Company*

## INTRODUCTION

Defendant Figures Toy Company respectfully submits this memorandum of law in support of its motion for partial dismissal of Plaintiff Parks, Millican & Mann, LLC's Third Amended Complaint (Dkt. No. 49) ("Motion").

In its November 29, 2017 Memorandum Opinion, the Court dismissed with prejudice Plaintiff's state law claims for breach of implied contract, tortious interference with contract/business expectancy, and fraudulent inducement. (*See* Dkt. No. 48 at 6-10.) The Court granted Plaintiff leave to amend to make a fourth attempt to allege cognizable claims for statutory business conspiracy and a copyright claim based on the World Heavyweight Championship Belt ("Heavyweight Belt"). (*Id.* at 5, 11-12.) The Court permitted Figures to seek dismissal of Plaintiff's newly-filed complaint. (*See* Text Entry for Dkt. No. 46 (allowing Figures fourteen days to file a "responsive pleading").)

Plaintiff has now filed its *Third* Amended Complaint ("TAC"), asserting claims for (1) copyright infringement with respect to two belt designs, the World Tag Team Championship Belt ("Tag Team Belt") and the Heavyweight Belt (Count I), and (2) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202, based on Figures's alleged removal of copyright management information from the designs and replicas of the Tag Team Belt, Heavyweight Belt, and 6-Man Style Wrestling Championship Belt ("6-Man Style Belt") (Count VII). (*See* TAC (Dkt. No. 49) ¶¶ 58-63, 79-86.) Plaintiff's copyright claims (Counts I and VII) for the Heavyweight Belt must be dismissed with prejudice because the TAC establishes that Plaintiff **does not own** the copyright registration for the Heavyweight Belt.

Plaintiff's TAC also asserts a claim for statutory business conspiracy against Figures (Count V). That claim alleges that Figures and Defendant Ring of Honor, LLC conspired to use

the Tag Team Belt, Heavyweight Belt, and 6-Man Style Belt designs without Plaintiff's permission and to "remove" copyright management information from those designs. (*Id.* ¶¶ 64-78.) Plaintiff's claim for statutory business conspiracy must be dismissed with prejudice in its entirety because it is preempted and Plaintiff has failed to sufficiently plead that claim.

Plaintiff commenced this action in August of 2016. The TAC is Plaintiff's **fourth attempt** over the past 16 months to assert cognizable claims against Figures, and it should be Plaintiff's last. The defects in Plaintiff's claims are fatal. And "justice so requires" that Plaintiff **not** be given a fifth attempt to amend, forcing both Figures and the Court to spend more time and money while Plaintiff attempts once again – well over a year after it initially filed the case—to cobble together claims. *See* Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons for denying leave to amend include "repeated failure to cure deficiencies by amendments previously allowed"); *Guthrie v. McClaskey*, Civil Action No. 1:11cv61, 2012 U.S. Dist. LEXIS 161705, at *21 n.10 (W.D. Va. Nov. 9, 2012) (dismissing with prejudice plaintiff's third attempt at stating a claim against defendant).

Figures respectfully requests that its Motion be granted.

## LEGAL STANDARD

A motion to dismiss "should be granted if the complaint does not allege enough facts to state a claim to relief that is plausible on its face." *Johnson v. Portfolio Recovery Assoc., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (internal citations omitted). Plaintiff must allege facts sufficient to raise the right to relief "above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* In testing the sufficiency of the TAC, the Court must disregard conclusory factual allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal citations omitted). If a factual allegation is refuted by an exhibit, the exhibit controls. *See, e.g.*, *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013).

## ARGUMENT

**I. PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT (COUNT I) OR VIOLATION OF THE DMCA (COUNT VII) FOR THE HEAVYWEIGHT BELT.**

**A. Plaintiff's TAC establishes that Plaintiff does not own a copyright registration for the Heavyweight Belt.**

To state a copyright infringement claim for the Heavyweight Belt, Plaintiff must allege facts sufficient to show "(1) that it owns the copyright to the work allegedly copied and (2) that the defendants copied protected elements of the work." (Nov. 29, 2017 Op. (Dkt. No. 48) at 5 (citing *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001)). Plaintiff's TAC establishes that Plaintiff does not own a copyright registration for the Heavyweight Belt, and its copyright claim based on that belt must be dismissed.

Although Plaintiff alleges that it "holds a copyright registration" for the Heavyweight Belt (TAC ¶14), Exhibit 2 to the TAC directly refutes that allegation and must be accepted as true by the Court. *See, e.g.*, *Southern Walk*, 713 F.3d at 182 (if a factual allegation is refuted by an exhibit to complaint, the exhibit prevails). Exhibit 2, a printout of the registration particulars for the Heavyweight Belt from the U.S. Copyright Office Public Catalog dated October 13, 2017, proves that Mr. Rico Mann—***not Plaintiff Parks, Millican & Mann, LLC***—is the "copyright claimant" (i.e., owner) of the registration for the Heavyweight Belt. (TAC ¶13 & Ex. 2.)[1] And

---

[1] Parks, Millican & Mann LLC does appear in the "rights and permissions" field of the registration, but that field only provides "contact information for the person and/or organization that should be contacted for permission to use the work," and has nothing to do with who owns

3

Mr. Rico Mann's copyright notice—*not Plaintiff Parks, Millican & Mann, LLC's copyright notice* —appears on the designs for the Heavyweight Belt that Plaintiff alleges were provided to Figures, further refuting Plaintiff's allegation that it owns a copyright registration for the Heavyweight Belt. (TAC ¶ 49 & Ex. 6.)

Because Plaintiff's TAC and certain exhibits thereto negate a required element of Plaintiff's copyright claim for the Heavyweight Belt, that claim must be dismissed with prejudice. *See Turk v. Cambridge Props.*, No. CV-14-00890, 2015 U.S. Dist. LEXIS 179836, at *10-12 (D. Ariz. Feb. 26, 2015) (dismissing claim with prejudice because plaintiff was not the "copyright claimant" identified on the registration attached to complaint); *Wallert v. Atlan*, 141 F. Supp. 3d 258, 277-78 (S.D.N.Y. 2015) (same).

### B. Plaintiff's TAC fails to allege injury sufficient to show standing to bring a DMCA claim for the Heavyweight Belt.

The DMCA permits "any person injured" by removal of copyright management information to file an action for violation of 17 U.S.C. § 1202. *See* 17 U.S.C. § 1203. Plaintiff alleges that Figures "removed" ***Plaintiff's*** copyright management information from the Heavyweight Belt and designs. (TAC ¶ 80, 81 ("The design drawings provided by [Plaintiff] to Figures . . . contain *[Plaintiff's]* copyright notice. . . ." (emphasis added).) However, that allegation is directly refuted by the designs attached as Exhibit 6 to the TAC, which shows a copyright notice in the name of Mr. Mann, ***not*** Plaintiff, for the designs of the Heavyweight Belt. (*Id.* Ex. 6.) Plaintiff's TAC contains no allegations as to how ***Plaintiff*** was injured by Figures's alleged removal of ***Mr. Mann's*** name from the designs of the Heavyweight Belt. (*See* TAC ¶¶

---

the copyright registration. U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 622 (3d ed. 2017). The contact for "rights and permissions" does not have standing to bring a copyright claim. *See Patel v. Hughes*, No. 3:13-0701, 2014 U.S. Dist. LEXIS 129474, at *10 (M.D. Tenn. Sept. 16, 2014) (dismissing copyright claim—plaintiff's status as contact in "rights and permissions" field of the registration did not provide standing).

79-85.) Plaintiff's DMCA claim based on the Heavyweight Belt must be dismissed with prejudice because Plaintiff has failed to allege facts sufficient to show it has standing to bring such a claim and Exhibit 2 (copyright particulars for the Heavyweight Belt) and Exhibit 6 to the TAC show that Plaintiff does not own the copyright for the designs of the Heavyweight Belt, which refutes any possible injury to Plaintiff. *See, e.g.*, *Steele v. Bongiovi*, 784 F. Supp. 2d 94, 98 (D. Mass. 2011) (dismissing claim for removal of copyright management because plaintiff lacked injury necessary for standing); *Fatwallet, Inc. v. Best Buy Enter. Servs.*, Case Number 03 C 50508, 2004 U.S. Dist. LEXIS 6153, at *5-6 (N.D. Ill. Apr. 12, 2004) (dismissing DMCA claim because plaintiff lacked injury necessary for standing).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR BUSINESS CONSPIRACY (COUNT V).

### A. Plaintiff's conspiracy claim (Va. Code Ann. § 18.2-500) is preempted by the Copyright Act.

Plaintiff alleges that Figures and ROH "conspired to . . . unlawfully use [Plaintiff's three belt designs] in the manufacture and sale of replica championship belts and related merchandise, removed PMM's copyright notice from the replica products, and replaced it with a copyright notice for ROH, and sold said products without payment of any monies to PMM." (TAC ¶ 72.) Like Plaintiff's previously-dismissed state law claims, Plaintiff's state law business conspiracy claim is also preempted because it is not "qualitatively different" from rights protected by the Copyright Act. (Nov. 29, 2017 Op. (Dkt. No. 48) at 7 (quoting *United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1454, 1463 (4th Cir. 1997)).)

The crux of Plaintiff's conspiracy claim is that Figures and Defendant Ring of Honor, LLC agreed to infringe Plaintiff's alleged copyright in certain belt designs without paying or giving attribution to Plaintiff. (TAC ¶¶ 65-78.) Plaintiff's conspiracy claim is thus purely derivative of its federal copyright claims. *See, e.g.*, *Gary Friedrich Enters., LLC v. Marvel*

5

*Enters.*, 713 F. Supp. 2d 215, 229 (S.D.N.Y. 2010) (dismissing conspiracy claim because "the nature of the misconduct that conspiracy law seeks to redress is not qualitatively different" from plaintiff's underlying copyright claim). The fact that a conspiracy claim requires proof of an agreement does not save that claim from copyright preemption. *Tire Eng'g & Distrib. LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 311-12 (4th Cir. 2012) (affirming dismissal of civil conspiracy claim based on copyright preemption – "[T]he core of the claim for conspiracy to infringe copyrights is identical to that under the Copyright Act, and the extra element of agreement or combination does not make it otherwise."); *Brown v. McCormick*, 23 F. Supp. 2d 594, 608 (D. Md. 1998) (conspiracy claim preempted because "the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the Copyright Act.").

The Court's November 29, 2017 Opinion suggested that a business conspiracy claim may not be preempted by the Copyright Act because it requires a willful and malicious intent to injure plaintiff's business. (*See* Dkt. No. 48 at 11-12.) But the mere fact that a state law claim requires proof of intent does ***not*** change the qualitative nature of that claim so as to avoid copyright preemption. Indeed, in *Rosciszewski v. Arete Assocs.*, 1 F.3d 225 (4th Cir. 1993), the Fourth Circuit held that a claim for violation of the Virginia Computer Crimes Act was preempted by the Copyright Act, even though it required an "intent to . . . obtain property or services by false pretenses." *Id.* at 230 (quoting Va. Code Ann. § 18.2152.2)). The Fourth Circuit explained that "an action ***will not be saved from [copyright] preemption*** by elements such as awareness or intent, which alter 'the action's scope but not its nature.'" *Id.* (emphasis added) (quoting *Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 717 (2d Cir. 1992)).

In its November 29, 2017, Order, this Court properly dismissed Plaintiff's fraudulent inducement claim based on copyright preemption, even though that claim required proof of intent. (Dkt. 48 at 12 (stating that fraudulent inducement claim requires intentional misrepresentation for purpose of procuring a contract).) And Plaintiff itself previously conceded that the business conspiracy claim asserted in its First Amended Complaint was preempted. (*See* Dkt. No. 15 at 9 ("[Plaintiff's] allegations setting forth the conversion of [Plaintiff's] designs by Figures are admittedly preempted by the Copyright Act.").)

Because Plaintiff's conspiracy claim is not qualitatively different from claims under the Copyright Act, it must be dismissed with prejudice in its entirety. *See, e.g.*, *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222, 224 (E.D. Va. 1989) (dismissing conspiracy claim under Va. Code Ann. § 18.2-500 based on copyright preemption); *see also, e.g., Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 423-28 (W.D. Pa. 2008) (dismissing civil conspiracy claim under Virginia law based on copyright preemption where defendants were alleged to have agreed to infringe plaintiff's software *and* collaborated in the marketing of the software).

### B. Plaintiff's TAC Fails to Plead Sufficient Facts for Its Conspiracy Claim.

Plaintiff's TAC fails to make sufficient factual allegations of a conspiracy between Figures and ROH. To state a claim for business conspiracy under Va. Code §§ 18.2-499 & 18.2-500, Plaintiff must allege "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to the plaintiff." (Nov. 29, 2017 Op. (Dkt. No. 48 (quoting *Spencer v. Am. Int'l Group, Inc.,* Civil No. 3:08cv00591, 2009 U.S. Dist. LEXIS 457, at *38-39 (W.D. Va. Jan. 6, 2009)). A conspiracy must be pleaded with particularity and the requisite concert of action and unity of purpose must be pleaded "in more than mere conclusory language." *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 WL 1169308, at *15 (W.D. Va. Feb. 19, 2016).

Plaintiff's TAC does not adequately "allege that the defendants combined together to effect a 'preconceived plan and unity of design and purpose.'" *Hunter*, 2016 WL 1169308, at *16 (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)). Nor does Plaintiff's TAC allege sufficient facts to show that Figures and ROH acted with a willful or malicious purpose to injure Plaintiff. (*See* TAC ¶¶ 73-77.) These conclusory allegations are insufficient to show that Figures acted with malicious intent to harm Plaintiff's business. *See, e.g.*, *Livia Props. LLC v. Jones Lang Lasalle Ams., Inc.*, Civil Action No. 5:14-00053, 2015 U.S. Dist. LEXIS 103987, at *33-35 (W.D. Va. Aug. 7, 2015) (dismissing business conspiracy claim where plaintiff "failed to allege any facts that indicate defendant "acted with legal malice" and "was motivated by a desire to harm [plaintiff's] business"). Plaintiff's business conspiracy claim should also be dismissed on this ground.

## CONCLUSION

For the foregoing reasons, Figures respectfully requests that the copyright claim (Count I) and the DMCA claim (Count VII) in Plaintiff's TAC be dismissed with prejudice to the extent those claims are based on the Heavyweight Belt. Figures also respectfully requests that the business conspiracy claim (Count V) be dismissed with prejudice in its entirety.

Dated: December 22, 2017

By: /s/Mary D. Hallerman
Mary Hallerman (Va. Bar. No. 80430)
John J. Dabney (admitted *pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
Washington, D.C. 20001-1531
Tel: 202-756-8738
Fax: 202-756-8087
mhallerman@mwe.com, jdabney@mwe.com

*Attorneys for Defendant Figures Toy Company*

## **CERTIFICATE OF SERVICE**

I hereby certify on December 22, 2017, I electronically filed the foregoing document—MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FIGURES TOY COMPANY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT—with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

> Duncan G. Byers, Esq.
> Anne C. Lahren, Esq.
> Pender & Coward, PC
> 222 Central Park Ave, Suite 400
> Virginia Beach, VA 23462-3026
> dbyers@pendercoward.com
> alahren@pendercoward.com

>> /s/ Mary D. Hallerman
>> Mary D. Hallerman (Va. Bar No. 80430)
>> MCDERMOTT WILL & EMERY LLP
>> The McDermott Building
>> 500 North Capitol Street, NW
>> Washington, DC 20001
>> Telephone: (202) 756-8738
>> Facsimile: (202) 756-8087
>> mhallerman@mwe.com

DM_US 87609685-1.093512.0012