IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC

    **Plaintiff**

v.                                          CASE NO. 2:17-cv-00092

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING
ENTERTAINMENT LLC,
    **Defendants**

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RING OF HONOR'S RULE 12(B)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Ring of Honor Wrestling Entertainment, LLC ("ROH"), by counsel, offers this Memorandum in Support of Rule 12(b)(6) Partial Motion to Dismiss the Third Amended Complaint filed by Plaintiff, Parks, Millican & Mann, LLC ("Plaintiff" or "PMM"), and states as follows:

### I.    Introduction

This case has been pending since September of 2016 during which time this Court has afforded Plaintiff multiple opportunities to amend the allegations in the Complaint and Amended Complaint in order to state a cause of action.

Defendant ROH asks this Court to dismiss in part the Third Amended Complaint ("TAC") with prejudice[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff fails to

---

[1] The TAC is Plaintiff's fourth opportunity to plead its complaint. As discussed herein, Plaintiff has again failed to sufficiently allege a copyright infringement claim (Count I) and a business conspiracy claim (Count V) against the Defendants. This fourth failure suggests "that [any] further

1

state a claim for copyright infringement as to the 2012 World Heavyweight Championship Belt (Count I), and (2) Plaintiff fails to state a claim for statutory business conspiracy against ROH and such claim is preempted by the Federal Copyright Act (Count V).

As set forth herein, Defendant ROH incorporates and adopts the arguments made by Defendant Figures Toy Company ("Figures") in its Memorandum of Law in Support of its Motion to Partially Dismiss Plaintiff's third Amended Complaint (ECF No. 51).

## II. Argument

### A. Legal Standard

A Rule 12(b)(6) motion asserts that the Complaint fails "to state a claim upon which relief can be granted" under Rules 8 and 9. Fed. R. Civ. P. 12(b)(6). It "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To properly assess a Rule 12(b)(6) motion – as directed by the Supreme Court of the United States – courts must analyze the complaint in two steps. "First, the Court must accept the allegations of fact as true." *Lower Neuse Pres. Group, LLC v. Boats, Etc., Inc.*, No. 4:11cv77, 2011 U.S. Dist. LEXIS 112192, at *5 (E.D. Va. Sept. 28, 2011) (citing *Iqbal*, 556 U.S. at 678). "However, a court is not required 'to accept as true a legal conclusion couched as a factual

---

attempt at amendment would be futile" and ROH therefore asks that this Court dismiss in part the TAC with prejudice. *See, e.g.*, *McLain v. KBR, Inc.*, Case No. 1:08cv499, 2014 U.S. Dist. LEXIS 92072, at *20 (E.D. Va. July 7, 2014) (dismissing Amended Complaint with prejudice where plaintiff had "ample notice of the defects that befell his Original Complaint . . . The constancy of those defects, despite notice and an opportunity to amend, suggests that further attempt at amendment would be futile."), aff'd, 612 F. App'x 187 (4th Cir. 2015).

allegation,' *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations." *Id.* at *5-6 (citing *Iqbal*, 556 U.S. at 681). Then, "[a]fter reviewing the allegations, the Court must consider whether they are sufficient to state a plausible claim for relief — 'a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 6 (quoting *Iqbal*, 556 U.S. at 679); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) ("context-specific"). Importantly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, Plaintiff must, at a minimum, allege sufficient facts to establish the elements of the claim. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

B.  **Plaintiff Fails to State a Claim for Copyright Infringement In Part (Count I)**

Plaintiff's TAC alleges Plaintiff holds a copyright registration for two different belt designs. (ECF No. 49, TAC ¶¶ 13-14.)

A copyright infringement claim has two required elements: "First, the plaintiff must establish ownership of a valid copyright. Second, the plaintiff must show that the defendant copied original parts of the copyrighted work." *See, e.g., Sari v. America's Home Place, Inc.*, 129 F. Supp. 3d 317, 325 (E.D. Va. Sept. 2, 2015) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Further, "[a] plaintiff seeking to recover on a copyright infringement claim must prove not only that he 'owned a valid copyright and that defendant copied the original elements of that copyright,' but also that the 'defendant's work is 'substantially similar' to the protectable elements of the plaintiff's work.'" *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 263 (4th Cir. 2016) (quoting *Building Graphics, Inc. v. Lennar Corp.*, 703 F.3d 573, 577-78 (4th Cir. 2013)).

*Plaintiff Fails to Establish Ownership of the 2012 World Heavyweight Championship Belt*

Plaintiff's TAC asserts that ROH infringed Plaintiff's registered copyright in "2-D artwork" of a "2012 World Tag Team Championship Belt." (TAC ¶¶ 13, 58-63 & Ex. 1.) In addition, the TAC asserts that ROH infringed Plaintiff's registered copyright in "the 2012 World Heavyweight Championship Belt," which was registered as of September 19, 2017. (TAC ¶¶ 14-17, 58-63 and Ex. 2.)

Only the "legal or beneficial owner of an exclusive right under a copyright" has standing to bring suit for copyright infringement. 17 U.S.C. § 501(b). "The owner of an exclusive right is either the author of the work in question or an assignee of the right as prescribed by 17 U.S.C. § 204(a)." *Kevin Chelko Photography, Inc. v. JF Rests., LLC*, No. 3:13-CV-00060-GCM, 2017 U.S. Dist. LEXIS 7563, at *3 (W.D.N.C. Jan. 19, 2017); *see also BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 649-53 (E.D. Va. 2015) (company that administered copyrighted works but did not own assignment or exclusive license for the copyrights lacked standing to bring the infringement action).

The TAC attaches the September 19, 2017 copyright registration for the "the 2012 World Heavyweight Championship Belt" as Exhibit 2. (TAC ¶ 14, Ex. 2.) Exhibit 2 to the TAC clearly lists the "Copyright Claimant" as Richard Patrick Mann – the named Plaintiff, Parks Millican & Mann, LLC is <u>not</u> listed as the Copyright Claimant, and there is no indication on the registration that Mr. Mann has licensed or assigned the rights to this copyright to the named Plaintiff, Parks Millican & Mann, LLC. (*Id.*) This is in contrast to the copyright registration for "2012 World Tag Team Championship Belt," attached as Exhibit 1 to the TAC, which explicitly lists the named Plaintiff Parks Millican & Mann, LLC as the "Copyright Claimant." (TAC ¶¶ 13, 58-63, Ex. 1.)

The TAC contains no allegation that the named Copyright Claimant for the 2012 World

4

Heavyweight Championship Belt, Mr. Richard Patrick Mann, has transferred his copyright ownership rights in this belt to the named Plaintiff in this case. Further, the attached registration (Exhibit 2 to the TAC) contains no indication such transfer of ownership or exclusive license exists. (TAC ¶¶ 14, Ex. 2.)[2]

Thus, Plaintiff has not established the requisite copyright ownership of the 2012 World Heavyweight Championship Belt. Therefore, Plaintiff's attempts to assert copyright infringement claims against ROH based on that work should be dismissed with prejudice.[3]

C. **Plaintiff's Business Conspiracy Claim Is Preempted (Count V)**

Count V of the TAC is preempted by the Federal Copyright Act. Plaintiff's Business Conspiracy claim in the Second Amended Complaint ("SAC") originally alleged that the requisite unlawful act was ROH's tortious interference with PMM's contractual rights. Plaintiff's new TAC takes a different approach than the SAC and no longer clearly states what the requisite unlawful act is alleged to be.[4] However, since the tortious interference claim has been dropped from the TAC, the requisite unlawful act now appears to simply be ROH's alleged copyright infringement of PMM's designs. (TAC ¶¶ 72-74.) This change to the TAC further supports ROH's argument that Plaintiff's conspiracy claim is preempted by the Copyright Act.

A state cause of action is preempted by federal copyright law if the subject matter of the

---

[2] In addition, Exhibit 6 to the TAC shows that the copyright notice for the 2012 World Heavyweight Championship Belt lists Mr. Mann as the owner of the copyright, not Plaintiff.

[3] Based on the fact that Plaintiff does not own the copyright for the 2012 World Heavyweight Championship Belt, Plaintiff also cannot assert a claim under the Digital Millennium Copyright Act as set forth in Count VII of the TAC related to removal of the copyright notice from the 2012 World Heavyweight Championship Belt. (ECF No. 51 at 4-5).

[4] As pled in the TAC, Plaintiff failed to allege how Defendants combined together to accomplish a plan against Plaintiff. (ECF No. 51 at 8).

state-law right "falls within the subject matter of copyright" and when the claim "protects rights that are equivalent to any of the exclusive rights of a federal copyright." *Tire Eng'g & Distrib. LLC v Shandong Linglong Rubber Co.*, 682 F.3d 292, 309 (4th Cir. 2012).

In the TAC Plaintiff asserts that ROH and Figures "conspired to . . . unlawfully use [PMM's three belt designs]." (TAC ¶ 72.) But the Copyright Act preempts that claim, a fact that Plaintiff itself previously conceded: "[Plaintiff's] allegations setting forth the conversion of PMM's designs by Figures are admittedly preempted by the Copyright Act." (ECF No. 15 at 9.) Because Plaintiff's allegations of conspiracy are not qualitatively different from the underlying federal copyright claim, it must be dismissed with prejudice. *See, e.g.*, *Tire Eng'g & Distrib. LLC v Shandong Linglong Rubber Co.*, 682 F.3d 292, 311-12 (4th Cir. 2012) (affirming dismissal of conspiracy claim on preemption grounds); *Brown v. McCormick*, 23 F. Supp. 2d 594, 608 (D. Md. 1998) ("[W]hile the formulation for civil conspiracy adds the element of agreement to the elements that copyright infringement requires, the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the Copyright Act."); *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222, 224 (E.D. Va. 1988) (dismissing a civil conspiracy claim on preemption grounds in a copyright case); *Cooper v. Sony Music Entm't, Inc.*, Civil Action # 01-0941, 2002 U.S. Dist. LEXIS 3832, at *14 (S.D. Tex. Feb. 19, 2002) (noting that "the Plaintiffs' civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted"); *Irwin v. ZDF Enters. GmbH*, No. 04 Civ. 8027(RWS), 2006 U.S. Dist. LEXIS 6156, at *11 (S.D.N.Y. Feb. 16, 2006) (noting that "claims for conspiracy to violate the Copyright Act are preempted by federal copyright law").[5]

---

[5] At the last hearing on the SAC and its later opinion, the Court indicated that the intent aspect of the conspiracy claim may be a possible basis for defeating a preemption defense. Based on the fact that a conspiracy claim requires that the plaintiff allege intent, no conspiracy claim ever could

### III. Conclusion

For the reasons discussed above, Defendant Ring of Honor Wrestling Entertainment, LLC, asks for the Third Amended Complaint to be dismissed in part with prejudice, costs incurred herein be awarded, and for attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203.

Dated: December 23, 2017              Respectfully submitted,

By: /s/ Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB # 82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-3343
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

---

be preempted by the Copyright Act. Such a reading of the intent requirement for conspiracy is not consistent with the preemption law relevant to the Copyright Act. (ECF No. 51 at 6).

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system on this 23rd day of December, 2017, which will then send a notification of such filing to the following:

Duncan M. Byers
Ann C. Lahren
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
dbyers@pendercoward.com
alahren@pendercoward.com
*Counsel for plaintiff*

Mary Declan Hallerman
John Jay Dabney
Katie Bukrinsky
McDermott Will & Emery LLP
500 North Capitol St NW
Washington, DC 20001
mhallerman@mwe.com
jdabney@mwe.com
kbukrinsky@mwe.com
*Counsel for defendant, Figures Toy Company*

      /s/Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB #82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-3343
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

16153159v2