# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC<br><br>                    Plaintiff,<br><br>vs.<br><br>FIGURES TOY COMPANY,<br>and<br><br>RING OF HONOR WRESTLING<br>ENTERTAINMENT, LLC,<br><br>                    Defendants. | CASE NO. 2:16 – cv – 522 |

## OPPOSITION TO FIGURE'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW COMES the Plaintiff, Parks, Millican & Mann, LLC ("PMM"), by counsel, and states the following for its Opposition to Defendant Figures Toy Company ("Figures") Motion to Dismiss Third Amended Complaint ("TAC"):

## INTRODUCTION

In its Memorandum of Law in Support of Defendant Figures Toy Company's Motion to Dismiss Plaintiff's Third Amended Complaint, Figures has failed to show that the Third Amended Complaint should be dismissed for any reason. In its Memorandum, Figures argues that PMM's Third Amended Complaint should be dismissed on the basis that Figures claims the Plaintiff has not pleaded that it owns the copyright to the 2012 World Heavyweight Championship Belt (Count I and VII) and that the Copyright Act preempts PMM's claims with regard to the allegations of Business Conspiracy (Count V).

For the reasons stated below, Figures' arguments fail to raise a sufficient legal challenge for the Court to grant its Motion to Dismiss and the Motion should, therefore, be denied.

## LEGAL STANDARD

"In considering a motion to dismiss, the claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. International Telecommunications Satellite Org*, 991 F.2d 94, 97, citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L.Ed. 2d 404, 89 S. Ct. 1843 (1969). "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Wigand v. Costech Techs., Inc.*, 2008 U.S. Dist. LEXIS 743, 2008 WL 65517 (E.D. Va. Jan. 4, 2008). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin Marietta* at 45-46. The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957), *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929(2007), *see also* Fed. R. Civ. P 8(a)(2) ("A pleading that states a claim for relief must contain… a short and plain statement showing that the pleader is entitled to relief"). Pleading is not a "game of skill in which one misstep

_____
*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*      PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 3rd Amend. Comp.      WWW.PENDERCOWARD.COM

Page 2 of 9

by counsel may be decisive to the outcome" as the purpose of pleading is to "facilitate a proper decision on the merits." *Id. at 48*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). PMM has set forth sufficient factual allegations to support its claims for relief, with amplification of its pleadings as directed by this Court at the hearing on Figures' Motion to Dismiss the First Amended Complaint.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

To establish a prima facie case for copyright infringement, a plaintiff needs to show two things: 1) that he owns the copyright to the work that was allegedly copied, and 2) that the defendant(s) copied protected elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). A registration certificate for the copyright is prima facie proof of ownership. Figures has moved to dismiss Count I with regard to the 2012 World Heavyweight Championship Belt on the grounds that PMM does not own the copyright to this belt. Figures disputes only that PMM owns the copyright and does not dispute that the Third Amended Complaint sufficiently pleads facts to support the second prong – Figures' copying of protected elements of the work.

As Figures concedes, the copyright registration for the 2012 World Heavyweight Championship Belt is in the name of "Richard Patrick Mann" also known as "Rico Mann". As shown on the copyright registration, Rico Mann's address is 1100 Millers Lane, Virginia Beach, VA 23451. Rico Mann is also a principal of Parks, Millican & Mann, LLC (TAC ¶21) and communicated directly with Figures and ROH on behalf of PMM with regard to the negotiations for reproducing the copyrighted championship belt designs. Paragraph 24 and Exhibit 4 of the

_____
*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*     PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 3rd Amend. Comp.     WWW.PENDERCOWARD.COM

Page 3 of 9

Third Amended Complaint further show the communication between Rico Mann and Figures. PMM is a Virginia Limited Liability Company with Rico Mann as the registered agent and principal/member with the LLC's address being the same as the address set forth on the copyright registration. See **Exhibit 1**, for the Virginia State Corporation Commission records of PMM. Furthermore, Richard Patrick Mann a/k/a Rico Mann, assigned his copyright to Parks, Millican & Mann, LLC, which transfer/assignment was confirmed in writing by the Copyright Assignment dated January 2, 2018 with an effective date as of the date of the registration, attached hereto as **Exhibit 2**.

An oral assignment of copyright is *valid ab initio* from the date of transfer. *Billy-Bob Teeth v. Novelty, Inc.*, 329 F.3d 586, 591, 2003 U.S. App. LEXIS 9798 at *10 (7th Cir. 2003) ("As the statute indicates, an oral assignment may be confirmed later in writing."). The Eleventh Circuit agreed and "recognized that '17 U.S.C. § 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer;" *Id.* at 591, quoting *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529 at 1532 (11th Cir. 1994), and that "'a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer ab initio.'" *Id.* at 591, quoting *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F. 3d 96 at 99 (11th Cir. 1995). *See also*, *Malibu Media, LLC v. Does*, 2013 U.S. Dist. LEXIS 620 at *26-27 ("Courts have held that oral assignments later memorialized should be deemed *valid ab initio* – especially when the transfer of rights is from an author to his own company.").

The copyright registration being in Richard Patrick Mann a/k/a Rico Mann name versus PMM forms the sole basis for Figures' motion to dismiss PMM's claims of copyright

_____
*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*        PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 3rd Amend. Comp.       WWW.PENDERCOWARD.COM

Page 4 of 9

infringement. As Richard Patrick Mann a/k/a Rico Mann had validly assigned/transferred the copyright in the 2012 World Heavyweight Championship Belt to PMM, as confirmed by later written assignment, Figures' motion to dismiss is without merit and should be denied.

## COUNT VII – DMCA CLAIMS

Figures similarly argues that PMM's claims for violations of the DMCA should fail due to the Plaintiff not owning the copyright and having standing to bring the claims. However, as stated above, Richard Patrick Mann a/k/a Rico Mann, assigned the copyright to PMM and thus PMM has standing to bring its claims against Figures for violations of the DMCA. Figure's motion to dismiss PMM's claims for violations of the DMCA should therefore be denied.

## COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE §18.2-500

Virginia common law "has long recognized actions based on a conspiracy resulting in business-related damages." *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 213 (2014). To recover under Va. Code § 18-2-499 and § 18.2-500, a plaintiff must establish: "(1) a combination or two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business [;] and (2) resulting damage to the plaintiff." *Id.* at 214 (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984)). The plaintiff must further establish that the defendants acted with legal malice, that is, that the defendants acted "intentionally, purposely, and without lawful justification." *Id.,* citing *Commercial Bus. Sys., Inc. v. BellSouth Servs.*, 249 Va. 39, 47 (1995). PMM has met this burden with the factual allegations in its Third Amended Complaint.

In its Third Amended Complaint, PMM has stated facts to support allegations that Figures and ROH acted with the required legal malice to sustain a business conspiracy claim

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC* Opp. Mot. Dismiss 3rd Amend. Comp.  PENDER & COWARD, P.C.  WWW.PENDERCOWARD.COM

Page 5 of 9

under Va. Code §18.2-500. PMM has alleged that "Figures and ROH acted in concert with each other to obtain PMM's copyrighted designs from PMM and produce replica belts for their own purposes and financial gains" (TAC ¶73) and that "Figures and ROH acted in concert and intentionally in removing and replacing PMM's copyright notice for the purpose of concealing the true designer of the belt (PMM), and projecting to the consuming public that Figures and/or ROH designed the belts and that ROH owned the copyrights." (TAC ¶ 75). PMM further alleged that "Figures and ROH's actions served to divert business away from PMM and injure PMM's reputation in the marketplace for designing championship belts as well as its trade and business by diverting attention from PMM to Figures and ROH." (TAC ¶ 76). "Figures' and ROH's combined actions in removing and replacing PMM's copyright notice with their own was for the purpose of willfully and maliciously injuring PMM in its reputation, trade, business, and/or profession." (TAC ¶ 77).

PMM's claims of business conspiracy are not preempted by the Copyright Act because business conspiracy requires the extra element of legal malice that is not required for a run-of-the-mill copyright infringement claim. By removing PMM's copyright and *replacing it with the copyright for ROH*, Figures and ROH not only intended to infringe upon PMM's copyright but also intended to harm PMM's business and reputation, which constitutes legal malice. Thus, PMM's allegation that Figures and ROH acted with legal malice provide the "extra element" to survive preemption by the Copyright Act.

## CONCLUSION

Figures' motion to dismiss PMM's Third Amended Complaint boils down to two arguments – 1) that PMM does not own the copyright in the 2012 World Heavyweight

_____
*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*     PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 3rd Amend. Comp.     WWW.PENDERCOWARD.COM

Page 6 of 9

Championship Belt and thus does not have standing to bring either the intention violation of copyright or DMCA claims, and 2) that the business conspiracy claims are preempted by the Copyright Act. As set forth herein, PMM holds a valid assignment of the copyright for the 2012 World Heavyweight Championship Belt and thus Figures' motion to dismiss Counts I and VII must fail. Figures' motion to dismiss PMM"s business conspiracy claims in Count V must also fail as Virginia's business conspiracy statute requires the additional element of legal malice that is not required for copyright infringement and thus is qualitatively different from claims of copyright infringement and is not preempted by the Copyright Act.

PMM has pleaded factual allegations in far more detail than required under the notice pleading requirements of the Federal Rules and has clearly set forth both the allegations and facts sufficient to show its entitlement to relief for all counts in its Third Amended Complaint. Therefore, Figures' Motion to Dismiss should itself be DENIED along with Figures' claims for attorney's fees and other relief.

                                              Respectfully submitted,

DATE: JANUARY 5, 2018        PARKS, MILLICAN & MANN

                                          By: ___/s/ Anne C. Lahren_____

Duncan G Byers, Esquire
Virginia State Bar No. 48146
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7396 – Telephone
(757) 497-1914 – Facsimile
Email: dbyers@pendercoward.com
*Counsel for Parks, Millican & Mann*

Anne C. Lahren, Esquire
Virginia State Bar No. 73125
***Pender & Coward, P.C.***

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring of Honor Wrestling Entertainment, LLC*   Opp. Mot. Dismiss 3rd Amend. Comp.   PENDER & COWARD, P.C.   WWW.PENDERCOWARD.COM

Page 7 of 9

222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

## CERTIFICATE OF SERVICE

      I, Anne C. Lahren, hereby certify that on this 5th day of January, 2018, I will electronically file the foregoing *OPPOSITION TO FIGURES' MOTION TO DISMISS* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Mary D. Hallerman
      McDermott, Will & Emery
      The McDermott Building
      500 North Capitol Street NW
      Washington, D.C. 20001
      *Counsel for Figures Toy Company*

      John Dabney, Esq,
      McDermott, Will & Emery
      The McDermott Building
      500 North Capitol Street NW
      Washington, D.C. 20001
      *Admitted pro hac vice*
      *Counsel for Figures Toy Company*

      Kristan B. Burch, Esq. (VSB #42640)
      Lauren Tallent Rogers, Esq. (VSB #82711)
      Kaufman & Canoles, P.C.
      150 W. Main Street
      Suite 2100
      Norfolk, VA 23510
      Phone: (757) 624-3343
      Fax: (888) 360-9092
      kbburch@kaufcan.com
      ltrogers@kaufcan.com
      *Counsel for Ring of Honor Wrestling Entertainment, LLC*

      _____/s/_ Anne. C. Lahren_____
      Anne C. Lahren, Esquire
      Virginia State Bar No. 73125

*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*     PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC* Opp. Mot. Dismiss 3rd Amend. Comp.     WWW.PENDERCOWARD.COM

Page 8 of 9

*Pender & Coward, P.C.*
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Parks, Millican & Mann*

_____
*Parks, Millican & Mann, LLC v. Figures Toy Company and Ring*        PENDER & COWARD, P.C.
*of Honor Wrestling Entertainment, LLC*    Opp. Mot. Dismiss 3rd Amend. Comp.    WWW.PENDERCOWARD.COM

Page 9 of 9