IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

    **Plaintiff,**

    v.

FIGURES TOY COMPANY,

and

RING OF HONOR WRESTLING
ENTERTAINMENT, LLC,

    **Defendants.**

CIVIL NO. 2:16CV522

## OPINION AND ORDER

This matter comes before the Court upon the motions to dismiss filed by Figures Toy Company ("Figures"), and by Ring of Honor Wrestling Entertainment, LLC ("ROH") (collectively "Defendants"). ECF Nos. 50, 53 (collectively the "Motions to Dismiss"). Because the Motions to Dismiss cover arguments already presented at the hearing regarding Defendants' motions to dismiss the Second Amended Complaint, another hearing is not necessary. For the reasons stated herein, the Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**.

**I. PROCEDURAL HISTORY**

Parks, Millican & Mann, LLC ("Plaintiff") filed its Complaint against Figures on September 2, 2016. ECF No. 1. On November 15, 2016, Plaintiff filed an Amended Complaint against Figures and ROH. ECF No. 6. On December 1, 2016, Figures filed a motion to dismiss, ECF No. 11, which Plaintiff opposed, ECF No. 15. Following a hearing, this Court ordered that

1

Plaintiff and Figures file supplemental briefs regarding whether the Copyright Act preempted Count III, breach of contract and ordered that Plaintiff file a second amended complaint by May 2, 2017. ECF No. 17. Plaintiff and Figures filed their supplemental briefs on April 18, 2017. ECF Nos. 19, 20.

Plaintiff filed its Second Amendment Complaint on May 2, 2017. ECF No. 21. Figures moved to dismiss the Second Amended Complaint on May 17, 2017. ECF Nos. 27-29. Plaintiff opposed the motion on May 31, 2017, ECF No. 32, and Figures replied on June 9, 2017, ECF No. 38. After being served and appearing in the case, on June 15, 2017, ROH moved to dismiss the Second Amended Complaint. ECF No. 39. Plaintiff opposed that motion on June 28, 2017, ECF No. 42, and ROH replied on July 5, 2017, ECF No. 43.

On November 27, 2017, this Court held a hearing concerning Defendants' motions to dismiss the Second Amended Complaint. Immediately following that hearing, the Court issued an order granting Defendants' motions in part, denying them in part, and ordering Plaintiff to file a third amended complaint within fourteen days. ECF No. 46. Specifically, the Court ruled Plaintiff had alleged facts sufficient to state claims for relief against Figures and ROH for copyright infringement (Count I) and violation of the Digital Millennium Copyright Act (Count VII). Id. at 3. It further ruled Plaintiff's claims for breach of contract (Count III), tortious interference (Count IV), and fraudulent inducement (Count VI), were preempted by the Copyright Act and dismissed those claims with prejudice. Id. at 3-4. Finally, the Court withheld ruling on Plaintiff's claim for business conspiracy (Count V), pending Plaintiff's third amended complaint. Id.; see also ECF No. 48 at 12.

On December 11, 2017, Plaintiff filed its Third Amended Complaint. ECF No. 49. The Third Amended Complaint alleges Plaintiff has now received the copyright registration for one

of the designs at issue, the 2012 World Heavyweight Championship Belt (the "Heavyweight Belt"). Id. ¶ 14. Otherwise, the allegations are substantially similar to those in the Second Amended Complaint, which the Court summarized in its November 29, 2017 Memorandum Opinion and will not repeat here. ECF No. 48 at 2-4. Figures filed a motion to dismiss parts of the Third Amended Complaint on December 22, 2017, ECF Nos. 50, 51, and ROH filed a motion to dismiss parts of the Third Amended Complaint on December 23, 2017, ECF Nos. 53, 54. Plaintiff opposed both Motions to Dismiss on January 5, 2017, ECF Nos. 55, 56, and both Defendants filed replies, ECF Nos. 57, 58.[1]

The Motions to Dismiss are ripe for decision.

## II. Legal Standard

The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013). "[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must contain facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Haley, 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

1. On January 16, 2018, Figures filed an unopposed motion for leave to file its reply out of time. ECF No. 59. The relief requested in that motion will not prejudice Plaintiff and the motion is **GRANTED** for good cause shown.

3

As Defendants argue, the Court's review on a motion to dismiss is properly limited to the allegations in the Third Amended Complaint and the exhibits attached thereto.[2]

### III. DISCUSSION

#### A. COUNTS I AND VII: INTENTIONAL VIOLATION OF COPYRIGHT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 1202

Defendants move to dismiss Plaintiff's claims for copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, with regard to the Heavyweight Belt. Defendants argue those claims must be dismissed because the copyright registration attached to Plaintiff's Third Amended Complaint establishes that Richard Patrick Mann, not Plaintiff, owns the copyright to the Heavyweight Belt. ECF No. 51 at 3-5; ECF No. 52 at 3-5. In opposition, Plaintiff argues Mann is a principal of Plaintiff, Mann is Plaintiff's registered agent, and that the copyright registration reflects Plaintiff's address. ECF No. 55 at 3-5; ECF No. 56 at 3-5. Plaintiff further argues Mann assigned his copyright to Plaintiff, which assignment was confirmed by a written Copyright Assignment that Plaintiff attached to its oppositions. ECF No. 55 at 4-5; ECF No. 56 at 4-5. In reply, Defendants argue Plaintiff is impermissibly attempting to change its allegations, that the Court cannot consider the Copyright Assignment attached to Plaintiff's oppositions, and that the Copyright Assignment is deficient in any event. ECF No. 57 at 2-4; ECF No. 59 at 4-7. The Court denies this portion of Defendants' Motions to Dismiss.

Plaintiff alleges "PMM holds a copyright registration with the U.S. Copyright Office for the 2012 World Heavyweight Championship Belt, registration number VA 2-067-750, with a creation date of 2012." ECF No. 49 ¶ 14. Although Defendants argue that allegation is contradicted by the copyright registration attached to the complaint, Plaintiff persuasively

---

2. Thus, for purposes of the Defendants' Motions, the Court is not considering any attachments to the parties' briefs or any arguments related to those attachments.

demonstrates that this is not necessarily true. Given Mann's relationship with Plaintiff and Plaintiff's address on the registration, for the purposes of Defendants' Motions, the Court does not find Mann's name on the copyright registration contradicts Plaintiff's explicit allegation that it holds the copyright registration for the Heavyweight Belt. Indeed, it is plausible to infer from all allegations in the Third Amended Complaint, taken together, that Mann could have assigned the copyright to Plaintiff. The assertions underlying Plaintiff's argument are thus distinguishable from the rule applied in Marsh v. Virginia Dep't of Transportation, No. 6:14-CV-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014). The plaintiff in that case attempted to add an entirely new claim for relief, but the Plaintiff here is merely providing further explanation of how Plaintiff came to hold the copyright registration, consistent with Plaintiff's explicit allegation.

Defendants' other authority is also distinguishable. In Turk v. Cambridge Properties Inc., an individual plaintiff brought suit for alleged copyright violations based on a copyright registration from an association that, the plaintiff alleged, never owned the right to plaintiff's works at any time. No. CV-14-00890-PHX-SPL, 2015 WL 11120681, at *4 (D. Ariz. Feb. 27, 2015). Thus, the court found the plaintiff had "not made a plausible showing that prior to instituting th[e] action, he filed an application to register a copyright claim" in the relevant work. Id. Here, there is no dispute—at least for the purposes of this motion—that the registration was valid when it was made.

Assuming the truth of all facts alleged, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has stated a claim for copyright infringement and for violation of the DMCA with regard to the Heavyweight Belt.

    **B.**    **COUNT V: BUSINESS CONSPIRACY UNDER VA. CODE ANN. § 18.2-500**

Defendants move to dismiss Plaintiff's business conspiracy claim (Count V) as preempted by the Copyright Act. Specifically, Defendants argue "[t]he crux of Plaintiff's

conspiracy claim is that Figures and Defendant Ring of Honor, LLC agreed to infringe Plaintiff's alleged copyright in certain belt designs without paying or giving attribution to Plaintiff . . . [the claim] is thus purely derivative of its federal copyright claims." ECF No. 51 at 5. In its November 29, 2017 Memorandum Opinion, this Court withheld ruling on preemption until after Plaintiff filed its Third Amended Complaint because the Court believed it was possible "the rights vindicated by this cause of action may be different from those protected by the Copyright Act." ECF No. 48 at 11-12. After reviewing the Third Amended Complaint and the parties' briefs, it is clear Plaintiff's business conspiracy claim is preempted by the Copyright Act.

In its Opposition to Defendants' Motions, Plaintiff summarized its allegations in support of its claim for business conspiracy as follows:

> [Plaintiff ("PMM")] has alleged that "Figures and ROH acted in concert with each other to obtain PMM's copyrighted designs from PMM and produce replica belts for their own purposes and financial gains" ([Third Amended Compl. ("TAC")] ¶ 73) and that "Figures and ROH acted in concert and intentionally in removing and replacing PMM's copyright notice for the purposes of concealing the true designer of the belt (PMM), and projecting to the consuming public that Figures and/or ROH designed the belts and that ROH owned the copyrights." (TAC ¶ 75). PMM further alleged that "Figures and ROH's actions served to divert business away from PMM and injure PMM's reputation in the marketplace for designing championship belts as well as its trade and business by diverting attention from [Plaintiff] to Figures and ROH." (TAC ¶ 76). "Figures' and ROH's combined actions in removing and replacing [Plaintiff]'s copyright notice with their own was for the purpose of willfully and maliciously injuring PMM in its reputation, trade, business, and/or profession." (TAC ¶ 77).

Plaintiff's own summary demonstrates that its business conspiracy claim, as pled in the Third Amended Complaint, is not qualitatively different from a copyright infringement claim and "would serve merely to vindicate the same right as under the Copyright Act." Brown v. McCormick, 23 F. Supp. 2d 594, 608 (D. Md. 1998). The conclusory allegation that the copyright violations were "for the purpose of willfully and maliciously injuring [Plaintiff] in its reputation, trade, business, and/or profession" does not alter this conclusion. See id.; see also

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 312 (4th Cir. 2012) (holding "extra element of agreement or combination" did not render Virginia-law claim for civil conspiracy qualitatively different from federal copyright claim).

## IV. CONCLUSION

Accordingly, Defendants' Motions to Dismiss (ECF Nos. 50, 53) are granted and denied as follows: with respect to Plaintiff's claim for copyright infringement regarding the 2012 Heavyweight Championship Belt (Count I), Defendants' Motions to Dismiss are **DENIED**; with respect to Plaintiff's claim for violation of the Digital Millennium Copyright Act regarding the 2012 Heavyweight Championship Belt (Count VII), Defendants' Motions to Dismiss are **DENIED**; with respect to Plaintiff's claim for business conspiracy (Count 5), Defendants' Motions to Dismiss are **GRANTED**.

Figures Toy Company's unopposed motion for leave to file its reply out of time, ECF No. 59, is **GRANTED.**

Count V of Plaintiff's Third Amended Complaint, for Business Conspiracy under Va. Code Ann. § 18.2-500, is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 28, 2018

7