## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

                    Plaintiff,

        v.

FIGURES TOY COMPANY

and

RING OF HONOR WRESTLING
ENTERTAINMENT LLC,

                Defendants.

Civil Action No. 2:16-cv-00522

## ANSWER, COUNTERCLAIM, AND CROSSCLAIM TO THIRD AMENDED COMPLAINT

Defendant Figures Toy Company answers Plaintiff Parks, Millican & Mann, LLC's Third

Amended Complaint as follows:

### NATURE OF THE CASE

In response to the un-numbered paragraphs, Figures admits that the Third Amended

Complaint involves the manufacture and sale of replica Ring of Honor championship belts,

finger rings, and action figure belts by Figures; that Ring of Honor wrestling is a form of

fighting/wrestling competition that "incorporates wrestling, mixed martial arts and high-flying"

into a sporting event/art form that is broadcast on television, pay-per-view, and at live events;

that the winners or champions of Ring of Honor wrestling matches receive a championship belt

for the duration of their championship reign; that ROH recognized a potential demand for replica

belts; and that Figures and ROH entered into a licensing agreement whereby Figures caused to

1

be manufactured, produced and sold, among other things, replica belts, finger rings and belts for action figures. Figures lacks knowledge or information sufficient to form a belief about whether or not there have been twenty different Ring of Honor champions over twenty-three championship reigns; whether or not each original championship belt is handcrafted from leather and custom-designed plates with a 3-D raised design; whether or not the retail cost for an original championship belt varies depending on the specific features ordered; and whether or not ROH approached PMM concerning the manufacture and sale of replica belts through an agreement with Figures, to be worked out at a later date. Defendant denies the remaining allegations in the un-numbered paragraphs of the Third Amended Complaint.

## PROCEDURAL HISTORY

Figures admits that the Third Amended Complaint was filed in accordance with the Court's Order on November 27, 2017 (ECF No. 46). Figures denies the remaining allegations in the un-numbered paragraph under the title "Procedural History."

1. Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Third Amended Complaint.

2. Figures admits that it is a Florida corporation with its principal place of business in Tampa, Florida. Figures denies the remaining allegations in Paragraph 2 of the Third Amended Complaint.

3. Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Third Amended Complaint.

## JURISDICTION AND VENUE

4. Figures admits the allegations in Paragraph 4 of the Third Amended Complaint.

5. Figures denies the allegations in Paragraph 5 of the Third Amended Complaint.

6.      Figures admits that venue is proper in this judicial district. Figures denies the remaining allegations in Paragraph 6 of the Third Amended Complaint.

## FACTUAL ALLEGATIONS

7.      Figures's responses to Paragraphs 1 through 6 are incorporated herein as if fully re-stated.

8.      Figures admits the allegations in Paragraph 8 of the Third Amended Complaint.

9.      Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Third Amended Complaint.

10.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Third Amended Complaint.

11.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Third Amended Complaint.

12.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Third Amended Complaint.

13.     Figures admits that Exhibit 1 to the Third Amended Complaint appears to be a U.S. Copyright Office Certificate of Registration for a work titled "2012 Ring of Honor World Tag Team Championship Belt, Registration No. VA-2-029-611. Figures denies the remaining allegations in Paragraph 13 of the Third Amended Complaint.

14.     Figures admits that Exhibit 2 to the Third Amended Complaint appears to be a printout from the U.S. Copyright Office Public Catalog for a work titled "2012 ROH World Heavyweight Championship Belt, Registration No. VA000267750. Figures denies the remaining allegations in Paragraph 14 of the Third Amended Complaint.

15.     Figures denies the allegations in Paragraph 15 of the Third Amended Complaint.

16.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Third Amended Complaint.

17.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Third Amended Complaint.

18.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Third Amended Complaint.

19.     Figures admits that in early 2014, Figures and ROH communicated regarding a possible business relationship wherein Figures would cause to be manufactured replica ROH championship belts for sale to the public. Figures denies the remaining allegations in Paragraph 19 of the Third Amended Complaint.

20.     Figures admits the allegations in Paragraph 20 of the Third Amended Complaint and further states that ROH informed Figures that PMM owned the designs after Figures signed the license agreement with ROH.

21.     Figures denies the allegations in Paragraph 21 of the Third Amended Complaint.

22.     Figures denies the allegations in Paragraph 22 of the Third Amended Complaint.

23.     Figures admits the allegations in Paragraph 23 of the Third Amended Complaint.

24.     Figures admits that PMM provided certain designs for wrestling belts to Figures and that Exhibit 4 is a true and correct copy of an email between Steve Sandberg of Figures and Rico Mann of PMM dated April 22, 2014. Figures denies the remaining allegations in Paragraph 24 of the Third Amended Complaint.

25.     Figures admits that PMM provided designs for the 2012 World Tag Team Championship Belt to Figures. Figures denies the remaining allegations in Paragraph 25 of the Third Amended Complaint.

26.     Figures admits that PMM provided the design for the 2012 World Heavyweight Championship belt to Figures. Figures denies the remaining allegations in Paragraph 26 of the Third Amended Complaint.

27.     Figures admits that PMM provided the design for the 2012 6 Man Style TV Wrestling Championship Belt to Figures. Figures denies the remaining allegations in Paragraph 27 of the Third Amended Complaint.

28.     Figures lacks knowledge or information sufficient to form a belief about whether ROH possessed the original championship belts. Figures denies the remaining allegations in Paragraph 28 of the Third Amended Complaint.

29.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Third Amended Complaint.

30.     Figures denies the allegations in Paragraph 30 of the Third Amended Complaint.

31.     Figures admits that it entered into a license agreement with ROH that covers replica belts. Figures lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Third Amended Complaint.

32.     Figures admits that ROH entered into a licensing agreement with Figures. Figures lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Third Amended Complaint.

33.     Figures admits that ROH reviewed each of the replica belts that Figures caused to be manufactured under a license agreement between Figures and ROH, and admits that ROH approved the manufacturing, production and sale of those belts. Figures lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Third Amended Complaint.

34.     Figure admits that it commenced production and sale of replica championship belts, finger rings and belts for action figures pursuant to a licensing agreement between itself and ROH. Figures denies that it did not have an agreement with PMM.

35.     Figures denies the allegations in Paragraph 35 of the Third Amended Complaint.

36.     Figures admits that the replica belts, action figures and finger rings that it manufactured under the license with ROH do not bear a copyright notice from PMM. Figures lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Third Amended Complaint.

37.     Figures admits the allegations in Paragraph 37 of the Third Amended Complaint.

38.     Figures denies the allegations in Paragraph 38 of the Third Amended Complaint.

39.     Figures denies the allegations in Paragraph 39 of the Third Amended Complaint.

40.     Figures admits that PMM is not a named party to the licensing agreement between Figures and ROH. Figures denies the remaining allegations in Paragraph 40 of the Third Amended Complaint.

41.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Third Amended Complaint.

42.     Figures admits the allegations in Paragraph 42 of the Third Amended Complaint.

43.     Figures denies the allegations in Paragraph 43 of the Third Amended Complaint.

44.     Figures denies the allegations in Paragraph 44 of the Third Amended Complaint.

45.     Figures admits that in conjunction with its licensing agreement with ROH, it caused to be manufactured Ring of Honor Championship replica belts and marketed them for sale, including online and that those replica belts were sold on Figures's website,

rohwrestling.com, and wrestlingsuperstore.com. Figures denies the remaining allegations in Paragraph 45 of the Third Amended Complaint.

46.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Third Amended Complaint.

47.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Third Amended Complaint.

48.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Third Amended Complaint.

49.     Figures admits that it used designs that PMM provided to manufacture replica belts for action figures and finger rings under the license agreement with ROH, and that ROH approved the manufacturing, production and sale of those products. Figures denies the remaining allegations in Paragraph 49 of the Third Amended Complaint.

50.     Figures admits that under the license agreement between itself and ROH, ROH permitted Figures to advertise and sell replica belts, replica belts for action figures and finger rings on its website and that the license agreement did not disclose PMM's alleged copyright and/or ownership in the belt designs. Figures denies the remaining allegations in Paragraph 50 of the Third Amended Complaint.

51.     Figures lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Third Amended Complaint.

52.     Figures denies the allegations in Paragraph 52 of the Third Amended Complaint.

53.     Figures denies the allegations in Paragraph 53 of the Third Amended Complaint.

54.     Figures admits the allegations in Paragraph 54 of the Third Amended Complaint.

55.     Figures denies the allegations in Paragraph 55 of the Third Amended Complaint.

56. Figures admits the allegations in Paragraph 56 of the Third Amended Complaint, but further states that it attempted to pay fees to PMM.

57. Figures lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Third Amended Complaint.

## COUNT I – INTENTIONAL VIOLATION OF COPYRIGHT

58. Figures incorporates its responses to Paragraphs 1 through 57 of the Third Amended Complaint as if fully restated herein.

59. Figures denies the allegations in Paragraph 59 of the Third Amended Complaint.

60. Figures admits that ROH authorized and approved the manufacture, production and sale of the replica full-sized championship belts, finger rings, and belts for action figures by Figures. Figures lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Third Amended Complaint.

61. Figures denies the allegations in Paragraph 61 of the Third Amended Complaint.

62. Figures admits that ROH authorized and approved the production and sale of replica full-sized championship belts, finger rings, and action figure belts by Figures. Figures lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Third Amended Complaint.

63. Figures denies the allegations in Paragraph 63 of the Third Amended Complaint and further states that PMM is not entitled to recover any of the relief requested in Paragraph 63 of the Third Amended Complaint.

## COUNT V – BUSINESS CONSPIRACY UNDER VA. CODE § 18.2-500

64. Figures incorporates its responses to Paragraphs 1 through 63 of the Third Amended Complaint as if set forth herein.

65.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 65 of the Third Amended Complaint.

66.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 66 of the Third Amended Complaint.

67.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 67 of the Third Amended Complaint.

68.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 68 of the Third Amended Complaint.

69.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 69 of the Third Amended Complaint.

70.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 70 of the Third Amended Complaint.

71.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 71 of the Third Amended Complaint.

72.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 72 of the Third Amended Complaint.

73.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 73 of the Third Amended Complaint.

74.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 74 of the Third Amended Complaint.

75.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 75 of the Third Amended Complaint.

76.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 76 of the Third Amended Complaint.

77.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 77 of the Third Amended Complaint.

78.     Plaintiff's claim for business conspiracy under Va. Code § 18.2-500 was dismissed with prejudice on February 28, 2018 (Dkt. No. 60), and therefore no response is required to the allegations in Paragraph 78 of the Third Amended Complaint.

**COUNT VII – VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

79.     Figures incorporates its responses to Paragraphs 1 through 78 of the Third Amended Complaint as if fully restated herein.

80.     Figures lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Third Amended Complaint.

81.     Figures admits that PMM provided design drawings to Figures. Figures denies the remaining allegations in Paragraph 81 of the Third Amended Complaint.

82.     Figures denies the allegations in Paragraph 82 of the Third Amended Complaint.

83.     Figures denies the allegation sin Paragraph 83 of the Third Amended Complaint.

84.     Figures denies the allegations in Paragraph 84 of the Third Amended Complaint.

85.     Figures denies the allegations in Paragraph 85 of the Third Amended Complaint.

86.     Figures denies the allegations in Paragraph 86 of the Third Amended Complaint and further states that PMM is not entitled to recover any of the relief requested in Paragraph 86 of the Third Amended Complaint.

**INJUNCTIVE RELIEF**

87.     Figures incorporates its responses to Paragraphs 1 through 86 of the Third Amended Complaint as if set forth herein.

88.     Figures admits that it has approximately $100,000 of allegedly infringing replica belts in inventory. Figures denies the remaining allegations in Paragraph 88 of the Third Amended Complaint.

89.     Figures denies the allegations in Paragraph 89 of the Third Amended Complaint.

90.     Figures denies the allegations in Paragraph 90 of the Third Amended Complaint.

91.     Figures denies the allegations in Paragraph 91 of the Third Amended Complaint.

92.     Figures denies the allegations in Paragraph 92 of the Third Amended Complaint and further states that PMM is not entitled to recover any of the relief requested in Paragraph 92 of the Third Amended Complaint.

## PRAYER FOR RELIEF / CONCLUSION

In response to PMM's Prayer for Relief/Conclusion, Figures prays for judgment against PMM as follows:

a.  That PMM take nothing by its Third Amended Complaint;

b.  That PMM's Third Amended Complaint is dismissed with prejudice;

c.  That judgment is entered in favor of Figures on the claims alleged in PMM's Third Amended Complaint; and

d.  That the Court award Figures its reasonable attorney's fees and costs for defending against this action pursuant to 17 U.S.C. § 505.

## AFFIRMATIVE DEFENSES

Figures asserts the following affirmative defenses to PMM's Third Amended Complaint and the claims for relief stated therein:

1.     PMM has failed to state a claim upon which relief can be granted.

2.     PMM's claims are barred in whole or in part by the statute of limitations.

3.     PMM's claims are barred in whole or in part by promissory estoppel, equitable estoppel, laches, waiver, consent, ratification and acquiescence.

4.     PMM's claims are barred in whole or in part by unclean hands.

5.     PMM's claims are barred in whole or in part because PMM failed to mitigate its alleged damages.

6.      PMM's claims are barred in whole or in part because PMM did not and does not own the belt designs.

7.      PMM's claims are barred in whole or in part because Figures and PMM entered into a contract which authorized the acts that form the basis for the Third Amended Complaint against Figures.

8.      PMM's claims fail because it is unconscionable for PMM to refuse to honor, to attempt to revoke or to disavow or withdraw consent in relation to the acts that form the basis for the Third Amended Complaint against Figures.

9.      PMM's claims are barred in whole or in part because the damages that PMM seeks are speculative, PMM has suffered no injury or harm and an award of damages would unjustly enrich PMM.

10.      The copyright registrations alleged to be infringed in the Third Amended Complaint are invalid because PMM committed fraud on the Copyright Office in order to secure those registrations.

## COUNTERCLAIMS AGAINST PLAINTIFF PARKS, MILLICAN, & MANN, LLC AND CROSSCLAIMS AGAINST RING OF HONOR WRESTLING ENTERTAINMENT, LLC

Counterclaimant Figures Toys Company ("Figures") brings these Counterclaims against Plaintiff Parks, Millican & Mann, LLC ("PMM") and brings these Cross Claims against Ring of Honor Wrestling Entertainment, LLC ("ROH") and states as follows:

### PARTIES

1.      Figures Toys Company is a Florida corporation.

2.      On information and belief, PMM is a Virginia limited liability company.

3.      ROH is a Maryland limited liability company, located at 2000 West 41st Street, Baltimore, Maryland 21211.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. § 1332 and 28 U.S.C. § 1367 and has subject matter jurisdiction over the Crossclaims under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5.      The Court has personal jurisdiction over PMM and ROH and venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) or (3).

## FACTS GIVING RISE TO COUNTERCLAIMS AND CROSS CLAIMS

**I.      Figures Toy Company and Ring of Honor Wrestling Federation, LLC**

6.      For decades, Figures has manufactured and sold toys based on popular sports and entertainment properties, including replica championship belts for World Wrestling Entertainment, formally known as World Wrestling Federation.

7.      ROH conducts entertainment services in the field of professional wrestling. ROH's wrestling matches are broadcast on television and pay per view.

**II.      The Merchandising License Agreement ("MLA")**

8.      On or about April 1, 2014, Figures and ROH entered into a Merchandise License Agreement ("MLA"), which expired on December 31, 2017. *See* Exhibit A.

9.      In the MLA, ROH purported to own and license to Figures, on an exclusive basis, championship wrestling belts so that Figures could cause those belts to be manufactured and sold as replica belts to the public. In exchange, Figures was required to pay ROH a royalty based on net sales of the licensed products. *See* Exhibit A at 1 & Schedule A.

10.    ROH represented in the MLA that it "is the owner of the property described in Schedule A, with the right to exploit the same." *See* <u>Exhibit A</u> at 1. "Property" as defined in the MLA Schedule A comprises "the Ring of Honor trademarks and related rights, including the rights to license any Ring of Honor action figures, Replica Belts, Wrestling Rings, Wrestling Toy Belts, and Jewelry." *Id.* Schedule A.

11.    The MLA required that the licensed products "be of high standard and of such quality so as to protect and enhance the Property and the goodwill pertaining thereto" and "meet Licensor's artistic quality standard and specifications." *Id.* ¶ 5(a) (i) (ii).

12.    The MLA required that Figures deliver to Ring of Honor "sketches, finish artwork, final proofs, pre-production samples of licensed products and all other finished cartons, label, containers, packing and wrapping materials for the products so that Ring of Honor could review and approve those things to ensure that they meet with Ring of Honor's specifications and quality standards." *Id.* ¶ 5(b).

13.    The MLA required Figures to place the following notice on all licensed products: "All Ring of Honor programming, talent names, images, likenesses, slogans, wrestling moves and logos are the exclusive property of Ring of Honor Wrestling Entertainment, LLC." *Id.* ¶ 5(e).

14.    In the MLA, ROH represented and warranted that "it holds all such rights and interest in the Property . . . [and that it] will defend at its own cost and expense any action brought against [Figures] based on any claim that [Ring of Honor] is not possessed of such right, title, and interest in the Property as to be entitled to grant this license, and will indemnify and hold [Figures] harmless against any such claim." *Id.* ¶ 8(a).

15.    The MLA requires Ring of Honor to indemnify Figures and to "defend [Figures] against, and hold Figures harmless from, all claims, liabilities, suits, losses, damages and

expenses (including reasonable attorney's fees) brought by a third party against [Figures] arising directly and solely out of or relating directly and solely to Licensee's use of the Property pursuant to Paragraph 8(a)." *Id.* ¶ 10(c).

16.     The MLA required Figures to "diligently and continuously manufacture, sell, distribute, advertise and promote the Licensed Products during the Term." *Id.* ¶ 7(a)(ii).

## III.     Figures's Sale of Licensed Products

17.     Following the execution of the MLA, Figures began to arrange for the manufacturing of the replica belts.

18.     Figures believed that PMM owned the ROH wrestling belt designs. In April 2014, Steve Sandberg of Figures contacted Rico Mann of PMM and notified him that Figures had entered into a licensing agreement with ROH to sell replica ROH wrestling belts.

19.     Figures and PMM had an extended business relationship. From approximately 2002 through 2013, Figures and PMM had an agreement relating to the wrestling belts that PMM had designed for the World Wrestling Federation, later known as the World Wrestling Entertainment ("WWE"). Figures and WWE had an agreement whereby Figures manufactured and sold replicas of WWE belts. Because PMM owned the WWE wrestling belt designs, Figures paid PMM a 3% royalty on all wholesale sales of the WWE replica belts.

20.     In April 2014, Steve Sandberg, on behalf of Figures, and Rico Mann, on behalf of PMM, entered into a verbal contract whereby Figures agreed to pay PMM a 3% royalty on all wholesale sales of the ROH replica belts in exchange for Figures's use of PMM's wrestling belt designs, which PMM purported to own and to have created for ROH. *See* Exhibit B.

21.     Pursuant to the verbal contract, PMM delivered the designs to Figures in April 2014.

22.     Figures thereafter worked with its manufacturer in China to manufacture the replica wrestling belts. During this process, Figures posed questions to PMM regarding various aspects of the belts.

23.     In October 2014, Figures and ROH publicly announced their licensing agreement for the manufacture and sales of ROH replica belts.

24.     Prior to the manufacturing of the replica belts, Figures submitted for approval and ROH approved all of the replica belts.

25.     In June 2015, Figures sent replica belts to PMM.

26.     Figures then commenced the sale of the replica belts and merchandise pursuant to the terms of the MLA.

27.     From 2015 through the first half of 2016, Figures had revenues of approximately $60,000 from the sales of the replica belts.

**IV.     PMM'S Breach of the Verbal Contract**

28.     On June 30, 2016 counsel for PMM sent a letter to Figures claiming that the replica belts infringed PMM's copyrights. *See* <u>Exhibit C</u>.

29.     For more than two years prior to the June 30, 2016, letter, PMM had actual knowledge that Figures was using PMM's alleged designs to create ROH replica belts, had worked with Figures in replicating belts based on those designs, and had entered into a verbal contract with Figures allowing such use.

30.     From April 2014 when PMM delivered the designs to Figures per the verbal agreement between PMM and Figures until its counsel's letter dated June 30, 2016, PMM never once objected to the use of its designs in connection with the manufacturing and sale of ROH replica belts by Figures and in fact, assisted Figures in the replication process.

17

31.     PMM waited for more than two years after it had actual knowledge that Figures was creating ROH replica belts based on PMM's claimed designs in order to falsely claim that those belts were not authorized and that there was no verbal contract between itself and Figures relating to those designs.

32.     In response to the June 30, 2016 letter, Figures promptly contacted PMM's counsel – Anne C. Lahren (the author of the letter) – and explained the existence of the verbal contract between Figures and PMM.

33.     On information and belief, in June or July 2016, PMM's counsel notified ROH of PMM's false claim that the ROH replica belts violated PMM's alleged copyrights.

34.     Based on the notice from PMM of alleged copyright infringement, on July 6, 2016, ROH demanded that Figures immediately stop all sales of the replica belts. *See* Exhibit D.

35.     Figures immediately contacted ROH and explained the existence of the verbal contract between Figures and PMM which allowed the use of PMM's alleged designs.

36.     Based on ROH's demand, Figures stopped selling the replica belts.

37.     On July 21, 2016, ROH agreed to consider allowing Figures to resume selling the replica belts, but only on the condition that Figures agree to an amendment to the MLA which would have required Figures to indemnify ROH in any suit by PMM. *See* Exhibit E. Under the MLA, ROH was obligated to indemnify Figures in connection with the types of claims that had been threatened by PMM and ROH's proposed amendment attempted to change that.

38.     In July 2016, PMM's counsel (Duncan G. Byers) contacted Figures' Steve Sandberg, who is not an attorney. During that conversation, in response to repeated questioning by Mr. Byers, Mr. Sandberg disclosed confidential information to Mr. Byers, including that Figures had approximately $100,000 worth of belts in inventory.

18

39.     In September 2016, PMM commenced an action against Figures for copyright infringement and other claims relating to the Property that had been licensed by ROH to Figures under the MLA.

40.     Figures demanded that ROH indemnify Figures pursuant to its obligations under the MLA, but ROH has refused to do so.

## COUNTERCLAIMS AGAINST PMM

## COUNT ONE

## Breach of Contract

41.     Figures repeats and re-alleges the allegations in the foregoing paragraphs as if stated fully herein.

42.     In April 2014, Figures and ROH entered into a verbal contract, whereby Figures agreed to pay PMM a 3% royalty on all wholesale sales of the ROH replica belts in exchange for PMM permitting Figures to use PMM's wrestling belt designs in connection with the manufacturing of the ROH replica belts.

43.     Figures offered to pay PMM a 3% royalty on all wholesale sales of the ROH replica belts, but PMM has refused to accept these royalties.

44.     PMM breached its verbal agreement with Figures by filing this lawsuit in bad faith against Figures and claiming Figures used PMM's wrestling belt designs without PMM's authorization and thus infringed PMM's claimed copyright in the wrestling belt designs. PMM knew full well that it had authorized Figures to use the designs in exchange for a 3% royalty on wholesale sales, which Figures offered to pay and PMM has refused to accept.

45.     PMM's breach of its verbal agreement with Figures has caused damage to Figures for which Figures has no adequate remedy at law.

## COUNT TWO

### Tortious Interference with Contract and Business Expectancy

46.　　Figures repeats and re-alleges the allegations in the foregoing paragraphs as if stated fully herein.

47.　　In April 2014, Figures and ROH entered into a verbal contract, whereby Figures agreed to pay PMM a 3% royalty on all wholesale sales of the ROH replica belts in exchange for PMM permitting Figures to use PMM's wrestling belt designs in connection with the manufacturing of the ROH replica belts.

48.　　Figures and ROH entered into a valid contractual relationship when they entered into a license agreement, the MLA, on or about April 1, 2014.

49.　　PMM knew that Figures and ROH had a license agreement in April 2014 when Figures informed PMM of that fact and PMM itself assisted Figures in making the replica ROH belts.

50.　　Despite PMM's verbal contract with Figures authorizing Figures to use PMM's wrestling belt designs to make ROH replica belts, PMM falsely claimed for the very first time on June 30, 2016 – more than two years after it had actual knowledge that Figures was using the designs to make the ROH replica belts and after it had helped Figures in making ROH replica belts -- that Figures had no right to use the designs and that the replica belts infringed PMM's copyrights.

51.　　PMM later filed this lawsuit against Figures, ultimately adding ROH as a party, falsely claiming that Figures had infringed PMM's claimed copyrights in the wrestling belts, among other claims, when PMM knows that there is a verbal contract between PMM and Figures which allowed the use of the designs to sell replica ROH belts.

52.     PMM's above-described conduct has tortiously interfered with the MLA between Figures and ROH. PMM's conduct was improper because it knew it had given Figures permission to use the wrestling belt designs and knew those designs would be used to make replica ROH belts, and in fact PMM assisted Figures in making the same belts that it falsely claims in this lawsuit violate its copyrights.

53.     As a result of PMM's unlawful; conduct, Figures has been damaged because Figures has had to incur expenses to defend against PMM's lawsuit, Figures was deprived of the right to sell ROH replica belts under the MLA by PMM's false charges and unjustified litigation, Figures incurred significant costs in causing the manufacturing of replica belts and related merchandise that are no longer saleable because of PMM's knowingly false allegations, its reputation with ROH has been damaged and ROH no longer works with Figures in the production of replica ROH wrestling belts.

## PRAYER FOR RELIEF FOR COUNTERCLAIMS AGAINST PMM

WHEREFORE, based on the foregoing allegations, Figures prays for judgment against PMM as follows:

a.      That this Court enter judgment in favor of Figures and against PMM for relief alleged herein;

b.      That this Court grant monetary relief to Figures in the form of compensatory damages, consequential/special damages, attorney's fees, and punitive damages caused by PMM's acts complained of herein;

c.      That this Court grant Figures any such further relief, in law or in equity, as it deems just and proper.

## JURY TRIAL DEMAND

Figures respectfully demands a trial by jury on all Counterclaims and issues so triable.

## CROSSCLAIMS AGAINST RING OF HONOR, LLC

### COUNT ONE

### Breach of Contract – Demand to Stop Sales

54.     Figures repeats and re-alleges the allegations in the foregoing paragraphs as if stated fully herein.

55.     Figures and ROH entered into a valid contract, the MLA, on or about April 1, 2014, which expired on December 31, 2017.

56.     The MLA required Figures to "diligently and continuously manufacture, sell, distribute, advertise and promote the Licensed Products"—the replica belts—"during the Term of the contract." Exhibit A ¶ 7(a)(ii).

57.     Figures complied with this provision of the MLA and ROH approved the replica belts for sale.

58.     After PMM notified ROH of the alleged infringement of PMM's wrestling belt designs, ROH demanded on July 6, 2016 that Figures stop all sales of the replica belts.

59.     As a result of PMM's demand, Figures stopped all sales of the replica belts and has approximately $100,000 worth of replica belts in inventory at the time of PMM's demand and continues to have that amount in inventory today.

60.     Alternatively, ROH violated the implied covenant of good faith and fair dealing by demanding Figures stop all sales of the replica belts. ROH had approved the replica belts for sale.

61.     ROH's breach of the MLA with Figures has caused damage to Figures for which Figures has no adequate remedy at law.

## COUNT TWO

### Breach of Contract - Exclusivity

62.     Figures re-alleges and incorporates the allegations in the foregoing paragraphs as if stated fully herein.

63.     Figures and ROH entered into a valid contract, the MLA, on or about April 1, 2014, which expired on December 31, 2017.

64.     Under the MLA, the parties agreed that Figures would have exclusive, worldwide rights to manufacture and sell ROH replica belts. *See* MLA ¶ 1(b) and Schedule A.

65.     ROH violated these provisions of the MLA by, on information and belief, working with a third-party prior to the expiration of the MLA to create new belt designs to replace the designs that had been replicated by Figures and by causing those new belts to be replicated by a third party and advertised for sale prior to the expiration of the MLA.

66.     ROH's creation and offering for sale of a new line of replica belts during the exclusivity period was intended to destroy and did destroy the value of the approximately $100,000 worth of old replica belts that Figures has in inventory. ROH's new line of replica belts was intended to damage and punish Figures.

67.     Alternatively, ROH violated the implied covenant of good faith and fair dealing by, on information and belief, working with a third-party prior to the expiration of the MLA to create new belt designs to replace the designs that had been replicated by Figures and by causing those new belts to be replicated by a third party and advertised for sale prior to the expiration of the MLA.

68.     ROH's breach of these provisions and/or the implied covenant of good faith and fair dealing caused damage to Figures for which Figures has no adequate remedy at law.

## COUNT THREE

### Breach of Contract - Indemnification

69.     Figures re-alleges and incorporates the allegations in the foregoing paragraphs as if stated fully herein.

70.     Figures and ROH entered into a valid contract, the MLA, on or about April 1, 2014, which expired on December 31, 2017.

71.     ROH stated that it owned the rights and the right to license the ROH replica belts, as well as action figures, wrestling rings, wrestling toy belts, and jewelry. *See* MLA at page 1 and Schedule A

72.     ROH represented and warranted that "it holds all such rights and interest in the Property . . . [and that it] will defend at its own cost and expense any action brought against [Figures] based on any claim that [ROH] is not possessed of such right, title, and interest in the Property as to be entitled to grant this license, and will indemnify and hold [Figures] harmless against any such claim." *See* MLA ¶ 8(a).

73.     Under the MLA, the parties agreed that ROH would indemnify Figures and to "defend [Figures] against, and hold Figures harmless from, all claims, liabilities, suits, losses, damages and expenses (including reasonable attorney's fees) brought by a third party against [Figures] arising directly and solely out of relating directly and solely to Licensee's use of the Property pursuant to Paragraph 8(a)." *See* MLA ¶ 10(c).

74.     ROH has refused to comply with these provisions of the MLA with Figures and has breached the MLA.

75.     ROH's breach of the MLA has caused damage to Figures for which Figures has no adequate remedy at law.

## COUNT FOUR

### Contribution

76.     Figures re-alleges and incorporates the allegations in the foregoing paragraphs as if stated fully herein.

77.     PMM has asserted claims for copyright infringement and violation of the Digital Millennium Copyright Act against both Figures and ROH arising out of the sale of replica belts. *See* Dkt. No. 49.

78.     PMM seeks to hold Figures and ROH jointly and severally liable for these claims. *Id.*

*79.*     PMM seeks monetary relief from both Figures and ROH in the form of compensatory damages, statutory damages, attorney's fees, and interest. *Id.*

80.     In the event Figures is found liable for one or more of the claims asserted against it by PMM, Figures is entitled to contribution from ROH for some or all of any monetary relief that Figures may be ordered to pay.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations, Figures prays for judgment against ROH as follows:

1.     That this Court enter judgment in favor of Figures and against ROH for all claims alleged herein.

2.      That this Court require ROH to specifically perform its obligations under the

MLA, indemnify Figures, and pay Figures's attorney's fees for defending this action and

any damages Figures may be required to pay in this action;

3.      That this Court award damages for losing the benefit of the MLA and the

associated costs of not being allowed to perform under the MLA, including the inability

to sell approximately $100,000 worth of licensed merchandise, which Figures paid for

and which is sitting in its inventory and is unsaleable in view of ROH's new line of belts.

4.      That this Court grant Figures any such further relief, in law or in equity, as it

deems just and proper.

## JURY TRIAL DEMAND

Figures respectfully demands a trial by jury on all Crossclaims, and any issues so triable.


Dated: March 14, 2018                    By: /s/Mary D. Hallerman
                                         Mary D. Hallerman (Va. Bar. No. 80430)
                                         John J. Dabney (admitted *pro hac vice*)
                                         McDermott Will & Emery LLP
                                         The McDermott Building
                                         Washington, D.C. 20001-1531
                                         Tel: 202-756-8738
                                         Fax: 202-756-8087
                                         mhallerman@mwe.com, jdabney@mwe.com

                                         *Attorneys for Defendant Figures Toy Company*

## CERTIFICATE OF SERVICE

I hereby certify on March 14, 2018, I electronically filed the foregoing document—

DEFENDANT FIGURES TOY COMPANY'S ANSWER TO THIRD AMENDED

COMPLAINT, COUNTERCLAIMS, and CROSSCLAIMS—with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to the following

counsel of record for Plaintiff:

        Duncan G. Byers, Esq.
        Anne C. Lahren, Esq.
        Pender & Coward, PC
        222 Central Park Ave, Suite 400
        Virginia Beach, VA 23462-3026
        dbyers@pendercoward.com
        alahren@pendercoward.com

        Kristan B. Burch, Esq.
        Lauren T. Rogers, Esq.
        Kaufman & Canoles PC
        150 W Main Street
        Suite 2100
        Norfolk, VA 23510
        kbburch@kaufcan.com
        ltrogers@kaufcan.com

        /s/ Mary D. Hallerman
        Mary D. Hallerman (Va. Bar No. 80430)
        MCDERMOTT WILL & EMERY LLP
        The McDermott Building
        500 North Capitol Street, NW
        Washington, DC 20001
        Telephone: (202) 756-8738
        Facsimile: (202) 756-8087
        mhallerman@mwe.com