IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| PARKS, MILLICAN & MANN, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>FIGURES TOY COMPANY<br><br>and<br><br>RING OF HONOR WRESTLING ENTERTAINMENT LLC,<br><br>                  Defendants. | Civil Action No. 2:16-cv-00522 |

**DEFENDANT RING OF HONOR WRESTLING ENTERTAINMENT LLC'S ANSWER**
**TO CROSSCLAIMS BY FIGURES TOY COMPANY**

Defendant, Ring of Honor Wrestling Entertainment, LLC ("ROH"), by counsel, for its Answer to the Crossclaims against Ring of Honor Wrestling Entertainment, LLC ("Crossclaims") filed by defendant, Figures Toy Company ("Figures"), states as follows:

1. ROH lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Crossclaims and therefore denies them.

2. ROH lacks sufficient information to admit or deny the allegations in Paragraph 2 of the Crossclaims and therefore denies them.

3. ROH admits that it is a Maryland limited liability company with its principal place of business in Cockeysville, Maryland. ROH denies the remaining allegations in Paragraph 3 of the Crossclaims.

4. The allegations of Paragraph 4 of the Crossclaims state conclusions of law to which no response is required. However, ROH does not contest the jurisdiction of this Court at this time.

5. The allegations of Paragraph 5 of the Crossclaims state conclusions of law to which no response is required. However, ROH does not contest the jurisdiction of this Court or venue at this time.

6. ROH lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Crossclaims and therefore denies them.

7. ROH admits the allegations in Paragraph 7 of the Crossclaims.

8. ROH admits that it entered into a Merchandise Licensing Agreement ("Agreement") with Figures. The Agreement speaks for itself, and any allegations to the contrary are denied.

9. The Agreement speaks for itself, and any allegations to the contrary are denied.

10. The Agreement speaks for itself, and any allegations to the contrary are denied.

11. The Agreement speaks for itself, and any allegations to the contrary are denied.

12. The Agreement speaks for itself, and any allegations to the contrary are denied.

13. The Agreement speaks for itself, and any allegations to the contrary are denied.

14. The Agreement speaks for itself, and any allegations to the contrary are denied.

15. The Agreement speaks for itself, and any allegations to the contrary are denied.

16. The Agreement speaks for itself, and any allegations to the contrary are denied.

17. ROH lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Crossclaims and therefore denies them.

18. ROH lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Crossclaims and therefore denies them.

19. ROH lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Crossclaims and therefore denies them.

20.     Upon information and belief, an agreement was reached between Figures and plaintiff regarding the replica belts. Exhibit B speaks for itself, and any allegations to the contrary are denied.

21.     Upon information and belief, ROH admits the allegations in Paragraph 21 of the Crossclaims.

22.     ROH lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Crossclaims and therefore denies them.

23.     ROH admits the allegations in Paragraph 23 of the Crossclaims.

24.     ROH admits the allegations in Paragraph 24 of the Crossclaims.

25.     ROH lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Crossclaims and therefore denies them.

26.     ROH admits the allegations in Paragraph 26 of the Crossclaims.

27.     ROH lacks sufficient information to admit or deny the allegations in Paragraph 27 of the Crossclaims and therefore denies them.

28.     Exhibit C speaks for itself, and any allegations to the contrary are denied. ROH denies the allegations of infringement by plaintiff.

29.     Upon information and belief, ROH admits the allegations in Paragraph 29 of the Crossclaims.

30.     Upon information and belief, ROH admits the allegations in Paragraph 30 of the Crossclaims.

31.     Upon information and belief, ROH admits the allegations in Paragraph 31 of the Crossclaims.

32. ROH lacks sufficient information to admit or deny the allegations in Paragraph 32 of the Crossclaims.

33. ROH admits the allegations in Paragraph 33 of the Crossclaims.

34. Exhibit D speaks for itself, and any allegations to the contrary are denied.

35. ROH admits the allegations in Paragraph 35 of the Crossclaims.

36. ROH lacks sufficient information to admit or deny the allegations in Paragraph 36 of the Crossclaims.

37. Exhibit E is a settlement communication sent by ROH to Figures, protected by Federal Rules of Evidence 408, and was improperly attached by Figures to the Crossclaims. Exhibit E speaks for itself, and any allegations to the contrary are denied. ROH denies the second sentence of Paragraph 37 of the Crossclaims.

38. ROH lacks sufficient information to admit or deny the allegations in Paragraph 38 of the Crossclaims and therefore denies them.

39. The lawsuit filed by plaintiff speaks for itself, and any allegations to the contrary are denied. ROH denies the claims in the lawsuit filed by plaintiff.

40. ROH admits the Figures made the demand and that ROH has refused the demand as ROH is not required to indemnify Figures. Instead, under the Agreement, it is ROH which is entitled to indemnification from Figures.

## COUNTERCLAIMS AGAINST PMM

41. ROH incorporates by reference its responses to Paragraphs 1 through 40 of the Crossclaims.

42. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

43. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

44. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

45. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

46. ROH incorporates by reference its responses to Paragraphs 1 through 45 of the Crossclaims.

47. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

48. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

49. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

50. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

51. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

52. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

53. ROH is not a party to the Counterclaims, and therefore, no response is required to this allegation.

## CROSSCLAIMS AGAINST RING OF HONOR, LLC [sic]

54. ROH incorporates by reference its responses to Paragraphs 1 through 53 of the Crossclaims.

55. The Agreement speaks for itself, and any allegations to the contrary are denied.

56. The Agreement speaks for itself, and any allegations to the contrary are denied.

57. ROH admits that it approved the replica belts. ROH lacks sufficient information to admit or deny the remaining allegations in Paragraph 57 of the Crossclaims and therefore denies them.

58. ROH admits the allegations in Paragraph 58 of the Crossclaims.

59. ROH lacks sufficient information to admit or deny the allegations in Paragraph 59 of the Crossclaims and therefore denies them.

60. ROH denies the allegations in the first sentence of Paragraph 60 of the Crossclaims. ROH admits the allegations in the second sentence of Paragraph 60 of the Crossclaims.

61. ROH denies the allegations in Paragraph 61 of the Crossclaims.

62. ROH incorporates by reference its responses to Paragraphs 1 through 61 of the Crossclaims.

63. The Agreement speaks for itself, and any allegations to the contrary are denied.

64. The Agreement speaks for itself, and any allegations to the contrary are denied.

65. ROH denies the allegations in Paragraph 65 of the Crossclaims.

66. ROH denies the allegations in Paragraph 66 of the Crossclaims.

67. ROH denies the allegations in Paragraph 67 of the Crossclaims.

68. ROH denies the allegations in Paragraph 68 of the Crossclaims.

69. ROH incorporates by reference its responses to Paragraphs 1 through 68 of the Crossclaims.

70. The Agreement speaks for itself, and any allegations to the contrary are denied.

71. The Agreement speaks for itself, and any allegations to the contrary are denied.

72. The Agreement speaks for itself, and any allegations to the contrary are denied.

73. The Agreement speaks for itself, and any allegations to the contrary are denied.

74. ROH denies the allegations in Paragraph 74 of the Crossclaims.

75. ROH denies the allegations in Paragraph 75 of the Crossclaims.

76. ROH incorporates by reference its responses to Paragraphs 1 through 75 of the Crossclaims.

77. The pleadings speak for themselves, and any allegations to the contrary are denied. ROH denies the claims made by plaintiff.

78. The pleadings speak for themselves, and any allegations to the contrary are denied. ROH denies the claims made by plaintiff.

79. The pleadings speak for themselves, and any allegations to the contrary are denied. ROH denies the claims made by plaintiff.

80. ROH denies the allegations in Paragraph 80 of the Crossclaims.

ROH denies all of the allegations set forth by Figures in the Prayer for Relief of the Crossclaims.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE HEREBY DENIED.

### AFFIRMATIVE DEFENSES

1. Figures' claims are barred by the equitable doctrines of waiver, estoppel, laches, and/or acquiescence.

    2.      Figures failed to mitigate its damages, if any.

    3.      Figures' claims are barred by the first material breach doctrine.

    4.      Figures is not entitled to indemnification, including the recovery of attorney's fees, from ROH as sought in the Crossclaims.

ROH reserves the right to supplement and amend its Answer between now and the time of trial to conform to the evidence.

WHEREFORE, defendant, Ring of Honor Wrestling Entertainment, LLC, respectfully requests that the Crossclaims filed by defendant, Figures Toy Company, be dismissed with prejudice and that ROH be awarded any further relief that this Court deems appropriate.

Dated: April 4, 2018                        Respectfully submitted,

                                              By:  /s/ Kristan B. Burch
Kristan B. Burch, Esq. (VSB #42640)
Lauren Tallent Rogers, Esq. (VSB # 82711)
Kaufman & Canoles, P.C.
150 W. Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-0000
Facsimile: 888-360-9092
kbburch@kaufcan.com
ltrogers@kaufcan.com
*Counsel for Ring of Honor Wrestling Entertainment, LLC*

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system on this 4th day of April, 2018, which will then send a notification of such filing to the following:

Duncan M. Byers
Ann C. Lahren
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
dbyers@pendercoward.com
alahren@pendercoward.com
*Counsel for plaintiff*

Mary Declan Hallerman
John Jay Dabney
Katie Bukrinsky
McDermott Will & Emery LLP
500 North Capitol St NW
Washington, DC 20001
mhallerman@mwe.com
jdabney@mwe.com
kbukrinsky@mwe.com
*Counsel for defendant, Figures Toy Company*

            /s/Kristan B. Burch
            Kristan B. Burch, Esq. (VSB #42640)
            Lauren Tallent Rogers, Esq. (VSB #82711)
            Kaufman & Canoles, P.C.
            150 W. Main Street
            Suite 2100
            Norfolk, VA 23510
            (757) 624-0000
            Facsimile: 888-360-9092
            kbburch@kaufcan.com
            ltrogers@kaufcan.com
            *Counsel for Ring of Honor Wrestling Entertainment, LLC*