IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PARKS, MILLICAN & MANN, LLC,

    Plaintiff / Counterclaim Defendant,

v.

FIGURES TOY COMPANY,

    Defendant / Counterclaimant /
    Cross-claimant,

and

RING OF HONOR WRESTLING
ENTERTAINMENT, LLC,

    Defendant / Cross-claimant.

CIVIL NO. 2:16CV522

## OPINION AND ORDER

This matter comes before the Court upon the partial motion to dismiss ("Motion") filed by Ring of Honor Wrestling Entertainment, LLC ("ROH") against Figures Toy Company ("Figures") (collectively, ROH and Figures are referred to as "Defendants"). ECF No. 66. In its Motion, ROH moves to dismiss Count 4 of Figures' crossclaim against ROH, which seeks contribution in the event Figures is found liable to Parks, Millican & Mann, LLC ("Plaintiff"). For the reasons set forth herein, the Motion is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiff filed its Complaint against Figures on September 2, 2016. ECF No. 1. On November 15, 2016, Plaintiff filed an Amended Complaint against Figures and ROH. ECF No. 6. On December 1, 2016, Figures filed a motion to dismiss, ECF No. 11, which Plaintiff opposed, ECF No. 15. Following a hearing, this Court ordered that Plaintiff and Figures file

1

supplemental briefs regarding whether the Copyright Act preempted Count III, breach of contract and ordered that Plaintiff file a second amended complaint by May 2, 2017. ECF No. 17. Plaintiff and Figures filed their supplemental briefs on April 18, 2017. ECF Nos. 19, 20.

Plaintiff filed its Second Amendment Complaint on May 2, 2017. ECF No. 21. Figures moved to dismiss the Second Amended Complaint on May 17, 2017. ECF Nos. 27-29. Plaintiff opposed the motion on May 31, 2017, ECF No. 32, and Figures replied on June 9, 2017, ECF No. 38. After being served and appearing in the case, on June 15, 2017, ROH moved to dismiss the Second Amended Complaint. ECF No. 39. Plaintiff opposed that motion on June 28, 2017, ECF No. 42, and ROH replied on July 5, 2017, ECF No. 43.

On November 27, 2017, this Court held a hearing concerning Defendants' motions to dismiss the Second Amended Complaint. Immediately following that hearing, the Court issued an order granting Defendants' motions in part, denying them in part, and ordering Plaintiff to file a third amended complaint within fourteen days. ECF No. 46. Specifically, the Court ruled Plaintiff had alleged facts sufficient to state claims for relief against Figures and ROH for copyright infringement (Count I) and violation of the Digital Millennium Copyright Act (Count VII). Id. at 3. It further ruled Plaintiff's claims for breach of contract (Count III), tortious interference (Count IV), and fraudulent inducement (Count VI), were preempted by the Copyright Act and dismissed those claims with prejudice. Id. at 3-4. Finally, the Court withheld ruling on Plaintiff's claim for business conspiracy (Count V), pending Plaintiff's third amended complaint. Id.; see also ECF No. 48 at 12.

On December 11, 2017, Plaintiff filed its Third Amended Complaint. ECF No. 49. The Third Amended Complaint alleges Plaintiff has now received the copyright registration for one additional design at issue, the 2012 World Heavyweight Championship Belt (the "Heavyweight

Belt"). Id. ¶ 14. Otherwise, the allegations are substantially similar to those in the Second Amended Complaint, which the Court summarized in its November 29, 2017 Memorandum Opinion. ECF No. 48 at 2-4. Figures filed a motion to dismiss parts of the Third Amended Complaint on December 22, 2017, ECF Nos. 50, 51, and ROH filed a motion to dismiss parts of the Third Amended Complaint on December 23, 2017, ECF Nos. 53, 54. Plaintiff opposed both Motions to Dismiss on January 5, 2018, ECF Nos. 55, 56, and both Defendants filed replies, ECF Nos. 57, 58. On February 28, 2018, the Court denied Defendants' motions to dismiss with regard to intentional violation of copyright (Count I) and violation of the Digital Millennium Copyright Act (Count VII), but dismissed Plaintiff's claim for business conspiracy (Count V) with prejudice. ECF No. 60.

On March 14, 2018 both Defendants answered Plaintiff's Second Amended Complaint and each filed cross-claims against the other. ECF Nos. 61-63. Figures also filed a counterclaim against Plaintiff. ECF No. 61. On April 4, 2018, each party filed a response to the new claims: Plaintiff answered Figures' counterclaim. ECF No. 64. Figures answered ROH's cross-claim. ECF No. 65. And ROH answered Figures' cross-claim, ECF No. 68, except with regard to one count, which ROH moved to dismiss, ECF No. 66.

In its partial motion to dismiss, ROH asks this Court to dismiss Count Four of Figures' cross-claim, which seeks contribution from ROH in the event Figures is found liable to Plaintiff for copyright infringement or a violation of the DMCA. Id. at 3. Figures did not oppose the Motion by its response deadline. The Motion is ripe for disposition.

## II. LEGAL STANDARD

The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013). "[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

3

defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must contain facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Haley, 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

Count Four of Figures cross-claim, in addition to incorporating earlier allegations, highlights that Plaintiff sued Figures and ROH for copyright infringement and violation of the DMCA, that Plaintiff seeks to hold Defendants jointly and severally liable for damages, and concludes "[i]n the event Figures is found liable for one or more of the claims asserted against it by [Plaintiff], Figures is entitled to contribution from ROH for some or all of any monetary relief that Figures may be ordered to pay." ECF No. 61 at 25.

ROH argues the Court should dismiss this count because there is no right to sue for contribution under the Copyright Act or the DMCA. ECF No. 67 at 3. As federal statutes, ROH argues, the only way a party can sue for contribution under them is if (1) Congress explicitly or implicitly created such a right, or (2) the federal courts have created such a right through the common law. Id. Although ROH provides no case from the Fourth Circuit Court of Appeals, it cites several cases from federal district Courts ruling that a party cannot sue another for contribution under the Copyright Act. See, e.g., Pure Country Weavers v. Bristar, Inc., 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006) (ruling "[N]o right of indemnification was affirmatively created (either expressly or implicitly) by Congress in the Copyright Act, and . . . this is not one

4

of the 'limited situations' in which the Court should formulate federal common law to create such a right" but allowing claims for indemnification and breach of warranty to proceed where they were based on state statute and contract); Lehman Bros., Inc. v. Wu, 294 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (dismissing a contribution claim premised on copyright infringement liability).

In its crossclaim, Figures appears to bring separate counts for contractual indemnification (Count Three) and contribution based on the Copyright Act and DMCA (Count Four). ECF No. 61 at 24-25. Consistent with the cases it cites, ROH does not move to dismiss the claim for contractual indemnification, but only to dismiss the claim for contribution based on the Copyright Act and DMCA. ECF No. 66 at 1. Figures has filed no opposition, and the Court will grant the Motion as unopposed and consistent with relevant authority.

IV. **CONCLUSION**

Accordingly, ROH's Motion to Dismiss Count Four of Figures Crossclaim, ECF No. 66, is **GRANTED**.

Count Four of Figures crossclaim against ROH is **DISMISSED**.

The Clerk is **DIRECTED** to forward a copy of this opinion to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 30, 2018